UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

GEORGE EDWARD McCAIN, an individual,

Plaintiff,

-against-

RAHAL LETTERMAN RACING, LLC, an
Ohio limited liability co.; TIME, INC., a Delaware
corporation d/b/a SPORTS ILLUSTRATED
& PEOPLE MAGAZINE; GANNET CO., INC.,
a Delaware corporation d/b/a USA TODAY;
PIONEER ELECTRONICS (USA), INC.,
a Delaware corporation; TOYOTA MOTOR
SALES, U.S.A., INC., a California corporation;
TABLE MOOSE MEDIA, LLC, an Indiana
limited liability company d/b/a INDY MEN'S
MAGAZINE; NORWALK FURNITURE
CORPORATION, an Ohio corporation;
F1 MARKETING GROUP, INC.,
a New York corporation; ESPN, INC., a
New York corporation; MOTORSPORT.COM,
INC., a Florida corporation; BRIDGESTONE/
FIRESTONE INC., an Ohio corporation;
CONSUMER ELECTRONICS ASSOCIATION;
AMERICAN HONDA MOTOR CO., INC., a
Delaware corporation; WORLDWIDE PANTS
INCORPORATED, a New York corporation;
BOBBY RAHAL AUTOMOTIVE GROUP;
LOGICALIS, INC., a New York corporation;
THE TIMKEN COMPANY, an Ohio corporation;
INTERNATIONAL MOTOR SPORTS ASSOC.;
CRASH MEDIA GROUP, LTD., a foreign
(U.K.) company; AMERICAN LE MANS
SERIES LLC, a Georgia limited liability company;
BEA SYSTEMS, INC., a Delaware corporation;
GAWKER MEDIA LCC, a Delaware corporation;
TIMES PUBLISHING COMPANY, a Florida
corporation d/b/a ST. PETERSBURG TIMES;
RACEFAN, INC., a corporation; HOWDEN
MEDIA GROUP, a foreign (Canada) company;
NATIONAL LEDGER, LLC, an Arizona
limited liability company; DANIEL

**COMPLAINT**

Index No.: 07-CV-5729

**Jury Trial Demanded**

VIELHABER d/b/a INDYMOTORSPEEDWAY.
COM; SANDRA KINSLER d/b/a
WOMANMOTORIST.COM; and
ELLEN EMERSON d/b/a HONDABEAT.COM

Defendants.

---------------------------------------------------------------

## Jurisdiction and Venue

1.      This is a civil action for damages and injunctive relief for copyright infringement
under the Copyright Act (17 U.S.C. § 101 *et seq.*).

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and
1338.

3.      Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) in that a
substantial part of the acts of infringement complained of herein occurred in New York and in
this District, and Defendants are doing business in New York and this District. Furthermore,
Defendants Time, Inc.; Gannet Co., Inc.; Pioneer Electronics (USA), Inc.; Toyota Motor Sales
(U.S.A.), Inc.; Norwalk Furniture Corporation; F1 Marketing Group, Inc.; ESPN, Inc.; American
Honda Motor Co., Inc.; Worldwide Pants, Inc.; Logicalis, Inc.; and Gawker Media, LLC each
resides in New York as either a registered domestic entity or registered foreign entity.

## The Parties

4.      Plaintiff, George Edward McCain, is a prominent commercial photographer
whose photography business is located in Tucson, Arizona.

5.      Rahal Letterman Racing, LLC ("Rahal Letterman") is an Ohio limited liability
company with a place of business located 4501 Lyman Drive, Hilliard, Ohio 43026. Upon
information and belief, Rahal Letterman is co-owned by former Formula 1 and CART driver
Bobby Rahal and late night talk show host David Letterman. Upon information and belief,
Rahal Letterman conducts business in New York by, among other things, participating in the
Indy Car Series annual race at Watkins Glen International Speedway located in Watkins Glen,

2

New York, and through continuous and systematic promotional activities, including the promotion campaign in connection with Rahal Letterman driver, Danica Patrick.

6.    Time, Inc. ("Time") is a Delaware corporation with a principal place of business located at the Time-Life Building, 1271 Avenue of the Americas, New York, New York 10020. Time publishes approximately 150 magazine titles worldwide and remains the leading magazine publisher in the United States and the United Kingdom. Time publishes the weekly magazines "Sports Illustrated" and "People." The actions of these two magazines are central to Plaintiff's complaint.

7.    Gannet Co., Inc. ("Gannet") is a Delaware corporation that operates as a media holding company and is located at 7950 Jones Branch Dr., McLean, VA 22108. Gannet owns and distributes the daily newspaper USA Today, a publication central to Plaintiff's Complaint.

8.    Pioneer Electronics (USA), Inc. ("Pioneer USA") is a Delaware corporation and division of the Pioneer Corporation based in Tokyo, Japan. Pioneer USA is located at 2265 E. 220th St., Long Beach, California 90810. Pioneer USA is a leading producer of consumer electronics and digital entertainment products which it distributes to retail outlets throughout the United States, including New York State.

9.    Toyota Motor Sales, U.S.A., Inc., ("Toyota Motor Sales") is a California corporation and division of the Toyota Motor Company based in Toyota, Aichi, Japan. Toyota Motor Sales is located at 19001 S. Western Ave., Torrance, CA 90509. Toyota Motor Sales is the U.S. sales, distribution and marketing unit for Toyota Motor Corporation's Toyota, Lexus, and Scion brands. Toyota Motor Sales distributes its products to retail outlets throughout the United States, including New York State.

10.    Table Moose Media, LLC ("Table Moose Media") is an Indiana limited liability company believed to be based in Indianapolis, Indiana. Upon information and belief, Table Moose owns and publishes Indy Men's Magazine, a publication that covers a wide variety of topics including, among other things, sports, business, health and travel. Upon information and belief, Indy Men's Magazine is distributed and available for sale in New York, New York. The

actions of Indy Men's Magazine are central to Plaintiff's complaint.

11.    Norwalk Furniture Company ("Norwalk") is an Ohio corporation located at 100 Furniture Parkway, Norwalk, Ohio 44857. Norwalk is a national company that manufactures and distributes furniture to its retail outlets throughout the United States, including a retail store in Monticello, New York, located in Sullivan County.

12.    F1 Marketing Group, Inc. ("F1 Marketing") is a New York corporation located at 707 Fenmore Rd., Mamaroneck, New York 10543. Upon information and belief, F1 Marketing Group owns and operates speedgear.com, a website that sells and distributes race car headgear, apparel, books, videos, DVDs, artwork, posters and other merchandise relating to race car driving.

13.    ESPN, Inc. (ESPN) is a New York corporation with a principal place of business located at ESPN Plaza, 545 Middle St., Bristol, CT, 06010-7454. ESPN is a cable television network that broadcasts sports-related programming on a 24-hour basis.

14.    Motorsport.com, Inc. (Motorsport.com) is a Florida corporation located at 209 Ridgeland Rd., Tallahassee, Florida 32312. Motorsport.com's operates a website via motorsport.com that features content related to motor sports and racing. Upon information and belief, Motorsport.com engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

15.    Bridgestone/Firestone, Inc. ("Firestone") is an Ohio corporation with a principal place of business located at 535 Marriott Dr., Nashville, Tennessee 37214. Firestone is the largest subsidiary of the Bridgestone Corporation located in Tokyo, Japan and is among the top-sellers of tires in the global tire market. Firestone conducts business throughout New York State, including an office located at 558 W. 44th St, New York, NY 10036.

16.    The Consumer Electronics Association ("CEA") is a trade association that represents businesses in the consumer technology industry. CEA principal place of business is located at 2500 Wilson Blvd., Arlington, VA 22201. In January of each year, the Consumer Electronics Association hosts the annual Consumer Electronics Show in Las Vegas, where new

4

consumer products are previewed. Upon information and belief, CEA engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

17.    American Honda Motor Co., Inc. ("Honda") is a Delaware corporation with a principal place of business located at 1919 Torrance Boulevard, Torrance, CA 90501-2746. Honda is a subsidiary of Honda Motor Co., Ltd., based in Tokyo, Japan. Honda is among the world leaders in automobile and motorcycle manufacturing. Honda distributes its products to retail outlets throughout the United States, including New York State.

18.    Worldwide Pants Incorporated ("Worldwide Pants") is a New York corporation with a principal place of business located at 51 West 52nd Street New York, New York 10019. Worldwide Pants produces a nationally broadcast television show commonly referred to as "*The Late Show with David Letterman.*" Upon information and belief, comedian and late-night talk-show host David Letterman is a shareowner, chief-executive officer and director of Worldwide Pants.

19.    Bobby Rahal Automotive Group is a company believed to be owned and operated by Bobby Rahal with a principal place of business at 6305 Carlisle Pike, Mechanicsburg, PA 17050. Upon information and belief, Bobby Rahal Automotive Group sells and services new and used automobiles. Upon information and belief, Bobby Rahal Automotive Group engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

20.    Logicalis, Inc. ("Logicalis") is a New York limited liability company with a principal place of business located at 1750 S Telegraph Road, Suite 300, Bloomfield Hills, MI 48302, USA. Logicalis offers technology support services and solutions to both small and large businesses. Upon information and belief, Logicalis engages in systematic and continuous business with companies located throughout New York, including New York City.

21.    The Timken Company ("Timken") is a major manufacturer of tapered roller bearings and specialty steels with a place of business located in Canton, Ohio. Timken manufactures products used in transportation, industrial equipment, electronics, mining and

drilling, and in military applications. Upon information and belief Timken engages in systematic and continuous business with companies located throughout New York, including New York City.

22.    International Motor Sports Association ("IMSA") is an association dedicated to the sport of motor racing with a principal place of business located at 1394 Broadway Avenue, Braselton, Georgia 30517. IMSA owns and operates the website imsaracing.net, which provides up-to-date racing news, schedules, point standings and results for, among other things, IMSA-sanctioned race series, including American Le Mans Series, GT3 Cup Challenge, Formula BMW USA and Panoz Racing Series. Upon information and belief, IMSA engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

23.    Crash Media Group, Ltd. ("Crash Media Group") is a publisher of online and offline publications relating to racing with a principal place of business located at The Innovative Centre, Silverstone Circuit, Silverstone, Northants, NN12 8GX, United Kindom. Upon information and belief, Crash Media Group owns and operates the website mark-blundell.com, which features the latest Formula One ("F1") racing news and provides thoughts and commentary from former F1 racing star Mark Blundell regarding up-coming race events and point standings. Upon information and belief, Crash Media Group engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

24.    American Le Mans Series LLC ("American Le Mans") is a Georgia limited liability company with a principal place of business located at 1394 Broadway Ave., Braselton, GA 30517. American Le Mans operates a series of professional sports car races throughout the United States each year. Upon information and belief, American Le Mans engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

25.    BEA Systems, Inc. ("BEA") is a Delaware corporation with a principal place of business located at 2315 N. First St., San Jose, CA 95131. BEA is a major company that specializes in the development of enterprise infrastructure software. BEA currently has 78 offices in 37 countries and, upon information and belief, BEA engages in systematic and

6

continuous business with companies located throughout New York, including New York City.

26.     Gawker Media LLC ("Gawker Media") is a Delaware limited liability company with a principal place of business located at 76 Crosby Street, New York, NY 10012. Upon information and belief Gawker Media is the parent company of the website jalopnik.com, a website providing a variety of information and commentary relating to cars and automotive culture. Upon information and belief, Gawker Media engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

27.     Times Publishing Company ("Times Publishing") is a Florida corporation with a principal place of business located at 490 1st Avenue South, St. Petersburg, FL 33701. Times Publishing is a newspaper and magazine publisher with the St. Petersburg Times serving as its flagship publication. The actions of the St. Petersburg Times are central to Plaintiff's complaint. Upon information and belief, Times Publishing engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

28.     RaceFan, Inc. ("RaceFan") is, upon information and belief, an Alabama corporation with a principal place of business located at 5200 Cahaba River Road, Birmingham, AL 35243. RaceFan, owns and operates whowon.com, which provides up-to-date racing news, schedules, point standings and results for many of the over 1,500 race tracks and series in the United States. Upon information and belief, RaceFan engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

29.     Howden Media Group is a Canadian company owned by Ronald and Kimberly Howden with a business address of P.O. Box 580 Cambridge, Ontario, Canada N1T 2H6. Howden Media Group owns and operates ekartingnews.com, a website providing the latest news in motor sports, including race events, schedules and results along with driver biographies. Upon information and belief, Howden Media Group engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

30.     National Ledger, LLC ("National Ledger") is an Arizona limited liability company with a place of business located at 3110 Rural Road, Suite 102, Tempe, AZ 85282.

National Ledger owns and operates nationalledger.com, which delivers to a variety of celebrity news, analysis, pop culture and political commentary. Upon information and belief, National Ledger engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

31.   Upon information and belief, Daniel Vielhaber is an individual that owns and operates the website, indymotorspeedway.com, at an address located at 141 E. Beechwood Lane, Indianapolis, IN 46227. Indymotorspeedway.com is dedicated to delivering racing news as well as information in connection with race events, race venues and ticket information for race events. Upon information and belief indymotorspeedway.com engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

32.   Upon information and belief, Sandra Kinsler is an individual that owns and operates the website, womanmotorist.com, at an address located at 2419 E. Harbor Blvd., #127, Ventura, CA 93001. Womanmotorist.com offers comprehensive editorial advice and information on the process of purchasing new and used vehicles. Upon information and belief womanmotorist.com engages in systematic and continuous business with sponsors and advertisers located in New York, New York.

33.   Upon information and belief, Ellen Emerson is an individual that owns and operates the website, hondabeat.com, at an address located at 227 Riggs Road, Shoreham, VT 05770. HondaBeat.com provides its readers with the latest news regarding Honda and Acura vehicles as well as articles, racing updates and classified advertisements. Upon information and belief hondabeat.com engages in systematic and continuous business with sponsors and advertisers located in New York, New York. It is upon information and belief that hondabeat.com is not affiliated with American Honda Motor Co., Inc.

## Factual Allegations

34.   Plaintiff repeats and realleges paragraphs 1 to 33 as if fully set forth herein.

35.   On November 14th and 15th, 2002, Plaintiff engaged in a photography session with a then-unknown race car driver named Danica Patrick. The two-day session yielded Plaintiff

hundreds of photos of Ms. Patrick in both street clothes and racing gear. Plaintiff subsequently registered with the U.S. Copyright Office (the "Photographs") under # VAU-564-275. The date of the Copyright Registration is November 29, 2002. (See, Exhibit 1.) It is undisputed that Plaintiff owns all rights in and to the Photographs, including copyrights.

36.    Over the next several years, Ms. Patrick's star began to soar in the world of open-wheel racing, especially after it was announced that Ms. Patrick would race for the nascent Rahal Letterman Racing team, which was formed in April of 2004 under the name Rahal Letterman Racing, LLC by legendary race car driver Bobby Rahal and late-night talk show host, David Letterman. In December 2004, Rahal Letterman announced that Ms. Patrick would be racing in the IRL IndyCar Series during the 2005 season. The media hype surrounding Ms. Patrick leading up to the Indianapolis 500 was unprecedented in the sport of racing, particularly for the IRL IndyCar Series.

37.    On May 29, 2005, Danica Patrick measured up to the hype by becoming the first woman ever to lead the Indianapolis 500 over its 89-year race history. Patrick subsequently posted the highest ever finish for a female driver in an Indianapolis 500 by placing fourth that day.

38.    Soon after the 2005 Indianapolis 500, Plaintiff realized that the Photographs appeared in numerous print and electronic advertisements and promotions both leading up to and after the Indianapolis 500. Plaintiff never licensed the Photographs for any of the uses he uncovered and Plaintiff promptly contacted several of the infringing parties to determine how each party obtained the Photographs.

39.    During the course of Plaintiff's investigation, it became clear that Rahal Letterman was directly responsible for the distribution of the Photographs to various third party media outlets. Rahal Letterman also used the Photographs to promote itself. Rahal Letterman used and distributed the Photographs in an effort exploit the worldwide publicity surrounding Ms. Patrick's dramatic rise in the world of racing, not to mention her highly anticipated debut at the 2005 Indianapolis 500. Plaintiff at no time authorized Rahal Letterman to use or distribute

the Photographs.

40.    Between January of 2005 and August of 2005, Rahal Letterman caused or allowed to be caused the willful distribution of the Photographs to various third party media outlets, including, but not limited to, Time Inc., through its magazines "People" and "Sports Illustrated" and websites people.aol.com and si.com; Gannet, through its website usatoday.com; Pioneer USA; Toyota Motor Sales; Table Moose, through its magazine "Indy Men's Magazine"; Norwalk; F1 Marketing, through its website, speedgear.com; ESPN, through its website espn.go.com; Motorsports.com, through its website motorsports.com; Firestone; Consumer Electronics Association, through its website cesweb.org; Honda; Worldwide Pants; Logicalis; Timken; IMSA, through its website imsaracing.net; Crash Media Group, through its website mark-blundell.com; American Le Mans, through its website americanlemons.com; BEA; Time Publishing Company, through the St. Petersburg Times website, sptimes.com; RaceFan, through its website whowon.com; Howden Media Group, through its website ekartingnews.com; National Ledger, through its website nationalledger.com; Daniel Vielhaber, through his website indymotorspeedway.com; Sandra Kinsler, through her website womanmotorist.com; and Ellen Emerson, through her website hondabeat.com.

41.    All reproductions of the Photographs by Rahal Letterman and the various third parties listed in the prior paragraph were undertaken without the permission of Plaintiff and in wanton disregard of Plaintiff's rights in the Photographs.

42.    On August 23, 2005, Plaintiff's counsel sent notices to Rahal Letterman, Sports Illustrated, People Magazine, Indy Men's Magazine, USA Today, Pioneer, Norwalk Furniture and F1 Marketing informing each of them that their unauthorized reproduction of the Photographs violated Plaintiff's copyrights in and to the Photographs. In response to Plaintiff's counsel, Sports Illustrated, People Magazine, Indy Men's Magazine, USA Today, Pioneer, Norwalk and F1 Marketing each confirmed that Rahal Letterman supplied them with the Photographs and, furthermore, granted each of them permission to publish the Photographs. Rahal Letterman denies that it supplied the Photographs to these and other third parties.

10

43.     Upon information and belief, Rahal Letterman is a sophisticated and experienced corporation engaged in multimillion dollar marketing campaigns and were either aware that they did not have any rights to reproduce the Photographs or did not take the reasonable steps necessary to determine whether they had rights to exploit the Photographs.

44.     Furthermore, upon information and belief, Rahal Letterman has caused multiple known acts of copyright infringement relating to the Photographs, the full extent of which is yet to be determined.

45.     The unauthorized reproduction and subsequent willful distribution of the Photographs by Rahal Letterman have damaged Plaintiff.  The Photographs have been intentional used and distributed by Rahal Letterman without Plaintiff's authorization in a concerted effort to generate significant public and commercial interest in Ms. Patrick that has only served to dramatically increase the value and profiles of the race teams involved, their respective sponsors, media outlets and Ms. Patrick, all to the detriment of Plaintiff, who at no point received any compensation or acknowledgement for the Photographs.

**Count One**

**Copyright Infringement**

**(As to Rahal Letterman)**

46.     Plaintiff repeats and realleges paragraphs 1 to 45 as if fully set forth herein.

47.     Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs.  The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

48.     Plaintiff is informed and believes that Rahal Letterman reproduced without his permission one of the Photographs, herein identified as Photograph #2995-2-6, on the CD-ROM version of the 2005 Rahal Letterman Media Guide.  (See Exhibit 2.)  Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

49.     Plaintiff is informed and believes that this act of infringement has been willful,

intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Two

### Copyright Infringement

### (As to Rahal Letterman)

50.     Plaintiff repeats and realleges paragraphs 1 to 49 as if fully set forth herein.

51.     Plaintiff is, and at all relevant times has been, the copyright owner under U.S.
Copyright Law with respect to the Photographs. The Photographs are subject of a valid
Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as
specified on Exhibit 1.

52.     Plaintiff is informed and believes that Rahal Letterman reproduced without his
permission one of the Photographs, herein identified as Photograph #2995-7-11, on the CD-
ROM version of the 2005 Rahal Letterman Media Guide. (See Exhibit 3.) Photograph #2995-7-
11 is among the Photographs registered for copyright protection under registration # VAu-564-
275.

53.     Plaintiff is informed and believes that this act of infringement has been willful,
intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Three

### Copyright Infringement

### (As to Rahal Letterman)

54.     Plaintiff repeats and realleges paragraphs 1 to 53 as if fully set forth herein.

55.     Plaintiff is, and at all relevant times has been, the copyright owner under U.S.
Copyright Law with respect to the Photographs. The Photographs are subject of a valid
Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as
specified on Exhibit 1.

56.     Plaintiff is informed and believes that Rahal Letterman reproduced without his
permission one of the Photographs, herein identified as Photograph #2995-09-03, on so-called
promotional "hero cards" for Rahal Letterman, which were distributed to the public by Rahal

12

Letterman. (See Exhibit 4.) Photograph #2995-09-03 is among the Photographs registered for copyright protection under registration # VAu-564-275.

57.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

**Count Four**

**Copyright Infringement**

**(As to Rahal Letterman)**

58.    Plaintiff repeats and realleges paragraphs 1 to 57 as if fully set forth herein.

59.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

60.    Plaintiff is informed and believes that Rahal Letterman reproduced without his permission one of the Photographs, herein identified as Photograph #2995-2-6, on so-called promotional "hero cards" for Rahal Letterman, which were distributed to the public by Rahal Letterman. (See, Exhibit 5.) Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

61.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

**Count Five**

**Copyright Infringement**

**(As to Rahal Letterman)**

62.    Plaintiff repeats and realleges paragraphs 1 to 61 as if fully set forth herein.

63.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

64.    Plaintiff is informed and believes that Rahal Letterman reproduced without his permission one of the Photographs, herein identified as Photograph #2995-2-6, on its website located at rahal.com, which was used to promote Rahal Letterman through its association with Ms. Patrick. (See Exhibit 6.)  Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

65.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Six

## Copyright Infringement

### (As to Time d/b/a "Sports Illustrated")

66.    Plaintiff repeats and realleges paragraphs 1 to 65 as if fully set forth herein.

67.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs.  The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

68.    Plaintiff is informed and believes that Time, through its weekly publication, *Sports Illustrated*, reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-14-2, on page 18 of Sport's Illustrated May 23, 2005 issue. (See Exhibit 7.)  Photograph #2995-14-2 is among the Photographs registered for copyright protection under registration # VAu-564-275.

69.    It is believed that *Sports Illustrated* has an estimated circulation of 3.3 million magazines per week, reaching an approximately 28 million readers weekly.

70.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Seven

## Copyright Infringement

### (As to Time d/b/a "Sports Illustrated")

14

71.    Plaintiff repeats and realleges paragraphs 1 to 70 as if fully set forth herein.

72.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

73.    Plaintiff is informed and believes that Time, through its weekly publication, *Sports Illustrated*, reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on Sports Illustrated's website located at si.com. (See Exhibit 8.) Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

74.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Eight

## Copyright Infringement

### (As to Time d/b/a "People")

75.    Plaintiff repeats and realleges paragraphs 1 to 74 as if fully set forth herein.

76.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

77.    Plaintiff is informed and believes that Time, through its weekly publication, *People*, reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on page 126 of People's June 6, 2005 issue. (See Exhibit 9.) Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

78.    It is believed that *People* has an estimated circulation of 3.75 million magazines per week.

79.     Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Nine

## Copyright Infringement

### (As to Time d/b/a "People")

80.     Plaintiff repeats and realleges paragraphs 1 to 79 as if fully set forth herein.

81.     Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

82.     Plaintiff is informed and believes that Time, through its weekly publication, *People*, reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on *People's* website located at people.aol.com. (See Exhibit 10.) Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

83.     Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Ten

## Copyright Infringement

### (As to Gannett d/b/a "USA Today")

84.     Plaintiff repeats and realleges paragraphs 1 to 83 as if fully set forth herein.

85.     Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

86.     Plaintiff is informed and believes that Gannet, through its daily national news publication, *USA Today*, reproduced without Plaintiff's permission one of the Photographs,

16

herein identified as Photograph #2995-2-6, on its website located at usatoday.com (See Exhibit 11.) Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # Vau-564-275.

87.     Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Eleven

## Copyright Infringement

### (As to Pioneer)

88.     Plaintiff repeats and realleges paragraphs 1 to 87 as if fully set forth herein.

89.     Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

90.     Plaintiff is informed and believes that Pioneer reproduced without his permission one of the Photographs, herein identified as Photograph #2995-9-3, on so-called promotional "hero cards," which were subsequently circulated by Pioneer at various trade shows, including the 2005 Consumer Electronics Show in Las Vegas. (See Exhibit 12.) Photograph #2995-9-3 is among the Photographs registered for copyright protection under registration # VAu-564-275.

91.     Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Twelve

## Copyright Infringement

### (As to Toyota Motor Sales)

92.     Plaintiff repeats and realleges paragraphs 1 to 91 as if fully set forth herein.

93.     Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as

17

specified on Exhibit 1.

94.    Plaintiff is informed and believes that Toyota Motor Sales reproduced without his permission one of the Photographs, herein identified as Photograph #2995-14-2, on its website located at toyota.com. (See Exhibit 13.)  Photograph #2995-14-2 is among the Photographs registered for copyright protection under registration # VAu-564-275.

95.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

<h3 align="center">Count Thirteen</h3>

<h3 align="center">Copyright Infringement</h3>

<h3 align="center">(As to Table Moose Media d/b/a Indy Men's Magazine)</h3>

96.    Plaintiff repeats and realleges paragraphs 1 to 95 as if fully set forth herein.

97.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

98.    Plaintiff is informed and believes that Table Moose Media, through its monthly publication, *Indy Men's Magazine*, reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on the cover page of Indy Men's Magazine May 2005 issue. (See Exhibit 14.)  Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

99.    It is believed that *Indy Men's Magazine* has an estimated circulation of 150,000 magazines per month.

100.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

<h3 align="center">Count Fourteen</h3>

<h3 align="center">Copyright Infringement</h3>

<h3 align="center">(As to Table Moose Media d/b/a Indy Men's Magazine)</h3>

101.    Plaintiff repeats and realleges paragraphs 1 to 100 as if fully set forth herein.

102.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

103.    Plaintiff is informed and believes that Table Moose Media, through its monthly publication, *Indy Men's Magazine*, reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-7-11, on page 38 of Indy Men's Magazine May 2005 issue. (See Exhibit 15.) Photograph #2995-7-11 is among the Photographs registered for copyright protection under registration # VAu-564-275.

104.    It is believed that *Indy Men's Magazine* has an estimated circulation of 150,000 magazines per month.

105.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

### Count Fifteen

### Copyright Infringement

### (As to Table Moose Media d/b/a Indy Men's Magazine)

106.    Plaintiff repeats and realleges paragraphs 1 to 105 as if fully set forth herein.

107.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

108.    Plaintiff is informed and believes that Table Moose Media, through its monthly publication, *Indy Men's Magazine*, reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on its website located at indymensmagazine.com. (See Exhibit 16.) Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

109.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Sixteen

## Copyright Infringement

### (As to Norwalk)

110.    Plaintiff repeats and realleges paragraphs 1 to 109 as if fully set forth herein.

111.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

112.    Plaintiff is informed and believes that Norwalk reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-25-2, on so-called promotional "hero cards" for Norwalk, which were distributed to the public by Norwalk. (See Exhibit 17.)  Photograph #2995-25-2 is among the Photographs registered for copyright protection under registration # VAu-564-275.

113.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Seventeen

## Copyright Infringement

### (As to Norwalk)

114.    Plaintiff repeats and realleges paragraphs 1 to 113 as if fully set forth herein.

115.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

116.    Plaintiff is informed and believes that Norwalk reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-32-8, on so-called

20

promotional "hero cards" for Norwalk, which were distributed to the public by Norwalk. (See Exhibit 18.) Photograph #2995-32-8 is among the Photographs registered for copyright protection under registration # VAu-564-275.

117. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Eighteen

## Copyright Infringement

### (As to Norwalk)

118. Plaintiff repeats and realleges paragraphs 1 to 117 as if fully set forth herein.

119. Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

120. Plaintiff is informed and believes that Norwalk reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-02-06, on so-called promotional "hero cards" for Norwalk, which were distributed to the public by Norwalk. (See Exhibit 19.) Photograph #2995-02-06 is among the Photographs registered for copyright protection under registration # VAu-564-275.

121. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Nineteen

## Copyright Infringement

### (As to F1 Marketing)

122. Plaintiff repeats and realleges paragraphs 1 to 121 as if fully set forth herein.

123. Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as

21

specified on Exhibit 1.

124.    Plaintiff is informed and believes that F1 Marketing reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on t-shirts, which F1 Marketing offered for sale to the public through its website speedgear.com. (See Exhibit 20.)  Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

125.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Twenty

### Copyright Infringement

### (As to ESPN)

126.    Plaintiff repeats and realleges paragraphs 1 to 125 as if fully set forth herein.

127.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs.  The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

128.    Plaintiff is informed and believes that ESPN reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-20-12, on its website espn.go.com.  (See Exhibit 21.)  Photograph #2995-20-12 is among the Photographs registered for copyright protection under registration # VAu-564-275.

129.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Twenty-One

### Copyright Infringement

### (As to Motorsport.com)

130.    Plaintiff repeats and realleges paragraphs 1 to 129 as if fully set forth herein.

131.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S.

Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

132.    Plaintiff is informed and believes that Motorsport.com reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-14-02, on its motorsport.com website. (See Exhibit 22.)  Photograph #2995-14-02 is among the Photographs registered for copyright protection under registration # VAu-564-275.

133.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

### Count Twenty-Two

### Copyright Infringement

### (As to Firestone)

134.    Plaintiff repeats and realleges paragraphs 1 to 133 as if fully set forth herein.

135.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

136.    Plaintiff is informed and believes that Firestone reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-02-06, on so-called promotional "hero cards" for Firestone, which were distributed to the public by Firestone. (See Exhibit 23.)  Photo #2995-02-06 is among the Photographs registered for copyright protection under registration # VAu-564-275.

137.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

### Count Twenty-Three

### Copyright Infringement

### (As to CEA)

23

138. Plaintiff repeats and realleges paragraphs 1 to 137 as if fully set forth herein.

139. Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

140. Plaintiff is informed and believes that CEA reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on a website dedicated to its annual Consumer Electronics Show located at www.cesweb.org. (See Exhibit 24.) Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

141. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Twenty-Four

### Copyright Infringement

### (As to Honda)

142. Plaintiff repeats and realleges paragraphs 1 to 141 as if fully set forth herein.

143. Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

144. Plaintiff is informed and believes that Honda reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on so-called promotional "hero cards" for Honda, which were distributed to the public by Honda. (See Exhibit 25.) Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

145. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

24

## Count Twenty-Five

### Copyright Infringement

### (As to Worldwide Pants)

146.    Plaintiff repeats and realleges paragraphs 1 to 145 as if fully set forth herein.

147.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

148.    Plaintiff is informed and believes that Worldwide Pants reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on so-called promotional "hero cards" for Worldwide Pants, which were distributed to the public by Worldwide Pants. (See Exhibit 26.) Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

149.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Twenty-Six

### Copyright Infringement

### (As to Bobby Rahal Automotive Group)

150.    Plaintiff repeats and realleges paragraphs 1 to 149 as if fully set forth herein.

151.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

152.    Plaintiff is informed and believes that Bobby Rahal Automotive Group reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on so-called promotional "hero cards" for Bobby Rahal Automotive Group, which were distributed to the public by Bobby Rahal Automotive Group in 2005. (See

Exhibit 27.)  Photograph #2995-02-06 is among the Photographs registered for copyright protection under registration # VAu-564-275.

153.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

### Count Twenty-Seven

### Copyright Infringement

### (As to Logicalis)

154.    Plaintiff repeats and realleges paragraphs 1 to 153 as if fully set forth herein.

155.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs.  The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

156.    Plaintiff is informed and believes that Logicalis reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on so-called promotional "hero cards" for Logicalis, which were distributed to the public by Logicalis in 2005.  (See Exhibit 28.)  Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

157.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

### Count Twenty-Eight

### Copyright Infringement

### (As to Timken)

158.    Plaintiff repeats and realleges paragraphs 1 to 157 as if fully set forth herein.

159.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs.  The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

160.    Plaintiff is informed and believes that Timken reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on so-called promotional "hero cards" for Timken, which were distributed to the public by Timken in 2005. (See Exhibit 29.)   Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

161.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Twenty-Nine

## Copyright Infringement

### (As to IMSA)

162.    Plaintiff repeats and realleges paragraphs 1 to 161 as if fully set forth herein.

163.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs.  The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

164.    Plaintiff is informed and believes that IMSA reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-25-04, on its website located at imsaracing.net.  (See Exhibit 30.)   Photograph #2995-25-04 is among the Photographs registered for copyright protection under registration # VAu-564-275.

165.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Thirty

## Copyright Infringement

### (As to Crash Media Group)

166.    Plaintiff repeats and realleges paragraphs 1 to 165 as if fully set forth herein.

167.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs.  The Photographs are subject of a valid

Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

168.    Plaintiff is informed and believes that Crash Media Group reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-14-02, on the website, mark-blundell.com, which Crash Media Group owns and operates. (See Exhibit 31.) Photograph #2995-14-02 is among the Photographs registered for copyright protection under registration # VAu-564-275.

169.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Thirty-One

## Copyright Infringement

### (As to BEA)

170.    Plaintiff repeats and realleges paragraphs 1 to 169 as if fully set forth herein.

171.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

172.    Plaintiff is informed and believes that BEA reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-2-6, on so-called promotional "hero cards" for BEA, which were distributed to the public by BEA in 2005. (See Exhibit 32.) Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

173.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Thirty-Two

## Copyright Infringement

### (As to American Le Mans)

28

174.    Plaintiff repeats and realleges paragraphs 1 to 173 as if fully set forth herein.

175.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

176.    Plaintiff is informed and believes that American Le Mans reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-25-04, on its website located at americanlemans.com. (See Exhibit 33.)   Photograph #2995-25-04 is among the Photographs registered for copyright protection under registration # VAu-564-275.

177.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Thirty-Three

## Copyright Infringement

### (As to Gawker Media)

178.    Plaintiff repeats and realleges paragraphs 1 to 177 as if fully set forth herein.

179.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

180.    Plaintiff is informed and believes that Gawker Media reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-14-02, on jalopnik.com, a website owned by Gawker Media. (See Exhibit 34.)   Photograph #2995-14-02 is among the Photographs registered for copyright protection under registration # VAu-564-275.

181.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Thirty-Four

### Copyright Infringement

### (As to Times Publishing d/b/a the "St. Petersburg Times")

182.    Plaintiff repeats and realleges paragraphs 1 to 181 as if fully set forth herein.

183.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

184.    Plaintiff is informed and believes that Times Publishing, through its daily publication, the *St. Petersburg Times*, reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-04-02, on its website located at sptimes.com. (See Exhibit 35.)  Photograph #2995-04-02 is among the Photographs registered for copyright protection under registration # VAu-564-275.

185.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Thirty-Five

### Copyright Infringement

### (As to RaceFan)

186.    Plaintiff repeats and realleges paragraphs 1 to 185 as if fully set forth herein.

187.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

188.    Plaintiff is informed and believes that RaceFan reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-14-02, on its website located at whowon.com. (See Exhibit 36.)  Photograph #2995-14-02 is among the Photographs registered for copyright protection under registration # VAu-564-275.

189.    It is upon information and belief that approximately 400,000 Internet users visit whowon.com per month.

190.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Thirty-Six

### Copyright Infringement

### (As to Howden Media Group)

191.    Plaintiff repeats and realleges paragraphs 1 to 190 as if fully set forth herein.

192.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

193.    Plaintiff is informed and believes that Howden Media Group reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-19-04, on its website located at ekartingnews.com. (See Exhibit 37.)  Photograph #2995-19-04 is among the Photographs registered for copyright protection under registration # VAu-564-275.

194.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Thirty-Seven

### Copyright Infringement

### (As to National Ledger)

195.    Plaintiff repeats and realleges paragraphs 1 to 194 as if fully set forth herein.

196.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

197.    Plaintiff is informed and believes that National Ledger reproduced without

Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-19-04, on its website located at nationalledger.com. (See Exhibit 38.) Photo #2995-19-04 is among the Photographs registered for copyright protection under registration # VAu-564-275.

198. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Thirty-Eight

### Copyright Infringement

#### (As to Daniel Vielhaber d/b/a Indymotorspeedway.com)

199. Plaintiff repeats and realleges paragraphs 1 to 198 as if fully set forth herein.

200. Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

201. Plaintiff is informed and believes that Daniel Vielhaber, through the website indymotorspeedway.com, which he is believed to own and operate, reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-14-02, on the indymotorspeedway.com website. (See Exhibit 39.) Photograph #2995-14-02 is among the Photographs registered for copyright protection under registration # VAu-564-275.

202. Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Thirty-Nine

### Copyright Infringement

#### (As to Daniel Vielhaber d/b/a Indymotorspeedway.com)

203. Plaintiff repeats and realleges paragraphs 1 to 202 as if fully set forth herein.

204. Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as

specified on Exhibit 1.

205.    Plaintiff is informed and believes that Daniel Vielhaber, through the website indymotorspeedway.com, which he is believed to own and operate, reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-02-06, on the indymotorspeedway.com website. (See Exhibit 40.)   Photograph #2995-02-06 is among the Photographs registered for copyright protection under registration # VAu-564-275.

206.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

### Count Forty

### Copyright Infringement

### (As to Sandra Kinsler d/b/a Womanmotorist.com)

207.    Plaintiff repeats and realleges paragraphs 1 to 206 as if fully set forth herein.

208.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

209.    Plaintiff is informed and believes that Sandra Kinseler, through the website womanmotorist.com, which she is believed to own and operate, reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-25-04, on the womanmotorist.com website. (See Exhibit 41.)   Photograph #2995-25-04 is among the Photographs registered for copyright protection under registration # VAu-564-275.

210.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

### Count Forty-One

### Copyright Infringement

### (As to Ellen Emerson d/b/a Hondabeat.com)

211.    Plaintiff repeats and realleges paragraphs 1 to 210 as if fully set forth herein.

212.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

213.    Plaintiff is informed and believes that Ellen Emerson, through the website hondabeat.com, which she is believed to own and operate, reproduced without Plaintiff's permission one of the Photographs, herein identified as Photograph #2995-14-02, on the hondabeat.com website. (See Exhibit 42.)   Photograph #2995-14-02 is among the Photographs registered for copyright protection under registration # VAu-564-275.

214.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Count Forty-Two

## Copyright Infringement

## (As to Pioneer)

215.    Plaintiff repeats and realleges paragraphs 1 to 214 as if fully set forth herein.

216.    Plaintiff is, and at all relevant times has been, the copyright owner under U.S. Copyright Law with respect to the Photographs. The Photographs are subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to Plaintiff as specified on Exhibit 1.

217.    Plaintiff is informed and believes that Pioneer reproduced without his permission one of the Photographs, herein identified as Photograph #2995-2-6, on so-called promotional "hero cards" for Pioneer, which were distributed to the public by Pioneer. (See Exhibit 43.) Photograph #2995-2-6 is among the Photographs registered for copyright protection under registration # VAu-564-275.

218.    Plaintiff is informed and believes that this act of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

## Conclusion

219.    The infringement(s) of the copyrights in and to the Photographs by each
Defendant has caused damage to Plaintiff, including, among other things, injury to his business
reputation as well as the loss of past and prospective income.  Plaintiff is entitled to recover from
each Defendant the damages he has sustained and will sustain, and any gains, profits and
advantages obtained by each Defendant as a result of each Defendant's acts of infringement as
alleged above.

220.    At present, the amount of such damages, gains, profits and advantages has not
been fully ascertained by Plaintiff and remains to be determined.  Plaintiff, however, is entitled
to an award of statutory damages of up to $150,000 per each count of infringement alleged
herein pursuant to section 504(c)(2) of the Copyright Act of 1976.

221.    Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17
U.S.C. §505.

## Demand For Relief

WHEREFORE, Plaintiff prays for judgment against each Defendant as follows:

1. Damages to be paid to Plaintiff in an amount no less than $150,000 for each count of
   infringement alleged herein pursuant to 17 U.S.C. §504.

2. For Plaintiff's attorneys' fees and costs incurred herein pursuant to 17 U.S.C. § 505.

3. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 15 , 2007

Attorneys for Plaintiffs

By: _____
    John Pelosi, Esq.  (JAP-9066)
    PELOSI WOLF EFFRON & SPATES LLP
    The Woolworth Building
    233 Broadway, 22nd Floor
    New York, NY 10279
    Phone: (212) 334-3599
    Facsimile: (212) 571-9149
    Email: jpelosi@pwes.com