# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE EDWARD McCAIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RAHAL LETTERMAN RACING, LLC, an Ohio limited liability co.; TIME, INC., a Delaware corporation d/b/a SPORTS ILLUSTRATED & PEOPLE MAGAZINE; GANNET CO., INC., a Delaware corporation d/b/a USA TODAY, PIONEER ELECTRONICS (USA), INC., a Delaware corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation; TABLE MOOSE MEDIA, LLC, an Indiana limited liability company d/b/a INDY MEN'S MAGAZINE; NORWALK FURNITURE CORPORATION, an Ohio corporation; F1 MARKETING GROUP, INC., a New York corporation; MOTORSPORT.COM, INC., a Florida corporation; BRIDGESTONE/ FIRESTONE INC., an Ohio corporation; CONSUMER ELECTRONICS ASSOCIATION; AMERICAN HONDA MOTOR CO., INC., a Delaware corporation; WORLDWIDE PANTS INCORPORATED, a New York corporation; BOBBY RAHAL AUTOMOTIVE GROUP; LOGICALIS, INC., a New York corporation; THE TIMKEN COMPANY, an Ohio corporation; INTERNATIONAL MOTOR SPORTS ASSOC.; CRASH MEDIA GROUP, LTD., a foreign (U.K.) company; AMERICAN LE MANS SERIES LLC, a Georgia limited liability company; BEA SYSTEMS, INC., a Delaware corporation; GAWKER MEDIA LCC, a Delaware corporation; TIMES PUBLISHING COMPANY, a Florida corporation d/b/a ST. PETERSBURG TIMES; RACEFAN, INC., a corporation; HOWDEN MEDIA GROUP, a foreign (Canada) | CASE NO. 07-CV-5729 (JSR)<br><br>**AFFIRMATION OF JOHN W. PATTON, JR.** |

company; NATIONAL LEDGER, LLC, an
Arizona limited liability company; DANIEL
VIELHABER d/b/a
INDYMOTORSPEEDWAY.COM; SANDRA
KINSLER d/b/a WOMANMOTORIST.COM;
and ELLEN EMERSON d/b/a
HONDABEAT.COM,

        Defendants.

    I John W. Patton, Jr. affirm:

    1.    I am a member of Pasternak, Pasternak & Patton, A Law Corporation ("PPP"),
attorneys for Rahal Letterman Racing, LLC and Bobby Rahal Automotive Group, defendants
herein.  I submit this declaration in support of said defendants' Motion to Transfer Case, etc.
("Motion").  The facts set forth herein are of my own personal knowledge and if sworn I could
and would testify competently thereto.

    2.    Rahal Letterman Racing, LLC, and Bobby Rahal Automotive Group move,
pursuant to 28 U.S.C. section 1404(a), to transfer this copyright infringement action filed by
plaintiff George Edward McCain ("McCain") to the Central District of California where a
declaratory relief action litigating McCain's same copyright infringement claims (*Argent
Mortgage Company, LLC, et al. v. Edward McCain*, Case No. SACV 06-749 CJC (RNBx)
("*Argent*")) has been pending since August 2006, the Honorable Cormac J. Carney, Judge
Presiding.  A true and correct copy of Argent Mortgage Company, LLC's and Team Rahal, Inc's
Complaint for Declaratory Judgment of Non-Infringement instituting *Argent* is attached hereto as
**Exhibit "A"** and by this reference incorporated herein.

    3.    Both this case and *Argent* involve the same issues of copyright infringement
pertaining to the same copyright and the same or similar alleged acts of infringement.  In this
case, McCain alleges that defendants herein infringed his copyright by reproducing or allowing to
be reproduced without McCain's permission photographs of which he is the copyright owner (the
"Photographs") registered under # VAU-564-275 with the U.S. Copyright Office on November
29, 2002.

4.      In *Argent*, plaintiffs Argent Mortgage Company, LLC ("Argent"), and Team Rahal, Inc. seek a declaratory judgment that they have not infringed McCain's copyright, the same copyright for the Photographs registered under # VAU-564-275 with the U.S. Copyright Office, that they did not authorize any third parties to use the Photographs, that they are not responsible for any such use, and that they are not liable for any alleged infringement of McCain's copyright by third parties.

5.      Also in *Argent*, McCain answered and filed counterclaims against Team Rahal, Inc., "Rahal Letterman Racing, Inc." (which entity does not exist), Rahal Letterman Racing, LLC, and Argent, alleging that he is the copyright owner of the same Photographs registered with the U.S. Copyright Office under # VAU-564-275, and that counterclaim defendants Team Rahal, Inc., Rahal Letterman Racing, LLC, "Rahal Letterman Racing, Inc.", and Argent infringed his copyright for the Photographs by reproducing them or allowing them to be reproduced without McCain's permission. A true and correct copy of McCain's Answer to Complaint for Declaratory Relief and Counterclaims for Copyright Infringement filed in *Argent* is attached hereto as **Exhibit "B"** and by this reference incorporated herein. The acts of misuse alleged by McCain in *Argent* are the same or similar acts of misuse as alleged by McCain in this new action.

6.      Counsel for McCain in *Argent* is the same attorney representing McCain in this action, John Pelosi ("Pelosi"), of Pelosi Wolf Effron & Spates LLP.

7.      The claims in *Argent* and in this action involve the same Photographs and the same or similar alleged unauthorized publication or use of the Photographs.

8.      On or about January 22, 2007, McCain, Argent and Team Rahal, Inc. filed a Joint Report Pursuant to Rule 26(f) in *Argent*. A true and correct copy of the Joint Report Pursuant to Rule 26(f) filed on or about January 22, 2007 in *Argent* is attached hereto as **Exhibit "C"** and by this reference incorporated herein. In the Joint Report Pursuant to Rule 26(f), McCain stated, *inter alia*, that "McCain does not reside in California, nor does he transact business in California. McCain may seek to transfer venue. McCain will likely move for summary judgment on the

claims for copyright infringement by Plaintiffs in the proper forum." (Joint Report Pursuant to Rule 26(f) (Exhibit "C"), at 3:20-23.)

9.       On or about April 23, 2007, in *Argent*, the Court held a Scheduling Conference, at which the Court set a pretrial conference for July 14, 2008, and trial to commence on July 22, 2008. A true and correct copy of the Civil Minutes – General for the Scheduling Conference held in *Argent* on April 23, 2007 is attached hereto as **Exhibit "D"** and by this reference incorporated herein.

10.      In or about May 2007 in *Argent*, McCain, Argent, and Team Rahal, Inc. participated in a meet-and-confer in which the parties agreed to the scheduling of all discovery and other case management matters, including settlement procedures, in *Argent*. A true and correct copy of the [Proposed] Stipulated Case Management Dates and Settlement Procedures executed on May 22, 2007 by counsel for all parties in *Argent*, including by Pelosi, counsel for McCain, is attached hereto as **Exhibit "E"** and by this reference incorporated herein.

11.      McCain has responded to extensive written discovery in *Argent*. On or about May 25, 2007, McCain served "Plaintiff's [sic] Answer to Defendant's [sic] First Set of Requests for Admissions." A true and correct copy of Plaintiff's Answer to Defendant's First Set of Requests for Admissions served in *Argent* is attached hereto as **Exhibit "F"** and by this reference incorporated herein. On or about June 20, 2007, McCain served Defendant's Answer to Plaintiff's First Set of Interrogatories. A true and correct copy of Defendant's Answer to Plaintiff's First Set of Interrogatories served in *Argent* is attached hereto as **Exhibit "G"** and by this reference incorporated herein. Also on or about June 20, 2007, McCain served Defendant's Answer to Plaintiff's First Set of Requests for the Production of Documents, as well as documents produced therewith, including copies of the Photographs allegedly involved in the alleged infringements. A true and correct copy of Defendant's Responses to Plaintiff's First Set of Requests for the Production of Documents served in *Argent*, as well as documents produced therewith, including copies of the Photographs, is attached hereto as **Exhibit "H"** and by this reference incorporated herein. On or about June 29, 2007, McCain served Defendant's Answers to Plaintiff's Second Set

of Requests for Admissions. A true and correct copy of Defendant's Answer to Plaintiff's Second Set of Requests for Admissions served in *Argent* is attached hereto as **Exhibit "I"** and by this reference incorporated herein.

12.     On or about June 8, 2007, McCain filed a "Notice of Voluntary Dismissal of Claims Against Rahal Letterman Racing, LLC Pursuant to F.R.C.P. Rule 41(a)." A true and correct copy of McCain's Notice of Voluntary Dismissal of Claims Against Rahal Letterman Racing, LLC Pursuant to F.R.C.P. Rule 41(a) filed on or about June 8, 2007 in *Argent* is attached hereto as **Exhibit "J"** and by this reference incorporated herein.

13.     On or about June 14, 2007, McCain filed a "Notice of Voluntary Dismissal of Claims Against Rahal Letterman Racing, Inc. Pursuant to F.R.C.P. Rule 41(a)." A true and correct copy of McCain's Notice of Voluntary Dismissal of Claims Against Rahal Letterman Racing, Inc. Pursuant to F.R.C.P. Rule 41(a) filed on or about June 14, 2007 in *Argent* is attached hereto as **Exhibit "K"** and by this reference incorporated herein.

14.     I have been communicating with several of the other defendants named by McCain in this action to ascertain whether any of them will join in this motion to transfer. Generally, I have received responses falling into two categories. Several defendants that had not yet been served when I contacted them stated that they do not oppose the transfer, but they were not inclined to join in the motion given that they had not yet been served with the complaint instituting this action. I understand that McCain was ordered to serve all defendants by July 24, 2007, the date of a status conference set by the Court. Several defendants were represented at the status conference by local New York counsel. Some attorneys present at the conference stated that their clients, who were just served with McCain's complaint, will review the motion to transfer and make a decision whether to join in the motion. Some defendants have stated that they will join in the motion to transfer.

15.     On July 24, 2007, at the status conference before Judge Rakoff, Pelosi, McCain's attorney, mentioned that he had received a draft amended complaint in *Argent* from Argent's attorneys in connection with a proposed motion to amend the complaint being brought by Argent.

Pelosi further mentioned that the Rahal entities were also amending their claims in *Argent*, and that the proposed amended complaint added Mark Borchetta ("Borchetta"), Argent's agent who entered into the subject complaint in California with McCain, and further that, among other additional claims against McCain and Borchetta, the amended complaint added RICO claims. Counsel for the Rahal entities stated at the hearing on July 24, 2007 that they did not believe their clients were participating in Argent's motion to amend the complaint in *Argent*. On July 26, 2007, I received from Argent's counsel the motion for leave to file a first amended complaint, with an attached copy of the proposed first amended complaint. A true and correct copy of the proposed amended complaint is attached hereto as **Exhibit "L"** and by this reference incorporated herein. Argent's motion to amend the complaint in *Argent* is set for hearing before Judge Carney on August 27, 2007.

16. In addition, the Court will recall Pelosi's representations at the status conference that this is a clear-cut case of infringement and that the issue here is damages. (Indeed, the Court will recall that Pelosi claimed he felt compelled to file this New York action against some, but not all, of the alleged infringers because Argent and the Rahal entities consistently had denied any liability for their own supposed acts of infringement or for the infringements of third parties, the so-called "secondary infringers.") As the Court can see from the allegations of the proposed amended complaint (Exhibit "L" hereto), this is far from a clear-cut case of infringement by the Rahal entities, or, for that matter, Argent. There are substantial issues involving whether McCain has compromised Argent's agent, Borchetta, whether Borchetta breached his fiduciary duty, whether the two of them committed fraud, and whether they have deceived the parties as to the terms and scope of the contract for the use of the Photographs.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Affirmation was executed on July 27, 2007, at Los Angeles, California.

John W. Patton, Jr., California Bar No. 90130
PASTERNAK, PASTERNAK & PATTON
A Law Corporation
1875 Century Park East, Suite 2200
Los Angeles, California 90067-2523
Telephone:  310.553.1500
Facsimile:  310.553.1540
E-Mail:  jwp@paslaw.com

*Exhibit "A"*

FILED

1
2
3
4
5
6

BUCHALTER NEMER
A Professional Corporation
    MICHAEL L. WACHTELL (SBN: 47218)
    RICHARD P. ORMOND (SBN: 207442)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
E-mail: mwachtell@buchalter.com
E-mail: rormond@buchalter.com

2006 AUG 15 AM 10: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

7
8

Attorneys for Plaintiff
ARGENT MORTGAGE COMPANY, LLC

9
10
11
12

BAKER & HOSTETLER LLP
    LISA I. CARTEEN (SBN: 204764)
333 S. Grand Ave., Suite 1800
Los Angeles, CA 90071-1523
Telephone: (213) 975-1600
Facsimile: (213) 975-1740
Email: lcarteen@bakerlaw.com

13

Attorneys for Plaintiff
TEAM RAHAL, INC.

14                **UNITED STATES DISTRICT COURT**

15                **CENTRAL DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| 17  ARGENT MORTGAGE COMPANY, LLC, a California limited liability company; and TEAM RAHAL, INC., an Ohio Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> EDWARD MCCAIN, an individual, <br><br> Defendant. | Case No. _SACV06 -749 CJC (RNBx)_ <br><br> **ARGENT MORTGAGE COMPANY, LLC'S AND TEAM RAHAL, INC.'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

25      Plaintiff Argent Mortgage Company, LLC ("Plaintiff Argent") and Plaintiff

26  Team Rahal, Inc. ("Plaintiff Team Rahal") (hereinafter collectively the

27  "Plaintiffs"), for their Complaint for Declaratory Judgment in this action, allege as

28  follows:

Exhibit ___A___     Page ___8___

## JURISDICTION AND VENUE

1.    This is an action for declaratory judgment of non-infringement of copyrights registered under United States Registration No. Vau-564-275. The action arises under The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the copyright laws of the United States, 17 U.S.C. § 101 et seq.

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the infringement claims of Defendant Edward McCain ("Defendant") occurred in this judicial district. Further, Defendant entered into an agreement related to the subject matter of the claims and the copyrights of Registration No. Vau-564-275 in this judicial district.

## THE PARTIES

4.    Plaintiff Argent is a California limited liability company with its principal place of business at 3 Park Plaza, 19th Floor, Irvine, California 92614.

5.    Plaintiff Team Rahal is an Ohio corporation with its principal place of business at 4601 Lyman Drive, Hilliard, Ohio 43026.

6.    On information and belief, Defendant is a citizen of the United States of America, having a place of business at 211 S. 4th Avenue, Tucson, Arizona 85701.

## FACTS

7.    Plaintiff Argent is one of the fastest-growing, wholesale mortgage companies in the United States.

8.    Plaintiff Team Rahal is a corporation established by three-time CART champion Bobby Rahal to manage and operate an Indy Racing Team.

///

///

9.    Plaintiff Argent entered into a sponsorship agreement with Plaintiff Team Rahal, which agreement provided that Plaintiff Argent would sponsor certain drivers of Plaintiff Team Rahal's Indy Racing Team.

10.    Defendant is a photographer who, on or about November 13 and 14, 2002, took still photographs of one of Plaintiff Team Rahal's drivers, Danica Patrick, pursuant to a contract with a third-party intermediary for Plaintiff Argent's use of such photographs for marketing and publicity (the "Photographs").

11.    Defendant registered the copyrights in the Photographs with the United States Copyright Office under a single registration, which issued under registration number Vau-564-275 (hereinafter the "Registered Copyright").

12.    Defendant has informed Plaintiffs that Plaintiffs' use of certain Photographs purportedly infringe Defendant's Registered Copyright.

13.    Defendant has informed Plaintiffs that Plaintiffs are liable for alleged infringement of Defendant's Registered Copyright as a result of uses of certain Photographs by third parties.

14.    Plaintiffs deny that they have infringed, or are infringing, Defendant's Registered Copyright.

15.    Plaintiffs deny that they are liable for any alleged infringement of Defendant's Registered Copyright resulting from uses of certain Photographs by third parties.

16.    Defendant has threatened to commence legal action against Plaintiffs.

17.    The parties have attempted to resolve the dispute amicably. However, no mutually acceptable resolution has been reached. As a result of the threats of impending litigation, Plaintiffs are faced with the constant uncertainty of costly litigation. There is, therefore, an actual case and controversy between the parties.

///

///

///

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of Non-Infringement of Copyright

18. Plaintiffs repeat the averments in paragraphs 1-17 above as if fully set forth herein.

19. Plaintiffs' uses of the Photographs do not infringe Defendant's Registered Copyright. Therefore, Plaintiffs are entitled to a declaratory judgment of Plaintiffs' rights, specifically, that Plaintiffs have not infringed Defendant's Registered Copyright.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of No Liability for Alleged Infringement by Third Parties

20. Plaintiffs repeat the averments in paragraphs 1-19 above as if fully set forth herein.

21. Plaintiffs did not authorize any third parties to use the Photographs and are not responsible for any such use of the Photographs.

22. Plaintiffs are not liable for any alleged infringement of Defendant's Registered Copyright by third parties. Therefore, Plaintiffs are entitled to a declaratory judgment against Defendant that Plaintiffs are not liable for any alleged infringement of Defendant's Registered Copyright by third parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor as follows:

1. A declaration that Plaintiffs' uses of the Photographs, which Defendant contends are an infringement of Defendant's copyrights, do not constitute infringement of Defendant's Registered Copyright pursuant to 17 U.S.C. § 501 or a violation of any other rights held by Defendant;

///

///

1      2.    A declaration that Plaintiffs are not liable for any uses of Photographs

2  by third parties, which Defendant alleges are an infringement of Defendant's

3  Registered Copyright; and

4      3.    Such other and further relief as the Court deems just and proper.

5  DATED: August 16, 2006        BUCHALTER NEMER,

6                            A Professional Corporation

7

8                            By:

9                                MICHAEL L. WACHTELL

                                  Attorneys for Plaintiff

              ARGENT MORTGAGE COMPANY, LLC

10

11  DATED: August 14, 2006        BAKER & HOSTETLER LLP

12

13                            By:

14                                LISA I. CARTEEN

                                   Attorneys for Plaintiff

15                              TEAM RAHAL, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38(b), Plaintiffs hereby demand a trial by jury in this action of any issues triable by jury.

DATED: August 4, 2006      BUCHALTER NEMER
                                     A Professional Corporation

                                     By: _____
                                          MICHAEL L. WACHTELL
                                     Attorneys for Plaintiff
                           ARGENT MORTGAGE COMPANY, LLC

DATED: August 14, 2006      BAKER & HOSTETLER LLP

                                     By: _____
                                          LISA I. CARTEEN
                                     Attorneys for Plaintiff
                                     TEAM RAHAL, INC.

501135461.1
BN 945090v1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT

Exhibit ___A___ Page _13_

*Exhibit "B"*

1 | PELOSI WOLF EFFRON & SPATES LLP
John Pelosi (*Pro Hac Vice Application pending*)
2 | 233 Broadway, 22nd Floor
New York, NY 10279
3 | Telephone: (212) 334-3599
Facsimile: (212) 571-9149
4 | Email:

5 | THE LAW OFFICES OF LARRY S. GREENFIELD
Larry S. Greenfield (SBN: 093917)
6 | 433 N. Camden Drive, Suite 400
Beverly Hills, CA 90210-4408
7 | Telephone: (310) 279-5210
Facsimile: (310) 362-8413
8 | Email: larrysgreenfield@gmail.com

9 |
Attorneys for Defendant and Counterclaimant
10 | EDWARD MCCAIN

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **SOUTHERN DIVISION**

| | |
|---|---|
| ARGENT MORTGAGE COMPANY, LLC, a California limited liability company; and TEAM RAHAL, INC., an Ohio Corporation, Rahal Letterman Racing, Inc.,<br><br>          Plaintiffs,<br><br>     v.<br><br>EDWARD McCAIN, an individual,<br><br>          Defendant. | Case No. SACV 06-749 CJC (RNBx)<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND COUNTERCLAIMS FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>**Judge:** Hon. Cormac J. Carney<br>**Crtrm:** 9B |
| EDWARD McCAIN, an individual,<br><br>          Counterclaim Plaintiff,<br><br>v.<br><br>TEAM RAHAL, INC., an Ohio Corporation, RAHAL LETTERMAN RACING, INC., a California limited liability company; and ARGENT MORTGAGE COMPANY, LLC, a California limited liability company,<br><br>          Counterclaim Defendants. | |

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant and Counterclaimant EDWARD MCCAIN ("McCain") hereby answers the Complaint ("Complaint") of Plaintiffs ARGENT MORTGAGE COMPANY, LLC ("Argent") and TEAM RAHAL, INC. (collectively "Plaintiffs") as follows:

## JURISDICTION AND VENUE

1.    Defendant denies the allegations in Paragraph 1 of the Complaint while admitting that copyrights are registered under United States Registration No. Vau-564-275.

2.    Defendant denies the allegations contained in Paragraphs 2 and 3 of the Complaint.

## THE PARTIES

3.    Defendant admits, on information and belief, the allegations contained in Paragraphs 4 and 5 of the Complaint.

4.    Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## FACTS

5.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained on Paragraphs 7, 8 and 9 of the Complaint.

6.    Defendant admits only to the allegation in Paragraph 10 of the Complaint that he is the author of and exclusive owner of all rights in and to photographs taken by him on or about November 13 and 14th 2002, of Indy-series race car driver, Danica Patrick (the "Photographs"), but denies the alleged fact that Plaintiff Argent was authorized to use the Photographs pursuant to a contract with a third party intermediary.

7.    Defendant denies the allegations contained in Paragraph 11 of the Complaint, but admits that the Photographs are registered with the U.S. Copyright Office, which issued registration number Vau-564-275 (hereinafter "Registered Copyright").

8.    Defendant admits the allegations in paragraphs 12 and 13 of the Complaint.

9.    Defendant denies the allegations in paragraph 14, 15, 16 and 17 of the Complaint.

## AS TO THE FIRST CLAIM FOR RELIEF

### Declaratory Judgment of Non-Infringement of Copyright

10.    Defendant realleges and incorporates by reference his responses to Paragraphs 1-17 of the Complaint as though they were fully set forth herein.

11.    Defendant denies the allegations in Paragraphs 18 and 19 of the Complaint.

## AS AND TO THE SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Non-Infringement of Copyright

12.    Defendant realleges and incorporates by reference his responses to Paragraphs 1-19 of the Complaint as though they were fully set forth herein.

13.    Defendant denies the allegations in Paragraphs 20, 21, and 22 of the Complaint.

## AS TO PLAINTIFFS' PRAYER FOR RELIEF

14.    Defendant denies that Plaintiffs are entitled to any of the relief sought in their Complaint or to any relief whatsoever from Defendant.

## AFFIRMATIVE DEFENSES

In addition to the grounds set forth in Defendant's Counterclaims to the Complaint, which constitute an absolute defense to the Complaint, Defendant hereby additionally alleges as follows:

### First Affirmative Defense to All Claims

### (Failure to State Claim)

15.    Each of Plaintiffs' claims fails to state facts sufficient to constitute a claim upon which relief can be granted.

### Second Affirmative Defense to All Claims

### (Estoppel)

3

16.     Each of Plaintiffs' claims is barred to the extent that Defendant reasonably and detrimentally relied on the representations or conduct of Plaintiffs, their predecessors or the representatives of either.

### Third Affirmative Defense to All Claims

### (Waiver)

17.     Each of Plaintiffs' claims is barred because Plaintiffs have waived each and every claim set forth in the Complaint.

### Fourth Affirmative Defense to All Claims

### (Laches)

18.     Each of Plaintiffs' claims is barred by the doctrine of laches.

### Fifth Affirmative Defense to All Claims

### (Unclean Hands)

19.     Plaintiffs are barred from obtaining equitable relief on their claims because they have acted in bad faith and have unclean hands.

### Sixth Affirmative Defense to All Claims

### (Justification)

20.     Each of Plaintiffs' claims is barred because Defendant at all times acted in good faith, with absence of malicious intent to injure Plaintiffs, in that his conduct constituted lawful, proper, and justified means to further his sole purpose of engaging in legal business activities.

### Seventh Affirmative Defense to All Claims

### (Lack of Standing)

21.     Each of Plaintiffs' claims is barred because Plaintiffs lack standing and/or legal capacity to bring such claims and/or this action.

### Eighth Affirmative Defense to All Claims

### (Lack of Facts and Law)

4

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit _B_    Page_ 12_

22.    Each of Plaintiffs' claims is barred because the Complaint is not well-grounded in fact and the claims therein are not warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.

### Ninth Affirmative Defense to All Claims

### (Bad Faith)

23.    Each of Plaintiffs' claims is barred because Plaintiffs brought the Complaint in bad faith for an improper purpose.

### Tenth Affirmative Defense to All Claims

### (Fraud)

24.    Each of Plaintiffs' claims is barred because of Plaintiffs' fraudulent conduct in connection with the subject matter of the Complaint.

### Eleventh Affirmative Defense to All Claims

### (Negligent Misrepresentation)

25.    Each of Plaintiffs' claims is barred because of Plaintiffs' negligent misrepresentations pertaining to the subject matter of the Complaint.

### Twelfth Affirmative Defense to All Claims

### (Acts of Others)

26.    Any injury, loss, and/or damage Plaintiffs allege to have suffered in the Complaint, which Defendant expressly denies, are the direct and proximate result of the acts and omissions of other persons or entities for whom Defendant is not legally responsible.

### Thirteenth Affirmative Defense to All Claims

### (Incorporation of Counterclaim)

27.    Each of Plaintiffs' claims is barred as a result of Defendant's incorporation herein of the allegations and claims contained within Defendant's counterclaim.

### Fourteenth Affirmative Defense to All Claims

### (Failure to Mitigate)

5

28.    To the extent that Plaintiffs have suffered any damage, loss, and/or injury, which Defendant expressly denies, Plaintiffs failed to take the necessary, prudent, and appropriate steps to mitigate the alleged damage, loss, and/or injury they claim that they have suffered.

## Fifteenth Affirmative Defense to All Claims

### (Lack of Due Diligence)

29.    Each of Plaintiffs' claims is barred as a result of Plaintiffs' failure to conduct reasonable and adequate due diligence to protect their own interests and obligations.

## Sixteenth Affirmative Defense to All Claims

### (Privilege)

30.    Defendant was legally privileged to commit the acts alleged in the Complaint, to the extent that such acts occurred.

## Seventeenth Affirmative Defense to All Claims

### (Unjust Enrichment)

31.    Each of Plaintiffs' claims against Defendant is barred because any recovery by Plaintiffs in this action would result in unjust enrichment.

## Eighteenth Affirmative Defense to All Claims

### (Violations of Law)

32.    Each of Plaintiffs' claims is barred to the extent that Plaintiffs have violated one or more laws in connection with the matters alleged in the Complaint.  Among other things, Plaintiffs caused Photographs to be published in electronic press kits, advertising, promotional materials, t-shirts and editorial uses in newspapers, websites, and magazines in violation of Defendants Registered Copyrights.

## Nineteenth Affirmative Defense to All Claims

### (Defective Chain-of-Title)

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit __B__    Page __19__

33.    Plaintiffs are not entitled to recover against the Defendant to the extent that Plaintiffs' claimed chain-of-title to the subject works is defective.

## Twentieth Affirmative Defense to All Claims

### (Parties Lacked Rights Conveyed)

34.    Plaintiffs are not entitled to recover against the Defendant to the extent that Plaintiffs' claimed ownership of rights in the subject works is based on rights conveyances from a party or parties which did not own the rights purportedly conveyed.

## Twenty-First Affirmative Defense to All Claims

### (Failure to Join Indispensable Parties)

35.    Plaintiffs have failed to join indispensable parties.

## Twenty-Second Affirmative Defense to All Claims

### (Additional Defenses)

36.    Defendant hereby gives notice that he intends to rely upon any additional affirmative defenses which become available or apparent during discovery and thus reserves the right to amend his answer to assert such additional defenses.


## AS AND FOR

## THE COUNTERCLAIMS FOR COPYRIGHT INFRINGEMENT

Counterclaimant Edward McCain ("Counterclaimant"), for his complaint for copyright infringement against Counterclaim Defendants Team Rahal, Inc. ("Team Rahal"), Rahal Letterman Racing, LLC ("Rahal Letterman") and Argent Mortgage Company, LLC ("Argent") (collectively, "Counterclaim Defendants"), hereby alleges as follows:

## INTRODUCTION

1.    Counterclaimant is a prominent commercial photographer whose photography business is located in Tucson, Arizona. In or about November 2002, McCain engaged in a photography session with a then-unknown racing car driver

named Danica Patrick.  The McCain photographs of Danica Patrick were registered with the U.S. Copyright office and were granted a registration # VAU-564-275 (the "Photographs").

2.    Upon information and belief Counterclaim Defendants came to possess the Photographs by receiving copies of the Photographs in electronic format with full knowledge of the copyrights and McCain's rights in the Photographs.

3.    Upon information and belief, Danica Patrick has been racing for Team Rahal and Rahal Letterman since the year 2002.  The buzz surrounding Danica Patrick began after the 2004 IndyCar racing season when Team Rahal and Rahal Letterman announced that Patrick would be racing in the IRL IndyCar Series during the 2005 season.  On May 29, 2005 Danica Patrick erupted onto the racing scene and quickly became an international media sensation after she became the first woman ever to lead the Indianapolis 500 over its 89-year race history at the age of 23. Patrick subsequently posted the highest ever finish for a female driver in an Indianapolis 500 by placing fourth that day, which topped Janet Guthrie's ninth place finish in 1978.

4.    Counterclaim Defendants, in and around the time that Danica Patrick gained notoriety as a popular sports figure, began a lucrative and national sponsorship campaign featuring Patrick.  Counterclaim Defendants, individually or in concert, reproduced at least 19 of the Photographs of Danica Patrick by Edward McCain in various and numerous media including print advertisement, promotional materials, souvenir programs, media guides in print and electronic formats, so-called "hero-cards", t-shirts, electronic press kits, websites and various electronic media, including the Internet.  Further, Counterclaim Defendants distributed and caused to be published Photographs by various media outlets such as People Magazine, Magazine, Indy Men's Magazine, USA Today and other third parties for reproduction in print and electronic media as part of a massive public relations campaign to promote Danica Patrick, Team Rahal, Rahal Letterman and Argent (a major sponsor featured prominently in the Photographs), as well as other third party

sponsors, including Norwalk Furniture, Pioneer Electronics and Toyota Motors. Copies of the Photographs distributed by Counterclaim Defendants to media for purposes of promoting Counterclaim Defendants enterprises through publicity appeared on countless websites. All reproductions by Counterclaim Defendants were undertaken without the permission of and in wanton disregard of Counterclaimant's rights in the Photographs.

5.     Upon information and belief, Counterclaim Defendants are sophisticated and experienced corporations engaged in multimillion dollar marketing campaigns and were either aware that they did not have any rights to reproduce the Photographs or did not take the reasonable steps necessary to determine whether they had rights to exploit the Photographs. Furthermore, upon information and belief, the actions of Counterclaim Defendants have caused and constitute over 100 known acts of copyright infringement relating to the Photographs.

6.     On or about June 1, 2005 and again on or about August 10, 2005, Counterclaimant delivered by registered mail cease and desist letters upon Counterclaim Defendants providing notification that Counterclaim Defendants' numerous reproductions of the Photographs violated Counterclaimant's copyrights in the Photographs. Following such notice, Counterclaim Defendants ceased further unauthorized reproduction and distribution of the Photographs. Rahal Letterman has admitted that it had widely distributed the Photographs to third parties for promotional uses in all media throughout the period beginning in 2003 through in or about June, 2005.

**JURISDICTIONAL ALLEGATION**

7.     Counterclaimant denies that the Court has original jurisdiction over this action. However, should the Court deem jurisdiction is proper, Counterclaimant alleges the Counterclaims set forth below.

8.     Venue is not proper in this district under 28 U.S.C. § 1391. Counterclaimant does not transact business within this district and, therefore,

Counterclaimant is not subject to personal jurisdiction in this district.  However, should the Court deem venue proper the Counterclaimant alleges the Counterclaims below.

## PARTIES

9.    Counterclaimant is a resident of Tucson, Arizona, with a principal place of business located at 211 South 4th Avenue, Tucson, Arizona, 85701.

10.    Counterclaim Defendant Argent is a California limited liability company with a principal place of business located at 3 Park Plaza, 19th Floor, Irvine, California 92614.  Upon information and belief Argent transacts business in Arizona and New York, as well as throughout the United States.

11.    Counterclaim Defendant Rahal is an Ohio corporation established by Bobby Rahal, which upon information and belief is engaged in the operation of an IndyCar series racing team that participates in car race events and transacts business throughout the United States including New York and Arizona.

12.    Counterclaim Defendant Rahal Letterman is a Ohio corporation established by Bobby Rahal and television talk show host David Letterman engaged in the operation of an IndyCar series racing team that participates in race events and transacts business throughout the United States, including New York and Arizona.

13.    Counterclaim Defendants do and at all times relevant to the matters alleged in this complaint did regularly transact business in California, including interstate trade and commerce.  Many of the unlawful and unfair actions and conduct of Counterclaim Defendants described herein were conceived, performed or made effective in California.

14.    Counterclaimant is informed and believes, and on that basis alleges, that at all times herein mentioned, each Counterclaim Defendant was acting for himself or itself, individually, and as the agent, employee, representative, partner and co-conspirator of each of the other defendants, individually and collectively, and in undertaking the acts, conduct, transactions and contracts herein alleged, each of the

1 defendants was acting on his and its own behalf and on behalf of the other defendants

2 in the course and scope of such agency, employment, representation, partnership and

3 conspiracy. Counterclaimant is informed and believes, and on that basis alleges, that

4 each Counterclaim Defendant authorized, approved, and ratified each and every act,

5 transaction and contract undertaken by each other defendant, and each and every act,

6 transaction and occurrence undertaken by each Counterclaim Defendant was

7 perpetrated in furtherance of Counterclaim Defendants' agency, employment,

8 representation, partnership and conspiracy with each other defendant.

9 ## COUNTERCLAIMANT'S COPYRIGHTS

10     15.    The United States Copyright Office has registered each of

11 Counterclaimant's Photographs as works of visual arts. McCain continues to be the

12 holder of all copyrights relating to the Photographs, registered under the following

13 entry: VA U-564-275 under the title "*Unpublished Photographs, Edward McCain's*

14 *Photography of Danica Patrick and Team Rahal taken November 14th and 15th, 2002*

15 *at Firebird Raceway, Phoenix Arizona.*" A true and correct copy of the certificate of

16 registration is attached hereto as "Exhibit A" and is incorporated herein by reference.

17 Counterclaimant is listed as the sole Author. Counterclaimant's copyrights are

18 hereinafter collectively referred to as the "Copyrights."

19 ## FIRST CLAIM FOR RELIEF

20 ## FOR DAMAGES FOR COPYRIGHT INFRINGEMENT

21 ## (AGAINST ARGENT)

22 ## (17 U.S.C. §§ 101 et seq.)

23     16.    Counterclaimant realleges and incorporates by this reference each and

24 every allegation set forth above at paragraphs 1 through 15 inclusive, as though fully

25 set forth herein.

26     17.    Counterclaimant is currently and at all relevant times has been the sole

27 proprietor of all right, title and interest in and to the Copyrights. Counterclaimant

28 has complied in all respects with Title 17 of the United States Code, secured the

11

ANSWER TO COMPLAINT AND COUNTERCLAIMS

1  exclusive rights and privileges in and to the Copyrights, and has received from the
2  Register of Copyrights the appropriate certifications of registration, which constitute
3  prima facie evidence of the validity of the copyrights and of the facts stated in the
4  certificates.

5       18.    After the dates of registration of the Copyrights and continuing to date,
6  Counterclaim Defendant Argent reproduced, manufactured, marketed, displayed,
7  promoted, sold and/or offered for sale unapproved and unauthorized copies of the
8  Photographs which are protected by the Copyrights. Counterclaim Defendant
9  Argent's conduct was without the consent of Counterclaimant in violation of rights
10 afforded by the Copyrights.

11      19.    Counterclaimant is informed and believes, and on that basis alleges, that
12 Counterclaim Defendant Argent engaged in conduct which is willful within the
13 meaning of section 504(c)(2) of the Copyright Act of 1976 and with knowledge of
14 the Copyrights.

15      20.    Counterclaim Defendant Argent's infringements of the Copyrights
16 caused damage to Counterclaimant, including injury to its business reputation and
17 loss of past and prospective income. Counterclaimant is entitled to recover from
18 Counterclaim Defendant Argent the damages it has sustained and will sustain, and
19 any gains, profits and advantages obtained by Argent as a result of Argent's acts of
20 infringement alleged above. McCain is also entitled to an award of its attorneys' fees
21 and costs. At present, the amount of such damages, gains, profits and advantages has
22 not been fully ascertained by Counterclaimant, but Counterclaimant is informed and
23 believes, and on the basis of such information and belief alleges, that the amount is in
24 excess of $1,000,000.00. In the alternative, Counterclaimant is entitled to an award
25 of statutory damages of up to $100,000 per violation pursuant to section 504(c)(2) of
26 the Copyright Act of 1976.

27                **SECOND CLAIM FOR RELIEF**
28      **FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit _B_    Page _25_

### (AGAINST TEAM RAHAL)

### (17 U.S.C. §§ 101 et seq.)

21.    Counterclaimant realleges and incorporates by this reference each and every allegation set forth above at Paragraphs 1 through 20 inclusive, as though fully set forth herein.

22.    Counterclaimant is currently and at all relevant times has been the sole proprietor of all right, title and interest in and to the Copyrights. Counterclaimant has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the Copyrights, and has received from the Register of Copyrights the appropriate certifications of registration, which constitute prima facie evidence of the validity of the copyrights and of the facts stated in the certificates.

23.    After the dates of registration of the Copyrights and continuing to date, Counterclaim Defendant Team Rahal reproduced, manufactured, marketed, displayed, promoted, sold and/or offered for sale unapproved and unauthorized copies of the Photographs which are protected by the Copyrights.  Counterclaim Defendant Team Rahal's conduct was without the consent of Counterclaimant in violation of rights afforded by the Copyrights.

24.    Counterclaimant is informed and believes, and on that basis alleges, that Counterclaim Defendant Team Rahal engaged in conduct which is willful within the meaning of section 504(c)(2) of the Copyright Act of 1976 and with knowledge of the Copyrights.

25.    Counterclaim Defendant's infringements of the Copyrights caused damage to Counterclaimant, including injury to its business reputation and loss of past and prospective income.  Counterclaimant is entitled to recover from Counterclaim Defendant Team Rahal the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Team Rahal as a result of Team Rahal's acts of infringement alleged above.  Counterclaimant is also entitled to an

Exhibit B    Page 26

1  award of its attorneys' fees and costs.  At present, the amount of such damages,

2  gains, profits and advantages has not been fully ascertained by Counterclaimant, but

3  Counterclaimant is informed and believes, and on the basis of such information and

4  belief alleges, that the amount is in excess of $1,000,000.00.  In the alternative,

5  Counterclaimant is entitled to an award of statutory damages of up to $100,000 per

6  violation pursuant to section 504(c)(2) of the Copyright Act of 1976.

7

8  **THIRD CLAIM FOR RELIEF**

9  **FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

10  **(AGAINST RAHAL LETTERMAN)**

11  **(17 U.S.C. §§ 101 et seq.)**

12      26.    Counterclaimant realleges and incorporates by this reference each and

13  every allegation set forth above at Paragraphs 1 through 25 inclusive, as though fully

14  set forth herein.

15      27.    Counterclaimant is currently and at all relevant times has been the sole

16  proprietor of all right, title and interest in and to the Copyrights.  Counterclaimant

17  has complied in all respects with Title 17 of the United States Code, secured the

18  exclusive rights and privileges in and to the Copyrights, and has received from the

19  Register of Copyrights the appropriate certifications of registration, which constitute

20  prima facie evidence of the validity of the copyrights and of the facts stated in the

21  certificates.

22      28.    After the dates of registration of the Copyrights and continuing to date,

23  Counterclaim Defendant Rahal Letterman reproduced, manufactured, marketed,

24  displayed, promoted, sold and/or offered for sale unapproved and unauthorized

25  copies of the Photographs which are protected by the Copyrights.  Counterclaim

26  Defendant Rahal Letterman's conduct was without the consent of Counterclaimant in

27  violation of rights afforded by the Copyrights.

28      29.    Counterclaimant is informed and believes, and on that basis alleges, that

1  Counterclaim Defendant Rahal Letterman engaged in conduct which is willful within
2  the meaning of section 504(c)(2) of the Copyright Act of 1976 and with knowledge
3  of the Copyrights.

4      30.    Counterclaim Defendant Rahal Letterman's infringements of the
5  Copyrights caused damage to Counterclaimant, including injury to its business
6  reputation and loss of past and prospective income.  Counterclaimant is entitled to
7  recover from Counterclaim Defendant Rahal Letterman the damages it has sustained
8  and will sustain, and any gains, profits and advantages obtained by Rahal Letterman
9  as a result of Rahal Letterman's acts of infringement alleged above.  McCain is also
10 entitled to an award of its attorneys' fees and costs.  At present, the amount of such
11 damages, gains, profits and advantages has not been fully ascertained by
12 Counterclaimant, but Counterclaimant is informed and believes, and on the basis of
13 such information and belief alleges, that the amount is in excess of $1,000,000.00.  In
14 the alternative, Counterclaimant is entitled to an award of statutory damages of up to
15 $100,000 per violation pursuant to section 504(c)(2) of the Copyright Act of 1976.

16

17                         **FOURTH CLAIM FOR RELIEF**
18                **FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**
19                  **(AGAINST ALL COUNTERCLAIM DEFENDANTS)**
20                       **(17 U.S.C. §§ 101 et seq.)**

21      31.    Counterclaimant realleges and incorporates by this reference each and
22 every allegation set forth above at Paragraphs 1 through 30 inclusive, as though fully
23 set forth herein.

24      32.    Counterclaimant is currently and at all relevant times has been the sole
25 proprietor of all right, title and interest in and to the Copyrights. Counterclaimant
26 has complied in all respects with Title 17 of the United States Code, secured the
27 exclusive rights and privileges in and to the Copyrights, and has received from the
28 Register of Copyrights the appropriate certifications of registration, which constitute

1  prima facie evidence of the validity of the copyrights and of the facts stated in the
2  certificates.

3      33.    After the dates of registration of the Copyrights and continuing to date,
4  Counterclaim Defendants reproduced, manufactured, marketed, displayed, promoted,
5  sold, distributed and/or offered to third parties including, but not limited to, Toyota
6  Motors, Norwalk Furniture, Inc., Pioneer Electronics, Inc., Time Warner, Inc., USA
7  Today, Indy Men's Magazine, People Magazine, Sports Illustrated, Speedgear.com-
8  F1 Marketing Group, Inc., Logicalism, Honda Motor Company, Inc., Bridgestone
9  Americas Holdings, Inc (Firestone), Consumer Electronics Association , St.
10 Petersberg Times, America On-line, ESPN, ESPN Internet Ventures, Bobby Rahal
11 Automotive Group, The Timken Company, Worldwide Pants Incorporated, Spacepac
12 Industries, Ltd., Woman Motorist Internet Magazine (www.womanmotorist.com),
13 motoracing.tv, indyspeedway.com, hondabeat.com, lemans-racing.com,
14 ................., ............711.com, ...................., ekartingnews.com,
15 ...................... (collectively "Third Party Infringers") among others known
16 and presently unknown, unauthorized copies of the Photographs which are protected
17 by the Copyrights, for reproduction for purposes of publicity and marketing.
18 Counterclaim Defendant's conduct was without the consent of Counterclaimant in
19 violation of rights afforded by the Copyrights.

20     34.    Upon information and belief, some or all of Third Party Infringers
21 obtained the Photographs from Counterclaim Defendants either with the express
22 understanding that the Photographs could be reproduced without limitation or the
23 authority Counterclaimant, or without any notice that reproduction of the
24 Photographs would violate the Copyrights.

25     35.    Counterclaimant is informed and believes, and on that basis alleges, that
26 Counterclaim Defendants engaged in conduct which is willful within the meaning of
27 section 504(c)(2) of the Copyright Act of 1976 and with knowledge of the
28 Copyrights.

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit ___B___ Page _29_____

36.      Counterclaim Defendants' infringements of the Copyrights caused damage to McCain, including injury to his business reputation and loss of past and prospective income. Counterclaimant is entitled to recover from Counterclaim Defendants the damages he has sustained and will sustain, and any gains, profits and advantages obtained by Counterclaim Defendants as a result of Counterclaim Defendants' acts of infringement alleged above. Counterclaimant is also entitled to an award of his attorneys' fees and costs. At present, the amount of such damages, gains, profits and advantages has not been fully ascertained by Counterclaimant, but Counterclaimant is informed and believes, and on the basis of such information and belief alleges, that the amount is in excess of $1,000,000.00. In the alternative, Counterclaimant is entitled to an award of statutory damages of up to $100,000 per violation pursuant to section 504(c)(2) of the Copyright Act of 1976.

## PRAYER FOR RELIEF AS TO THE COMPLAINT
## FOR DECLARATORY JUDGMENT

WHEREFORE, Defendant prays for judgment, as follows:

1.      That Plaintiffs take nothing by way of their Complaint;

2.      That the Complaint and each purported claim or cause of action therein be dismissed with prejudice;

3.      That judgment be entered in favor of Defendant on the Complaint;

4.      That the Court award Defendant his attorneys' fees and costs as allowed by law; and

5.      That the Court award such other and further relief as the Court may deem just and proper.

## PRAYER FOR RELIEF AS TO THE COUNTERCLAIMS
## FOR COPYRIGHT INFRINGEMENT

WHEREFORE, Counterclaimant prays for judgment against Counterclaim Defendants as follows:

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit B    Page 30

1.    For actual, consequential and general damages and restitution in amounts according to proof at time of trial;

2.    For statutory damages;

3.    For punitive damages;

4.    For reasonable attorneys' fees and costs herein; and

5.    For such other and further relief as the Court may deem just and proper.

Dated: December 7, 2006

PELOSI WOLF EFFRON & SPATES LLP

By: _____
    JOHN PELOSI, ESQ.

Attorneys for Defendant and Counterclaimant
EDWARD McCAIN
(*Pro Hac Vice Application Pending*)

THE LAW OFFICES OF LARRY S. GREENFIELD

By: _____
    LARRY S. GREENFIELD, ESQ.
    The Law Offices of Larry S. Greenfield
Attorneys for Defendant and Counterclaimant
EDWARD MCCAIN

CASE NAME: ARGENT MORTGAGE COMPANY, LLC & TEAM RAHAL, INC. v. EDWARD McCAIN
ACTION NUMBER: SACV 06-749 CJC (RNBx)

18

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit B  Page 31

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit ___B___ Page___ 32

**CERTIFICATE OF REGISTRATION**



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**SHORT FORM VA** 
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VAu 564–275**

Effective Date of Registration

11   29   02

Application Received
NOV 29 2002

Deposit Received
NOV 29 2002   Two

Fee Received

Examined By   CK
Correspondence   Rirk □

TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.

| | | |
|---|---|---|
| **Title of This Work:** | **1** | Unpublished Photographs, Edward McCain's photography of Danica Patrick & Team Rahal taken Nov. 14th & 15th, 2002 at Firebird Raceway, Phoenix, AZ |
| Alternative title or title of larger work in which this work was published. | | 988 Photographs |
| **Name and Address of Author and Owner of the Copyright:** | **2** | Edward McCain<br>211 S 4th Avenue<br>Tucson, AZ 85701-2103 |
| Nationality or domicile: Phone, fax, and email. | | Phone ( 520 )  623-1998    Fax ( 520 )  623-1190<br>Email  edward@mccainphoto.com |
| **Year of Creation:** | **3** | 2002 |
| **If work has been published, Date and Nation of Publication:** | **4** | a. Date _____<br> Month    Day    Year    (Month, day, and year all required)<br>b. Nation _____ |
| **Type of Authorship in This Work:** Check all that this author created. | **5** | □ 3-Dimensional sculpture  ☑ Photograph  □ Map<br>□ 2-Dimensional artwork  □ Jewelry design  □ Text<br>□ Technical drawing |
| **Signature:** | **6** | I certify that the statements made by me in this application are correct to the best of my knowledge *Check one<br>☑ Author  □ Authorized agent<br>X ___ *Edward McCain* ___ |
| Registration cannot be completed without a signature. | | |
| **Name and Address of Person to Contact for Rights and Permissions:** Phone, fax, and email. | **7** | ☑ Check here if same as #2 above.<br>Phone ( )    Fax ( )<br>Email |

| **8** | | **9** | |
|---|---|---|---|
| Certificate will be mailed in window envelope to this address: | Name ▼<br>Edward McCain<br>Number/Street/Apt ▼<br>211 S 4th Avenue<br>City/State/ZIP ▼<br>Tucson, AZ 85701-2103 | Complete this space only if you currently hold a Deposit Account in the Copyright Office. | Deposit Account # _____<br>Name _____<br>DO NOT WRITE HERE  Page 1 of __ pages |

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.
June 1999 – 100,000
WEB REV: June 1999    ♲ PRINTED ON RECYCLED PAPER    ☆U.S. GOVERNMENT PRINTING OFFICE 1999-454 8/9/54

Exhibit _B_   Page _33_

## PROOF OF SERVICE

I am a citizen of the United States.  My business address is 233 Broadway, 22nd Floor, New York, NY 10279.  I am employed in the County of New York, where this service occurs.  I am over the age of 18 years, and I am not a party to the within cause.  I am readily familiar with my firm's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the day set forth below, following ordinary business practice, I served a copy of the foregoing documents described as:

## ANSWER TO COMPLAINT AND COUNTERCLAIMS

By Mail: I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail, to the addressees (attorneys for Plaintiffs), on this date before 5:00 p.m.:

Michael Wachtell, Esq.
Richard P. Ormand, Esq.
BUCHALTER NEMER
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

Lisa I. Carteen, Esq.
BAKER & HOSTETLER
333 South Grand Avenue,
Suite 1800
Los Angeles, CA 90071-1523

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 7, 2006, at New York, New York.

John Pelosi

1  PELOSI WOLF EFFRON & SPATES LLP
   John Pelosi (*Pro Hac Vice Application pending*)
2  233 Broadway, 22nd Floor
   New York, NY 10279
3  Telephone:  (212) 334-3599
   Facsimile:  (212) 571-9149
4  Email: _____

5  THE LAW OFFICES OF LARRY S. GREENFIELD
   Larry S. Greenfield (SBN: 093917)
6  433 N. Camden Drive, Suite 400
   Beverly Hills, CA 90210-4408
7  Telephone: (310) 279-5210
   Facsimile:  (310) 362-8413
8  Email: larrysgreenfield@gmail.com

9
   Attorneys for Defendant and Counterclaimant
10 EDWARD MCCAIN

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                     SOUTHERN DIVISION

   ARGENT MORTGAGE COMPANY,        )  Case No. SACV 06-749 CJC (RNBx)
14 LLC, a California limited liability )
   company; and TEAM RAHAL, INC.,  )
15 an Ohio Corporation, Rahal Letterman )  NOTICE OF INTERESTED
   Racing, Inc.,                    )  PARTIES
16                                  )
            Plaintiffs,              )
17                                  )
        v.                          )
18                                  )
   EDWARD McCAIN, an individual,    )
19                                  )  Judge:  Hon. Cormac J. Carney
            Defendant.              )  Crtrm:  9B
20  _____  )

21 EDWARD McCAIN, an individual,

22          Counterclaim Plaintiff,

23     v.

24 TEAM RAHAL, INC., an Ohio
   Corporation, RAHAL LETTERMAN
25 RACING, INC., a California limited
   liability company; and ARGENT
26 MORTGAGE COMPANY, LLC, a
   California limited liability company,

27          Counterclaim Defendants.

28  _____

Pursuant to Local Rule 4.6, the undersigned counsel of record for Defendant/Counterclaim Plaintiff Edward McCain certifies that the following listed parties have (or are believed to have) a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

None.

Dated: December 7, 2006

PELOSI WOLF EFFRON & SPATES LLP

By: _____

JOHN PELOSI, ESQ.

Attorneys for Defendant and Counterclaimant
EDWARD McCAIN
(*Pro Hac Vice Application Pending*)

THE LAW OFFICES OF LARRY S. GREENFIELD

By: _____

LARRY S. GREENFIELD, ESQ.
The Law Offices of Larry S. Greenfield
Attorneys for Defendant and Counterclaimant
EDWARD MCCAIN

2
NOTICE OF INTERESTED PARTIES

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 233 Broadway, 22nd Floor, New York, NY 10279. I am employed in the County of New York, where this service occurs. I am over the age of 18 years, and I am not a party to the within cause. I am readily familiar with my firm's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the day set forth below, following ordinary business practice, I served a copy of the foregoing documents described as:

## NOTICE OF INTERESTED PARTIES

By Mail: I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail, to the addressees (attorneys for Plaintiffs), on this date before 5:00 p.m.:

Michael Wachtell, Esq.
Richard P. Ormand, Esq.
BUCHALTER NEMER
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

Lisa I. Carteen, Esq.
BAKER & HOSTETLER
333 South Grand Avenue,
Suite 1800
Los Angeles, CA 90071-1523

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 7, 2006, at New York, New York.

_____
John Pelosi

PROOF OF SERVICE

Exhibit _B_    Page _37_



# ARGENT MORTGAGE COMPANY – COPYRIGHT INFRINGEMENT OF DANICA PATRICK PHOTOS (McCAIN)

## U.S.D.C CENTRAL DISTRICT – WESTERN DIVISION

## CASE NUMBER: SACV 06-749 CJC(RNBx)

## PLEADINGS INDEX – VOLUME 1

## CLIENT AND MATTER NUMBER: A7440-8005

| TAB | DATE FILED AND SERVED | NAME OF PLEADING | PARTY SERVING DOCUMENT |
|---|---|---|---|
| 1 | D: 08/15/06 | SUMMONS | PLAINTIFF ARGENT MORTGAGE COMPANY, ET AL. |
| 2 | F: 08/15/06 | ARGENT MORTGAGE COMPANY, LLC'S AND TEAM RAHAL, INC.'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL | PLAINTIFF TEAM RAHAL, INC. |
| 3 | D: 08/15/06 | NOTICE TO COUNSEL | PLAINTIFF TEAM RAHAL, INC. |
| 4 | D: 08/15/06 | NOTICE OF ASSIGNMENT TO UNITED STATE MAGISTRATE | PLAINTIFF TEAM RAHAL, INC. |
| 5 | D: 08/15/06 | CIVIL COVER SHEET | PLAINTIFF TEAM RAHAL, INC. |
| 6 | F: 08/15/06 | ACTION OR APPEAL HAVE BEEN FILED REGARDING COPYRIGHT | PLAINTIFF TEAM RAHAL, INC. |
| 7 | F: 08/15/06 | CERTIFICATION OF INTERESTED PARTIES | PLAINTIFF TEAM RAHAL, INC. |
| 8 | F: 10/03/06 | PROOF OF SERVICE | PLAINTIFF TEAM RAHAL, INC. |
| 9 | D: 10/16/06 | PROOF OF SERVICE SUBPOENA IN A CIVIL | PLAINTIFF ARGENT MORTGAGE COMPANY, ET AL. |
| 10 | F: 11/09/06 | NOTICE OF INTENT TO SCHEDULE THE CASE | COURT |

Exhibit _B_ Page _38_



## ARGENT MORTGAGE COMPANY – COPYRIGHT INFRINGEMENT OF DANICA PATRICK PHOTOS (McCAIN)

### U.S.D.C CENTRAL DISTRICT – WESTERN DIVISION

### CASE NUMBER: SACV 06-749 CJC(RNBx)

### PLEADINGS INDEX – VOLUME 1

### CLIENT AND MATTER NUMBER: A7440-8005

| TAB | DATE FILED AND SERVED | NAME OF PLEADING | PARTY SERVING DOCUMENT |
|---|---|---|---|
| 11 | F: 11/13/06 | STIPULATION TO EXTEND DEFENDANT'S TIME TO RESPOND TO PLAINTIFF'S COMPLAINT | DEFENDANT, EDWARD MCCAIN |
| 12 | D: 12/05/06 | PROOF OF SERVICE OF PRO HAC VICE APPLICATION AND [PROPOSED] ORDER ON PRO HAC VICE APPLICATION | DEFENDANT, EDWARD MCCAIN |
| 13 | D: 12/05/06 | APPLICATION ON NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE (JOHN PELOSI) | COURT |
| 14 | S: 12/07/06 | NOTICE OF INTERESTED PARTIES | DEFENDANT AND COUNTERCLAIMANT, EDWARD MCCAIN |
| 15 | F: 12/15/06 | ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE | COURT |
| 16 | F: 01/03/07 | COUNTERCLAIM DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER TO COUNTERCLAIMS FOR COPYRIGHT INFRINGEMENT | PLAINTIFF ARGENT MORTGAGE COMPANY |
| 17 | E: 01/03/07 | COUNTERDEFENDANT TEAM RAHAL, INC.'S ANSWER TO COUNTERCLAIMANT EDWARD MCCAIN'S COUNTERCLAIMS | PLAINTIFF AND COUNTERDEFENDANT, TEAM RAHAL, INC. |
| 18 | S: 01/22/07 | PLAINTIFF ARGENT MORTGAGE COMPANY'S RULE 26(a)(1) INITIAL DISCLOSURE | PLAINTIFF AND COUNTERDEFENDANT, ARGENT MORTGAGE |



## ARGENT MORTGAGE COMPANY – COPYRIGHT INFRINGEMENT OF DANICA PATRICK PHOTOS (McCAIN)

## U.S.D.C CENTRAL DISTRICT – WESTERN DIVISION

## CASE NUMBER: SACV 06-749 CJC(RNBx)

## PLEADINGS INDEX – VOLUME 1

## CLIENT AND MATTER NUMBER: A7440-8005

| TAB | DATE FILED AND SERVED | NAME OF PLEADING | PARTY SERVING DOCUMENT |
|-----|------------------------|-------------------|--------------------------|
|  |  |  | COMPANY. |
| 19 | F: 01/22/07 | JOINT REPORT PURSUANT TO RULE 26(f) | PLAINTIFF AND COUNTERDEFENDANT TEAM RAHAL, INC. |
| 20 | S: 0122/07 | DEFENDANT AND COUNTERCLAIM PLAINTIFF'S INITIAL WITNESS LIST | DEFENDANT AND COUNTERCLAIM PLAINTIFF EDWARD McCAIN |
| 21 | S: 01/23/07 | APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE | PLAINTIFF AND COUNTERDEFENDANT, TEAM RAHAL, INC. |
| 22 | S: 01/23/07 | ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE | PLAINTIFF AND COUNTERDEFENDANT, TEAM RAHAL, INC. |

Exhibit_____ B _____ Page 40 _____

*Exhibit "C"*

FILED

1  BUCHALTER NEMER
   A Professional Corporation
2  MICHAEL L. WACHTELL (SBN: 47218)
     RICHARD P. ORMOND (SBN: 207442)
3  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017-2457
4  Telephone: (213) 891-0700
   Facsimile: (213) 896-0400
5
   Attorneys for Plaintiff and Counterdefendant
6  ARGENT MORTGAGE COMPANY, LLC
7  BAKER & HOSTETLER LLP
     LISA L CARTEEN (SBN: 204764)
8  333 S. Grand Avenue, Suite 1800
   Los Angeles, CA 90017-1523
9  Telephone: (213) 975-1600
   Facsimile: (213) 975-1740
10
   Attorneys for Plaintiff and Counterdefendant
11 TEAM RAHAL, INC.
12 PELOSI WOLF EFFRON AND SPATES LLP
     JOHN PELOSI (*Admitted Pro Hac Vice*)
13 233 Broadway, 22nd floor
   New York, NY 10279
14 Telephone: (212) 334-3599
   Facsimile: (212) 571-9149
15
   Attorneys for Defendant/Counterclaimant
16 EDWARD McCAIN

17            UNITED STATES DISTRICT COURT

18      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

19 ARGENT MORTGAGE              Case No. SACV 06-749 CJC (RNBx)
   COMPANY, LLC, a California
20 limited liability company; and   Judge: Hon. Cormac J. Carney
   TEAM RAHAL, INC., an Ohio
21 corporation,                  JOINT REPORT PURSUANT TO
                                 RULE 26(f)
22        Plaintiff,
                                 Scheduling Order:   January 29, 2007
23    vs.
                                 Trial Date:         Not Set
24 EDWARD McCAIN, an individual,
25        Defendant.
26
   AND RELATED
27 COUNTERCLAIMS
28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1102812v1                    1

JOINT RULE 26(F) REPORT

Exhibit___C___ Page 41

Jan 22 07 01:35p    First Legal/Buchalter Nem    213 896 0415    p.3

1       Attorneys for Plaintiff and Counterclaim Defendant Argent Mortgage

2   Company, LLC ("Argent"), Plaintiff and Counterclaim Defendant Team Rahal, Inc.

3   ("Rahal") (collectively "Plaintiffs"), and Defendant and Counterclaimant Edward

4   McCain ("McCain") met telephonically on January 8, 2007, and conducted the

5   conference required by Fed. R. Civ. Proc. 26(f) and Local Rule 26-1. The parties

6   now submit this Joint Report regarding the conference and report on the following

7   issues:

8   **A)**     **Nature of Claims**

9       Plaintiffs seek declaratory judgment for non-infringement of the copyright

10  registered under United States Copyright Registration No. Vau-564-275. This

11  action arises under The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

12  2202, and the copyright laws of the United States, 17 U.S.C. § 101 et. seq.

13  Defendant has counterclaimed that Plaintiffs are liable for the infringement of

14  Defendant's alleged copyrights in certain photographs, including Plaintiffs'

15  unauthorized reproduction and the unauthorized reproduction by third parties who

16  reproduced the photographs (allegedly obtained from Plaintiffs) without McCain's

17  permission. McCain alleges that third parties reproduced the photographs as a

18  direct result of Plaintiffs' warranties and representations. McCain's counterclaims

19  also arise under the copyright laws of the United States, 17 U.S.C. § 101 et. seq.

20  **B)**     **Legal Issues**

21       Plaintiffs believe the key legal issues are: (i) whether the copyright asserted

22  by McCain is valid, enforceable, and/or owned by McCain; (ii) whether Plaintiffs

23  have infringed any valid and enforceable copyright in certain photographs;

24  (iii) whether Plaintiffs are liable for allegedly infringing uses of photographs by

25  third parties; and (iv) if Plaintiffs are liable for any alleged infringements, the

26  appropriate award of damages or statutory damages, depending upon McCain's

27  election.

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1102812v1

2

JOINT RULE 26(F) REPORT

Exhibit___C___ Page___42___

1    McCain believes that the key legal issues are (i) that this Court is not the

2    proper venue for this action; (ii) that he has valid registered copyrights in

3    photographs reproduced by Plaintiffs; (iii) that Plaintiffs reproduced the

4    photographs in willful disregard of McCain's copyrights; (iv) that Plaintiffs caused

5    third parties to reproduce the photographs for marketing and promotional purposes

6    to benefit Plaintiffs in willful disregard of McCain's copyrights; and (v) Plaintiffs

7    are liable for statutory damages, reasonable attorneys fees and other damages the

8    Court deems applicable.

9    **C)    Likelihood of Motions to Add Parties/Claims, Amended Pleadings, or**

10    **Transfer Venue (Local Rule 26-1(e))**

11    Argent:  Argent may seek to add additional defendants to the action who may

12    be liable to Argent for indemnification and/or other claims.  Without waiving its

13    rights to do so, Argent does not anticipate adding additional claims, amending the

14    Pleadings or seeking to transfer venue.

15    Rahal:  Rahal may seek to add additional defendants to the action who may

16    be liable to Rahal for indemnification and/or other claims.  Without waiving its

17    rights to do so, Rahal does not anticipate adding additional claims, amending the

18    Pleadings or seeking to transfer venue.

19    McCain:  McCain may seek to dismiss the claims for lack of personal

20    jurisdiction since McCain does not reside in California, nor does he transact

21    business in California.  McCain may seek to transfer venue.  McCain will likely

22    move for summary judgment on the claims for copyright infringement by Plaintiffs

23    in the proper forum.

24    Cut-off:  The parties agree that the cut-off to add additional parties/claims is

25    August 31, 2007.

26    **D)    Discovery and Experts**

27    Rule 26(f)(1):  The parties agree to make their initial disclosures no later than

28    January 22, 2007.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1102812v1                              3

Exhibit ___C___  Page _43_

Case 1:07-cv-05729-JSR   Document 16-3   Filed 07/27/2007   Page 47 of 69

1    **Rule 26(f)(2):** *Plaintiffs:*. Plaintiffs intend to seek discovery regarding the

2    validity of the copyright; the allegedly infringing uses of the Photographs by

3    Plaintiffs and third parties; McCain's dissemination of the photographs; the chain of

4    possession of the photographs; McCain's relationship with alleged third party

5    infringers and with Plaintiffs' agent(s); and the amount of alleged damages.

6    Plaintiffs believe that at least 50 depositions will be required to ascertain the facts

7    surrounding the alleged acts of infringement, which McCain alleges exceed 100,

8    including alleged acts of infringement by more than 35 third parties. As such,

9    extensive third party discovery will be required. Further, Plaintiffs anticipate

10   engaging at least two experts on the issues of infringement and damages.

11   *McCain:* Intends to seek discovery as to the unauthorized reproduction of

12   McCain's photographs in violation of his copyrights and the unauthorized

13   reproduction by third parties caused by Plaintiffs. Of particular relevance are the

14   facts relating to the provision of photographs by Argent to other Counterclaim

15   Defendants. Depositions of third parties may be necessary to confirm that certain

16   third party infringements were the direct cause of Plaintiffs' acts and omissions.

17   McCain anticipates far fewer depositions: the acts of infringement by Plaintiffs

18   require approximately five depositions and those by third parties approximately

19   seven. McCain anticipates engaging one expert on the issue of infringement,

20   custom and practice in the advertising and promotions industry and damages.

21   Discovery Schedule: The parties have agreed to commence initial written

22   discovery in February 2007. Thereafter, the parties agree to commence taking

23   depositions in April 2007, after initial written discovery. Further, Plaintiffs request

24   that party depositions will take place after third party depositions have been

25   completed.

26   *McCain's Position:* McCain requests that party depositions take place

27   initially (*i.e.,* prior to third party depositions), or simultaneously, since the acts of

28   infringement by Plaintiffs are the essence of this action and those acts by third

1  parties are entirely separate acts, which are attributed to Plaintiffs. Plaintiffs have

2  instituted an action to declare that they did not violate McCain's copyrights AND

3  that they are not liable for the acts of third parties. Plaintiffs' liability (or lack

4  thereof) is essential to the relief they seek. To require that all <u>third party</u>

5  depositions be completed first would be to totally ignore the underlying facts which

6  provide the basis for Plaintiffs' liability for acts of infringements committed by

7  Plaintiffs. Further, depositions of Plaintiffs are necessary to determine to whom

8  and under what circumstances Plaintiffs provided photographs for reproduction. It

9  is McCain's position that proceeding with third party depositions first is impractical,

10 illogical, wholly inefficient and designed to increase expenses and cause delay.

11 Clearly if Plaintiffs have not violated McCain's copyrights, the acts of third parties

12 are not relevant.

13        *Plaintiffs' Position*: Plaintiffs believe that the majority of the alleged

14 infringements were committed by the third parties identified by McCain. As such,

15 Plaintiffs believe that third-party evidence is critical to adjudication of the

16 underlying claims and needs to be discovered first to determine where liability lies.

17        The parties reserve the right to conduct additional written discovery during or

18 subsequent to taking depositions. Other than as set forth hereinabove, the parties

19 do not believe that discovery should be limited to or focused upon particular issues.

20 <u>See</u> Proposed Dates for discovery deadlines.

21        <u>Rule 26(f)(3) – Electronic Discovery</u>:

22        The parties have agreed to the following procedures with respect to

23 electronic discovery. If not already done, the parties shall take reasonable steps to

24 preserve all discoverable electronic data and media including all hard drives,

25 software, and other recordable media. Each party shall provide the other parties

26 with notice of the specific preservation steps that have been taken and assurances

27 that all discoverable electronic data and media have been so preserved in the file

28

Exhibit____C____ Page____45

1  format to be agreed upon by the parties. Further, the parties agree that all electronic

2  data and media will be produced on CD-Rom or DVD-Rom.

3      Rule 26(f)(4):  The parties anticipate seeking a stipulated protective order

4  under Rule 26(c) regarding the use and dissemination of documents or information,

5  which any party believes is confidential and/or proprietary.

6      Rule 26(f)(5):  The parties believe that the limited number of interrogatories

7  pursuant to Rule 33(a) is insufficient and that each will need up to 75

8  interrogatories to complete written discovery. The parties do not believe that any

9  additional changes to the limitations on discovery should be made nor that other

10  limitations should be set.

11      Rule 26(f)(6):  The parties at this time do not believe that additional orders

12  under Rules 16(b) and (c) are necessary.

13  **E)    Trial Estimate**

14      The parties believe the trial will take three weeks. All parties have requested

15  a jury trial.

16  **F)    Proposed Dates**

17      While Plaintiffs would like to resolve this case expeditiously, due to the

18  scope of discovery that is necessary, Plaintiffs believe that the trial date cannot be

19  reasonably set any earlier than mid-2009. Plaintiffs anticipate the need for over 40

20  depositions of third parties, many of which are multinational corporations.

21  Plaintiffs anticipate that many of these third parties will seek protective orders and

22  restrictions with the Court, thereby necessitating a slightly protracted deposition

23  and discovery schedule. As such, Plaintiffs propose the following dates:

24      1)    <u>Non-Expert Discovery Cut-Off</u>:    November 21, 2008

25      2)    <u>Initial Expert Reports Due</u>:    February 13, 2009

26      3)    <u>Rebuttal Expert Reports Due</u>:    February 27, 2009

27      4)    <u>Discovery Motion Cut-Off (Filing)</u>:    March 23, 2009

28      5)    <u>Dispositive Motion Cut-Off (Filing)</u>:    May 4, 2009

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1102812v1

6

Exhibit _C_ Page _46_

| 1 | 6) | Final Pre-Trial Conference: | June 15, 2009 |

1    6)    Final Pre-Trial Conference:        June 15, 2009

2    7)    Trial:                                       July 6, 2009

3    McCain believes that the trial date can be reasonably set for mid-2008 and

4    proposes the following dates:

5    8)    Non-Expert Discovery Cut-Off:        December 27, 2007

6    9)    Initial Expert Reports Due:            February 1, 2008

7    10)   Rebuttal Expert Reports Due:          February 22, 2008

8    11)   Discovery Motion Cut-Off (Filing):    March 24, 2008

9    12)   Dispositive Motion Cut-Off (Filing):  May 15, 2008

10   13)   Final Pre-Trial Conference:          June 20, 2008

11   14)   Trial:                                 July 21, 2008

12   **G)    Complex Case (L.R. 26-1(a))**

13   The parties believe that this case is not complex and does not require any of

14   Manual For Complex Litigation procedures.

15   **H)    Consent to Magistrate Judge**

16   The parties do not consent to a Magistrate Judge.

17   **I)    Settlement (L.R. 26-1(c))**

18   The parties have engaged in preliminary settlement negotiations. Although a

19   resolution has not been reached, the parties believe that a settlement is possible.

20   Pursuant to Local Rule 16-15.4, the parties prefer Settlement Procedure

21   No. 3, whereby the parties shall participate in a non-judicial dispute resolution

22   proceeding, namely, private mediation.

23   **J)    All Other Matters**

24   There are no other matters at this time.

25

26

27

28

Exhibit    C    Page    47

1

2    DATED: January __22__, 2007

3

4

5

6

7

8    DATED: January _____, 2007

9

10

11

12

13   DATED: January _____, 2007

14

15

16

17   5012241668.2

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

BUCHALTER NEMER
A Professional Corporation

By:_____
       RICHARD P. ORMOND
Attorneys for Plaintiff and Counterclaim
Defendant Argent Mortgage Company, LLC

BAKER & HOSTETLER LLP

By:_____
       LISA L. CARTEEN
Attorneys for Plaintiff and Counterclaim
Defendant Team Rahal, Inc.

PELOSI WOLF EFFRON & SPATES LLP

By:_____
       JOHN PELOSI
Attorneys for Defendant and
Counterclaim Plaintiff Edward McCain

Exhibit ___C___   Page ___H9___

1    **J)    All Other Matters**

2        There are no other matters at this time.

3

4                                    Respectfully submitted,

5    DATED: January _____, 2007      **BUCHALTER NEMER**

6                                    A Professional Corporation

7

8    By:_____
                                     RICHARD P. ORMOND

9                                    Attorneys for Plaintiff and Counterclaim
                                     Defendant Argent Mortgage Company, LLC

10

11   DATED: January 22, 2007         **BAKER & HOSTETLER LLP**

12

13   By:_____

14                                   LISA L. CARTEEN
                                     Attorneys for Plaintiff and Counterclaim
                                     Defendant Team Rahal, Inc.

15

16   DATED: January _____, 2007      PELOSI WOLF EFFRON & SPATES LLP

17

18   By:_____

19                                   JOHN PELOSI
                                     Attorneys for Defendant and
                                     Counterclaim Plaintiff Edward McCain

20   5012416683

21

22

23

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1102812v1                                8

                        JOINT RULE 26(F) REPORT

                                                        Exhibit____C____Page____49____

1

2    DATED: January _____, 2007          Respectfully submitted,

3                                        BUCHALTER NEMER
                                         A Professional Corporation
4

5                                        By:_____
                                              RICHARD P. ORMOND
6                                        Attorneys for Plaintiff and Counterclaim
                                         Defendant Argent Mortgage Company, LLC
7

8    DATED: January _____, 2007          BAKER & HOSTETLER LLP

9

10                                       By:_____
                                              LISA L. CARTEEN
11                                       Attorneys for Plaintiff and Counterclaim
                                         Defendant Team Rahal, Inc.
12

13   DATED: January  22 , 2007           PELOSI WOLF EFFRON & SPATES LLP

14

15                                       By:_____
                                              JOHN PELOSI
16                                       Attorneys for Defendant and
                                         Counterclaim Plaintiff Edward McCain
17   501241668.2

18

19

20

21

22

23

24

25

26

27

28

Exhibit____C____ Page____50____

1   BUCHALTER NEMER
    A Professional Corporation
2       MICHAEL L. WACHTELL (SBN: 47218)
        RICHARD P. ORMOND (SBN: 207442)
3   1000 Wilshire Boulevard, Suite 1500
    Los Angeles, CA 90017-2457
4   Telephone:  (213) 891-0700
    Facsimile:  (213) 896-0400
5
    Attorneys for Plaintiff and Counterdefendant
6   ARGENT MORTGAGE COMPANY, LLC

7   BAKER & HOSTETLER LLP
        LISA L CARTEEN  (SBN: 204764)
8   333 S. Grand Avenue, Suite 1800
    Los Angeles, CA 90017-1523
9   Telephone:  (213) 975-1600
    Facsimile:  (213) 975-1740
10
    Attorneys for Plaintiff and Counterdefendant
11  TEAM RAHAL, INC.

12  PELOSI WOLF EFFRON AND SPATES LLP
        JOHN PELOSI (*Admitted Pro Hac Vice*)
13  233 Broadway, 22nd floor
    New York, NY 10279
14  Telephone: (212) 334-3599
    Facsimile: (212) 571-9149
15
    Attorneys for Defendant/Counterclaimant
16  EDWARD McCAIN

17              **UNITED STATES DISTRICT COURT**

18      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

19  ARGENT MORTGAGE              Case No. SACV 06-749 CJC (RNBx)
    COMPANY, LLC, a California
20  limited liability company; and   **Judge:  Hon. Cormac J. Carney**
    TEAM RAHAL, INC., an Ohio
21  corporation,                  **JOINT REPORT PURSUANT TO
                                   RULE 26(f)**
22          Plaintiff,
                                  Scheduling Order:    January 29, 2007
23      vs.
                                  Trial Date:          Not Set
24  EDWARD MCCAIN, an individual,

25          Defendant.

26  _____
    AND RELATED
27  COUNTERCLAIMS

28

BUCHALTER NEMER          BN 1102812v1                        1
A PROFESSIONAL CORPORATION
     LOS ANGELES

                        JOINT RULE 26(F) REPORT  Exhibit  C    Page 51

1    Attorneys for Plaintiff and Counterclaim Defendant Argent Mortgage

2    Company, LLC ("Argent"), Plaintiff and Counterclaim Defendant Team Rahal, Inc.

3    ("Rahal") (collectively "Plaintiffs"), and Defendant and Counterclaimant Edward

4    McCain ("McCain") met telephonically on January 8, 2007, and conducted the

5    conference required by <u>Fed. R. Civ. Proc.</u> 26(f) and <u>Local Rule</u> 26-1. The parties

6    now submit this Joint Report regarding the conference and report on the following

7    issues:

8    **A)    Nature of Claims**

9        Plaintiffs seek declaratory judgment for non-infringement of the copyright

10   registered under United States Copyright Registration No. Vau-564-275. This

11   action arises under The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

12   2202, and the copyright laws of the United States, 17 U.S.C. § 101 et. seq.

13   Defendant has counterclaimed that Plaintiffs are liable for the infringement of

14   Defendant's alleged copyrights in certain photographs, including Plaintiffs'

15   unauthorized reproduction and the unauthorized reproduction by third parties who

16   reproduced the photographs (allegedly obtained from Plaintiffs) without McCain's

17   permission. McCain alleges that third parties reproduced the photographs as a

18   direct result of Plaintiffs' warranties and representations. McCain's counterclaims

19   also arise under the copyright laws of the United States, 17 U.S.C. § 101 et. seq.

20   **B)    Legal Issues**

21       Plaintiffs believe the key legal issues are: (i) whether the copyright asserted

22   by McCain is valid, enforceable, and/or owned by McCain; (ii) whether Plaintiffs

23   have infringed any valid and enforceable copyright in certain photographs;

24   (iii) whether Plaintiffs are liable for allegedly infringing uses of photographs by

25   third parties; and (iv) if Plaintiffs are liable for any alleged infringements, the

26   appropriate award of damages or statutory damages, depending upon McCain's

27   election.

28

1     McCain believes that the key legal issues are (i) that this Court is not the

2  proper venue for this action; (ii) that he has valid registered copyrights in

3  photographs reproduced by Plaintiffs; (iii) that Plaintiffs reproduced the

4  photographs in willful disregard of McCain's copyrights; (iv) that Plaintiffs caused

5  third parties to reproduce the photographs for marketing and promotional purposes

6  to benefit Plaintiffs in willful disregard of McCain's copyrights; and (v) Plaintiffs

7  are liable for statutory damages, reasonable attorneys fees and other damages the

8  Court deems applicable.

9  **C)**    **Likelihood of Motions to Add Parties/Claims, Amended Pleadings, or**

10          **Transfer Venue (Local Rule 26-1(e))**

11     <u>Argent</u>:  Argent may seek to add additional defendants to the action who may

12  be liable to Argent for indemnification and/or other claims.  Without waiving its

13  rights to do so, Argent does not anticipate adding additional claims, amending the

14  Pleadings or seeking to transfer venue.

15     <u>Rahal</u>:  Rahal may seek to add additional defendants to the action who may

16  be liable to Rahal for indemnification and/or other claims.  Without waiving its

17  rights to do so, Rahal does not anticipate adding additional claims, amending the

18  Pleadings or seeking to transfer venue.

19     <u>McCain</u>:  McCain may seek to dismiss the claims for lack of personal

20  jurisdiction since McCain does not reside in California, nor does he transact

21  business in California.  McCain may seek to transfer venue.  McCain will likely

22  move for summary judgment on the claims for copyright infringement by Plaintiffs

23  in the proper forum.

24     <u>Cut-off</u>:  The parties agree that the cut-off to add additional parties/claims is

25  <u>August 31, 2007</u>.

26  **D)**    **Discovery and Experts**

27     <u>Rule 26(f)(1)</u>:  The parties agree to make their initial disclosures no later than

28  <u>January 22, 2007</u>.

1    Rule 26(f)(2): *Plaintiffs*: Plaintiffs intend to seek discovery regarding the

2    validity of the copyright; the allegedly infringing uses of the Photographs by

3    Plaintiffs and third parties; McCain's dissemination of the photographs; the chain of

4    possession of the photographs; McCain's relationship with alleged third party

5    infringers and with Plaintiffs' agent(s); and the amount of alleged damages.

6    Plaintiffs believe that at least 50 depositions will be required to ascertain the facts

7    surrounding the alleged acts of infringement, which McCain alleges exceed 100,

8    including alleged acts of infringement by more than 35 third parties. As such,

9    extensive third party discovery will be required. Further, Plaintiffs anticipate

10   engaging at least two experts on the issues of infringement and damages.

11       *McCain*: Intends to seek discovery as to the unauthorized reproduction of

12   McCain's photographs in violation of his copyrights and the unauthorized

13   reproduction by third parties caused by Plaintiffs. Of particular relevance are the

14   facts relating to the provision of photographs by Argent to other Counterclaim

15   Defendants. Depositions of third parties may be necessary to confirm that certain

16   third party infringements were the direct cause of Plaintiffs' acts and omissions.

17   McCain anticipates far fewer depositions: the acts of infringement by Plaintiffs

18   require approximately five depositions and those by third parties approximately

19   seven. McCain anticipates engaging one expert on the issue of infringement,

20   custom and practice in the advertising and promotions industry and damages.

21       Discovery Schedule: The parties have agreed to commence initial written

22   discovery in February 2007. Thereafter, the parties agree to commence taking

23   depositions in April 2007, after initial written discovery. Further, Plaintiffs request

24   that party depositions will take place after third party depositions have been

25   completed.

26       *McCain's Position*: McCain requests that party depositions take place

27   initially (i.e., prior to third party depositions), or simultaneously, since the acts of

28   infringement by Plaintiffs are the essence of this action and those acts by third

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1102812v1                                4

JOINT RULE 26(F) REPORT    Exhibit____C____ Page 54 ____

1 | parties are entirely separate acts, which are attributed to Plaintiffs. Plaintiffs have

2 | instituted an action to declare that they did not violate McCain's copyrights AND

3 | that they are not liable for the acts of third parties. Plaintiffs' liability (or lack

4 | thereof) is essential to the relief they seek. To require that all third party

5 | depositions be completed first would be to totally ignore the underlying facts which

6 | provide the basis for Plaintiffs' liability for acts of infringements committed by

7 | Plaintiffs. Further, depositions of Plaintiffs are necessary to determine to whom

8 | and under what circumstances Plaintiffs provided photographs for reproduction. It

9 | is McCain's position that proceeding with third party depositions first is impractical,

10 | illogical, wholly inefficient and designed to increase expenses and cause delay.

11 | Clearly if Plaintiffs have not violated McCain's copyrights, the acts of third parties

12 | are not relevant.

13 | *Plaintiffs' Position*: Plaintiffs believe that the majority of the alleged

14 | infringements were committed by the third parties identified by McCain. As such,

15 | Plaintiffs believe that third-party evidence is critical to adjudication of the

16 | underlying claims and needs to be discovered first to determine where liability lies.

17 | The parties reserve the right to conduct additional written discovery during or

18 | subsequent to taking depositions. Other than as set forth hereinabove, the parties

19 | do not believe that discovery should be limited to or focused upon particular issues.

20 | See Proposed Dates for discovery deadlines.

21 | Rule 26(f)(3) – Electronic Discovery:

22 | The parties have agreed to the following procedures with respect to

23 | electronic discovery. If not already done, the parties shall take reasonable steps to

24 | preserve all discoverable electronic data and media including all hard drives,

25 | software, and other recordable media. Each party shall provide the other parties

26 | with notice of the specific preservation steps that have been taken and assurances

27 | that all discoverable electronic data and media have been so preserved in the file

28 |

1   format to be agreed upon by the parties. Further, the parties agree that all electronic

2   data and media will be produced on CD-Rom or DVD-Rom.

3       Rule 26(f)(4): The parties anticipate seeking a stipulated protective order

4   under Rule 26(c) regarding the use and dissemination of documents or information,

5   which any party believes is confidential and/or proprietary.

6       Rule 26(f)(5): The parties believe that the limited number of interrogatories

7   pursuant to Rule 33(a) is insufficient and that each will need up to 75

8   interrogatories to complete written discovery. The parties do not believe that any

9   additional changes to the limitations on discovery should be made nor that other

10   limitations should be set.

11       Rule 26(f)(6): The parties at this time do not believe that additional orders

12   under Rules 16(b) and (c) are necessary.

13  **E)   Trial Estimate**

14       The parties believe the trial will take three weeks. All parties have requested

15   a jury trial.

16  **F)   Proposed Dates**

17       While Plaintiffs would like to resolve this case expeditiously, due to the

18   scope of discovery that is necessary, Plaintiffs believe that the trial date cannot be

19   reasonably set any earlier than mid-2009. Plaintiffs anticipate the need for over 40

20   depositions of third parties, many of which are multinational corporations.

21   Plaintiffs anticipate that many of these third parties will seek protective orders and

22   restrictions with the Court, thereby necessitating a slightly protracted deposition

23   and discovery schedule. As such, Plaintiffs propose the following dates:

24     1)   Non-Expert Discovery Cut-Off:   November 21, 2008

25     2)   Initial Expert Reports Due:   February 13, 2009

26     3)   Rebuttal Expert Reports Due:   February 27, 2009

27     4)   Discovery Motion Cut-Off (Filing):   March 23, 2009

28     5)   Dispositive Motion Cut-Off (Filing):  May 4, 2009

|   |   |   |   |
|---|---|---|---|
| 1 | 6) | Final Pre-Trial Conference: | June 15, 2009 |
| 2 | 7) | Trial: | July 6, 2009 |

3  McCain believes that the trial date can be reasonably set for mid-2008 and

4  proposes the following dates:

|   |   |   |   |
|---|---|---|---|
| 5 | 8) | Non-Expert Discovery Cut-Off: | December 27, 2007 |
| 6 | 9) | Initial Expert Reports Due: | February 1, 2008 |
| 7 | 10) | Rebuttal Expert Reports Due: | February 22, 2008 |
| 8 | 11) | Discovery Motion Cut-Off (Filing): | March 24, 2008 |
| 9 | 12) | Dispositive Motion Cut-Off (Filing): | May 15, 2008 |
| 10 | 13) | Final Pre-Trial Conference: | June 20, 2008 |
| 11 | 14) | Trial: | July 21, 2008 |

12  **G)    Complex Case (L.R. 26-1(a))**

13  The parties believe that this case is not complex and does not require any of

14  Manual For Complex Litigation procedures.

15  **H)    Consent to Magistrate Judge**

16  The parties do not consent to a Magistrate Judge.

17  **I)    Settlement (L.R. 26-1(c))**

18  The parties have engaged in preliminary settlement negotiations. Although a

19  resolution has not been reached, the parties believe that a settlement is possible.

20  Pursuant to Local Rule 16-15.4, the parties prefer Settlement Procedure

21  No. 3, whereby the parties shall participate in a non-judicial dispute resolution

22  proceeding, namely, private mediation.

23

24

25

26

27

28

1    **J)**    **All Other Matters**

2        There are no other matters at this time.

3

4                                    Respectfully submitted,

5    DATED: January _____, 2007        BUCHALTER NEMER

6                                    A Professional Corporation

7

8                                    By:_____
                                        RICHARD P. ORMOND
9                                    Attorneys for Plaintiff and Counterclaim
                                    Defendant Argent Mortgage Company, LLC

10
    DATED: January 22, 2007
11                                    BAKER & HOSTETLER LLP

12
                                    By:_____
13                                            LISA L. CARTEEN
                                    Attorneys for Plaintiff and Counterclaim
14                                        Defendant Team Rahal, Inc.

15
    DATED: January _____, 2007        PELOSI WOLF EFFRON & SPATES LLP
16

17

18                                    By:_____
                                            JOHN PELOSI
19                                    Attorneys for Defendant and
                                    Counterclaim Plaintiff Edward McCain

20   501241668.3

21

22

23

24

25

26

27

28

1  BUCHALTER NEMER
   A Professional Corporation
2      MICHAEL L. WACHTELL (SBN: 47218)
       RICHARD P. ORMOND (SBN: 207442)
3  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017-2457
4  Telephone: (213) 891-0700
   Facsimile: (213) 896-0400
5
   Attorneys for Plaintiff and Counterclaim Defendant,
6  Argent Mortgage Company, LLC

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ARGENT MORTGAGE            Case No. SACV 06-749 CJC (RNBx)
    COMPANY, LLC, a California
12  limited liability company,    **Judge: Hon. Cormac J. Carney**

13            Plaintiff,          **PLAINTIFF ARGENT MORTGAGE
                                  COMPANY'S RULE 26(a)(1)**
14       vs.                      **INITIAL DISCLOSURES**

15  EDWARD MCCAIN, an individual,  Scheduling Order:    January 29, 2007

16            Defendant.          Trial Date:          Not Set

17
    AND RELATED
18  COUNTERCLAIMS

19       Plaintiff and Counterclaim Defendant Argent Mortgage Company, LLC

20  ("Argent"), by its attorneys, makes the following initial disclosures pursuant to Rule

21  26(a)(1) of the Federal Rules of Civil Procedure.

22       These disclosures are based on information reasonably available to Argent as

23  of this date. By making these disclosures, Argent does not represent that it is

24  identifying every document, tangible thing or witness possibly relevant to the

25  Complaint or Counterclaims. Nor does Argent waive its right to object to

26  production of any document or tangible thing disclosed on the basis of any

27  privilege, work product doctrine, undue burden, relevancy or any other valid

28  objection. Because discovery is ongoing, Argent reserves the right to amend or

1    supplement these disclosures as necessary or as new information becomes known.

2      **(A).**    **Identification of Persons** - The name, address and telephone number

3    of each individual likely to have discoverable information that the disclosing party

4    may use to support its claims or defenses, unless solely for impeachment,

5    identifying the subjects of the information.

6      <u>Response:</u>    See Addendum A.

7      **(B).**    **General Description of Documents** - A copy of, or a description by

8    category and location of, all documents, data compilations, and tangible things in

9    the possession, custody, or control of the party that the disclosing party may use to

10   support its claims or defenses, unless solely for impeachment, identifying the

11   subjects of the information:

12      <u>Response:</u>    Argent identifies:

13      (a)      Documents and things related to Argent's sponsorship of Team Rahal,

14               Inc. ("Rahal") and Danica Patrick;

15      (b)      Documents and things related to Argent's purported Agency

16               Agreement with Mark Borchetta;

17      (c)      Documents and things related to Argent's alleged licensing of

18               photographs of Danica Patrick from Edward McCain;

19      (d)      Documents and things related to Argent's alleged design, creation,

20               publication, use and/or distribution of materials relating to Rahal

21               and/or Danica Patrick; and

22      The above are in the possession, custody or control of Argent and/or

23   Argent's attorneys of record. Argent intends to seek a protective order prior to

24   producing any confidential, protected or privileged documents and/or things.

25

26

27

28

1   **(C). Relief** - A computation of any category of damages claimed by the

2   disclosing party, making available for inspection and copying as under Rule 34 the

3   documents or other evidentiary material, not privileged or protected from

4   disclosure, on which such computation is based, including materials bearing on the

5   nature and extent of injuries suffered.

6   Response:    Not applicable to Argent at this time.

7   **(D). Existence of Insurance Agreement** - For inspection and copying as

8   under Rule 34 any insurance agreement under which any person carrying on an

9   insurance business may be liable to satisfy part or all of a judgment which may be

10  entered in the action or to indemnify or reimburse for payments made to satisfy the

11  judgment.

12  Response:

13  Argent is not aware of any applicable insurance agreement at this time.

14

15  DATED: January 22, 2007              BUCHALTER NEMER
                                         A Professional Corporation
16                                       RICHARD P. ORMOND

17

18                              By: _____
                                         RICHARD P. ORMOND
19                                       Attorneys for
                                         Argent Mortgage Company, LLC
20

21  BN 1103974v1

22

23

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

# ADDENDUM A

| NAME | AREA OF KNOWLEDGE | ADDRESS |
|------|-------------------|---------|
| All individuals listed by Rahal and McCain in their Rule 26(a)(1) disclosures | See Rahal's and McCain's Rule 26(a) Disclosures | See Rahal's and McCain's Rule 26(a) Disclosures |
| Argent (Persons Most Qualified) | Sponsorship of Rahal; alleged acquisition, possession, use and/or distribution of photographs of Rahal and/or Danica Patrick; alleged license(s) with McCain; purported agency relationship with Mark Borchetta; and other relevant facts. | c/o Argent's counsel |
| Johanna Padberg, former Vice President of Marketing, Argent | Sponsorship of Rahal; alleged acquisition, possession, use and/or distribution of photographs of Rahal and/or Danica Patrick; alleged license(s) with McCain; purported agency relationship with Mark Borchetta; and other relevant facts. | c/o Argent's counsel |
| Rahal (Persons Most Qualified) | Argent's sponsorship of Rahal; alleged acquisition, possession, use and/or distribution of photographs of Danica Patrick by Argent, Rahal or any third party; Advertising and promotion of Argent's sponsorship of Rahal and/or Danica Patrick; any communications with Mark Borchetta; and other relevant facts. | c/o Rahal's counsel |
| Edward McCain | Photographs of Danica Patrick; McCain's alleged ownership and license of copyrights in photographs of Danica Patrick; all communications and/or negotiations with Mark Borchetta; all communications with Rahal, Argent and/or third parties related to the creation, acquisition, possession, distribution or use of photographs of Danica Patrick; alleged acquisition, possession, use and/or distribution of photographs of Danica Patrick; Registration No. VAU-564-275; McCain's allegations of copyright infringement; damages allegedly incurred; and other relevant facts. | c/o McCain's counsel |

| | | |
|---|---|---|
| John Pelosi, Esq. | Photographs of Danica Patrick; McCain's alleged ownership and license of copyrights in photographs of Danica Patrick; all communications and/or negotiations with Mark Borchetta; all communications with Rahal, Argent and/or third parties related to the creation, acquisition, possession, distribution or use of photographs of Danica Patrick; alleged acquisition, possession, use and/or distribution of photographs of Danica Patrick; Registration No. VAU-564-275; McCain's allegations of copyright infringement; damages allegedly incurred; and other relevant facts. | Pelosi Wolf Effron & Spates LLP, 233 Broadway, 22nd Floor, New York, New York 10279, (212) 334-3599 |
| Mark Borchetta, President, Borchetta Marketing Group | Agency agreement and relationship with Argent; creation and development of advertising campaign to promote Argent's sponsorship of Rahal and/or Danica Patrick; alleged acquisition, possession, use and/or distribution of photographs of Danica Patrick; all communications and negotiations relating to photographs of Danica Patrick; McCain's alleged ownership and/or license of the alleged copyrights in photographs of Danica Patrick; McCain's allegations of copyright infringement; and other relevant facts. | 25020 Avenue Stanford, Suite 100, Valencia, California, 91355, (661) 977-7464 |
| Brian Girecky, Production Coordinator, Borchetta Marketing Group | Agency agreement and relationship with Argent; creation and development of advertising campaign to promote Argent's sponsorship of Rahal and/or Danica Patrick; alleged acquisition, possession, use and/or distribution of photographs of Danica Patrick; all communications and negotiations relating to photographs of Danica Patrick; McCain's alleged ownership and/or license of the alleged copyrights in photographs of Danica Patrick; McCain's allegations of copyright infringement; and other relevant facts. | 25020 Avenue Stanford, Suite 100, Valencia, California, 91355, (661) 977-7464 |
| Time Warner, Inc., Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 1 Time Warner Center N.Y., N.Y. 10019 |
| USA Today, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 7950 Jones Branch Dr. Mclean, Va. 22108 |
| Toyota Motor Sales, U.S.A., Inc. , Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 19001 S. Western Ave. Torrance, CA. 90509 |

| | | |
|---|---|---|
| Pioneer Electronics (USA), Inc., Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 2265 E. 220th St. Long Beach, CA. 90810 |
| Indy Mens Magazine, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 8500 Keystone Xing Indianapolis, IN. 46240 |
| People Magazine, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | Rockefeller Center Time & Life Bldg N.Y., N.Y. 10020 |
| Sports Illustrated, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 2 Part Avenue N.Y., N.Y. 10016 |
| Norwalk Furniture, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 100 Furniture Pkwy Norwalk, OH 44857 |
| Speedgear.com, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 707 Fenmore Rd. Marmoneck, NY 10543 |
| Indy Racing League, LLC, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 4565 W. 16th St. Indianapolis, IN. 46222 |
| Centrixx Financial Grand Prix of Denver, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 6782 Potomac St. Englewood, CO 80112 |
| American Le Mans Series LLC (owner of Americanlemans. com), Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 1394 Broadway Ave. Braselton, GA 30517 |
| Le Mans Magazine, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 1394 Broadway Ave. Braselton, GA 30517 |
| IndyMotorSpeed way.com, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | Daniel Vielhaber 141 E Beechwood Ln Indianapolis, IN 46227 |

| 1<br>2 | Motorsport.com, Inc. , Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 209 Ridgeland Rd, Tallahassee, FL 32312 |
| 3<br>4 | National Ledger, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | P.O. Box 1212 Apache Junction, AZ 85217 |
| 5<br>6 | ESPN, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 545 Middle St. Bristol, CT. 06010 |
| 7<br>8 | St. Petersburg Times, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 490 First Avenue South St. Petersburg, FL 33701 |
| 9<br>10 | WomanMotorist.com, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 2419 E. Harbor Blvd., #127 Ventura, CA 93001 |
| 11<br>12<br>13 | Consumer Electronic Show (ces.org; CEA.ORG) , Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 2500 Wilson Blvd Arlington, VA 22201 |
| 14<br>15<br>16 | Motor Racing TV (motorracing.tv) , Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | Afferent Media 188 Woodland St. Balgowlah, NSW 2093 Sydney, Australia |
| 17<br>18 | German Auto Press, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | Unknown at this time. |
| 19<br>20<br>21 | Pressetext Austria (Pressetext Nachrichtenagentur GmbH) , Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | Josefstaedter Strasse 44 A-1080 Wien, Austria |
| 22<br>23 | German Auto, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | Unknown at this time. |

24
25
26
27
28

JOINT RULE 26(F) REPORT    Exhibit____C____ Page 65

1                              **SERVICE LIST**

2     *ARGENT MORTGAGE COMPANY, LLC, etc., et al.*
      *v. EDWARD McCAIN, etc.*
3     USDC Case No. SACV0406-749 CJC (RNBx)

4

5     Larry S. Greenfield, Esq.                    Attorneys for Defendant and Counter-Claimant,
      THE LAW OFFICES OF LARRY S.                  EDWARD McCAIN
6     GREENFIELD
      433 N. Camden Drive, Suite 400
7     Beverly Hills, CA 90210-4408
      Telephone: (310) 279-5210
8     Facsimile: (310) 362-8413
      Email: LarrySGreenfield@gmail.com
9
      John Pelosi, Esq.                            Attorneys for Defendant and Counter-Claimant,
10    PELOSI WOLF EFFRON & SPATES LLP              EDWARD McCAIN
      233 Broadway, 22nd Floor
11    New York, N.Y. 10279
      Tel: (212) 334-3599
12    Fax: (212) 571-9149
      Email: jepelosi@pwes.com
13
      Lisa I. Carteen, Esq.                        Attorneys for Plaintiff and Counter-Claim
14    BAKER & HOSTETLER LLP                        Defendant, TEAM RAHAL, INC. and Counter-
      333 S. Grand Ave., Suite 1800               Claim Defendant RAHAL LETTERMAN
15    Los Angeles, CA 90071-1523                   RACING, INC.
      Tel: (213) 975-1600
16    Fax: (213) 975-1740
      Email: lcarteen@bakerlaw.com
17
      Rosanne Yang, Esq.                           Attorneys for Plaintiff and Counter-Claim
18    BAKER HOSTETLER                              Defendant, TEAM RAHAL, INC. and Counter-
      Capitol Square, Suite 2100                   Claim Defendant RAHAL LETTERMAN
19    65 East State Street                         RACING, INC.
      Columbus, OH 43215-4260
20    Tel: (614) 462-2684
      Fax: (614) 462-2616
21    Email: ryang@bakerlaw.com

22

23

24

25

26

27

28
BUCHALTER NEMER    Rev'd 11/14/06
A PROFESSIONAL CORPORATION    BN 1085743v1
LOS ANGELES

Exhibit ___C___ Page ___66___