# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

GEORGE EDWARD McCAIN, an individual,

       Plaintiff,

vs.

RAHAL LETTERMAN RACING, LLC, an
Ohio limited liability co.; TIME, INC., a
Delaware corporation d/b/a SPORTS
ILLUSTRATED & PEOPLE MAGAZINE;
GANNET CO., INC., a Delaware corporation
d/b/a USA TODAY, PIONEER
ELECTRONICS (USA), INC., a Delaware
corporation; TOYOTA MOTOR SALES,
U.S.A., INC., a California corporation;
TABLE MOOSE MEDIA, LLC, an Indiana
limited liability company d/b/a INDY MEN'S
MAGAZINE; NORWALK FURNITURE
CORPORATION, an Ohio corporation; F1
MARKETING GROUP, INC., a New York
corporation; MOTORSPORT.COM, INC., a
Florida corporation; BRIDGESTONE/
FIRESTONE INC., an Ohio corporation;
CONSUMER ELECTRONICS
ASSOCIATION; AMERICAN HONDA
MOTOR CO., INC., a Delaware corporation;
WORLDWIDE PANTS INCORPORATED, a
New York corporation; BOBBY RAHAL
AUTOMOTIVE GROUP; LOGICALIS, INC.,
a New York corporation; THE TIMKEN
COMPANY, an Ohio corporation;
INTERNATIONAL MOTOR SPORTS
ASSOC.; CRASH MEDIA GROUP, LTD., a
foreign (U.K.) company; AMERICAN LE
MANS SERIES LLC, a Georgia limited
liability company; BEA SYSTEMS, INC., a
Delaware corporation; GAWKER MEDIA
LCC, a Delaware corporation; TIMES
PUBLISHING COMPANY, a Florida
corporation d/b/a ST. PETERSBURG TIMES;
RACEFAN, INC., a corporation; HOWDEN
MEDIA GROUP, a foreign (Canada)

CASE NO. 07-CV-5729 (JSR)

## AFFIRMATION OF JOHN W. PATTON, JR.

company; NATIONAL LEDGER, LLC, an
Arizona limited liability company; DANIEL
VIELHABER d/b/a
INDYMOTORSPEEDWAY.COM; SANDRA
KINSLER d/b/a WOMANMOTORIST.COM;
and ELLEN EMERSON d/b/a
HONDABEAT.COM,

                    Defendants.

_____

        I John W. Patton, Jr. affirm:

        1.      I am a member of Pasternak, Pasternak & Patton, A Law Corporation ("PPP"),

attorneys for Rahal Letterman Racing, LLC and Bobby Rahal Automotive Group, defendants

herein. I submit this declaration in support of said defendants' Motion to Transfer Case, etc.

("Motion"). The facts set forth herein are of my own personal knowledge and if sworn I could

and would testify competently thereto.

        2.      Rahal Letterman Racing, LLC, and Bobby Rahal Automotive Group move,

pursuant to 28 U.S.C. section 1404(a), to transfer this copyright infringement action filed by

plaintiff George Edward McCain ("McCain") to the Central District of California where a

declaratory relief action litigating McCain's same copyright infringement claims (*Argent*

*Mortgage Company, LLC, et al. v. Edward McCain*, Case No. SACV 06-749 CJC (RNBx)

("*Argent*")) has been pending since August 2006, the Honorable Cormac J. Carney, Judge

Presiding. A true and correct copy of Argent Mortgage Company, LLC's and Team Rahal, Inc's

Complaint for Declaratory Judgment of Non-Infringement instituting *Argent* is attached hereto as

**Exhibit "A"** and by this reference incorporated herein.

        3.      Both this case and *Argent* involve the same issues of copyright infringement

pertaining to the same copyright and the same or similar alleged acts of infringement. In this

case, McCain alleges that defendants herein infringed his copyright by reproducing or allowing to

be reproduced without McCain's permission photographs of which he is the copyright owner (the

"Photographs") registered under # VAU-564-275 with the U.S. Copyright Office on November

29, 2002.

4.     In *Argent*, plaintiffs Argent Mortgage Company, LLC ("Argent"), and Team Rahal, Inc. seek a declaratory judgment that they have not infringed McCain's copyright, the same copyright for the Photographs registered under # VAU-564-275 with the U.S. Copyright Office, that they did not authorize any third parties to use the Photographs, that they are not responsible for any such use, and that they are not liable for any alleged infringement of McCain's copyright by third parties.

5.     Also in *Argent*, McCain answered and filed counterclaims against Team Rahal, Inc., "Rahal Letterman Racing, Inc." (which entity does not exist), Rahal Letterman Racing, LLC, and Argent, alleging that he is the copyright owner of the same Photographs registered with the U.S. Copyright Office under # VAU-564-275, and that counterclaim defendants Team Rahal, Inc., Rahal Letterman Racing, LLC, "Rahal Letterman Racing, Inc.", and Argent infringed his copyright for the Photographs by reproducing them or allowing them to be reproduced without McCain's permission. A true and correct copy of McCain's Answer to Complaint for Declaratory Relief and Counterclaims for Copyright Infringement filed in *Argent* is attached hereto as **Exhibit "B"** and by this reference incorporated herein. The acts of misuse alleged by McCain in *Argent* are the same or similar acts of misuse as alleged by McCain in this new action.

6.     Counsel for McCain in *Argent* is the same attorney representing McCain in this action, John Pelosi ("Pelosi"), of Pelosi Wolf Effron & Spates LLP.

7.     The claims in *Argent* and in this action involve the same Photographs and the same or similar alleged unauthorized publication or use of the Photographs.

8.     On or about January 22, 2007, McCain, Argent and Team Rahal, Inc. filed a Joint Report Pursuant to Rule 26(f) in *Argent*. A true and correct copy of the Joint Report Pursuant to Rule 26(f) filed on or about January 22, 2007 in *Argent* is attached hereto as **Exhibit "C"** and by this reference incorporated herein. In the Joint Report Pursuant to Rule 26(f), McCain stated, *inter alia*, that "McCain does not reside in California, nor does he transact business in California. McCain may seek to transfer venue. McCain will likely move for summary judgment on the

claims for copyright infringement by Plaintiffs in the proper forum." (Joint Report Pursuant to Rule 26(f) (Exhibit "C"), at 3:20-23.)

9.     On or about April 23, 2007, in *Argent*, the Court held a Scheduling Conference, at which the Court set a pretrial conference for July 14, 2008, and trial to commence on July 22, 2008. A true and correct copy of the Civil Minutes – General for the Scheduling Conference held in *Argent* on April 23, 2007 is attached hereto as **Exhibit "D"** and by this reference incorporated herein.

10.     In or about May 2007 in *Argent*, McCain, Argent, and Team Rahal, Inc. participated in a meet-and-confer in which the parties agreed to the scheduling of all discovery and other case management matters, including settlement procedures, in *Argent*. A true and correct copy of the [Proposed] Stipulated Case Management Dates and Settlement Procedures executed on May 22, 2007 by counsel for all parties in *Argent*, including by Pelosi, counsel for McCain, is attached hereto as **Exhibit "E"** and by this reference incorporated herein.

11.     McCain has responded to extensive written discovery in *Argent*. On or about May 25, 2007, McCain served "Plaintiff's [sic] Answer to Defendant's [sic] First Set of Requests for Admissions." A true and correct copy of Plaintiff's Answer to Defendant's First Set of Requests for Admissions served in *Argent* is attached hereto as **Exhibit "F"** and by this reference incorporated herein. On or about June 20, 2007, McCain served Defendant's Answer to Plaintiff's First Set of Interrogatories. A true and correct copy of Defendant's Answer to Plaintiff's First Set of Interrogatories served in *Argent* is attached hereto as **Exhibit "G"** and by this reference incorporated herein. Also on or about June 20, 2007, McCain served Defendant's Answer to Plaintiff's First Set of Requests for the Production of Documents, as well as documents produced therewith, including copies of the Photographs allegedly involved in the alleged infringements. A true and correct copy of Defendant's Responses to Plaintiff's First Set of Requests for the Production of Documents served in *Argent*, as well as documents produced therewith, including copies of the Photographs, is attached hereto as **Exhibit "H"** and by this reference incorporated herein. On or about June 29, 2007, McCain served Defendant's Answers to Plaintiff's Second Set

of Requests for Admissions. A true and correct copy of Defendant's Answer to Plaintiff's Second Set of Requests for Admissions served in *Argent* is attached hereto as **Exhibit "I"** and by this reference incorporated herein.

12.     On or about June 8, 2007, McCain filed a "Notice of Voluntary Dismissal of Claims Against Rahal Letterman Racing, LLC Pursuant to F.R.C.P. Rule 41(a)." A true and correct copy of McCain's Notice of Voluntary Dismissal of Claims Against Rahal Letterman Racing, LLC Pursuant to F.R.C.P. Rule 41(a) filed on or about June 8, 2007 in *Argent* is attached hereto as **Exhibit "J"** and by this reference incorporated herein.

13.     On or about June 14, 2007, McCain filed a "Notice of Voluntary Dismissal of Claims Against Rahal Letterman Racing, Inc. Pursuant to F.R.C.P. Rule 41(a)." A true and correct copy of McCain's Notice of Voluntary Dismissal of Claims Against Rahal Letterman Racing, Inc. Pursuant to F.R.C.P. Rule 41(a) filed on or about June 14, 2007 in *Argent* is attached hereto as **Exhibit "K"** and by this reference incorporated herein.

14.     I have been communicating with several of the other defendants named by McCain in this action to ascertain whether any of them will join in this motion to transfer. Generally, I have received responses falling into two categories. Several defendants that had not yet been served when I contacted them stated that they do not oppose the transfer, but they were not inclined to join in the motion given that they had not yet been served with the complaint instituting this action. I understand that McCain was ordered to serve all defendants by July 24, 2007, the date of a status conference set by the Court. Several defendants were represented at the status conference by local New York counsel. Some attorneys present at the conference stated that their clients, who were just served with McCain's complaint, will review the motion to transfer and make a decision whether to join in the motion. Some defendants have stated that they will join in the motion to transfer.

15.     On July 24, 2007, at the status conference before Judge Rakoff, Pelosi, McCain's attorney, mentioned that he had received a draft amended complaint in *Argent* from Argent's attorneys in connection with a proposed motion to amend the complaint being brought by Argent.

Pelosi further mentioned that the Rahal entities were also amending their claims in *Argent*, and that the proposed amended complaint added Mark Borchetta ("Borchetta"), Argent's agent who entered into the subject complaint in California with McCain, and further that, among other additional claims against McCain and Borchetta, the amended complaint added RICO claims. Counsel for the Rahal entities stated at the hearing on July 24, 2007 that they did not believe their clients were participating in Argent's motion to amend the complaint in *Argent*. On July 26, 2007, I received from Argent's counsel the motion for leave to file a first amended complaint, with an attached copy of the proposed first amended complaint. A true and correct copy of the proposed amended complaint is attached hereto as **Exhibit "L"** and by this reference incorporated herein. Argent's motion to amend the complaint in *Argent* is set for hearing before Judge Carney on August 27, 2007.

16.    In addition, the Court will recall Pelosi's representations at the status conference that this is a clear-cut case of infringement and that the issue here is damages. (Indeed, the Court will recall that Pelosi claimed he felt compelled to file this New York action against some, but not all, of the alleged infringers because Argent and the Rahal entities consistently had denied any liability for their own supposed acts of infringement or for the infringements of third parties, the so-called "secondary infringers.") As the Court can see from the allegations of the proposed amended complaint (Exhibit "L" hereto), this is far from a clear-cut case of infringement by the Rahal entities, or, for that matter, Argent. There are substantial issues involving whether McCain has compromised Argent's agent, Borchetta, whether Borchetta breached his fiduciary duty, whether the two of them committed fraud, and whether they have deceived the parties as to the terms and scope of the contract for the use of the Photographs.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Affirmation was executed on July 27, 2007, at Los Angeles, California.

PASTERNAK,
PASTERNAK
& PATTON

W:\01950\0001\McCain v Argent\Pleadings\Affirmation of JWP .doc          6
                                                                AFFIRMATION OF JOHN W. PATTON, JR.

John W. Patton, Jr., California Bar No. 90130
PASTERNAK, PASTERNAK & PATTON
A Law Corporation
1875 Century Park East, Suite 2200
Los Angeles, California 90067-2523
Telephone: 310.553.1500
Facsimile: 310.553.1540
E-Mail: jwp@paslaw.com