# *Exhibit "A"*

FILED

1   BUCHALTER NEMER
    A Professional Corporation
2     MICHAEL L. WACHTELL (SBN: 47218)
      RICHARD P. ORMOND (SBN: 207442)          2006 AUG 15 AM 10: 08
3   1000 Wilshire Boulevard, Suite 1500
    Los Angeles, CA 90017-2457                  CLERK U.S. DISTRICT COURT
4   Telephone: (213) 891-0700                   CENTRAL DIST OF CALIF.
    Facsimile: (213) 896-0400                        LOS ANGELES
5   E-mail: mwachtell@buchalter.com
    E-mail: rormond@buchalter.com               BY
6
7   Attorneys for Plaintiff
    ARGENT MORTGAGE COMPANY, LLC
8
9   BAKER & HOSTETLER LLP
      LISA I. CARTEEN (SBN: 204764)
10  333 S. Grand Ave., Suite 1800
    Los Angeles, CA 90071-1523
11  Telephone: (213) 975-1600
    Facsimile: (213) 975-1740
12  Email: lcarteen@bakerlaw.com
13  Attorneys for Plaintiff
    TEAM RAHAL, INC.
14
                 UNITED STATES DISTRICT COURT
15
                CENTRAL DISTRICT OF CALIFORNIA
16
17  ARGENT MORTGAGE                Case No. SACV06-749 CJC (RNBx)
    COMPANY, LLC, a California
18  limited liability company; and  ARGENT MORTGAGE COMPANY,
    TEAM RAHAL, INC., an Ohio       LLC'S AND TEAM RAHAL, INC.'S
19  Corporation,                    COMPLAINT FOR
                                    DECLARATORY JUDGMENT OF
20            Plaintiffs,           NON-INFRINGEMENT
21       vs.                        DEMAND FOR JURY TRIAL
22  EDWARD MCCAIN, an individual,
23            Defendant.
24
25       Plaintiff Argent Mortgage Company, LLC ("Plaintiff Argent") and Plaintiff
26  Team Rahal, Inc. ("Plaintiff Team Rahal") (hereinafter collectively the
27  "Plaintiffs"), for their Complaint for Declaratory Judgment in this action, allege as
28  follows:

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES                                1

1

## JURISDICTION AND VENUE

2    1.    This is an action for declaratory judgment of non-infringement of

3    copyrights registered under United States Registration No. Vau-564-275. The

4    action arises under The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

5    2202, and the copyright laws of the United States, 17 U.S.C. § 101 et seq.

6    2.    This Court has jurisdiction over this action pursuant to 28 U.S.C.

7    §§ 1331 and 1338.

8    3.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because a

9    substantial part of the events or omissions giving rise to the infringement claims of

10    Defendant Edward McCain ("Defendant") occurred in this judicial district. Further,

11    Defendant entered into an agreement related to the subject matter of the claims and

12    the copyrights of Registration No. Vau-564-275 in this judicial district.

13

## THE PARTIES

14    4.    Plaintiff Argent is a California limited liability company with its

15    principal place of business at 3 Park Plaza, 19th Floor, Irvine, California 92614.

16    5.    Plaintiff Team Rahal is an Ohio corporation with its principal place of

17    business at 4601 Lyman Drive, Hilliard, Ohio 43026.

18    6.    On information and belief, Defendant is a citizen of the United States

19    of America, having a place of business at 211 S. 4th Avenue, Tucson, Arizona

20    85701.

21

22

## FACTS

23    7.    Plaintiff Argent is one of the fastest-growing, wholesale mortgage

24    companies in the United States.

25    8.    Plaintiff Team Rahal is a corporation established by three-time CART

26    champion Bobby Rahal to manage and operate an Indy Racing Team.

27    ///

28    ///

BUCHALTER NEMER
A Professional Corporation
Los Angeles

2

COMPLAINT

Exhibit____A____ Page____9

1        9.    Plaintiff Argent entered into a sponsorship agreement with Plaintiff

2    Team Rahal, which agreement provided that Plaintiff Argent would sponsor certain

3    drivers of Plaintiff Team Rahal's Indy Racing Team.

4        10.    Defendant is a photographer who, on or about November 13 and 14,

5    2002, took still photographs of one of Plaintiff Team Rahal's drivers, Danica

6    Patrick, pursuant to a contract with a third-party intermediary for Plaintiff Argent's

7    use of such photographs for marketing and publicity (the "Photographs").

8        11.    Defendant registered the copyrights in the Photographs with the United

9    States Copyright Office under a single registration, which issued under registration

10    number Vau-564-275 (hereinafter the "Registered Copyright").

11        12.    Defendant has informed Plaintiffs that Plaintiffs' use of certain

12    Photographs purportedly infringe Defendant's Registered Copyright.

13        13.    Defendant has informed Plaintiffs that Plaintiffs are liable for alleged

14    infringement of Defendant's Registered Copyright as a result of uses of certain

15    Photographs by third parties.

16        14.    Plaintiffs deny that they have infringed, or are infringing, Defendant's

17    Registered Copyright.

18        15.    Plaintiffs deny that they are liable for any alleged infringement of

19    Defendant's Registered Copyright resulting from uses of certain Photographs by

20    third parties.

21        16.    Defendant has threatened to commence legal action against Plaintiffs.

22        17.    The parties have attempted to resolve the dispute amicably.  However,

23    no mutually acceptable resolution has been reached.  As a result of the threats of

24    impending litigation, Plaintiffs are faced with the constant uncertainty of costly

25    litigation.  There is, therefore, an actual case and controversy between the parties.

26    ///

27    ///

28    ///

|    |    |
|----|----|
| 1  | **FIRST CLAIM FOR RELIEF** |
| 2  | <u>Declaratory Judgment of Non-Infringement of Copyright</u> |
| 3  | 18.    Plaintiffs repeat the averments in paragraphs 1-17 above as if fully set |
| 4  | forth herein. |
| 5  | 19.    Plaintiffs' uses of the Photographs do not infringe Defendant's |
| 6  | Registered Copyright.  Therefore, Plaintiffs are entitled to a declaratory judgment |
| 7  | of Plaintiffs' rights, specifically, that Plaintiffs have not infringed Defendant's |
| 8  | Registered Copyright. |
| 9  | **SECOND CLAIM FOR RELIEF** |
| 10 | <u>Declaratory Judgment of No Liability for Alleged Infringement by Third</u> |
| 11 | <u>Parties</u> |
| 12 | 20.    Plaintiffs repeat the averments in paragraphs 1-19 above as if fully set |
| 13 | forth herein. |
| 14 | 21.    Plaintiffs did not authorize any third parties to use the Photographs and |
| 15 | are not responsible for any such use of the Photographs. |
| 16 | 22.    Plaintiffs are not liable for any alleged infringement of Defendant's |
| 17 | Registered Copyright by third parties.  Therefore, Plaintiffs are entitled to a |
| 18 | declaratory judgment against Defendant that Plaintiffs are not liable for any alleged |
| 19 | infringement of Defendant's Registered Copyright by third parties. |
| 20 | **PRAYER FOR RELIEF** |
| 21 | WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor |
| 22 | as follows: |
| 23 | 1.    A declaration that Plaintiffs' uses of the Photographs, which |
| 24 | Defendant contends are an infringement of Defendant's copyrights, do not |
| 25 | constitute infringement of Defendant's Registered Copyright pursuant to 17 U.S.C. |
| 26 | § 501 or a violation of any other rights held by Defendant; |
| 27 | /// |
| 28 | /// |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

4

COMPLAINT

Exhibit ___A___ Page __//__

1    2.    A declaration that Plaintiffs are not liable for any uses of Photographs

2    by third parties, which Defendant alleges are an infringement of Defendant's

3    Registered Copyright; and

4    3.    Such other and further relief as the Court deems just and proper.

5    DATED: August __, 2006    BUCHALTER NEMER,
6                         A Professional Corporation

7

8                         By: _____
9                              MICHAEL L. WACHTELL
                                Attorneys for Plaintiff
10                        ARGENT MORTGAGE COMPANY, LLC

11    DATED: August __, 2006    BAKER & HOSTETLER LLP

12

13                         By: _____
14                                LISA I. CARTEEN
                                Attorneys for Plaintiff
15                                TEAM RAHAL, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38(b), Plaintiffs hereby demand a trial by jury in this action of any issues triable by jury.

DATED: August / 4, 2006

BUCHALTER NEMER
A Professional Corporation

By: _____
MICHAEL L. WACHTELL
Attorneys for Plaintiff
ARGENT MORTGAGE COMPANY, LLC

DATED: August 14, 2006

BAKER & HOSTETLER LLP

By: _____
LISA I. CARTEEN
Attorneys for Plaintiff
TEAM RAHAL, INC.

501135461.1
BN 945090v1

# *Exhibit "B"*

PELOSI WOLF EFFRON & SPATES LLP
John Pelosi (*Pro Hac Vice Application pending*)
233 Broadway, 22nd Floor
New York, NY 10279
Telephone:  (212) 334-3599
Facsimile:  (212) 571-9149
Email:

THE LAW OFFICES OF LARRY S. GREENFIELD
Larry S. Greenfield (SBN: 093917)
433 N. Camden Drive, Suite 400
Beverly Hills, CA 90210-4408
Telephone: (310) 279-5210
Facsimile:  (310) 362-8413
Email: larrysgreenfield@gmail.com

Attorneys for Defendant and Counterclaimant
EDWARD MCCAIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ARGENT MORTGAGE COMPANY, LLC, a California limited liability company; and TEAM RAHAL, INC., an Ohio Corporation, Rahal Letterman Racing, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD McCAIN, an individual, <br><br> Defendant. | Case No. SACV 06-749 CJC (RNBx) <br><br> **ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND COUNTERCLAIMS FOR COPYRIGHT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** <br><br> **Judge:** Hon. Cormac J. Carney <br> **Crtrm:** 9B |

EDWARD McCAIN, an individual,

    Counterclaim Plaintiff,

v.

TEAM RAHAL, INC., an Ohio Corporation, RAHAL LETTERMAN RACING, INC., a California limited liability company; and ARGENT MORTGAGE COMPANY, LLC, a California limited liability company,

    Counterclaim Defendants.

1    Defendant and Counterclaimant EDWARD MCCAIN ("McCain") hereby

2    answers the Complaint ("Complaint") of Plaintiffs ARGENT MORTGAGE

3    COMPANY, LLC ("Argent") and TEAM RAHAL, INC. (collectively "Plaintiffs") as

4    follows:

5                          **JURISDICTION AND VENUE**

6    1.      Defendant denies the allegations in Paragraph 1 of the Complaint while

7    admitting that copyrights are registered under United States Registration No. Vau-

8    564-275.

9    2.      Defendant denies the allegations contained in Paragraphs 2 and 3 of the

10   Complaint.

11                              **THE PARTIES**

12   3.      Defendant admits, on information and belief, the allegations contained in

13   Paragraphs 4 and 5 of the Complaint.

14   4.      Defendant admits the allegations contained in Paragraph 6 of the

15   Complaint.

16                                 **FACTS**

17   5.      Defendant lacks knowledge or information sufficient to admit or deny the

18   allegations contained on Paragraphs 7, 8 and 9 of the Complaint.

19   6.      Defendant admits only to the allegation in Paragraph 10 of the Complaint

20   that he is the author of and exclusive owner of all rights in and to photographs taken

21   by him on or about November 13 and 14th 2002, of Indy-series race car driver, Danica

22   Patrick (the "Photographs"), but denies the alleged fact that Plaintiff Argent was

23   authorized to use the Photographs pursuant to a contract with a third party

24   intermediary.

25   7.      Defendant denies the allegations contained in Paragraph 11 of the

26   Complaint, but admits that the Photographs are registered with the U.S. Copyright

27   Office, which issued registration number Vau-564-275 (hereinafter "Registered

28   Copyright").

8.    Defendant admits the allegations in paragraphs 12 and 13 of the Complaint.

9.    Defendant denies the allegations in paragraph 14, 15, 16 and 17 of the Complaint.

### AS TO THE FIRST CLAIM FOR RELIEF
#### Declaratory Judgment of Non-Infringement of Copyright

10.    Defendant realleges and incorporates by reference his responses to Paragraphs 1-17 of the Complaint as though they were fully set forth herein.

11.    Defendant denies the allegations in Paragraphs 18 and 19 of the Complaint.

### AS AND TO THE SECOND CLAIM FOR RELIEF
#### Declaratory Judgment of Non-Infringement of Copyright

12.    Defendant realleges and incorporates by reference his responses to Paragraphs 1-19 of the Complaint as though they were fully set forth herein.

13.    Defendant denies the allegations in Paragraphs 20, 21, and 22 of the Complaint.

### AS TO PLAINTIFFS' PRAYER FOR RELIEF

14.    Defendant denies that Plaintiffs are entitled to any of the relief sought in their Complaint or to any relief whatsoever from Defendant.

### AFFIRMATIVE DEFENSES

In addition to the grounds set forth in Defendant's Counterclaims to the Complaint, which constitute an absolute defense to the Complaint, Defendant hereby additionally alleges as follows:

### First Affirmative Defense to All Claims
#### (Failure to State Claim)

15.    Each of Plaintiffs' claims fails to state facts sufficient to constitute a claim upon which relief can be granted.

### Second Affirmative Defense to All Claims
#### (Estoppel)

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit  B  Page  16

16.    Each of Plaintiffs' claims is barred to the extent that Defendant reasonably and detrimentally relied on the representations or conduct of Plaintiffs, their predecessors or the representatives of either.

### Third Affirmative Defense to All Claims

### (Waiver)

17.    Each of Plaintiffs' claims is barred because Plaintiffs have waived each and every claim set forth in the Complaint.

### Fourth Affirmative Defense to All Claims

### (Laches)

18.    Each of Plaintiffs' claims is barred by the doctrine of laches.

### Fifth Affirmative Defense to All Claims

### (Unclean Hands)

19.    Plaintiffs are barred from obtaining equitable relief on their claims because they have acted in bad faith and have unclean hands.

### Sixth Affirmative Defense to All Claims

### (Justification)

20.    Each of Plaintiffs' claims is barred because Defendant at all times acted in good faith, with absence of malicious intent to injure Plaintiffs, in that his conduct constituted lawful, proper, and justified means to further his sole purpose of engaging in legal business activities.

### Seventh Affirmative Defense to All Claims

### (Lack of Standing)

21.    Each of Plaintiffs' claims is barred because Plaintiffs lack standing and/or legal capacity to bring such claims and/or this action.

### Eighth Affirmative Defense to All Claims

### (Lack of Facts and Law)

4

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit _B_____ Page___ _12_

22.     Each of Plaintiffs' claims is barred because the Complaint is not well-grounded in fact and the claims therein are not warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.

### Ninth Affirmative Defense to All Claims

### (Bad Faith)

23.     Each of Plaintiffs' claims is barred because Plaintiffs brought the Complaint in bad faith for an improper purpose.

### Tenth Affirmative Defense to All Claims

### (Fraud)

24.     Each of Plaintiffs' claims is barred because of Plaintiffs' fraudulent conduct in connection with the subject matter of the Complaint.

### Eleventh Affirmative Defense to All Claims

### (Negligent Misrepresentation)

25.     Each of Plaintiffs' claims is barred because of Plaintiffs' negligent misrepresentations pertaining to the subject matter of the Complaint.

### Twelfth Affirmative Defense to All Claims

### (Acts of Others)

26.     Any injury, loss, and/or damage Plaintiffs allege to have suffered in the Complaint, which Defendant expressly denies, are the direct and proximate result of the acts and omissions of other persons or entities for whom Defendant is not legally responsible.

### Thirteenth Affirmative Defense to All Claims

### (Incorporation of Counterclaim)

27.     Each of Plaintiffs' claims is barred as a result of Defendant's incorporation herein of the allegations and claims contained within Defendant's counterclaim.

### Fourteenth Affirmative Defense to All Claims

### (Failure to Mitigate)

28.    To the extent that Plaintiffs have suffered any damage, loss, and/or injury, which Defendant expressly denies, Plaintiffs failed to take the necessary, prudent, and appropriate steps to mitigate the alleged damage, loss, and/or injury they claim that they have suffered.

## Fifteenth Affirmative Defense to All Claims

### (Lack of Due Diligence)

29.    Each of Plaintiffs' claims is barred as a result of Plaintiffs' failure to conduct reasonable and adequate due diligence to protect their own interests and obligations.

## Sixteenth Affirmative Defense to All Claims

### (Privilege)

30.    Defendant was legally privileged to commit the acts alleged in the Complaint, to the extent that such acts occurred.

## Seventeenth Affirmative Defense to All Claims

### (Unjust Enrichment)

31.    Each of Plaintiffs' claims against Defendant is barred because any recovery by Plaintiffs in this action would result in unjust enrichment.

## Eighteenth Affirmative Defense to All Claims

### (Violations of Law)

32.    Each of Plaintiffs' claims is barred to the extent that Plaintiffs have violated one or more laws in connection with the matters alleged in the Complaint.  Among other things, Plaintiffs caused Photographs to be published in electronic press kits, advertising, promotional materials, t-shirts and editorial uses in newspapers, websites, and magazines in violation of Defendants Registered Copyrights.

## Nineteenth Affirmative Defense to All Claims

### (Defective Chain-of-Title)

6

33.    Plaintiffs are not entitled to recover against the Defendant to the extent that Plaintiffs' claimed chain-of-title to the subject works is defective.

## Twentieth Affirmative Defense to All Claims

### (Parties Lacked Rights Conveyed)

34.    Plaintiffs are not entitled to recover against the Defendant to the extent that Plaintiffs' claimed ownership of rights in the subject works is based on rights conveyances from a party or parties which did not own the rights purportedly conveyed.

## Twenty-First Affirmative Defense to All Claims

### (Failure to Join Indispensable Parties)

35.    Plaintiffs have failed to join indispensable parties.

## Twenty-Second Affirmative Defense to All Claims

### (Additional Defenses)

36.    Defendant hereby gives notice that he intends to rely upon any additional affirmative defenses which become available or apparent during discovery and thus reserves the right to amend his answer to assert such additional defenses.

## AS AND FOR

## THE COUNTERCLAIMS FOR COPYRIGHT INFRINGEMENT

Counterclaimant Edward McCain ("Counterclaimant"), for his complaint for copyright infringement against Counterclaim Defendants Team Rahal, Inc. ("Team Rahal"), Rahal Letterman Racing, LLC ("Rahal Letterman") and Argent Mortgage Company, LLC ("Argent") (collectively, "Counterclaim Defendants"), hereby alleges as follows:

## INTRODUCTION

1.    Counterclaimant is a prominent commercial photographer whose photography business is located in Tucson, Arizona. In or about November 2002, McCain engaged in a photography session with a then-unknown racing car driver

1  named Danica Patrick. The McCain photographs of Danica Patrick were registered

2  with the U.S. Copyright office and were granted a registration # VAU-564-275 (the

3  "Photographs").

4       2.     Upon information and belief Counterclaim Defendants came to possess

5  the Photographs by receiving copies of the Photographs in electronic format with full

6  knowledge of the copyrights and McCain's rights in the Photographs.

7       3.     Upon information and belief, Danica Patrick has been racing for Team

8  Rahal and Rahal Letterman since the year 2002. The buzz surrounding Danica

9  Patrick began after the 2004 IndyCar racing season when Team Rahal and Rahal

10  Letterman announced that Patrick would be racing in the IRL IndyCar Series during

11  the 2005 season. On May 29, 2005 Danica Patrick erupted onto the racing scene and

12  quickly became an international media sensation after she became the first woman

13  ever to lead the Indianapolis 500 over its 89-year race history at the age of 23. Patrick

14  subsequently posted the highest ever finish for a female driver in an Indianapolis 500

15  by placing fourth that day, which topped Janet Guthrie's ninth place finish in 1978.

16       4.     Counterclaim Defendants, in and around the time that Danica Patrick

17  gained notoriety as a popular sports figure, began a lucrative and national

18  sponsorship campaign featuring Patrick. Counterclaim Defendants, individually or in

19  concert, reproduced at least 19 of the Photographs of Danica Patrick by Edward

20  McCain in various and numerous media including print advertisement, promotional

21  materials, souvenir programs, media guides in print and electronic formats, so-called

22  "hero-cards", t-shirts, electronic press kits, websites and various electronic media,

23  including the Internet. Further, Counterclaim Defendants distributed and caused to

24  be published Photographs by various media outlets such as People Magazine,

25  Magazine, Indy Men's Magazine, USA Today and other third parties for

26  reproduction in print and electronic media as part of a massive public relations

27  campaign to promote Danica Patrick, Team Rahal, Rahal Letterman and Argent (a

28  major sponsor featured prominently in the Photographs), as well as other third party

1  sponsors, including Norwalk Furniture, Pioneer Electronics and Toyota Motors.
2  Copies of the Photographs distributed by Counterclaim Defendants to media for
3  purposes of promoting Counterclaim Defendants enterprises through publicity
4  appeared on countless websites.  All reproductions by Counterclaim Defendants were
5  undertaken without the permission of and in wanton disregard of Counterclaimant's
6  rights in the Photographs.

7       5.    Upon information and belief, Counterclaim Defendants are sophisticated
8  and experienced corporations engaged in multimillion dollar marketing campaigns
9  and were either aware that they did not have any rights to reproduce the Photographs
10 or did not take the reasonable steps necessary to determine whether they had rights to
11 exploit the Photographs.  Furthermore, upon information and belief, the actions of
12 Counterclaim Defendants have caused and constitute over 100 known acts of
13 copyright infringement relating to the Photographs.

14      6.    On or about June 1, 2005 and again on or about August 10, 2005,
15 Counterclaimant delivered by registered mail cease and desist letters upon
16 Counterclaim Defendants providing notification that Counterclaim Defendants'
17 numerous reproductions of the Photographs violated Counterclaimant's copyrights in
18 the Photographs.  Following such notice, Counterclaim Defendants ceased further
19 unauthorized reproduction and distribution of the Photographs.  Rahal Letterman has
20 admitted that it had widely distributed the Photographs to third parties for
21 promotional uses in all media throughout the period beginning in 2003 through in or
22 about June, 2005.

23            **JURISDICTIONAL ALLEGATION**

24      7.    Counterclaimant denies that the Court has original jurisdiction over this
25 action.  However, should the Court deem jurisdiction is proper, Counterclaimant
26 alleges the Counterclaims set forth below.

27      8.    Venue is not proper in this district under 28 U.S.C. § 1391.
28 Counterclaimant does not transact business within this district and, therefore,

9

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit _B_    Page _22_

Counterclaimant is not subject to personal jurisdiction in this district. However, should the Court deem venue proper the Counterclaimant alleges the Counterclaims below.

## PARTIES

9.     Counterclaimant is a resident of Tucson, Arizona, with a principal place of business located at 211 South 4th Avenue, Tucson, Arizona, 85701.

10.    Counterclaim Defendant Argent is a California limited liability company with a principal place of business located at 3 Park Plaza, 19th Floor, Irvine, California 92614. Upon information and belief Argent transacts business in Arizona and New York, as well as throughout the United States.

11.    Counterclaim Defendant Rahal is an Ohio corporation established by Bobby Rahal, which upon information and belief is engaged in the operation of an IndyCar series racing team that participates in car race events and transacts business throughout the United States including New York and Arizona.

12.    Counterclaim Defendant Rahal Letterman is a Ohio corporation established by Bobby Rahal and television talk show host David Letterman engaged in the operation of an IndyCar series racing team that participates in race events and transacts business throughout the United States, including New York and Arizona.

13.    Counterclaim Defendants do and at all times relevant to the matters alleged in this complaint did regularly transact business in California, including interstate trade and commerce. Many of the unlawful and unfair actions and conduct of Counterclaim Defendants described herein were conceived, performed or made effective in California.

14.    Counterclaimant is informed and believes, and on that basis alleges, that at all times herein mentioned, each Counterclaim Defendant was acting for himself or itself, individually, and as the agent, employee, representative, partner and co-conspirator of each of the other defendants, individually and collectively, and in undertaking the acts, conduct, transactions and contracts herein alleged, each of the

1  defendants was acting on his and its own behalf and on behalf of the other defendants
2  in the course and scope of such agency, employment, representation, partnership and
3  conspiracy. Counterclaimant is informed and believes, and on that basis alleges, that
4  each Counterclaim Defendant authorized, approved, and ratified each and every act,
5  transaction and contract undertaken by each other defendant, and each and every act,
6  transaction and occurrence undertaken by each Counterclaim Defendant was
7  perpetrated in furtherance of Counterclaim Defendants' agency, employment,
8  representation, partnership and conspiracy with each other defendant.

9  **COUNTERCLAIMANT'S COPYRIGHTS**

10  15.    The United States Copyright Office has registered each of
11  Counterclaimant's Photographs as works of visual arts. McCain continues to be the
12  holder of all copyrights relating to the Photographs, registered under the following
13  entry: VA U-564-275 under the title *"Unpublished Photographs, Edward McCain's*
14  *Photography of Danica Patrick and Team Rahal taken November 14th and 15th, 2002*
15  *at Firebird Raceway, Phoenix Arizona."* A true and correct copy of the certificate of
16  registration is attached hereto as "Exhibit A" and is incorporated herein by reference.
17  Counterclaimant is listed as the sole Author. Counterclaimant's copyrights are
18  hereinafter collectively referred to as the "Copyrights."

19  **FIRST CLAIM FOR RELIEF**
20  **FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**
21  **(AGAINST ARGENT)**
22  **(17 U.S.C. §§ 101 et seq.)**

23  16.    Counterclaimant realleges and incorporates by this reference each and
24  every allegation set forth above at paragraphs 1 through 15 inclusive, as though fully
25  set forth herein.

26  17.    Counterclaimant is currently and at all relevant times has been the sole
27  proprietor of all right, title and interest in and to the Copyrights. Counterclaimant
28  has complied in all respects with Title 17 of the United States Code, secured the

11
ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit _B_ Page _24_

1   exclusive rights and privileges in and to the Copyrights, and has received from the
2   Register of Copyrights the appropriate certifications of registration, which constitute
3   prima facie evidence of the validity of the copyrights and of the facts stated in the
4   certificates.

5       18.    After the dates of registration of the Copyrights and continuing to date,
6   Counterclaim Defendant Argent reproduced, manufactured, marketed, displayed,
7   promoted, sold and/or offered for sale unapproved and unauthorized copies of the
8   Photographs which are protected by the Copyrights. Counterclaim Defendant
9   Argent's conduct was without the consent of Counterclaimant in violation of rights
10  afforded by the Copyrights.

11      19.    Counterclaimant is informed and believes, and on that basis alleges, that
12  Counterclaim Defendant Argent engaged in conduct which is willful within the
13  meaning of section 504(c)(2) of the Copyright Act of 1976 and with knowledge of
14  the Copyrights.

15      20.    Counterclaim Defendant Argent's infringements of the Copyrights
16  caused damage to Counterclaimant, including injury to its business reputation and
17  loss of past and prospective income. Counterclaimant is entitled to recover from
18  Counterclaim Defendant Argent the damages it has sustained and will sustain, and
19  any gains, profits and advantages obtained by Argent as a result of Argent's acts of
20  infringement alleged above. McCain is also entitled to an award of its attorneys' fees
21  and costs. At present, the amount of such damages, gains, profits and advantages has
22  not been fully ascertained by Counterclaimant, but Counterclaimant is informed and
23  believes, and on the basis of such information and belief alleges, that the amount is in
24  excess of $1,000,000.00. In the alternative, Counterclaimant is entitled to an award
25  of statutory damages of up to $100,000 per violation pursuant to section 504(c)(2) of
26  the Copyright Act of 1976.

27              ## SECOND CLAIM FOR RELIEF
28          ## FOR DAMAGES FOR COPYRIGHT INFRINGEMENT

### (AGAINST TEAM RAHAL)

#### (17 U.S.C. §§ 101 et seq.)

21.   Counterclaimant realleges and incorporates by this reference each and every allegation set forth above at Paragraphs 1 through 20 inclusive, as though fully set forth herein.

22.   Counterclaimant is currently and at all relevant times has been the sole proprietor of all right, title and interest in and to the Copyrights. Counterclaimant has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the  Copyrights, and has received from the Register of Copyrights the appropriate certifications of registration, which constitute prima facie evidence of the validity of the copyrights and of the facts stated in the certificates.

23.   After the dates of registration of the Copyrights and continuing to date, Counterclaim Defendant Team Rahal reproduced, manufactured, marketed, displayed, promoted, sold and/or offered for sale unapproved and unauthorized copies of the Photographs which are protected by the Copyrights.  Counterclaim Defendant Team Rahal's conduct was without the consent of Counterclaimant in violation of rights afforded by the Copyrights.

24.   Counterclaimant is informed and believes, and on that basis alleges, that Counterclaim Defendant Team Rahal engaged in conduct which is willful within the meaning of section 504(c)(2) of the Copyright Act of 1976 and with knowledge of the Copyrights.

25.   Counterclaim Defendant's infringements of the Copyrights caused damage to Counterclaimant, including injury to its business reputation and loss of past and prospective income.  Counterclaimant is entitled to recover from Counterclaim Defendant Team Rahal the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Team Rahal as a result of Team Rahal's acts of infringement alleged above.  Counterclaimant is also entitled to an

1  award of its attorneys' fees and costs. At present, the amount of such damages,

2  gains, profits and advantages has not been fully ascertained by Counterclaimant, but

3  Counterclaimant is informed and believes, and on the basis of such information and

4  belief alleges, that the amount is in excess of $1,000,000.00. In the alternative,

5  Counterclaimant is entitled to an award of statutory damages of up to $100,000 per

6  violation pursuant to section 504(c)(2) of the Copyright Act of 1976.

7

8  **THIRD CLAIM FOR RELIEF**

9  **FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

10  **(AGAINST RAHAL LETTERMAN)**

11  **(17 U.S.C. §§ 101 et seq.)**

12      26.    Counterclaimant realleges and incorporates by this reference each and

13  every allegation set forth above at Paragraphs 1 through 25 inclusive, as though fully

14  set forth herein.

15      27.    Counterclaimant is currently and at all relevant times has been the sole

16  proprietor of all right, title and interest in and to the Copyrights. Counterclaimant

17  has complied in all respects with Title 17 of the United States Code, secured the

18  exclusive rights and privileges in and to the Copyrights, and has received from the

19  Register of Copyrights the appropriate certifications of registration, which constitute

20  prima facie evidence of the validity of the copyrights and of the facts stated in the

21  certificates.

22      28.    After the dates of registration of the Copyrights and continuing to date,

23  Counterclaim Defendant Rahal Letterman reproduced, manufactured, marketed,

24  displayed, promoted, sold and/or offered for sale unapproved and unauthorized

25  copies of the Photographs which are protected by the Copyrights. Counterclaim

26  Defendant Rahal Letterman's conduct was without the consent of Counterclaimant in

27  violation of rights afforded by the Copyrights.

28      29.    Counterclaimant is informed and believes, and on that basis alleges, that

1 Counterclaim Defendant Rahal Letterman engaged in conduct which is willful within
2 the meaning of section 504(c)(2) of the Copyright Act of 1976 and with knowledge
3 of the Copyrights.

4     30.   Counterclaim Defendant Rahal Letterman's infringements of the
5 Copyrights caused damage to Counterclaimant, including injury to its business
6 reputation and loss of past and prospective income. Counterclaimant is entitled to
7 recover from Counterclaim Defendant Rahal Letterman the damages it has sustained
8 and will sustain, and any gains, profits and advantages obtained by Rahal Letterman
9 as a result of Rahal Letterman's acts of infringement alleged above. McCain is also
10 entitled to an award of its attorneys' fees and costs. At present, the amount of such
11 damages, gains, profits and advantages has not been fully ascertained by
12 Counterclaimant, but Counterclaimant is informed and believes, and on the basis of
13 such information and belief alleges, that the amount is in excess of $1,000,000.00. In
14 the alternative, Counterclaimant is entitled to an award of statutory damages of up to
15 $100,000 per violation pursuant to section 504(c)(2) of the Copyright Act of 1976.

16

17 ## FOURTH CLAIM FOR RELIEF
18 ## FOR DAMAGES FOR COPYRIGHT INFRINGEMENT
19 ## (AGAINST ALL COUNTERCLAIM DEFENDANTS)
20 ## (17 U.S.C. §§ 101 et seq.)

21     31.   Counterclaimant realleges and incorporates by this reference each and
22 every allegation set forth above at Paragraphs 1 through 30 inclusive, as though fully
23 set forth herein.

24     32.   Counterclaimant is currently and at all relevant times has been the sole
25 proprietor of all right, title and interest in and to the Copyrights. Counterclaimant
26 has complied in all respects with Title 17 of the United States Code, secured the
27 exclusive rights and privileges in and to the Copyrights, and has received from the
28 Register of Copyrights the appropriate certifications of registration, which constitute

1  prima facie evidence of the validity of the copyrights and of the facts stated in the
2  certificates.

3      33.    After the dates of registration of the Copyrights and continuing to date,
4  Counterclaim Defendants reproduced, manufactured, marketed, displayed, promoted,
5  sold, distributed and/or offered to third parties including, but not limited to, Toyota
6  Motors, Norwalk Furniture, Inc., Pioneer Electronics, Inc., Time Warner, Inc., USA
7  Today, Indy Men's Magazine, People Magazine, Sports Illustrated, Speedgear.com-
8  F1 Marketing Group, Inc., Logicalism, Honda Motor Company, Inc., Bridgestone
9  Americas Holdings, Inc (Firestone), Consumer Electronics Association , St.
10 Petersberg Times, America On-line, ESPN, ESPN Internet Ventures, Bobby Rahal
11 Automotive Group, The Timken Company, Worldwide Pants Incorporated, Spacepac
12 Industries, Ltd., Woman Motorist Internet Magazine (www.womanmotorist.com),
13 motoracing.tv, indyspeedway.com, hondabeat.com, lemans-racing.com,
14 ____ ___ ____, ___ ____711.com, __ ___ ___ ___, ekartingnews.com,
15 ___ ___ ___ ___ (collectively "Third Party Infringers") among others known
16 and presently unknown, unauthorized copies of the Photographs which are protected
17 by the Copyrights, for reproduction for purposes of publicity and marketing.
18 Counterclaim Defendant's conduct was without the consent of Counterclaimant in
19 violation of rights afforded by the Copyrights.

20     34.    Upon information and belief, some or all of Third Party Infringers
21 obtained the Photographs from Counterclaim Defendants either with the express
22 understanding that the Photographs could be reproduced without limitation or the
23 authority Counterclaimant, or without any notice that reproduction of the
24 Photographs would violate the Copyrights.

25     35.    Counterclaimant is informed and believes, and on that basis alleges, that
26 Counterclaim Defendants engaged in conduct which is willful within the meaning of
27 section 504(c)(2) of the Copyright Act of 1976 and with knowledge of the
28 Copyrights.

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit _B_ Page_29_

36.    Counterclaim Defendants' infringements of the Copyrights caused damage to McCain, including injury to his business reputation and loss of past and prospective income. Counterclaimant is entitled to recover from Counterclaim Defendants the damages he has sustained and will sustain, and any gains, profits and advantages obtained by Counterclaim Defendants as a result of Counterclaim Defendants' acts of infringement alleged above. Counterclaimant is also entitled to an award of his attorneys' fees and costs. At present, the amount of such damages, gains, profits and advantages has not been fully ascertained by Counterclaimant, but Counterclaimant is informed and believes, and on the basis of such information and belief alleges, that the amount is in excess of $1,000,000.00. In the alternative, Counterclaimant is entitled to an award of statutory damages of up to $100,000 per violation pursuant to section 504(c)(2) of the Copyright Act of 1976.

## PRAYER FOR RELIEF AS TO THE COMPLAINT
## FOR DECLARATORY JUDGMENT

WHEREFORE, Defendant prays for judgment, as follows:

1.    That Plaintiffs take nothing by way of their Complaint;

2.    That the Complaint and each purported claim or cause of action therein be dismissed with prejudice;

3.    That judgment be entered in favor of Defendant on the Complaint;

4.    That the Court award Defendant his attorneys' fees and costs as allowed by law; and

5.    That the Court award such other and further relief as the Court may deem just and proper.

## PRAYER FOR RELIEF AS TO THE COUNTERCLAIMS
## FOR COPYRIGHT INFRINGEMENT

WHEREFORE, Counterclaimant prays for judgment against Counterclaim Defendants as follows:

Exhibit   B   Page 30

1.    For actual, consequential and general damages and restitution in amounts according to proof at time of trial;

2.    For statutory damages;

3.    For punitive damages;

4.    For reasonable attorneys' fees and costs herein; and

5.    For such other and further relief as the Court may deem just and proper.

Dated: December 7, 2006

PELOSI WOLF EFFRON & SPATES LLP

By: _____

JOHN  PELOSI, ESQ.

Attorneys for Defendant and Counterclaimant
EDWARD McCAIN
(*Pro Hac Vice Application Pending*)

THE LAW OFFICES OF LARRY S. GREENFIELD

By: _____

LARRY S. GREENFIELD, ESQ.
The Law Offices of Larry S. Greenfield
Attorneys for Defendant and Counterclaimant
EDWARD MCCAIN

CASE NAME:  <u>ARGENT MORTGAGE COMPANY, LLC & TEAM RAHAL, INC.</u>
<u>v. EDWARD McCAIN</u>
ACTION NUMBER: SACV 06-749 CJC (RNBx)

18

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit ___B___ Page _3th_

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

ANSWER TO COMPLAINT AND COUNTERCLAIMS

Exhibit____*B*____Page___*32*

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**SHORT FORM VA** 
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VAu 564 – 275

Effective Date of Registration

11    29    02

Application Received
NOV 29 2002

Deposit Received
NOV 29 2002    Two

Fee Received

Examined By
CK

Correspondence

---

TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.

| | | |
|---|---|---|
| **Title of This Work:** | **1** | Unpublished Photographs, Edward McCain's photography of Danica Patrick & Team Rahal taken Nov. 14th & 15th, 2002 at Firebird Raceway, Phoenix, AZ |
| Alternative title or title of larger work in which this work was published. | | 988 Photographs |
| **Name and Address of Author and Owner of the Copyright:** | **2** | Edward McCain
211 S 4th Avenue
Tucson, AZ 85701-2103 |
| Nationality or domicile: Phone, fax, and email: | | Phone ( 520  ) 623-1998        Fax ( 520  ) 623-1190
Email  edward@mccainphoto.com |
| **Year of Creation:** | **3** | 2002 |
| **If work has been published, Date and Nation of Publication:** | **4** | a. Date _____  Month _____  Day _____  Year _____  *(Month, day, and year all required)*
b. Nation _____ |
| **Type of Authorship in This Work:** Check all that this author created. | **5** | ☐ 3-Dimensional sculpture   ☒ Photograph   ☐ Map
☐ 2-Dimensional artwork   ☐ Jewelry design   ☐ Text
☐ Technical drawing |
| **Signature:** Registration cannot be completed without a signature. | **6** | I certify that the statements made by me in this application are correct to the best of my knowledge *Check one
☒ Author   ☐ Authorized agent
X _____ *Edward McCain* _____ |
| **Name and Address of Person to Contact for Rights and Permissions:** Phone, fax, and email: | **7** | ☒ Check here if same as #2 above.
Phone (    )          Fax (    )
Email |

**8**
Certificate will be mailed in window envelope to this address:

Name ▼  Edward McCain
Number/Street/Apt ▼  211 S 4th Avenue
City/State/ZIP ▼  Tucson, AZ 85701-2103

**9**
Deposit Account #
Name

Complete this space only if you currently hold a Deposit Account in the Copyright Office.

DO NOT WRITE HERE    Page 1 of ____ pages

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999 — 100,000
WEB REV: June 1999    PRINTED ON RECYCLED PAPER    ☆U.S. GOVERNMENT PRINTING OFFICE 1999-454 879/54

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 233 Broadway, 22nd Floor, New York, NY 10279. I am employed in the County of New York, where this service occurs. I am over the age of 18 years, and I am not a party to the within cause. I am readily familiar with my firm's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the day set forth below, following ordinary business practice, I served a copy of the foregoing documents described as:

ANSWER TO COMPLAINT AND COUNTERCLAIMS

By Mail: I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail, to the addressees (attorneys for Plaintiffs), on this date before 5:00 p.m.:

| | |
|---|---|
| Michael Wachtell, Esq. | Lisa I. Carteen, Esq. |
| Richard P. Ormand, Esq. | BAKER & HOSTETLER |
| BUCHALTER NEMER | 333 South Grand Avenue, |
| 1000 Wilshire Boulevard, Suite 1500 | Suite 1800 |
| Los Angeles, CA 90017-2457 | Los Angeles, CA 90071-1523 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 7, 2006, at New York, New York.

John Pelosi

PELOSI WOLF EFFRON & SPATES LLP
John Pelosi (*Pro Hac Vice Application pending*)
233 Broadway, 22nd Floor
New York, NY 10279
Telephone: (212) 334-3599
Facsimile: (212) 571-9149
Email:

THE LAW OFFICES OF LARRY S. GREENFIELD
Larry S. Greenfield (SBN: 093917)
433 N. Camden Drive, Suite 400
Beverly Hills, CA 90210-4408
Telephone: (310) 279-5210
Facsimile: (310) 362-8413
Email: larrysgreenfield@gmail.com

Attorneys for Defendant and Counterclaimant
EDWARD MCCAIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| ARGENT MORTGAGE COMPANY, LLC, a California limited liability company; and TEAM RAHAL, INC., an Ohio Corporation, Rahal Letterman Racing, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD McCAIN, an individual, <br><br> Defendant. | Case No. SACV 06-749 CJC (RNBx) <br><br> **NOTICE OF INTERESTED PARTIES** <br><br><br> **Judge:** Hon. Cormac J. Carney <br> **Crtrm:** 9B |

EDWARD McCAIN, an individual,

    Counterclaim Plaintiff,

v.

TEAM RAHAL, INC., an Ohio Corporation, RAHAL LETTERMAN RACING, INC., a California limited liability company; and ARGENT MORTGAGE COMPANY, LLC, a California limited liability company,

    Counterclaim Defendants.

1       Pursuant to Local Rule 4.6, the undersigned counsel of record for
2  Defendant/Counterclaim Plaintiff Edward McCain certifies that the following listed
3  parties have (or are believed to have) a direct, pecuniary interest in the outcome of
4  this case.  These representations are made to enable the Court to evaluate possible
5  disqualification or recusal.

6

7       None.

8

9  Dated: December 7, 2006

10

11

12                  PELOSI WOLF EFFRON & SPATES LLP

13

14                  By: _____

15                      JOHN  PELOSI, ESQ.

              Attorneys for Defendant and Counterclaimant
16                       EDWARD McCAIN
                *(Pro Hac Vice Application Pending)*

17

18              THE LAW OFFICES OF LARRY S. GREENFIELD

19

20                  By: _____

21                    LARRY S. GREENFIELD, ESQ.
22               The Law Offices of Larry S. Greenfield
            Attorneys for Defendant and Counterclaimant
23                     EDWARD MCCAIN

24

25

26

27

28

Exhibit ___B___  Page _36_

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 233 Broadway, 22nd Floor, New York, NY 10279. I am employed in the County of New York, where this service occurs. I am over the age of 18 years, and I am not a party to the within cause. I am readily familiar with my firm's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the day set forth below, following ordinary business practice, I served a copy of the foregoing documents described as:

## NOTICE OF INTERESTED PARTIES

By Mail: I caused such envelopes with postage thereon fully prepaid to be placed in the United States mail, to the addressees (attorneys for Plaintiffs), on this date before 5:00 p.m.:

Michael Wachtell, Esq.               Lisa I. Carteen, Esq.
Richard P. Ormand, Esq.              BAKER & HOSTETLER
BUCHALTER NEMER                      333 South Grand Avenue,
1000 Wilshire Boulevard, Suite 1500  Suite 1800
Los Angeles, CA 90017-2457           Los Angeles, CA 90071-1523

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 7, 2006, at New York, New York.

John Pelosi

PROOF OF SERVICE

Exhibit _B_    Page _37_


**ARGENT MORTGAGE COMPANY – COPYRIGHT INFRINGEMENT OF DANICA PATRICK PHOTOS (McCAIN)**

**U.S.D.C CENTRAL DISTRICT – WESTERN DIVISION**

**CASE NUMBER: SACV 06-749 CJC(RNBx)**

**PLEADINGS INDEX – VOLUME 1**

**CLIENT AND MATTER NUMBER: A7440-8005**

| TAB | DATE FILED AND SERVED | NAME OF PLEADING | PARTY SERVING DOCUMENT |
|---|---|---|---|
| 1 | D: 08/15/06 | SUMMONS | PLAINTIFF ARGENT MORTGAGE COMPANY, ET AL. |
| 2 | F: 08/15/06 | ARGENT MORTGAGE COMPANY, LLC'S AND TEAM RAHAL, INC.'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL | PLAINTIFF TEAM RAHAL, INC. |
| 3 | D: 08/15/06 | NOTICE TO COUNSEL | PLAINTIFF TEAM RAHAL, INC. |
| 4 | D: 08/15/06 | NOTICE OF ASSIGNMENT TO UNITED STATE MAGISTRATE | PLAINTIFF TEAM RAHAL, INC. |
| 5 | D: 08/15/06 | CIVIL COVER SHEET | PLAINTIFF TEAM RAHAL, INC. |
| 6 | F: 08/15/06 | ACTION OR APPEAL HAVE BEEN FILED REGARDING COPYRIGHT | PLAINTIFF TEAM RAHAL, INC. |
| 7 | F: 08/15/06 | CERTIFICATION OF INTERESTED PARTIES | PLAINTIFF TEAM RAHAL, INC. |
| 8 | F: 10/03/06 | PROOF OF SERVICE | PLAINTIFF TEAM RAHAL, INC. |
| 9 | D: 10/16/06 | PROOF OF SERVICE SUBPOENA IN A CIVIL | PLAINTIFF ARGENT MORTGAGE COMPANY, ET AL. |
| 10 | F: 11/09/06 | NOTICE OF INTENT TO SCHEDULE THE CASE | COURT |

Exhibit _B_ Page _38_

**ARGENT MORTGAGE COMPANY – COPYRIGHT INFRINGEMENT OF DANICA PATRICK PHOTOS (McCAIN)**

**U.S.D.C CENTRAL DISTRICT – WESTERN DIVISION**

**CASE NUMBER: SACV 06-749 CJC(RNBx)**

**PLEADINGS INDEX – VOLUME 1**

**CLIENT AND MATTER NUMBER: A7440-8005**

| TAB | DATE FILED AND SERVED | NAME OF PLEADING | PARTY SERVING DOCUMENT |
|---|---|---|---|
| 11 | F: 11/13/06 | STIPULATION TO EXTEND DEFENDANT'S TIME TO RESPOND TO PLAINTIFF'S COMPLAINT | DEFENDANT, EDWARD MCCAIN |
| 12 | D: 12/05/06 | PROOF OF SERVICE OF PRO HAC VICE APPLICATION AND [PROPOSED] ORDER ON PRO HAC VICE APPLICATION | DEFENDANT, EDWARD MCCAIN |
| 13 | D: 12/05/06 | APPLICATION ON NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE (JOHN PELOSI) | COURT |
| 14 | S: 12/07/06 | NOTICE OF INTERESTED PARTIES | DEFENDANT AND COUNTERCLAIMANT, EDWARD MCCAIN |
| 15 | F: 12/15/06 | ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE | COURT |
| 16 | F: 01/03/07 | COUNTERCLAIM DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S ANSWER TO COUNTERCLAIMS FOR COPYRIGHT INFRINGEMENT | PLAINTIFF ARGENT MORTGAGE COMPANY |
| 17 | E: 01/03/07 | COUNTERDEFENDANT TEAM RAHAL, INC.'S ANSWER TO COUNTERCLAIMANT EDWARD MCCAIN'S COUNTERCLAIMS | PLAINTIFF AND COUNTERDEFENDANT, TEAM RAHAL, INC. |
| 18 | S: 01/22/07 | PLAINTIFF ARGENT MORTGAGE COMPANY'S RULE 26(a)(1) INITIAL DISCLOSURE | PLAINTIFF AND COUNTERDEFENDANT, ARGENT MORTGAGE |



# ARGENT MORTGAGE COMPANY – COPYRIGHT INFRINGEMENT OF DANICA PATRICK PHOTOS (McCAIN)

## U.S.D.C CENTRAL DISTRICT – WESTERN DIVISION

## CASE NUMBER: SACV 06-749 CJC(RNBx)

## PLEADINGS INDEX – VOLUME 1

## CLIENT AND MATTER NUMBER: A7440-8005

| TAB | DATE FILED AND SERVED | NAME OF PLEADING | PARTY SERVING DOCUMENT |
|-----|------------------------|------------------|------------------------|
|     |                        |                  | COMPANY. |
| 19  | F: 01/22/07            | JOINT REPORT PURSUANT TO RULE 26(f) | PLAINTIFF AND COUNTERDEFENDANT TEAM RAHAL, INC. |
| 20  | S: 0122/07             | DEFENDANT AND COUNTERCLAIM PLAINTIFF'S INITIAL WITNESS LIST | DEFENDANT AND COUNTERCLAIM PLAINTIFF EDWARD McCAIN |
| 21  | S: 01/23/07            | APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE | PLAINTIFF AND COUNTERDEFENDANT, TEAM RAHAL, INC. |
| 22  | S: 01/23/07            | ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE | PLAINTIFF AND COUNTERDEFENDANT, TEAM RAHAL, INC. |

Exhibit ___B___  Page ___40___

# *Exhibit "C"*

FILED

2007 JAN 22 PM 2: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY:_____

1  BUCHALTER NEMER
   A Professional Corporation
2      MICHAEL L. WACHTELL (SBN: 47218)
       RICHARD P. ORMOND (SBN: 207442)
3  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017-2457
4  Telephone: (213) 891-0700
   Facsimile: (213) 896-0400
5
6  Attorneys for Plaintiff and Counterdefendant
   ARGENT MORTGAGE COMPANY, LLC
7  BAKER & HOSTETLER LLP
       LISA L CARTEEN (SBN: 204764)
8  333 S. Grand Avenue, Suite 1800
   Los Angeles, CA 90017-1523
9  Telephone: (213) 975-1600
   Facsimile: (213) 975-1740
10
11 Attorneys for Plaintiff and Counterdefendant
   TEAM RAHAL, INC.
12 PELOSI WOLF EFFRON AND SPATES LLP
       JOHN PELOSI (*Admitted Pro Hac Vice*)
13 233 Broadway, 22nd floor
   New York, NY 10279
14 Telephone: (212) 334-3599
   Facsimile: (212) 571-9149
15
16 Attorneys for Defendant/Counterclaimant
   EDWARD McCAIN

BY FAX

17            UNITED STATES DISTRICT COURT

18   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

19 ARGENT MORTGAGE                    Case No. SACV 06-749 CJC (RNBx)
   COMPANY, LLC, a California
20 limited liability company; and     Judge: Hon. Cormac J. Carney
   TEAM RAHAL, INC., an Ohio
21 corporation,                       JOINT REPORT PURSUANT TO
                                      RULE 26(f)
22            Plaintiff,
                                      Scheduling Order:    January 29, 2007
23     vs.
                                      Trial Date:          Not Set
24 EDWARD MCCAIN, an individual,
25            Defendant.              FAX FILE
26 ─────────────────────────────
   AND RELATED
27 COUNTERCLAIMS
28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1102812v1                         1

                    JOINT RULE 26(F) REPORT

                              Exhibit___C___  Page__41__

1       Attorneys for Plaintiff and Counterclaim Defendant Argent Mortgage

2    Company, LLC ("Argent"), Plaintiff and Counterclaim Defendant Team Rahal, Inc.

3    ("Rahal") (collectively "Plaintiffs"), and Defendant and Counterclaimant Edward

4    McCain ("McCain") met telephonically on January 8, 2007, and conducted the

5    conference required by Fed. R. Civ. Proc. 26(f) and Local Rule 26-1.  The parties

6    now submit this Joint Report regarding the conference and report on the following

7    issues:

8    **A)    Nature of Claims**

9       Plaintiffs seek declaratory judgment for non-infringement of the copyright

10    registered under United States Copyright Registration No. Vau-564-275.  This

11    action arises under The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

12    2202, and the copyright laws of the United States, 17 U.S.C. § 101 et. seq.

13    Defendant has counterclaimed that Plaintiffs are liable for the infringement of

14    Defendant's alleged copyrights in certain photographs, including Plaintiffs'

15    unauthorized reproduction and the unauthorized reproduction by third parties who

16    reproduced the photographs (allegedly obtained from Plaintiffs) without McCain's

17    permission.  McCain alleges that third parties reproduced the photographs as a

18    direct result of Plaintiffs' warranties and representations.  McCain's counterclaims

19    also arise under the copyright laws of the United States, 17 U.S.C. § 101 et. seq.

20    **B)    Legal Issues**

21       Plaintiffs believe the key legal issues are: (i) whether the copyright asserted

22    by McCain is valid, enforceable, and/or owned by McCain; (ii) whether Plaintiffs

23    have infringed any valid and enforceable copyright in certain photographs;

24    (iii) whether Plaintiffs are liable for allegedly infringing uses of photographs by

25    third parties; and (iv) if Plaintiffs are liable for any alleged infringements, the

26    appropriate award of damages or statutory damages, depending upon McCain's

27    election.

28

BUCHALTER NEMER
A Professional Corporation
LOS ANGELES

BN 1102812v1

2

JOINT RULE 26(F) REPORT

Exhibit___C___ Page___42___

1    McCain believes that the key legal issues are (i) that this Court is not the
2    proper venue for this action; (ii) that he has valid registered copyrights in
3    photographs reproduced by Plaintiffs; (iii) that Plaintiffs reproduced the
4    photographs in willful disregard of McCain's copyrights; (iv) that Plaintiffs caused
5    third parties to reproduce the photographs for marketing and promotional purposes
6    to benefit Plaintiffs in willful disregard of McCain's copyrights; and (v) Plaintiffs
7    are liable for statutory damages, reasonable attorneys fees and other damages the
8    Court deems applicable.

9    **C)    Likelihood of Motions to Add Parties/Claims, Amended Pleadings, or**
10    **Transfer Venue (Local Rule 26-1(e))**

11    <u>Argent</u>: Argent may seek to add additional defendants to the action who may
12    be liable to Argent for indemnification and/or other claims.  Without waiving its
13    rights to do so, Argent does not anticipate adding additional claims, amending the
14    Pleadings or seeking to transfer venue.

15    <u>Rahal</u>: Rahal may seek to add additional defendants to the action who may
16    be liable to Rahal for indemnification and/or other claims.  Without waiving its
17    rights to do so, Rahal does not anticipate adding additional claims, amending the
18    Pleadings or seeking to transfer venue.

19    <u>McCain</u>: McCain may seek to dismiss the claims for lack of personal
20    jurisdiction since McCain does not reside in California, nor does he transact
21    business in California.  McCain may seek to transfer venue.  McCain will likely
22    move for summary judgment on the claims for copyright infringement by Plaintiffs
23    in the proper forum.

24    <u>Cut-off</u>: The parties agree that the cut-off to add additional parties/claims is
25    <u>August 31, 2007</u>.

26    **D)    Discovery and Experts**

27    <u>Rule 26(f)(1)</u>: The parties agree to make their initial disclosures no later than
28    <u>January 22, 2007</u>.

Exhibit __C__    Page __43__

1    <u>Rule 26(f)(2)</u>: *Plaintiffs*: Plaintiffs intend to seek discovery regarding the
2    validity of the copyright; the allegedly infringing uses of the Photographs by
3    Plaintiffs and third parties; McCain's dissemination of the photographs; the chain of
4    possession of the photographs; McCain's relationship with alleged third party
5    infringers and with Plaintiffs' agent(s); and the amount of alleged damages.
6    Plaintiffs believe that at least 50 depositions will be required to ascertain the facts
7    surrounding the alleged acts of infringement, which McCain alleges exceed 100,
8    including alleged acts of infringement by more than 35 third parties. As such,
9    extensive third party discovery will be required. Further, Plaintiffs anticipate
10   engaging at least two experts on the issues of infringement and damages.

11       *McCain*: Intends to seek discovery as to the unauthorized reproduction of
12   McCain's photographs in violation of his copyrights and the unauthorized
13   reproduction by third parties caused by Plaintiffs. Of particular relevance are the
14   facts relating to the provision of photographs by Argent to other Counterclaim
15   Defendants. Depositions of third parties may be necessary to confirm that certain
16   third party infringements were the direct cause of Plaintiffs' acts and omissions.
17   McCain anticipates far fewer depositions: the acts of infringement by Plaintiffs
18   require approximately five depositions and those by third parties approximately
19   seven. McCain anticipates engaging one expert on the issue of infringement,
20   custom and practice in the advertising and promotions industry and damages.

21       <u>Discovery Schedule</u>: The parties have agreed to commence initial written
22   discovery in February 2007. Thereafter, the parties agree to commence taking
23   depositions in April 2007, after initial written discovery. Further, Plaintiffs request
24   that party depositions will take place after third party depositions have been
25   completed.

26       *McCain's Position*: McCain requests that party depositions take place
27   initially (*i.e.*, prior to third party depositions), or simultaneously, since the acts of
28   infringement by Plaintiffs are the essence of this action and those acts by third

BUCHALTER NEMER
A Professional Corporation
LOS ANGELES
BN 1102812v1                                     4

                                    JOINT RULE 26(F) REPORT

Exhibit____C____ Page____44____

1    parties are entirely separate acts, which are attributed to Plaintiffs.  Plaintiffs have

2    instituted an action to declare that they did not violate McCain's copyrights AND

3    that they are not liable for the acts of third parties.  Plaintiffs' liability (or lack

4    thereof) is essential to the relief they seek.  To require that all third party

5    depositions be completed first would be to totally ignore the underlying facts which

6    provide the basis for Plaintiffs' liability for acts of infringements committed by

7    Plaintiffs.  Further, depositions of Plaintiffs are necessary to determine to whom

8    and under what circumstances Plaintiffs provided photographs for reproduction.  It

9    is McCain's position that proceeding with third party depositions first is impractical,

10    illogical, wholly inefficient and designed to increase expenses and cause delay.

11    Clearly if Plaintiffs have not violated McCain's copyrights, the acts of third parties

12    are not relevant.

13          *Plaintiffs' Position*: Plaintiffs believe that the majority of the alleged

14    infringements were committed by the third parties identified by McCain.  As such,

15    Plaintiffs believe that third-party evidence is critical to adjudication of the

16    underlying claims and needs to be discovered first to determine where liability lies.

17          The parties reserve the right to conduct additional written discovery during or

18    subsequent to taking depositions.  Other than as set forth hereinabove, the parties

19    do not believe that discovery should be limited to or focused upon particular issues.

20    See Proposed Dates for discovery deadlines.

21          Rule 26(f)(3) – Electronic Discovery:

22          The parties have agreed to the following procedures with respect to

23    electronic discovery.  If not already done, the parties shall take reasonable steps to

24    preserve all discoverable electronic data and media including all hard drives,

25    software, and other recordable media.  Each party shall provide the other parties

26    with notice of the specific preservation steps that have been taken and assurances

27    that all discoverable electronic data and media have been so preserved in the file

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1102812v1                              **5**

JOINT RULE 26(F) REPORT

Exhibit ___C___  Page ___45___

1  format to be agreed upon by the parties.  Further, the parties agree that all electronic

2  data and media will be produced on CD-Rom or DVD-Rom.

3      Rule 26(f)(4):  The parties anticipate seeking a stipulated protective order

4  under Rule 26(c) regarding the use and dissemination of documents or information,

5  which any party believes is confidential and/or proprietary.

6      Rule 26(f)(5):  The parties believe that the limited number of interrogatories

7  pursuant to Rule 33(a) is insufficient and that each will need up to 75

8  interrogatories to complete written discovery.  The parties do not believe that any

9  additional changes to the limitations on discovery should be made nor that other

10  limitations should be set.

11      Rule 26(f)(6):  The parties at this time do not believe that additional orders

12  under Rules 16(b) and (c) are necessary.

13  **E)**    **Trial Estimate**

14      The parties believe the trial will take three weeks.  All parties have requested

15  a jury trial.

16  **F)**    **Proposed Dates**

17      While Plaintiffs would like to resolve this case expeditiously, due to the

18  scope of discovery that is necessary, Plaintiffs believe that the trial date cannot be

19  reasonably set any earlier than mid-2009.  Plaintiffs anticipate the need for over 40

20  depositions of third parties, many of which are multinational corporations.

21  Plaintiffs anticipate that many of these third parties will seek protective orders and

22  restrictions with the Court, thereby necessitating a slightly protracted deposition

23  and discovery schedule.  As such, Plaintiffs propose the following dates:

24      1)   <u>Non-Expert Discovery Cut-Off</u>:   November 21, 2008

25      2)   <u>Initial Expert Reports Due</u>:   February 13, 2009

26      3)   <u>Rebuttal Expert Reports Due</u>:   February 27, 2009

27      4)   <u>Discovery Motion Cut-Off (Filing)</u>:   March 23, 2009

28      5)   <u>Dispositive Motion Cut-Off (Filing)</u>:   May 4, 2009

BUCHALTER NEMER
A Professional Corporation
LOS ANGELES
BN 1102812v1                                    6

JOINT RULE 26(F) REPORT

Exhibit _C_ Page_46_

| | | |
|---|---|---|
| 6) | Final Pre-Trial Conference: | June 15, 2009 |
| 7) | Trial: | July 6, 2009 |

McCain believes that the trial date can be reasonably set for mid-2008 and proposes the following dates:

| | | |
|---|---|---|
| 8) | Non-Expert Discovery Cut-Off: | December 27, 2007 |
| 9) | Initial Expert Reports Due: | February 1, 2008 |
| 10) | Rebuttal Expert Reports Due: | February 22, 2008 |
| 11) | Discovery Motion Cut-Off (Filing): | March 24, 2008 |
| 12) | Dispositive Motion Cut-Off (Filing): | May 15, 2008 |
| 13) | Final Pre-Trial Conference: | June 20, 2008 |
| 14) | Trial: | July 21, 2008 |

**G)    Complex Case (L.R. 26-1(a))**

The parties believe that this case is not complex and does not require any of Manual For Complex Litigation procedures.

**H)    Consent to Magistrate Judge**

The parties do not consent to a Magistrate Judge.

**I)    Settlement (L.R. 26-1(c))**

The parties have engaged in preliminary settlement negotiations. Although a resolution has not been reached, the parties believe that a settlement is possible.

Pursuant to Local Rule 16-15.4, the parties prefer Settlement Procedure No. 3, whereby the parties shall participate in a non-judicial dispute resolution proceeding, namely, private mediation.

**J)    All Other Matters**

There are no other matters at this time.

Exhibit  C   Page  47

1

2    DATED: January _22_, 2007

3

4                                              Respectfully submitted,

5    By:_____
            RICHARD P. ORMOND

6    Attorneys for Plaintiff and Counterclaim
     Defendant Argent Mortgage Company, LLC

7

8    DATED: January _____, 2007

9

10   By:_____
            LISA L. CARTEEN

11   Attorneys for Plaintiff and Counterclaim
            Defendant Team Rahal, Inc.

12

13   DATED: January _____, 2007

14

15   By:_____
            JOHN PELOSI

16   Attorneys for Defendant and
     Counterclaim Plaintiff Edward McCain

17   S01241668.2

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

BUCHALTER NEMER
A Professional Corporation

BAKER & HOSTETLER LLP

PELOSI WOLF EFFRON & SPATES LLP

Exhibit __C__    Page __H9__

1    **J)    All Other Matters**

2    There are no other matters at this time.

3

4                                    Respectfully submitted,

5    DATED: January _____, 2007       **BUCHALTER NEMER**
6                                     A Professional Corporation

7

8    By:_____
                                     RICHARD P. ORMOND
9                                    Attorneys for Plaintiff and Counterclaim
                                     Defendant Argent Mortgage Company, LLC
10

11   DATED: January _22_, 2007       **BAKER & HOSTETLER LLP**

12

13   By:_____
                                     LISA L. CARTEEN
14                                   Attorneys for Plaintiff and Counterclaim
                                     Defendant Team Rahal, Inc.
15

16   DATED: January _____, 2007      **PELOSI WOLF EFFRON & SPATES LLP**

17

18   By:_____
                                     JOHN PELOSI
19                                   Attorneys for Defendant and
                                     Counterclaim Plaintiff Edward McCain
20   SD1241668.3

21

22

23

24

25

26

27

28

BUCHALTER NEMER    BN 1102812v1                    8
A Professional Corporation
Los Angeles
                            JOINT RULE 26(F) REPORT

Exhibit ___C___ Page ___49___

```
 1
 2     DATED: January _____, 2007          Respectfully submitted,
 3
 4                                          BUCHALTER NEMER
                                            A Professional Corporation
 5
                                            By:_____
 6                                               RICHARD P. ORMOND
                                            Attorneys for Plaintiff and Counterclaim
 7                                          Defendant Argent Mortgage Company, LLC
 8     DATED: January _____, 2007          BAKER & HOSTETLER LLP
 9
10
11                                          By:_____
                                                 LISA L. CARTEEN
12                                          Attorneys for Plaintiff and Counterclaim
                                                Defendant Team Rahal, Inc.
13
       DATED: January  22 , 2007            PELOSI WOLF EFFRON & SPATES LLP
14
15
16                                          By:_____
                                                 JOHN PELOSI
17                                          Attorneys for Defendant and
       5012412668.2                         Counterclaim Plaintiff Edward McCain
18
19
20
21
22
23
24
25
26
27
28
```

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1102812v1                         8

JOINT RULE 26(F) REPORT

Exhibit_____ C _____ Page_____ 5 D _____

1  | BUCHALTER NEMER
   | A Professional Corporation
2  |   MICHAEL L. WACHTELL (SBN: 47218)
   |   RICHARD P. ORMOND (SBN: 207442)
3  | 1000 Wilshire Boulevard, Suite 1500
   | Los Angeles, CA 90017-2457
4  | Telephone:  (213) 891-0700
   | Facsimile:  (213) 896-0400
5  |
6  | Attorneys for Plaintiff and Counterdefendant
   | ARGENT MORTGAGE COMPANY, LLC
7  | BAKER & HOSTETLER LLP
   |   LISA L CARTEEN  (SBN: 204764)
8  | 333 S. Grand Avenue, Suite 1800
   | Los Angeles, CA 90017-1523
9  | Telephone:  (213) 975-1600
   | Facsimile:  (213) 975-1740
10 |
11 | Attorneys for Plaintiff and Counterdefendant
   | TEAM RAHAL, INC.
12 | PELOSI WOLF EFFRON AND SPATES LLP
   |   JOHN PELOSI (*Admitted Pro Hac Vice*)
13 | 233 Broadway, 22nd floor
   | New York, NY 10279
14 | Telephone: (212) 334-3599
   | Facsimile: (212) 571-9149
15 |
16 | Attorneys for Defendant/Counterclaimant
   | EDWARD McCAIN

17

## UNITED STATES DISTRICT COURT

18

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 19  ARGENT MORTGAGE COMPANY, LLC, a California | Case No. SACV 06-749 CJC (RNBx) |
| 20  limited liability company; and TEAM RAHAL, INC., an Ohio | **Judge:  Hon. Cormac J. Carney** |
| 21  corporation, | **JOINT REPORT PURSUANT TO RULE 26(f)** |
| 22      Plaintiff, | |
| 23      vs. | Scheduling Order:    January 29, 2007 |
| 24  EDWARD McCAIN, an individual, | Trial Date:    Not Set |
| 25      Defendant. | |
| 26 _____ | |
| 27  AND RELATED COUNTERCLAIMS | |
| 28 | |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1102812v1

1

JOINT RULE 26(F) REPORT    Exhibit __C__  Page _51_

1    Attorneys for Plaintiff and Counterclaim Defendant Argent Mortgage

2    Company, LLC ("Argent"), Plaintiff and Counterclaim Defendant Team Rahal, Inc.

3    ("Rahal") (collectively "Plaintiffs"), and Defendant and Counterclaimant Edward

4    McCain ("McCain") met telephonically on January 8, 2007, and conducted the

5    conference required by <u>Fed. R. Civ. Proc.</u> 26(f) and <u>Local Rule</u> 26-1. The parties

6    now submit this Joint Report regarding the conference and report on the following

7    issues:

8    **A)**   **Nature of Claims**

9        Plaintiffs seek declaratory judgment for non-infringement of the copyright

10   registered under United States Copyright Registration No. Vau-564-275. This

11   action arises under The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

12   2202, and the copyright laws of the United States, 17 U.S.C. § 101 et. seq.

13   Defendant has counterclaimed that Plaintiffs are liable for the infringement of

14   Defendant's alleged copyrights in certain photographs, including Plaintiffs'

15   unauthorized reproduction and the unauthorized reproduction by third parties who

16   reproduced the photographs (allegedly obtained from Plaintiffs) without McCain's

17   permission. McCain alleges that third parties reproduced the photographs as a

18   direct result of Plaintiffs' warranties and representations. McCain's counterclaims

19   also arise under the copyright laws of the United States, 17 U.S.C. § 101 et. seq.

20   **B)**   **Legal Issues**

21       Plaintiffs believe the key legal issues are: (i) whether the copyright asserted

22   by McCain is valid, enforceable, and/or owned by McCain; (ii) whether Plaintiffs

23   have infringed any valid and enforceable copyright in certain photographs;

24   (iii) whether Plaintiffs are liable for allegedly infringing uses of photographs by

25   third parties; and (iv) if Plaintiffs are liable for any alleged infringements, the

26   appropriate award of damages or statutory damages, depending upon McCain's

27   election.

28

1    McCain believes that the key legal issues are (i) that this Court is not the
2    proper venue for this action; (ii) that he has valid registered copyrights in
3    photographs reproduced by Plaintiffs; (iii) that Plaintiffs reproduced the
4    photographs in willful disregard of McCain's copyrights; (iv) that Plaintiffs caused
5    third parties to reproduce the photographs for marketing and promotional purposes
6    to benefit Plaintiffs in willful disregard of McCain's copyrights; and (v) Plaintiffs
7    are liable for statutory damages, reasonable attorneys fees and other damages the
8    Court deems applicable.

9    **C)    Likelihood of Motions to Add Parties/Claims, Amended Pleadings, or**
10   **Transfer Venue (Local Rule 26-1(e))**

11   Argent:  Argent may seek to add additional defendants to the action who may
12   be liable to Argent for indemnification and/or other claims.  Without waiving its
13   rights to do so, Argent does not anticipate adding additional claims, amending the
14   Pleadings or seeking to transfer venue.

15   Rahal:  Rahal may seek to add additional defendants to the action who may
16   be liable to Rahal for indemnification and/or other claims.  Without waiving its
17   rights to do so, Rahal does not anticipate adding additional claims, amending the
18   Pleadings or seeking to transfer venue.

19   McCain:  McCain may seek to dismiss the claims for lack of personal
20   jurisdiction since McCain does not reside in California, nor does he transact
21   business in California.  McCain may seek to transfer venue.  McCain will likely
22   move for summary judgment on the claims for copyright infringement by Plaintiffs
23   in the proper forum.

24   Cut-off:  The parties agree that the cut-off to add additional parties/claims is
25   August 31, 2007.

26   **D)    Discovery and Experts**

27   Rule 26(f)(1):  The parties agree to make their initial disclosures no later than
28   January 22, 2007.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1102812v1                              3

1    Rule 26(f)(2): *Plaintiffs*: Plaintiffs intend to seek discovery regarding the

2    validity of the copyright; the allegedly infringing uses of the Photographs by

3    Plaintiffs and third parties; McCain's dissemination of the photographs; the chain of

4    possession of the photographs; McCain's relationship with alleged third party

5    infringers and with Plaintiffs' agent(s); and the amount of alleged damages.

6    Plaintiffs believe that at least 50 depositions will be required to ascertain the facts

7    surrounding the alleged acts of infringement, which McCain alleges exceed 100,

8    including alleged acts of infringement by more than 35 third parties. As such,

9    extensive third party discovery will be required. Further, Plaintiffs anticipate

10   engaging at least two experts on the issues of infringement and damages.

11   *McCain*: Intends to seek discovery as to the unauthorized reproduction of

12   McCain's photographs in violation of his copyrights and the unauthorized

13   reproduction by third parties caused by Plaintiffs. Of particular relevance are the

14   facts relating to the provision of photographs by Argent to other Counterclaim

15   Defendants. Depositions of third parties may be necessary to confirm that certain

16   third party infringements were the direct cause of Plaintiffs' acts and omissions.

17   McCain anticipates far fewer depositions: the acts of infringement by Plaintiffs

18   require approximately five depositions and those by third parties approximately

19   seven. McCain anticipates engaging one expert on the issue of infringement,

20   custom and practice in the advertising and promotions industry and damages.

21   Discovery Schedule: The parties have agreed to commence initial written

22   discovery in February 2007. Thereafter, the parties agree to commence taking

23   depositions in April 2007, after initial written discovery. Further, Plaintiffs request

24   that party depositions will take place after third party depositions have been

25   completed.

26   *McCain's Position*: McCain requests that party depositions take place

27   initially (i.e., prior to third party depositions), or simultaneously, since the acts of

28   infringement by Plaintiffs are the essence of this action and those acts by third

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1102812v1                                    4

1   parties are entirely separate acts, which are attributed to Plaintiffs. Plaintiffs have
2   instituted an action to declare that they did not violate McCain's copyrights AND
3   that they are not liable for the acts of third parties. Plaintiffs' liability (or lack
4   thereof) is essential to the relief they seek. To require that all third party
5   depositions be completed first would be to totally ignore the underlying facts which
6   provide the basis for Plaintiffs' liability for acts of infringements committed by
7   Plaintiffs. Further, depositions of Plaintiffs are necessary to determine to whom
8   and under what circumstances Plaintiffs provided photographs for reproduction. It
9   is McCain's position that proceeding with third party depositions first is impractical,
10  illogical, wholly inefficient and designed to increase expenses and cause delay.
11  Clearly if Plaintiffs have not violated McCain's copyrights, the acts of third parties
12  are not relevant.

13       *Plaintiffs' Position*: Plaintiffs believe that the majority of the alleged
14  infringements were committed by the third parties identified by McCain. As such,
15  Plaintiffs believe that third-party evidence is critical to adjudication of the
16  underlying claims and needs to be discovered first to determine where liability lies.

17       The parties reserve the right to conduct additional written discovery during or
18  subsequent to taking depositions. Other than as set forth hereinabove, the parties
19  do not believe that discovery should be limited to or focused upon particular issues.
20  See Proposed Dates for discovery deadlines.

21       Rule 26(f)(3) – Electronic Discovery:

22       The parties have agreed to the following procedures with respect to
23  electronic discovery. If not already done, the parties shall take reasonable steps to
24  preserve all discoverable electronic data and media including all hard drives,
25  software, and other recordable media. Each party shall provide the other parties
26  with notice of the specific preservation steps that have been taken and assurances
27  that all discoverable electronic data and media have been so preserved in the file
28

1    format to be agreed upon by the parties.  Further, the parties agree that all electronic
2    data and media will be produced on CD-Rom or DVD-Rom.
3        Rule 26(f)(4):  The parties anticipate seeking a stipulated protective order
4    under Rule 26(c) regarding the use and dissemination of documents or information,
5    which any party believes is confidential and/or proprietary.
6        Rule 26(f)(5):  The parties believe that the limited number of interrogatories
7    pursuant to Rule 33(a) is insufficient and that each will need up to 75
8    interrogatories to complete written discovery.  The parties do not believe that any
9    additional changes to the limitations on discovery should be made nor that other
10   limitations should be set.
11       Rule 26(f)(6):  The parties at this time do not believe that additional orders
12   under Rules 16(b) and (c) are necessary.
13   **E)    Trial Estimate**
14       The parties believe the trial will take three weeks.  All parties have requested
15   a jury trial.
16   **F)    Proposed Dates**
17       While Plaintiffs would like to resolve this case expeditiously, due to the
18   scope of discovery that is necessary, Plaintiffs believe that the trial date cannot be
19   reasonably set any earlier than mid-2009.  Plaintiffs anticipate the need for over 40
20   depositions of third parties, many of which are multinational corporations.
21   Plaintiffs anticipate that many of these third parties will seek protective orders and
22   restrictions with the Court, thereby necessitating a slightly protracted deposition
23   and discovery schedule.  As such, Plaintiffs propose the following dates:

| | | |
|---|---|---|
| 24 | 1)    Non-Expert Discovery Cut-Off: | November 21, 2008 |
| 25 | 2)    Initial Expert Reports Due: | February 13, 2009 |
| 26 | 3)    Rebuttal Expert Reports Due: | February 27, 2009 |
| 27 | 4)    Discovery Motion Cut-Off (Filing): | March 23, 2009 |
| 28 | 5)    Dispositive Motion Cut-Off (Filing): | May 4, 2009 |

| | 6) | Final Pre-Trial Conference: | June 15, 2009 |
|---|---|---|---|
| | 7) | Trial: | July 6, 2009 |

McCain believes that the trial date can be reasonably set for mid-2008 and proposes the following dates:

| | 8) | Non-Expert Discovery Cut-Off: | December 27, 2007 |
|---|---|---|---|
| | 9) | Initial Expert Reports Due: | February 1, 2008 |
| | 10) | Rebuttal Expert Reports Due: | February 22, 2008 |
| | 11) | Discovery Motion Cut-Off (Filing): | March 24, 2008 |
| | 12) | Dispositive Motion Cut-Off (Filing): | May 15, 2008 |
| | 13) | Final Pre-Trial Conference: | June 20, 2008 |
| | 14) | Trial: | July 21, 2008 |

**G)    Complex Case (L.R. 26-1(a))**

The parties believe that this case is not complex and does not require any of Manual For Complex Litigation procedures.

**H)    Consent to Magistrate Judge**

The parties do not consent to a Magistrate Judge.

**I)    Settlement (L.R. 26-1(c))**

The parties have engaged in preliminary settlement negotiations. Although a resolution has not been reached, the parties believe that a settlement is possible.

Pursuant to Local Rule 16-15.4, the parties prefer Settlement Procedure No. 3, whereby the parties shall participate in a non-judicial dispute resolution proceeding, namely, private mediation.

1    **J)    All Other Matters**

2        There are no other matters at this time.

3

4                                    Respectfully submitted,

5    DATED: January _____, 2007    BUCHALTER NEMER

6                                    A Professional Corporation

7

8    By:_____
                                    RICHARD P. ORMOND
9                                    Attorneys for Plaintiff and Counterclaim
                                    Defendant Argent Mortgage Company, LLC
10

11   DATED: January _22_, 2007    BAKER & HOSTETLER LLP

12

13   By:_____
                                    LISA L. CARTEEN
14                                   Attorneys for Plaintiff and Counterclaim
                                    Defendant Team Rahal, Inc.
15

16   DATED: January _____, 2007    PELOSI WOLF EFFRON & SPATES LLP

17

18   By:_____
                                    JOHN PELOSI
19                                   Attorneys for Defendant and
                                    Counterclaim Plaintiff Edward McCain
20   501241668.3

21

22

23

24

25

26

27

28

1  | BUCHALTER NEMER
   | A Professional Corporation
2  |    MICHAEL L. WACHTELL (SBN: 47218)
   |    RICHARD P. ORMOND (SBN: 207442)
3  | 1000 Wilshire Boulevard, Suite 1500
   | Los Angeles, CA 90017-2457
4  | Telephone: (213) 891-0700
   | Facsimile: (213) 896-0400
5  |
6  | Attorneys for Plaintiff and Counterclaim Defendant,
   | Argent Mortgage Company, LLC
7  |

8  | **UNITED STATES DISTRICT COURT**

9  | **CENTRAL DISTRICT OF CALIFORNIA**

10 |

| | |
|---|---|
| 11  ARGENT MORTGAGE | Case No. SACV 06-749 CJC (RNBx) |
| 12  COMPANY, LLC, a California limited liability company, | **Judge: Hon. Cormac J. Carney** |
| 13              Plaintiff, | **PLAINTIFF ARGENT MORTGAGE COMPANY'S RULE 26(a)(1) INITIAL DISCLOSURES** |
| 14      vs. | |
| 15  EDWARD MCCAIN, an individual, | Scheduling Order:    January 29, 2007 |
| 16              Defendant. | Trial Date:    Not Set |
| 17 | |
| 18  AND RELATED COUNTERCLAIMS | |

19 |     Plaintiff and Counterclaim Defendant Argent Mortgage Company, LLC

20 | ("Argent"), by its attorneys, makes the following initial disclosures pursuant to Rule

21 | 26(a)(1) of the Federal Rules of Civil Procedure.

22 |     These disclosures are based on information reasonably available to Argent as

23 | of this date.  By making these disclosures, Argent does not represent that it is

24 | identifying every document, tangible thing or witness possibly relevant to the

25 | Complaint or Counterclaims.  Nor does Argent waive its right to object to

26 | production of any document or tangible thing disclosed on the basis of any

27 | privilege, work product doctrine, undue burden, relevancy or any other valid

28 | objection.  Because discovery is ongoing, Argent reserves the right to amend or

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

1

1  supplement these disclosures as necessary or as new information becomes known.

2      **(A).**   <u>**Identification of Persons**</u> - The name, address and telephone number

3  of each individual likely to have discoverable information that the disclosing party

4  may use to support its claims or defenses, unless solely for impeachment,

5  identifying the subjects of the information.

6      <u>Response:</u>   See Addendum A.

7      **(B).**   <u>**General Description of Documents**</u> - A copy of, or a description by

8  category and location of, all documents, data compilations, and tangible things in

9  the possession, custody, or control of the party that the disclosing party may use to

10 support its claims or defenses, unless solely for impeachment, identifying the

11 subjects of the information:

12     <u>Response:</u>   Argent identifies:

13     (a)     Documents and things related to Argent's sponsorship of Team Rahal,

14                 Inc. ("Rahal") and Danica Patrick;

15     (b)     Documents and things related to Argent's purported Agency

16                 Agreement with Mark Borchetta;

17     (c)     Documents and things related to Argent's alleged licensing of

18                 photographs of Danica Patrick from Edward McCain;

19     (d)     Documents and things related to Argent's alleged design, creation,

20                 publication, use and/or distribution of materials relating to Rahal

21                 and/or Danica Patrick; and

22     The above are in the possession, custody or control of Argent and/or

23 Argent's attorneys of record. Argent intends to seek a protective order prior to

24 producing any confidential, protected or privileged documents and/or things.

25

26

27

28