1    (C). <u>Relief</u> - A computation of any category of damages claimed by the

2    disclosing party, making available for inspection and copying as under Rule 34 the

3    documents or other evidentiary material, not privileged or protected from

4    disclosure, on which such computation is based, including materials bearing on the

5    nature and extent of injuries suffered.

6    Response:    Not applicable to Argent at this time.

7    (D). <u>Existence of Insurance Agreement</u> - For inspection and copying as

8    under Rule 34 any insurance agreement under which any person carrying on an

9    insurance business may be liable to satisfy part or all of a judgment which may be

10   entered in the action or to indemnify or reimburse for payments made to satisfy the

11   judgment.

12   Response:

13   Argent is not aware of any applicable insurance agreement at this time.

14

15   DATED: January 22, 2007        BUCHALTER NEMER
                                     A Professional Corporation
16                                   RICHARD P. ORMOND

17

18                          By: _____
                                     RICHARD P. ORMOND
19                                   Attorneys for
                                     Argent Mortgage Company, LLC
20

21   BN 1103974v1

22

23

24

25

26

27

28

1

## ADDENDUM A

2

3

| NAME | AREA OF KNOWLEDGE | ADDRESS |
|---|---|---|
| All individuals listed by Rahal and McCain in their Rule 26(a)(1) disclosures | See Rahal's and McCain's Rule 26(a) Disclosures | See Rahal's and McCain's Rule 26(a) Disclosures |
| Argent (Persons Most Qualified) | Sponsorship of Rahal; alleged acquisition, possession, use and/or distribution of photographs of Rahal and/or Danica Patrick; alleged license(s) with McCain; purported agency relationship with Mark Borchetta; and other relevant facts. | c/o Argent's counsel |
| Johanna Padberg, former Vice President of Marketing, Argent | Sponsorship of Rahal; alleged acquisition, possession, use and/or distribution of photographs of Rahal and/or Danica Patrick; alleged license(s) with McCain; purported agency relationship with Mark Borchetta; and other relevant facts. | c/o Argent's counsel |
| Rahal (Persons Most Qualified) | Argent's sponsorship of Rahal; alleged acquisition, possession, use and/or distribution of photographs of Danica Patrick by Argent, Rahal or any third party; Advertising and promotion of Argent's sponsorship of Rahal and/or Danica Patrick; any communications with Mark Borchetta; and other relevant facts. | c/o Rahal's counsel |
| Edward McCain | Photographs of Danica Patrick; McCain's alleged ownership and license of copyrights in photographs of Danica Patrick; all communications and/or negotiations with Mark Borchetta; all communications with Rahal, Argent and/or third parties related to the creation, acquisition, possession, distribution or use of photographs of Danica Patrick; alleged acquisition, possession, use and/or distribution of photographs of Danica Patrick; Registration No. VAU-564-275; McCain's allegations of copyright infringement; damages allegedly incurred; and other relevant facts. | c/o McCain's counsel |

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | John Pelosi, Esq. | Photographs of Danica Patrick; McCain's alleged ownership and license of copyrights in photographs of Danica Patrick; all communications and/or negotiations with Mark Borchetta; all communications with Rahal, Argent and/or third parties related to the creation, acquisition, possession, distribution or use of photographs of Danica Patrick; alleged acquisition, possession, use and/or distribution of photographs of Danica Patrick; Registration No. VAU-564-275; McCain's allegations of copyright infringement; damages allegedly incurred; and other relevant facts. | Pelosi Wolf Effron & Spates LLP, 233 Broadway, 22nd Floor, New York, New York 10279, (212) 334-3599 |
| 9<br>10<br>11<br>12<br>13<br>14 | Mark Borchetta, President, Borchetta Marketing Group | Agency agreement and relationship with Argent; creation and development of advertising campaign to promote Argent's sponsorship of Rahal and/or Danica Patrick; alleged acquisition, possession, use and/or distribution of photographs of Danica Patrick; all communications and negotiations relating to photographs of Danica Patrick; McCain's alleged ownership and/or license of the alleged copyrights in photographs of Danica Patrick; McCain's allegations of copyright infringement; and other relevant facts. | 25020 Avenue Stanford, Suite 100, Valencia, California, 91355, (661) 977-7464 |
| 15<br>16<br>17<br>18<br>19<br>20<br>21 | Brian Girecky, Production Coordinator, Borchetta Marketing Group | Agency agreement and relationship with Argent; creation and development of advertising campaign to promote Argent's sponsorship of Rahal and/or Danica Patrick; alleged acquisition, possession, use and/or distribution of photographs of Danica Patrick; all communications and negotiations relating to photographs of Danica Patrick; McCain's alleged ownership and/or license of the alleged copyrights in photographs of Danica Patrick; McCain's allegations of copyright infringement; and other relevant facts. | 25020 Avenue Stanford, Suite 100, Valencia, California, 91355, (661) 977-7464 |
| 22<br>23 | Time Warner, Inc., Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 1 Time Warner Center N.Y., N.Y. 10019 |
| 24<br>25 | USA Today, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 7950 Jones Branch Dr. Mclean, Va. 22108 |
| 26<br>27 | Toyota Motor Sales, U.S.A., Inc. , Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 19001 S. Western Ave. Torrance, CA. 90509 |
| 28 | | | |

| | | |
|---|---|---|
| Pioneer Electronics (USA), Inc., Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 2265 E. 220th St. Long Beach, CA. 90810 |
| Indy Mens Magazine, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 8500 Keystone Xing Indianapolis, IN. 46240 |
| People Magazine, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | Rockefeller Center Time & Life Bldg N.Y., N.Y. 10020 |
| Sports Illustrated, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 2 Part Avenue N.Y., N.Y. 10016 |
| Norwalk Furniture, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 100 Furniture Pkwy Norwalk, OH 44857 |
| Speedgear.com, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 707 Fenmore Rd. Marmoneck, NY 10543 |
| Indy Racing League, LLC, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 4565 W. 16th St. Indianapolis, IN. 46222 |
| Centrixx Financial Grand Prix of Denver, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 6782 Potomac St. Englewood, CO 80112 |
| American Le Mans Series LLC (owner of Americanlemans.com), Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 1394 Broadway Ave. Braselton, GA 30517 |
| Le Mans Magazine, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 1394 Broadway Ave. Braselton, GA 30517 |
| IndyMotorSpeedway.com, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | Daniel Vielhaber 141 E Beechwood Ln Indianapolis, IN 46227 |

| | | |
|---|---|---|
| Motorsport.com, Inc. , Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 209 Ridgeland Rd, Tallahassee, FL 32312 |
| National Ledger, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | P.O. Box 1212 Apache Junction, AZ 85217 |
| ESPN, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 545 Middle St. Bristol, CT. 06010 |
| St. Petersburg Times, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 490 First Avenue South St. Petersburg, FL 33701 |
| WomanMotorist.com, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 2419 E. Harbor Blvd., #127 Ventura, CA 93001 |
| Consumer Electronic Show (ces.org; CEA.ORG) , Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | 2500 Wilson Blvd Arlington, VA 22201 |
| Motor Racing TV (motorracing.tv) , Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | Afferent Media 188 Woodland St. Balgowlah, NSW 2093 Sydney, Australia |
| German Auto Press, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | Unknown at this time. |
| Pressetext Austria (Pressetext Nachrichtenagentur GmbH) , Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | Josefstaedter Strasse 44 A-1080 Wien, Austria |
| German Auto, Persons Most Qualified | Acquisition, receipt, possession, distribution, and/or use of photographs of Danica Patrick; and other relevant facts. | Unknown at this time. |

1

**SERVICE LIST**

2   *ARGENT MORTGAGE COMPANY, LLC, etc., et al.*
    *v. EDWARD McCAIN, etc.*

3   USDC Case No. SACV0406-749 CJC (RNBx)

4

5   Larry S. Greenfield, Esq.                     Attorneys for Defendant and Counter-Claimant,
    THE LAW OFFICES OF LARRY S.                    EDWARD McCAIN
6   GREENFIELD
    433 N. Camden Drive, Suite 400
7   Beverly Hills, CA  90210-4408
    Telephone: (310) 279-5210
8   Facsimile: (310) 362-8413
    Email: LarrySGreenfield@gmail.com
9
    John Pelosi, Esq.                              Attorneys for Defendant and Counter-Claimant,
10  PELOSI WOLF EFFRON & SPATES LLP                EDWARD McCAIN
    233 Broadway, 22nd Floor
11  New York, N.Y.  10279
    Tel: (212) 334-3599
12  Fax: (212) 571-9149
    Email: jepelosi@pwes.com
13
    Lisa I. Carteen, Esq.                          Attorneys for Plaintiff and Counter-Claim
14  BAKER & HOSTETLER LLP                          Defendant, TEAM RAHAL, INC. and Counter-
    333 S. Grand Ave., Suite 1800                  Claim Defendant RAHAL LETTERMAN
15  Los Angeles, CA  90071-1523                    RACING, INC.
    Tel: (213) 975-1600
16  Fax: (213) 975-1740
    Email: lcarteen@bakerlaw.com
17
    Rosanne Yang, Esq.                             Attorneys for Plaintiff and Counter-Claim
18  BAKER HOSTETLER                                Defendant, TEAM RAHAL, INC. and Counter-
    Capitol Square, Suite 2100                     Claim Defendant RAHAL LETTERMAN
19  65 East State Street                           RACING, INC.
    Columbus, OH 43215-4260
20  Tel: (614) 462-2684
    Fax: (614) 462-2616
21  Email: ryang@bakerlaw.com

22

23

24

25

26

27

28

BUCHALTER NEMER          Rev'd 11/14/06
A PROFESSIONAL CORPORATION    BN 1085743v1
LOS ANGELES

Exhibit___C___ Page__66__

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is at BUCHALTER NEMER, A Professional Corporation, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, California  90017-2457.

On the date set forth below, I served the foregoing document described as:

**PLAINTIFF ARGENT MORTGAGE COMPANY'S RULE 26(a)(1)
INITIAL DISCLOSURES**

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

Larry S. Greenfield, Esq.
THE LAW OFFICES OF LARRY S. GREENFIELD
433 N. Camden Drive, Suite 400
Beverly Hills, CA  90210-4408

John Pelosi, Esq.
PELOSI WOLF EFFRON & SPATES LLP
233 Broadway, 22nd Floor
New York, N.Y.  10279

Lisa I. Carteen, Esq.
BAKER & HOSTETLER LLP
333 S. Grand Ave., Suite 1800
Los Angeles, CA  90071-1523

Rosanne Yang, Esq.
BAKER HOSTETLER
Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260

☒    **BY MAIL**    I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Los Angeles, California on January 22, 2007. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

PROOF OF SERVICE                Exhibit____C____ Page____67____



1  ☒  I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct to the best of my knowledge.  Executed on January 22, 2007, at Los

3  Angeles, California.

4  ☒  I declare that I am employed in the office of a member of the bar of this court at whose

5  direction the service was made.  Executed on January 22, 2007, at Los Angeles, California.

6

7  _____        _____
        Bronwen McGarva                              (Signature)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Exhibit "D"*

| | |
|---|---|
| | Priority ' |
| | Send ☒ |
| | Enter ____ |
| | Closed ____ |
| | JS-5/JS-6 ____ |
| | JS-2/JS-3 ____ |
| | Scan Only ____ |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV06-00749 CJC(RNBx) | Date | April 23, 2007 |
| Title | Argent Mortgage Company, et al v. Edward McCain | | |

Present: The Honorable    **CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Uric | Maria Dellancve | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Richard P. Ormond                 Larry S. Greenfield

Proceedings:  ·     Scheduling Conference

Scheduling Conference held.  Court and counsel confer.  Court sets pretrial conference on July 14, 2008 at 3:30 p.m. and jury trial on July 22, 2008 at 9:00 a.m.  Court orders counsel to submit a proposed stipulation with case management dates and settlement procedure request within thirty days from today's date.  Court further orders counsel to appear before the Magistrate Judge for possible resolution of case.



DOCKETED ON CM

. ː. 2 5 2007

BY                    024

Initials of Preparer    mu                13

24

Exhibit ___D___  Page ___ 69

**From:**   Name:   United States District Court
312 North Spring Street
Los Angeles, CA 90012
Voice Phone:   (213) 894-5474

**To:**   Name:   David Pasternak
Company:
1875 Century Park E, Suite 2200
City/State:   Los Angeles, CA 90067-2523
Fax Number:   310-553-1540



**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

## Automated Document Delivery Service

*Notice pursuant to Rule 77(d) FRCiv.P
The attached copy is hereby served upon you pursuant to Federal Rule of Civil Procedure 77(d).*

**Fax Notes:**

**Case 8:06-CV-00749** :  ARGENT MORTGAGE COMPANY ET AL V. EDWARD MCCAIN

*Pursuant to General Order 06-07, Section F, the following documents shall be submitted in the traditional manner: Pen Registers, Search Warrants, Seizure Warrants, Wire Taps, Bond Related Documents, Under Seal and In-Camera Documents, and All Charging Documents (Complaints, Informations, Indictments, and Superseding Charging Documents). All other documents filed in cases unassigned to a judge shall be filed electronically with a copy e-mailed to the criminal intake mailbox for the appropriate division. The proper e-mail address for each division is as follows:*

Western Division:  CrimIntakeCourtDocs-LA@cacd.uscourts.gov
Southern Division:  CrimIntakeCourtDocs-SA@cacd.uscourts.gov
Eastern Division:  CrimIntakeCourtDocs-RS@cacd.uscourts.gov

*For additional information and assistance, please refer to the CM/ECF page on the Court website at www.cacd.uscourts.gov.*

**Switch to e-mail delivery and get these documents sooner!
To switch, complete and submit
Optical Scanning Enrollment / Update form G-76.
Call 213-894-5474 for help and free technical support.**

*If you received this document in error because the attorney with whom this document is directed is no longer the attorney on the case, a Notice of Change of Attorney Information, form G-6, must be filed. If there are other cases which you've received documents for which you are no longer the attorney, separate notices must be filed for each case. Failure to do so will result in the continued sending of documents to you. Form G-6 is available on the court's website at www.cacd.uscourts.gov or at the Clerk's Office.*

Date and time of transmission:       **Wednesday, April 25, 2007 3:47:36 PM**
Number of pages including this cover sheet:  **02**

Exhibit ___D___   Page ___70___

*Exhibit "E"*

1  BUCHALTER NEMER
   A Professional Corporation
2      MICHAEL L. WACHTELL (SBN: 47218)
       RICHARD P. ORMOND (SBN: 207442)
3  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA  90017-2457
4  Telephone:  (213) 891-0700
   Facsimile:   (213) 896-0400
5
   Attorneys for Plaintiff and Counterclaim Defendant
6  ARGENT MORTGAGE COMPANY, LLC
7  PASTERNAK & PASTERNAK
       DAVID J. PASTERNAK (SBN: 72201)
8  1875 Century Park East, Suite 2200
   Los Angeles, CA  90067-2523
9  Telephone:  (310) 553-1500
   Facsimile:   (310) 553-1540
10
   Attorneys for Plaintiff and Counterclaim Defendant
11 TEAM RAHAL, INC.; and Counterclaim Defendant
   Rahal Letterman Racing, Inc.
12
   PELOSI WOLF EFFRON AND SPATES LLP
13     JOHN PELOSI (*Admitted Pro Hac Vice*)
   233 Broadway, 22nd floor
14 New York, NY 10279
   Telephone: (212) 334-3599
15 Facsimile: (212) 571-9149
16 Attorneys for Defendant/Counterclaimant
   EDWARD McCAIN
17
18            **UNITED STATES DISTRICT COURT**

19      **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

20 ARGENT MORTGAGE                Case No. SACV 06-749 CJC (RNBx)
   COMPANY, LLC, a California
21 limited liability company; and  **Judge:  The Hon. Cormac J. Carney**
   TEAM RAHAL, INC., an Ohio
22 corporation,                   **[PROPOSED] STIPULATED CASE
                                  MANAGEMENT DATES AND
23          Plaintiff,            SETTLEMENT PROCEDURES**

24     vs.

25 EDWARD MCCAIN, an individual,  Pre-Trial Conf. Date:  July 14, 2008
                                  Trial Date:              July 22, 2008
26          Defendant.

27 AND RELATED
   COUNTERCLAIMS
28

MAY 2 4 2007

1  Attorneys for Plaintiff and Counterclaim Defendant Argent Mortgage

2  Company, LLC, Plaintiff and Counterclaim Defendant Team Rahal, Inc., and

3  Defendant and Counterclaimant Edward McCain submit this Stipulated Case

4  Management Statement:

5

| Case Management Dates | | |
|---|---|---|
| | **Date** | **Event** |
| 1. | February 1, 2007 | Written discovery began. |
| 2. | April 1, 2007 | Party and third party depositions begin. |
| 3. | August 31, 2007 | Cut-off to add additional parties/claims. |
| 4. | May 30, 2008 | Non-expert discovery cut-off. |
| 5. | May 30, 2008 | Discovery motion cut-off (filing) date. |
| 6. | May 30, 2008 | Dispositive motion cut-off (filing) date. |
| 7. | June 4, 2008 | Last day for meeting of counsel before Pretrial Conference to discuss items required by L.R. 16.2. |
| 8. | June 10, 2008 | Initial expert reports due. |
| 9. | June 20, 2008 | Rebuttal expert reports due. |
| 10. | June 23, 2008 | Last day to file and serve (1) memorandum of contentions of fact and law; (2) witness lists; and (3) joint exhibit lists. |
| 11. | July 3, 2008 | Last day for plaintiff to lodge Final Pretrial Conference Order. |
| 12. | July 14, 2008, at 3:30 p.m. | Pretrial conference. |
| 13. | July 22, 2008, at 9:00 a.m. | Jury trial begins (3-week estimated length). |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1213286v1                                    2

Exhibit _E_    Page _72_

[PROPOSED] STIPULATED CASE MANAGEMENT DATES AND SETTLEMENT PROCEDURES

1                             **<u>Settlement Procedures</u>**

2           The parties have agreed to participate in private mediation that will be

3 completed before December 31, 2007.

4           Further, on April 23, 2007, the Court ordered the parties to mediate before

5 Magistrate Judge Robert N. Block.  The parties will schedule and attend a

6 settlement hearing with Magistrate Judge Block on or before May 30, 2008.

7

8                              Respectfully submitted,

9

10 DATED:  May 22, 2007           BUCHALTER NEMER

11                               A Professional Corporation

12

13                               By:_____

14                                    RICHARD P. ORMOND

                              Attorneys for Plaintiff and Counterclaim

                            Defendant Argent Mortgage Company, LLC

15

16 DATED:  May ___, 2007          PASTERNAK & PASTERNAK

17

18                               By:_____

19                                    DAVID J. PASTERNAK

                            Attorneys for Plaintiff and Counterclaim

20                                 Defendant Team Rahal, Inc.

21 DATED:  May ___, 2007          PELOSI WOLF EFFRON & SPATES LLP

22

23                               By:_____

24                                    JOHN PELOSI

                            Attorneys for Defendant and

25                             Counterclaim Plaintiff Edward McCain

26

27

28

[PROPOSED] STIPULATED CASE MANAGEMENT DATES AND SETTLEMENT PROCEDURES

1

## Settlement Procedures

2      The parties have agreed to participate in private mediation that will be

3 completed before December 31, 2007.

4      Further, on April 23, 2007, the Court ordered the parties to mediate before

5 Magistrate Judge Robert N. Block.  The parties will schedule and attend a

6 settlement hearing with Magistrate Judge Block on or before May 30, 2008.

7

8                    Respectfully submitted,

9

10 DATED:  May ___, 2007       BUCHALTER NEMER

11                        A Professional Corporation

12

13                     By:_____

                                RICHARD P. ORMOND

14                      Attorneys for Plaintiff and Counterclaim

                      Defendant Argent Mortgage Company, LLC

15

16 DATED:  May 22, 2007        PASTERNAK, PASTERNAK & PATTON,

                      A LAW CORPORATION

17

18                     By:_____

19                       DAVID J. PASTERNAK

                      Attorneys for Plaintiff and Counterclaim

20                     Defendant Team Rahal, Inc.; and

                      Counterclaim Defendant Rahal

21                     Letterman Racing, Inc.

22 DATED:  May 22, 2007        PELOSI WOLF EFFRON & SPATES LLP

23

24                     By:_____

25                       JOHN PELOSI

                      Attorneys for Defendant and

26                     Counterclaim Plaintiff Edward McCain

27

28

[PROPOSED] STIPULATED CASE MANAGEMENT DATES AND SETTLEMENT PROCEDURES

Exhibit _E_ Page _74_

**PROOF OF SERVICE**

*ARGENT MORTGAGE COMPANY, LLC, etc., et al.*
*v. EDWARD McCAIN, etc.*
USDC Case No. SACV0406-749 CJC (RNBx)

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation,18400 Von Karman Avenue, Suite 800,Irvine, CA 92612-0514

    On May 22, 2007, I served the foregoing document described as:

**[PROPOSED] STIPULATED CASE MANAGEMENT DATES AND SETTLEMENT PROCEDURES**

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope as follows:

**See Attached Service List**

☒    **BY MAIL**   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on May 22, 2007. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on May 22, 2007, at Irvine, California.

Joanne D. Mealey-Hatch

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 1242200v1

4

PROOF OF SERVICE

Exhibit ____E____ Page ___75___

1

## SERVICE LIST

2

*ARGENT MORTGAGE COMPANY, LLC, etc., et al.*
*v. EDWARD McCAIN, etc.*
USDC Case No. SACV0406-749 CJC (RNBx)

3

4

5  Larry S. Greenfield, Esq.                    Attorneys for Defendant and Counter-Claimant,
   THE LAW OFFICES OF LARRY S.                   EDWARD McCAIN
6  GREENFIELD
   433 N. Camden Drive, Suite 400
7  Beverly Hills, CA  90210-4408
   Telephone: (310) 279-5210
8  Facsimile: (310) 362-8413
   Email: LarrySGreenfield@gmail.com

9

   John Pelosi, Esq.                            Attorneys for Defendant and Counter-Claimant,
10 PELOSI WOLF EFFRON & SPATES LLP               EDWARD McCAIN
   233 Broadway, 22nd Floor
11 New York, N.Y.  10279
   Tel:  (212) 334-3599
12 Fax:  (212) 571-9149
   Email:  jepelosi@pwes.com

13

   David J. Pasternak, Esq.                     Attorneys for Plaintiff and Counter-Claim
14 John W. Patton, Jr.                           Defendant, TEAM RAHAL, INC. and Counter-
   Pasternak, Pasternak & Patton                 Claim Defendant RAHAL LETTERMAN
15 1875 Century Park East, Suite 2200            RACING, INC.
   Los Angeles, CA 90067-2523
16 Tel.: (310) 553-1500
   Fax:  (310) 553-1540
17 Email:  djp@paslaw.com and
   jwp@paslaw.com

18
   And
19
   H. Ritchey Hollenbaugh, Esq.
20 Carlile, Patchen & Murph LLP
   366 East Broad Street
21 Columbus, OH 43215
   Tel:  (614) 228-6135
22 Fax:  (614) 221-0216
   Email:  hrh@cpmlaw.com

23

   Rosanne Yang, Esq.                           Attorneys for Plaintiff and Counter-Claim
24 BAKER HOSTETLER                               Defendant, TEAM RAHAL, INC. and Counter-
   Capitol Square, Suite 2100                    Claim Defendant RAHAL LETTERMAN
25 65 East State Street                          RACING, INC.
   Columbus, OH 43215-4260
26 Tel:  (614) 462-2684
   Fax:  (614) 462-2616
27 Email:  ryang@bakerlaw.com

28

*Exhibit "F"*

1 | PELOSI WOLF EFFRON & SPATES LLP
    JOHN PELOSI (*Pro Hac Vice Application*)
2 | 233 Broadway, 22nd Floor
    New York, NY 10279
3 | Telephone:  (212) 334-3599
    Facsimile:  (212) 571-9149
4 | Email    jpelosi@pwes.com
    Attorneys for Defendant/Counterclaim Plaintiff
5 | EDWARD MCCAIN

6 | **UNITED STATES DISTRICT COURT**

7 | **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

8 | ARGENT MORTGAGE COMPANY,      ) Case No. SACV 06-749 CJC (RNBx)
    LLC, a California limited liability   )
9 | company; and TEAM RAHAL, INC., an ) **PLAINTIFF'S ANSWER TO**
    Ohio Corporation,                )  **DEFENDANT'S FIRST SET OF**
10 |                                  )  **REQUESTS FOR ADMISSIONS**
                    Plaintiffs,        )
11 |                                  )
                                      )
12 |          v.                      )  **Judge:** Hon. Cormac J. Carney
                                      )  **Crtrm:** 9B
13 | EDWARD McCAIN, an individual,    )
                                      )
14 |                    Defendant.     )
                                      )
15 |                                  )
    AND RELATED COUNTERCLAIMS     )
16 |

**ANSWERS TO REQUESTS FOR ADMISSIONS**

**ANSWER TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**ANSWER TO REQUEST FOR ADMISSION NO. 2:**

Admit.

**ANSWER TO REQUEST FOR ADMISSION NO. 3:**

Admit that Borchetta signed an agreement to license images to Argent, but deny being aware

of any known agency relationship between Borchetta and Argent.

**ANSWER TO REQUEST FOR ADMISSION NO. 4:**

Admit that Borchetta signed an agreement to license images to Argent, but deny being aware

of any known agency relationship between Borchetta and Argent.

**ANSWER TO REQUEST FOR ADMISSION NO. 5:**

Deny, but admit that Borchetta was acting as an intermediary with Argent.

---

PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF ADMISSIONS

Exhibit___F___  Page___77___

1  **ANSWER TO REQUEST FOR ADMISSION NO. 6**:

2  Deny, but admit to entering into an agreement with Borchetta and not being aware of his

3  official capacity with respect to Argent.

4  **ANSWER TO REQUEST FOR ADMISSION NO. 7**:

5  Deny, but admit that I entered into an agreement with Borchetta and not being aware of his

6  official capacity with respect to Argent.

7  **ANSWER TO REQUEST FOR ADMISSION NO 8**:

8  Deny.

9  **ANSWER TO REQUEST FOR ADMISSION NO 9**:

10  Deny.

11  **ANSWER TO REQUEST FOR ADMISSION NO. 10**:

12  Deny, but admit that license agreement was entered into with Borchetta.

13  **ANSWER TO REQUEST FOR ADMISSION NO. 11**:

14  Deny, but admit that license agreement was entered into with Borchetta.

15  **ANSWER TO REQUEST FOR ADMISSION NO. 12**:

16  Deny.

17  **ANSWER TO REQUEST FOR ADMISSION NO. 13**:

18  Deny.

19  **ANSWER TO REQUEST FOR ADMISSION NO. 14**:

20  Deny.

21  **ANSWER TO REQUEST FOR ADMISSION NO. 15**:

22  Deny.

23  **ANSWER TO REQUEST FOR ADMISSION NO. 16**:

24  Deny.

25  **ANSWER TO REQUEST FOR ADMISSION NO. 17**:

26  Deny.

27  **ANSWER TO REQUEST FOR ADMISSION NO. 18**:

28  Deny.

1  **ANSWER TO REQUEST FOR ADMISSION NO. 19**:

2  Deny.

3  **ANSWER TO REQUEST FOR ADMISSION NO. 20**:

4  Deny.

5  **ANSWER TO REQUEST FOR ADMISSION NO. 21**:

6  Deny.

7  **ANSWER TO REQUEST FOR ADMISSION NO 22**:

8  Deny.

9  **ANSWER TO REQUEST FOR ADMISSION NO. 23**:

10  Deny.

11  **ANSWER TO REQUEST FOR ADMISSION NO. 24**:

12  Deny, in so as much as the admission requested is unclear.

13  **ANSWER TO REQUEST FOR ADMISSION NO. 25**:

14  Deny, in so much as photographers may use images in editorial contexts.

15  **ANSWER TO REQUEST FOR ADMISSION NO. 26**:

16  Deny, in so as much as the admission requested is unclear.

17  **ANSWER TO REQUEST FOR ADMISSION NO. 27**:

18  Deny, in so much as photographers may use images in editorial contexts.

19

20  DATED: MAY 25, 2007

21

22                                    EDWARD McCAIN

23

24                                    PELOSI WOLF EFFRON & SPATES LLP

25

26                                    By: _____

27                                    JOHN PELOSI, ESQ.
                                      Attorney for Defendant/Counterclaim Plaintiff
28                                    Edward McCain

3

PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF ADMISSIONS

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 233 Broadway, 22nd Floor, New York, NY 10279. I am employed in the County of New York, where this service occurs. I am over the age of 18 years, and I am not a party to the within cause. I am readily familiar with my firm's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the day set forth below, following ordinary business practice, I served a copy of the foregoing documents described as:

By Mail: I caused such envelopes with postage thereon fully prepaid to be placed in the mail courier service, Federal Express, to the addressee on this date:

Richard P. Ormond, Esq.
BUCHALTER NEMER
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 25, 2007, at New York, New York.

Angelo DiStefano

PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF ADMISSIONS

Exhibit _F_ Page _80_

# *Exhibit "G"*

1   PELOSI WOLF EFFRON & SPATES LLP
       JOHN PELOSI (*Pro Hac Vice Application*)
2   233 Broadway, 22ⁿᵈ Floor
    New York, NY 10279
3   Telephone:   (212) 334-3599
    Facsimile:   (212) 571-9149
4   Email      jpelosi@pwes.com
    Attorneys for Defendant/Counterclaim Plaintiff
5   EDWARD McCAIN

RECEIVED
JUN 25 2007
PASTERNAK, PASTERNAK & PATTON

6              **UNITED STATES DISTRICT COURT**

7      **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

8   ARGENT MORTGAGE COMPANY,          Case No. SACV 06-749 CJC (RNBx)
    LLC, a California limited liability
9   company; and TEAM RAHAL, INC.,    **DEFENDANT'S ANSWER TO**
    an Ohio Corporation,              **PLAINTIFF'S FIRST SET OF**
10                                     **INTERROGATORIES**
              Plaintiffs,
11
                                      **Judge:**   **Hon. Cormac J. Carney**
12         v.                         **Crtrm:**   **9B**

13  EDWARD McCAIN, an individual,

14            Defendant.

15  AND RELATED COUNTERCLAIMS
16
17  Pursuant to Federal Rule of Civil Procedure 33 and Local Rules, Defendant and
18  Counterclaim Plaintiff Edward McCain makes the following Answers, and his
19  counsel makes the following Objections, to Plaintiff and Counterclaim Defendant's
20  First Set of Interrogatories dated April 26, 2007.

    **GENERAL OBJECTIONS**
21
22  McCain, through his counsel, generally objects to the Interrogatories as follows:

23  1. McCain objects to the Interrogatories to the extent that they are overbroad, unduly
24  burdensome and not reasonably calculated to lead to the discovery of admissible
    evidence.
25
26  2. McCain objects to the Interrogatories to the extent that they seek information not
27  currently in his possession, custody or control.

28  3. McCain objects to the Interrogatories to the extent that they seek information
    protected by the attorney-client privilege, the work product doctrine, or other

    Exhibit _____ Page _____

_____
    DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1  privilege or immunity recognized by law. Any inadvertent or mistaken disclosure of

2  information protected by the attorney-client privilege, the work product doctrine, or

3  other privilege or immunity recognized by law shall not constitute a waiver of such

4  privilege or immunity.

5  4. In providing these Answers and Objections, McCain does not waive, but rather

6  reserves:

7      (i) all objections as to competency, relevancy, materiality and admissibility

8      of the Interrogatories, these Answers and Objections, and the subject matter

9      thereof;

10     (ii) all objections as to vagueness, ambiguity and undue burden;

11     (iii) all rights to object on any ground to the use of any part of these

12     Answers and Objections and the subject matter thereof in any subsequent

13     proceeding, including the trial of this action; and

14     (iv) all rights to object on any ground to any requests for further Answers to

15     these or any other Interrogatories.

16 5. McCain reserves the right to supplement or amend these Answers and Objections

17 at any time.

18 **ANSWERS AND SPECIFIC OBJECTIONS**

19 Subject to and without waiving any of the foregoing General Objections, McCain

20 answers, and through his counsel specifically objects to, the Interrogatories as

21 follows:

22 **ANSWER TO INTERROGATORY NO. 1:**

23 The available facts that support the contention are as follows: Argent reproduced the

24 photographs pursuant to written license agreements which clearly stated the rights

25 granted and the limitations of those rights. Borchetta has indicated that he provided

26 Argent with original transparencies of Photographs and also provided Argent with

27 the Photographs in electronic format for Argent's review and selection for use

28 pursuant to the license agreements. Upon information and belief, the license

Exhibit  G  Page  82

DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

agreements were reviewed and acknowledged by Argent.  On January 19, 2005, Rochelle Arther, Advertising Coordinator of Marketing for Argent sent an email to Borchetta specifically asking: *"Are there any similar photos of Danica (to that of McCain's Photographs) that we (Argent) do not have to pay licensing fees on that we own out right?"*  Borchetta replied that same day to Ms. Arther's email stating: *"Not that I possess."*  (See documents MC0000195 and MC0000196.)  Despite this clear indication, Argent and other Counterclaim Defendants proceeded to use the photographs without permission in violation of copyrights.  It is believed that Argent used electronic files to reproduce photographs in various media.

**ANSWER TO INTERROGATORY NO. 2:**

McCain specifically objects to this Interrogatory to the extent that it seeks information not currently in his possession, custody or control . Subject to and without waiving the foregoing Specific Objection, it is upon information and belief that Argent and other Counterclaim Defendants entered a sponsorship/marketing arrangement.  It is clear that Danica Patrick was featured in the promotional and advertising campaign that resulted from this arrangement.  The specifics of the promotional and advertising campaign will be determined through discovery.  There are photographs of Danica Patrick wearing Argent logos.  Argent logos also appeared on Danica Patrick's Indy race car and on her racing suit.  Presumably, the exposure resulting for Argent from Danica Patrick's popularity resulted in promotional benefits for Argent.

**ANSWER TO INTERROGATORY NO. 3:**

During pre-litigation factual exchanges, Counterclaim Defendants admitted to using the Photographs. Counterclaim Plaintiff has provided a detailed statement of uses as set forth in letter dated June 27, 2006, a copy of which has been provided in response to the document request in this matter. (See documents MC0000101 through

DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1  MC0000112.) Additional support for the claims shall be ascertained through

2  discovery.

3  **ANSWER TO INTERROGATORY NO. 4:**

4  McCain specifically objects to this Interrogatory to the extent that it seeks

5  information not currently in his possession, custody or control . Subject to and

6  without waiving the foregoing Specific Objection, in response to cease and desist

7  letters to the various media outlets, each party indicated the Photographs were

8  provided to them by Counterclaim Defendants.  (See documents MC0000116 and

9  MC0000134.)  These various media outlets also indicated that Counterclaim

10  Defendants granted them permission to reproduce the photographs.

11  **ANSWER TO INTERROGATORY NO. 5:**

12  McCain specifically objects to this Interrogatory to the extent that it seeks

13  information not currently in his possession, custody or control . Subject to and

14  without waiving the foregoing Specific Objection, McCain was able to secure

15  "screen-captures" of a substantial number of third party websites embodying the

16  Photographs.  These third party websites includes those listed on the schedule

17  attached to letter dated June 27, 2006.  (See documents MC0000105 through

18  MC0000112.)  After August 2005, uses of the Photographs on third party websites

19  became too prevalent for Plaintiff to record.

20  **ANSWER TO INTERROGATORY NO. 6:**

21  No permission was granted for any uses of photographs other than the specific and

22  limited uses set forth in the licenses dated November 18, 2002 and January 21, 2005.

23  (See documents MC0000002 through MC0000008.)

24  **ANSWER TO INTERROGATORY NO. 7:**

25  See response to Interrogatory No. 1 above.  Additional evidence may be ascertained

26  through discovery.

27  //

28  //

Exhibit  G  Page  84

4

DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1  **ANSWER TO INTERROGATORY NO 8:**

2  See response to Interrogatory No. 3 above. Additional evidence may be ascertained

3  through discovery.

4  **ANSWER TO INTERROGATORY NO 9:**

5  Counterclaim Plaintiff was engaged to take photographs of Danica Patrick at the

6  request of Argent. All of the photographs resulting from the photo shoot were

7  registered with the Copyright Office, A registration for the photographs was duly

8  issued under # VAU-564-275. The license agreements for the use of the photographs

9  did not convey or assign copyrights to Argent or the other Counterclaim Defendants.

10  Counterclaim Plaintiff has not assigned the copyrights to any other person or entity.

11  A copy of the copyright registration has been provided to Counterclaim Defendants.

12  **ANSWER TO INTERROGATORY NO. 10:**

13  See response to Interrogatory No. 3 above. Argent was also made aware of these

14  facts in a letter dated August 23, 2005. (See documents MC0000060 through

15  MC0000088.) Additional evidence may be ascertained through discovery.

16  **ANSWER TO INTERROGATORY NO. 11:**

17  See response to Interrogatory No. 1 above. Additional evidence may be ascertained

18  through discovery.

19  **ANSWER TO INTERROGATORY NO. 12:**

20  See response to Interrogatory No. 1 above. Additional evidence may be ascertained

21  through discovery.

22  **ANSWER TO INTERROGATORY NO. 13:**

23  Counterclaim Plaintiff did not receive compensation for any of the unauthorized uses,

24  nor did he receive credit as the photographer of the photographs used in a major

25  promotional and advertising campaign launched by Counterclaim Defendants, which

26  included use of the Photographs in major publications.

27  **ANSWER TO INTERROGATORY NO. 14:**

28  Relevant copyright law allows for the recovery sought.

Exhibit G    Page 85

5

DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1  **ANSWER TO INTERROGATORY NO. 15:**

2  See response to Interrogatory No. 14 above.

3  **ANSWER TO INTERROGATORY NO. 16:**

4  McCain specifically objects to this Interrogatory to the extent that it seeks

5  information not currently in his possession, custody or control . Subject to and

6  without waiving the foregoing Specific Objection, Counterclaim Plaintiff believes

7  that Counterclaim Defendants generated profits significantly in excess of $1,000,000

8  from the use of the photographs. This information is in Counterclaim Defendant's

9  possession.  Further evidence substantiating the claims shall be ascertained in

10  discovery.

11  **ANSWER TO INTERROGATORY NO. 17:**

12  See response to Interrogatory No. 14 above, except that the statutory damages

13  Counterclaimant is entitled is $150,000 per violation.

14  **ANSWER TO INTERROGATORY NO. 18:**

15  See responses to Interrogatories No. 2 and No. 3 above.  Additional facts shall be

16  ascertained through discovery.

17  **ANSWER TO INTERROGATORY NO. 19:**

18  See response to Interrogatory No. 1 above.

19  **ANSWER TO INTERROGATORY NO. 20:**

20  See response to Interrogatory No. 4 above.

21  **ANSWER TO INTERROGATORY NO. 21:**

22  See response to Interrogatory No. 13 above.  Furthermore, the reproduction of the

23  photographs was undertaken without giving Counterclaim Plaintiff credit.  Failure to

24  give credit is recognized by the American Society of Magazine Photographers as a

25  per se violation of photographer's rights since the lack of credit may result in lost

26  future income.  A standard loss of $3,000 is recognized in the industry for each

27  instance credit is not provided.  Counterclaim Defendants did not compensate

28  Counterclaim Plaintiff for any of the unauthorized uses.

Exhibit___G___ Page__86__

DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**ANSWER TO INTERROGATORY NO 22:**

See responses to Interrogatories No. 17 and No. 21.

**ANSWER TO INTERROGATORY NO. 23:**

Mark Borchetta
15260 Ventura Blvd.,
Sherman Oaks, CA 91403
T: (818) 990-3239

United States Copyright Office
101 Independence Ave., S.E.
Washington, D.C. 20559-6000
T: (202) 707-5959

People Magazine
Time & Life Building
Rockefeller Center
New York, NY 10020

McCain granted a limited license to People in November of 2005 for use of one of the Photographs in People Magazine. This license was granted to People after People had been informed by McCain in June of 2005 that People's previous print and online uses of the Photographs were unauthorized and in violation of McCain's copyrights.

**ANSWER TO INTERROGATORY NO. 24:**

McCain specifically objects to this Interrogatory to the extent that it seeks information not currently in his possession, custody or control . McCain further objects to this Interrogatory to the extent that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing Specific Objections, the basis for calculation of damages is based upon either statutory damages afforded by US Copyright law, Argents profits in connection with the unauthorized use of photographs, and damages imposed by the Court in light of the willful nature of the infringements. Failure to

Exhibit G Page 87

1  provide credit to McCain also has caused damage in the amount of $3,000 per use

2  without credit.

3  **ANSWER TO INTERROGATORY NO. 25:**

4  Authorized license of the images for editorial purposes and limited edition prints sales

5  as art.

6

7  DATED: June 19, 2007

8

9  **DECLARATION**

10  Edward McCain declares under penalty of perjury that he is the Defendant and

11  Counterclaim Plaintiff in this action, that he has read the foregoing Answers to

12  Plaintiff's First Set of Interrogatories dated April 26, 2007, and that they are true to

13  his own knowledge, except as to matters stated upon information and belief, as to

14  which matters he believes to be true.

15

16

17

18                    EDWARD McCAIN

19

20              PELOSI WOLF EFFRON & SPATES LLP

21

22  By: _____

23              JOHN PELOSI, ESQ.

24      Attorney for Defendant/Counterclaim Plaintiff
                    Edward McCain

25

26

27

28

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 233 Broadway, 22nd Floor, New York, NY 10279. I am employed in the County of New York, where this service occurs. I am over the age of 18 years, and I am not a party to the within cause. I am readily familiar with my firm's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the day set forth below, following ordinary business practice, I served a copy of the foregoing documents described as:

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

By Mail: I caused such envelopes with postage thereon fully prepaid to be placed in the mail courier service, Federal Express, to the addressee on this date:

Richard P. Ormond, Esq.
BUCHALTER NEMER
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457

H. Ritchey Hollenbaugh, Esq.
Carlile, Patchen & Murphy LLP
366 East Broad Street
Columbus, OH 43215

David J. Pasternak, Esq.
Pasternak, Pasternak & Patton
1875 Century Park East, Suite 2200
Los Angeles, CA 90067-2523

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 20, 2007 at New York, New York.

Angelo DiStefano

Exhibit G          Page 39

DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

*Exhibit "H"*

1 | PELOSI WOLF EFFRON & SPATES LLP
      JOHN PELOSI (*Pro Hac Vice Application*)
2 | 233 Broadway, 22nd Floor
   | New York, NY 10279
3 | Telephone:  (212) 334-3599
   | Facsimile:  (212) 571-9149
4 | Email:      jpelosi@pwes.com
   | Attorneys for Defendant/Counterclaim Plaintiff
5 | EDWARD MCCAIN

[stamp: RECEIVED JUN 25 2007 PASTERNAK, PASTERNAK & PATTON]

6 | **UNITED STATES DISTRICT COURT**

7 | **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

8 | ARGENT MORTGAGE COMPANY,          )  Case No. SACV 06-749 CJC (RNBx)
   | LLC, a California limited liability  )
9 | company; and TEAM RAHAL, INC.,    )  **DEFENDANT'S RESPONSES TO**
   | an Ohio Corporation,              )  **PLAINTIFF'S FIRST SET OF**
10|                                    )  **REQUESTS FOR THE**
   |            Plaintiffs,            )  **PRODUCTION OF DOCUMENTS**
11|                                    )
12|      v.                           )  **Judge:   Hon. Cormac J. Carney**
   |                                    )  **Crtrm:   9B**
13| EDWARD McCAIN, an individual,     )
14|            Defendant.             )
15|                                    )
   | AND RELATED COUNTERCLAIMS        )
16|

17| Pursuant to Federal Rule of Civil Procedure 34, Defendant and Counterclaim

18| Plaintiff Edward McCain, through his counsel makes the following Responses and

19| Objections, to Plaintiff and Counterclaim Defendant's First Set of Requests for the

20| Production of Documents dated April 26, 2007.

21| **GENERAL OBJECTIONS**

22| McCain, through his counsel, generally objects to the Requests as follows:

23| 1. McCain objects to the Requests to the extent that they are overbroad, unduly

24| burdensome and not reasonably calculated to lead to the discovery of admissible

25| evidence.

26| 2. McCain objects to the Requests to the extent that they seek information not

27| currently in his possession, custody or control.

28| 3. McCain objects to the Requests to the extent that they seek information protected

   | by the attorney-client privilege, the work product doctrine, or other privilege or

Exhibit ____ Page 90

1   immunity recognized by law. Any inadvertent or mistaken disclosure of information

2   protected by the attorney-client privilege, the work product doctrine, or other

3   privilege or immunity recognized by law shall not constitute a waiver of such

4   privilege or immunity.

5   4. In providing these Responses and Objections, McCain does not waive, but rather

6   reserves:

7       (i) all objections as to competency, relevancy, materiality and admissibility

8       of the Requests, these Responses and Objections, and the subject matter

9       thereof;

10      (ii) all objections as to vagueness, ambiguity and undue burden;

11      (iii) all rights to object on any ground to the use of any part of these

12      Responses and Objections and the subject matter thereof in any subsequent

13      proceeding, including the trial of this action; and

14      (iv) all rights to object on any ground to any requests for further Responses

15      to these or any other Requests.

16  5. McCain reserves the right to supplement or amend these Responses and

17  Objections at any time.

18  **ANSWERS AND SPECIFIC OBJECTIONS**

19  Subject to and without waiving any of the foregoing General Objections, McCain

20  responds, and through his counsel specifically objects to, the Requests as follows:

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

22  To the extent that documents responsive to this request exist, all known and existing

23  responsive documents in Defendant's possession have been produced.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

25  To the extent that documents responsive to this request exist, all known and existing

26  responsive documents in Defendant's possession have been produced.

27  //

28  //

Exhibit ___H___   Page ___91___

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**</u>

2 To the extent that documents responsive to this request exist, all known and existing

3 responsive documents in Defendant's possession have been produced.

4 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**</u>

5 To the extent that documents responsive to this request exist, all known and existing

6 responsive documents in Defendant's possession have been produced.

7 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**</u>

8 To the extent that documents responsive to this request exist, all known and existing

9 responsive documents in Defendant's possession have been produced.

10 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**</u>

11 To the extent that documents responsive to this request exist, all known and existing

12 responsive documents in Defendant's possession have been produced.

13 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**</u>

14 To the extent that documents responsive to this request exist, all known and existing

15 responsive documents in Defendant's possession have been produced.

16 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**</u>

17 To the extent that documents responsive to this request exist, all known and existing

18 responsive documents in Defendant's possession have been produced.

19 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**</u>

20 To the extent that documents responsive to this request exist, all known and existing

21 responsive documents in Defendant's possession have been produced.

22 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**</u>

23 McCain is producing herewith copies of documents in his possession, custody or

24 control responsive to this Request that were not previously produced.

25 <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**</u>

26 To the extent that documents responsive to this request exist, all known and existing

27 responsive documents in Defendant's possession have been produced.

28 <u>//</u>

Exhibit H  Page 92

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

To the extent that documents responsive to this request exist, all known and existing responsive documents in Defendant's possession have been produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

To the extent that documents responsive to this request exist, all known and existing responsive documents in Defendant's possession have been produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

McCain is producing herewith copies of documents in his possession, custody or control responsive to this Request that were not previously produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

McCain is producing herewith copies of documents in his possession, custody or control responsive to this Request that were not previously produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

To the extent that documents responsive to this request exist, all known and existing responsive documents in Defendant's possession have been produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

To the extent that documents responsive to this request exist, all known and existing responsive documents in Defendant's possession have been produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

To the extent that documents responsive to this request exist, all known and existing responsive documents in Defendant's possession have been produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

To the extent that documents responsive to this request exist, all known and existing responsive documents in Defendant's possession have been produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

To the extent that documents responsive to this request exist, all known and existing responsive documents in Defendant's possession have been produced.

//

Exhibit H  Page 93

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2    To the extent that documents responsive to this request exist, all known and existing

3    responsive documents in Defendant's possession have been produced.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

5    McCain is producing herewith copies of documents in his possession, custody or

6    control responsive to this Request that were not previously produced.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

8    To the extent that documents responsive to this request exist, all known and existing

9    responsive documents in Defendant's possession have been produced.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

11   To the extent that documents responsive to this request exist, all known and existing

12   responsive documents in Defendant's possession have been produced.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

14   To the extent that documents responsive to this request exist, all known and existing

15   responsive documents in Defendant's possession have been produced.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

17   To the extent that documents responsive to this request exist, all known and existing

18   responsive documents in Defendant's possession have been produced.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

20   To the extent that documents responsive to this request exist, all known and existing

21   responsive documents in Defendant's possession have been produced.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

23   To the extent that documents responsive to this request exist, all known and existing

24   responsive documents in Defendant's possession have been produced.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

26   To the extent that documents responsive to this request exist, all known and existing

27   responsive documents in Defendant's possession have been produced.

28   //

Exhibit ___H___ Page 94

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

2    To the extent that documents responsive to this request exist, all known and existing

3    responsive documents in Defendant's possession have been produced.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

5    To the extent that documents responsive to this request exist, all known and existing

6    responsive documents in Defendant's possession have been produced.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

8    To the extent that documents responsive to this request exist, all known and existing

9    responsive documents in Defendant's possession have been produced.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

11   To the extent that documents responsive to this request exist, all known and existing

12   responsive documents in Defendant's possession have been produced.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

14   McCain is producing herewith copies of documents in his possession, custody or

15   control responsive to this Request that were not previously produced.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

17   To the extent that documents responsive to this request exist, all known and existing

18   responsive documents in Defendant's possession have been produced.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

20   To the extent that documents responsive to this request exist, all known and existing

21   responsive documents in Defendant's possession have been produced.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

23   To the extent that documents responsive to this request exist, all known and existing

24   responsive documents in Defendant's possession have been produced.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

26   McCain is producing herewith copies of documents in his possession, custody or

27   control responsive to this Request that were not previously produced.

28   //

Exhibit H Page 95

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

2  To the extent that documents responsive to this request exist, all known and existing

3  responsive documents in Defendant's possession have been produced.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

5  To the extent that documents responsive to this request exist, all known and existing

6  responsive documents in Defendant's possession have been produced.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

8  To the extent that documents responsive to this request exist, all known and existing

9  responsive documents in Defendant's possession have been produced.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

11  To the extent that documents responsive to this request exist, all known and existing

12  responsive documents in Defendant's possession have been produced.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

14  McCain specifically objects to this Request because it is vague, overbroad, unduly

15  burdensome and not reasonably calculated to lead to the discovery of admissible

16  evidence.  Without waiving the foregoing Specific Objection, to the extent that

17  documents responsive to this request exist, all known and existing responsive

18  documents in Defendant's possession have been produced.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

20  McCain specifically objects to this Request because it does not seek documents

21  relevant to claims set forth in this action.  Without waiving the foregoing Specific

22  Objection, to the extent that documents responsive to this request exist, all known

23  and existing responsive documents in Defendant's possession have been produced.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

25  To the extent that documents responsive to this request exist, all known and existing

26  responsive documents in Defendant's possession have been produced.

27  //

28  //

7

Exhibit __H__  Page __96__

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

2  To the extent that documents responsive to this request exist, all known and existing

3  responsive documents in Defendant's possession have been produced.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

5  McCain specifically objects to this Request because it does not seek documents

6  relevant to claims set forth in this action.  Without waiving the foregoing Specific

7  Objection, to the extent that documents responsive to this request exist, all known

8  and existing responsive documents in Defendant's possession have been produced.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

10  To the extent that documents responsive to this request exist, all known and existing

11  responsive documents in Defendant's possession have been produced.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

13  To the extent that documents responsive to this request exist, all known and existing

14  responsive documents in Defendant's possession have been produced.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

16  McCain specifically objects to this Request because it does not seek documents

17  relevant to claims set forth in this action.  Without waiving the foregoing Specific

18  Objection, to the extent that documents responsive to this request exist, all known

19  and existing responsive documents in Defendant's possession have been produced.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

21  McCain specifically objects to this Request because it does not seek documents

22  relevant to claims set forth in this action.  Without waiving the foregoing Specific

23  Objection, to the extent that documents responsive to this request exist, all known

24  and existing responsive documents in Defendant's possession have been produced.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

26  To the extent that documents responsive to this request exist, all known and existing

27  responsive documents in Defendant's possession have been produced.

28  //

Exhibit H  Page 97

8

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

2  McCain specifically objects to this Request because it is vague, overbroad, unduly

3  burdensome and not reasonably calculated to lead to the discovery of admissible

4  evidence.  Without waiving the foregoing Specific Objection, to the extent that

5  documents responsive to this request exist, all known and existing responsive

6  documents in Defendant's possession have been produced.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

8  To the extent that documents responsive to this request exist, all known and existing

9  responsive documents in Defendant's possession have been produced.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

11  To the extent that documents responsive to this request exist, all known and existing

12  responsive documents in Defendant's possession have been produced.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

14  McCain specifically objects to this Request because it does not seek documents

15  relevant to claims set forth in this action.  Without waiving the foregoing Specific

16  Objection, to the extent that documents responsive to this request exist, all known

17  and existing responsive documents in Defendant's possession have been produced.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

19  To the extent that documents responsive to this request exist, all known and existing

20  responsive documents in Defendant's possession have been produced.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

22  To the extent that documents responsive to this request exist, all known and existing

23  responsive documents in Defendant's possession have been produced.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

25  To the extent that documents responsive to this request exist, all known and existing

26  responsive documents in Defendant's possession have been produced.

27  //

28  //

Exhibit __H__ Page__90__

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 60**

2    To the extent that documents responsive to this request exist, all known and existing

3    responsive documents in Defendant's possession have been produced.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 61**

5    McCain has no documents in his possession, custody or control responsive to this

6    Request.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 62**

8    McCain has no documents in his possession, custody or control responsive to this

9    Request.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63**

11   McCain has no documents in his possession, custody or control responsive to this

12   Request.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 64**

14   To the extent that documents responsive to this request exist, all known and existing

15   responsive documents in Defendant's possession have been produced.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65**

17   To the extent that documents responsive to this request exist, all known and existing

18   responsive documents in Defendant's possession have been produced.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66**

20   McCain specifically objects to this Request because it is vague, overbroad, unduly

21   burdensome and not reasonably calculated to lead to the discovery of admissible

22   evidence.  Without waiving the foregoing Specific Objection, to the extent that

23   documents responsive to this request exist, all known and existing responsive

24   documents in Defendant's possession have been produced.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67**

26   To the extent that documents responsive to this request exist, all known and existing

27   responsive documents in Defendant's possession have been produced.

28   //

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**

To the extent that documents responsive to this request exist, all known and existing responsive documents in Defendant's possession have been produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**

McCain is producing herewith copies of documents in his possession, custody or control responsive to this Request that were not previously produced.

DATED: JUNE 20, 2007

PELOSI WOLF EFFRON & SPATES LLP

By: _____

JOHN PELOSI, ESQ.
Attorney for Defendant/Counterclaim Plaintiff
Edward McCain

Exhibit ___H___ Page _100_

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 233 Broadway, 22nd Floor, New York, NY 10279. I am employed in the County of New York, where this service occurs. I am over the age of 18 years, and I am not a party to the within cause. I am readily familiar with my firm's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the day set forth below, following ordinary business practice, I served a copy of the foregoing documents described as:

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

By Mail: I caused such envelopes with postage thereon fully prepaid to be placed in the mail or by the courier service, Federal Express, to the addressee on this date:

Richard P. Ormond, Esq.  
BUCHALTER NEMER  
1000 Wilshire Boulevard, Suite 1500  
Los Angeles, CA 90017-2457

H. Ritchey Hollenbaugh, Esq.  
Carlile, Patchen & Murphy LLP  
366 East Broad Street  
Columbus, OH 43215

David J. Pasternak, Esq.  
Pasternak, Pasternak & Patton  
1875 Century Park East, Suite 2200  
Los Angeles, CA 90067-2523

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 20, 2007, at New York, New York.

Angelo DiStefano

12  
Exhibit H    Page 101  
DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

## DOCUMENTS PRODUCED IN RESPONSE TO REQUEST FOR PRODUCTION NO. 15

------ Forwarded Message
>> From: <sysdeliv@fn3a.prod.fedex.com>, FedEx <donotreply@fedex.com>
>> Reply-To: FedEx <donotreply@fedex.com>
>> Date: Tue, 19 Nov 2002 11:47:34 -0600 (CST)
>> To: <edward@mccainphoto.com>
>> Subject: FedEx shipment 792136750269
>>
>> Our records indicate that the shipment sent from Edward McCain/McCain
>> Photography
>> to Mark Borchetta/The Creative Dept., LLC has been delivered.
>> The package was delivered on 11/19/2002 at 9:45 AM and signed for
>> or released by 11643648.
>>
>> The ship date of the shipment was 11/18/2002.
>>
>> The tracking number of this shipment was 792136750269.
>>
>> FedEx appreciates your business. For more information about FedEx services,
>> please visit our web site at http://www.fedex.com
>>
>> To track the status of this shipment online please use the following:
>> http://www.fedex.com/cgi-
bin/tracking?tracknumbers=792136750269&action=track&l
>> anguage=english&cntry_code=us
>>
>> Disclaimer
>> ------------------------------------------------------------
>> FedEx has not validated the authenticity of any email address.
>
> ------ End of Forwarded Message
>
>



## DOCUMENTS PRODUCED IN RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Exhibit___H___Page___104___

THE LAW OFFICES
OF
ROBERT M. CAVALLO P.C.
545 MADISON AVENUE
NEW YORK, NEW YORK 10022

TEL. 212·783·2224
FAX. 212·753·7113

OF COUNSEL
DANIEL J. BELLIZIO
ADMITTED NY & NJ

June 8, 2005

Indy Men's Magazine
8500 Keystone Crossing
Indianapolis, IN 46240
ATTN: Legal Department

Re:    Edward McCain & Danica Patrick

Dear Sirs,

This office represents the above named photographer in connection with the illegal use of his images of Danica Patrick.

On November 14-15, our client was hired by a marketing company to photograph Ms. Patrick for one of her sponsors. He subsequently registered the images with the Library of Congress, and obtained a copyright for same, bearing registration number VAu 564-275.

It has come to our client's attention that his image of Danica Patrick was published on the cover of the May 2005 edition of Indy Men's Magazine (a copy of that image is enclosed herein), as well as appeared on the magazine's website.

Our client did not grant Indy Men's Magazine a license to use this image. As such, you are put on notice that said use of Mr. McCain's photograph constitutes copyright infringement under Title 17 of the United States Code. Take notice that copyright violations carry a penalty ranging from $35,000.00 to $150,000.00 for *each* infringement.

Our client intends to take all steps necessary, including commencing litigation, to protect his interest in his copyrighted images.

Feel free to contact this office should you wish to discuss this matter.

Very truly yours,

Robert M. Cavallo

cc: Mr. Edward McCain

Exhibit H    Page 105



**McCain**
Photography

# Photography Invoice

**TO:** Donna Tsufura
People Magazine
1271 Sixth Ave Room 2958
New York, NY 10020
USA
(212)  522-2399

**Date:** 11/21/05
**Invoice No.:** 4387
**Job N°:** 2995
**Client Job N°:** 17818#Edward
**P.O. N°:** email
**AD/Editor:** D. Tsufura

| Start Time: 3:30 PM | Start Date: 11/14/02 | Due Date: 11/21/05 |
|---|---|---|

**Details:** Stock photography: McCain Photography image #2995-02-006 Location still photography of driver Danica Patrick, full-length with race car tires on Firebird track.
NOTE: The rights granted herein are without prejudice regarding any claims for unauthorized use of the photo in the past by People. The license fee shall not be used as a basis for determining damages in the future, if any, in connection with the use of the photo as provided to People by Rahal Letterman Racing.

**Location:** Firebird Raceway

**Rights/Usages:**

One-Time, non-exclusive English language rights by Time, Inc., for editorial usage in People Magazine Yearbook 2006, in a print run of up to 800,000 for January 2006 issue for distribution in USA, to be published only in 1.25 pages in size and with inside placement. No promotional or electronic use rights are granted. Subject photograph(s) are copyrighted ©2002 Edward McCain/McCain Photography. All rights are reserved except those specifically granted by this invoice. Must photo credit: ©2002 Edward McCain. The rights granted herein are without prejudice regarding any claims for unauthorized use of the photo in the past by People. The license fee shall not be used as a basis for determining damages in the future, if any, in connection with the use of the photo as provided to People by Rahal Letterman Racing.

| | Itemized  Photography  Expenses | Qty: | Cost: | Ext.  Cost: |
|---|---|---|---|---|
| 1 | Stock usage fee: Image #2995-02-006 as per all terms of this invoice | 1 | $750.00 | $750.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*Payment is due upon receipt. Granting of right of usage is limited to that specified above and is contingent upon full payment and is subject to all terms and conditions on the reverse side pursuant to article 2, Uniform Commerical Code and the 1976 Copyright Act. Unless otherwise agreed to in writing, the Photographer retains ownership of all photographs resulting from this assignment. Additional usage requires negotiation of additional fees.*

**Itemized  Costs:**  $750.00
**Tax:**  $0.00
**Total:**  $750.00
**Deposit/Credit:**  $0.00
**Balance Due:**  $750.00

**Page  1  of  1**                     **EIN:** 86-0800408

**McCain Photography, 211 S. Fourth Avenue, Tucson, AZ  85701-2103**
**(520) 623-1998   Fax: (520) 623-1190   edward@mccainphoto.com / www.mccainphoto.com**

Exhibit____H____  Page____106____



## Terms & Conditions

1. DEFINITIONS: This agreement is between the "Photographer" (author of the photographs), or Photographer's authorized "Representative" named on the face of this form, and "Client" (the commissioning party, and its agent). This Assignment will be the Photographer's interpretation rather than literal recreation of Client's concept(s) and/or layout(s). "Photograph(s)" means all photographic material furnished by Photographer hereunder, whether transparencies, negatives, prints or otherwise.

2. ESTIMATED FEES, CHARGES AND EXPENSES: All estimated fees, production charges and expenses apply only to the original layout, job description, reproduction rights licensed and Period of Use as specified on this form. Any changes are subject to amendment or separate agreement. Client and agent are jointly and severally responsible for payment of fees, charges and expenses.

3. POSTPONEMENTS AND CANCELLATIONS: If Client postpones or cancels the Assignment, Client will pay all incurred fees, charges and expenses. If postponed or canceled without Photographer's prior written consent two business days (48 hours) or more prior to shoot date, Client will also pay the following percentages of Photographer's fees (a) postponement, 25%; (b) cancellation, 50%. If postponed or canceled in less than two business days Client will pay 100% of Photographer's fee.

A postponement is the rescheduling of the Assignment by the Client to a mutually agreeable date within 30 calendar days of the original shoot date.

4. WEATHER DELAYS: Client will pay 100% of Photographer's Weather Delay Fee per day for any delays caused by weather, plus all charges and expenses incurred.

5. CLIENT APPROVAL: Client is responsible for the presence of its authorized representative at the shoot to approve Photographers interpretation of the assignment. If no representative is present, Photographer's interpretation will be deemed acceptable. However if deemed unacceptable by Client, Photographer shall have right of first refusal, but not the obligation, to reshoot according to item #7.

6. OVERTIME: In the event that a shoot extends beyond eight consecutive hours Photographer may charge overtime for crew members at one-and-one-half their hourly rates.

7. RESHOOTS: Unless Photographer consents in writing otherwise, (a) Client will pay 100% of Photographer's fee, charges and expenses for any reshoot requested by Client. (b) If before being delivered to Client the film from the "shoot" has been lost or is unusable because of defect, damage, equipment malfunction, processing or other technical error, Photographer will reshoot without additional fee, provided Client advances and pays all charges and expenses for the reshoot and the initial shoot. (c) If Photographer charges for special reshoot insurance and collects for a loss, Client will not be charged for any portion of the reshoot covered by the insurance payment. A list of insurance exclusions will be provided upon request.

8. INDEMNITY: Client will indemnify and hold Photographer and Representative harmless from any and all claims, liabilities and damages, including reasonable attorney fees and court costs arising from (a) Client's use of Photographer's photos, including uses for which no release was requested in writing or arising out of any use of any photographs for which no release was furnished by Photographer, or any photographs which are altered by Client. (unless so furnished, no release exists) or for uses which exceed authority granted by talent or other release or by this agreement, and (b) Photographer's reliance on, or use of, any instruction or assurance, or material provided or approved by Client. Photographer's liability for all claims shall not exceed in any event the total amount paid under this invoice.

9. REPRODUCTION RIGHTS: Reproduction rights are conditioned on Photographer's receipt of payment in full and Client's proper use of the copyright notice. Except as otherwise specifically provided herein, all photographs and rights therein, including copyright, remain the sole and exclusive property of Photographer. Any additional uses require the prior written agreement of Photographer on terms to be negotiated. Unless otherwise stated on the face of this Agreement, duration of the License is one year from Agreement date and limited to use in the United States of America. Client may not sell, assign or otherwise transfer this License, or any rights or obligations under this License without Photographer's prior written consent.

10. RETURN OF PHOTOGRAPHS: Client agrees to: (a) assume all risk for all photographic material(s) delivered by Photographer from time of receipt by Client to time of receipt by Photographer. (b) return all photographs prepaid and fully insured, safe and undamaged, by bonded messenger air freight, or registered mail, within thirty (30) days after the first use thereof as provided herein, but in all events (whether published or unpublished) within 90 days after the date hereof. (c) assume full liability for its principals, employees, agents, affiliates, successors and assigns (including without limitation messengers and freelance researchers for any loss, damage, or misuse of the photographs. (d) supply Photographer with two free copies of each use of the photographs.

11. LOSS OR DAMAGE: If no "actual value" for liquidated damage(s) amount per photograph appears on the face of this form, or by attachment or by delivery memorandum, then liquidated damage(s) for loss or damage has been agreed upon between the parties to be $1500 dollars per original transparency or negative. In the event of failure to return photographs per item #10, Photographer shall be entitled to immediate payment in full of above liquidated damages. Photographer and Client agree that said amount represents the fair and reasonable value of each item, and that Photographer would not sell all rights to such item for less than said amount.

12. PAYMENT AND COLLECTION TERMS: Invoices are payable upon receipt by Client or its agents. Balances over 30 days are subject to a 1.5% per month late payment charge. Photographer will be entitled to collect any expenses, including reasonable attorney's fees and costs, required to collect any sums due or to enforce the terms of this Agreement.

13. SALES TAX: Unless Client or Agent supplies Photographer with a properly executed resale certificate Client must pay all applicable sales use or similar taxes, including any subsequent assessment made by tax authorities.

14. MISCELLANEOUS: Client may not assign or transfer this agreement or any rights granted hereunder. This agreement binds and inures to the benefit of Photographer, Client, Client's principals, employees, agents and affiliates, and their respective heirs, legal representatives, successors and assigns. Client and its principals, employees, agents and affiliates are jointly and severally liable for the performance of all payments and other obligations hereunder. No amendment or waiver of any terms is binding unless set forth in writing and signed by the parties. However, the invoice may reflect, and Client is bound by, oral authorizations for fees or expenses which could not be confirmed in writing because of immediate proximity of shooting. This agreement incorporates by reference Article 2 of the Uniform Commercial Code, and the Copyright Act of 1976, as amended. Unless client or agent receives from Photographer a properly executed talent or property release(s) Client is responsible for obtaining the release(s). Any transfer of ownership of original materials must be in writing and signed by Photographer.

15. DISPUTES: Except as Provided in (16) below any dispute regarding this agreement shall be arbitrated in Tucson, Arizona under rules of the American Arbitration Association and the laws of Arizona. Judgment on the arbitration award may be entered in any court having jurisdiction. Any dispute involving $1,500 or less may be submitted without arbitration to any court having jurisdiction thereof. Client shall pay all arbitration and court costs, reasonable legal fees, and expenses, and legal interest on any award or judgment in favor of Photographer.

16. JURISDICTION: Client hereby expressly consents to the jurisdiction of the Federal courts with respect to claims by Photographer under the Copyright Act of 1976, as amended.

17. ESTIMATES: All expense estimates are subject to normal trade variance of 15%.

18. PHOTOGRAPHER'S ADDITIONS:

211 South Fourth Avenue, Tucson, AZ 85701 (520) 623-1998 Fax (520) 623-1190

Exhibit ___ Page _/_0_7_ ___



## DOCUMENTS PRODUCED IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 10, 22, 34, & 38

**Edward McCain**                                        Mon, Jan 29, 2007  11:29 AM

**Subject: Check is in the mail**
**Date:** Wednesday, January 1, 2003 7:56 AM
**From:** Mark Borchetta <mark@bwaadvertising.com>
**To:** Edward McCain <edward@mccainphoto.com>
**Conversation:** Check is in the mail

Hi Ed,

Happy New Year.  I just received payment from the client for the Phoenix
shoot.  So I will be forwarding a check to you in tomorrow's mail.

Take care.


--
Mark Borchetta
Borchetta Wentworth & Associates
Phone 661/288-1155
Fax 661/288-1166
mark@bwaadvertising.com

Page 1 of 1

Exhibit ___H___  Page ___109___

**Edward McCain**                                              Mon, Jan 29, 2007  11:35 AM

**Subject: Hey Ed**
**Date:** Wednesday, January 19, 2005 2:25 PM
**From:** Mark Borchetta <mark@borchetta.com>
**To:** <edward@mccainphoto.com>
**Conversation:** Hey Ed

Call me as soon as you have a free minute.

Argent wants to use a Danica photo for SI and Maxim.


--
Mark Borchetta
Borchetta Marketing Group
15260 Ventura Blvd
Suite 840
Sherman Oaks, CA 91403
Phone 818/990-3239
Fax  818/990-6079
mark@borchetta.com

Exhibit H   Page 110     Page 1 of 1

Edward McCain                                              Mon, Jan 29, 2007  11:36 AM

**Subject: Re: Estimate for usage of Danica Patrick images**
**Date:** Wednesday, January 19, 2005 5:00 PM
**From:** Mark Borchetta <mark@borchetta.com>
**To:** Edward McCain <edward@mccainphoto.com>
**Conversation:** Estimate for usage of Danica Patrick images

I told them $6,500 in case they wanted to negotiate.  At this point I recommend staying firm at $6,500.  They have the money and they're very difficult to deal with.


--
Mark Borchetta
Borchetta Marketing Group
15260 Ventura Blvd
Suite 840
Sherman Oaks, CA 91403
Phone 818/990-3239
Fax  818/990-6079
mark@borchetta.com


**From:** Edward McCain <edward@mccainphoto.com>
**Date:** Wed, 19 Jan 2005 16:09:35 -0700
**To:** Mark Borchetta <mark@borchetta.com>
**Subject:** Estimate for usage of Danica Patrick images

Mark,

Just a note to confirm our phone conversation regarding usage of one image of Danica Patrick from our photo shoot in Phoenix.

This is for full-page advertising usage in Sports Illustrated and Maxim, one insertion each, inside magazine:

Sport Illustrated (3.3 million circ) - $4350
Maxim (2.5 million circ) - $3610
Subtotal = $7960
25 percent discount for original client (Argent): $1990
Total Usage Fee: $5970

I would include a discount for additional future insertions if this makes any difference to Argent.

Exhibit  H      Page  711      Page 1 of 2

If this is a go, I will need to get a signed Usage Confirmation Agreement from the buyer before the image is released for publication. I can draw this up and fax it. Just let me know.

Nice to hear from you,

Edward
*******************************************
Edward McCain
Assignment & Stock Photography
Voice: (520) 623-1998 Fax: (520) 623-1190
mailto:edward@mccainphoto.com
Assignments:
http://www.mccainphoto.com
Stock:
http:www.photosofarizona.com
"Life is an affirmative action program"
*******************************************

The information included in this e-mail, and it's attachments, may be privileged, confidential, and protected from disclosure. Any unauthorized use, printing, copying disclosure, dissemination of or reliance upon this communication by persons other than the intended recipient may be subject to legal restriction or sanction. If you have received this e-mail in error, please reply to the sender and delete this e-mail promptly.

Exhibit H    Page 1/2    Page 2 of 2

**Edward McCain**                                      Mon, Jan 29, 2007  11:37 AM

**Subject: FW: Urgent Danica photo**
**Date:** Wednesday, January 19, 2005 5:54 PM
**From:** Mark Borchetta <mark@borchetta.com>
**To:** Edward McCain <edward@mccainphoto.com>
**Conversation:** Urgent Danica photo

Ed, this is he part of the ad I have seen.


--
Mark Borchetta
Borchetta Marketing Group
15260 Ventura Blvd
Suite 840
Sherman Oaks, CA 91403
Phone 818/990-3239
Fax  818/990-6079
mark@borchetta.com


------ Forwarded Message
**From:** RArther@argentmortgage.com
**Date:** Wed, 19 Jan 2005 13:34:50 -0800
**To:** mark@borchetta.com, brian@borchetta.com
**Cc:** HMargarit@argentmortgage.com
**Subject:** Urgent Danica photo


Mark

Attached below is the image that I need.  I need it in the following format:

8.5 x 11 scanned .tiff or .eps @ 300 dpi or higher.  If it is not too big of a file to send in
an email can you email to:

ahaffner@indyracing.com
jtuttle@indyracing.com
rarther@argentmortgage.com

If it is too big to send via email can you just post it on the below ftp site?

ftp://ftp-productions@ftp.brickyard.com <ftp://ftp-productions@ftp.brickyard.com/>
username - ftp-productions
password - indy500400f1

Exhibit  H  Page  1/3      Page 1 of 3

"Gish" folder
"Danica image" folder


Let me know if you have any questions.

Thank you

Rochelle Arther
Advertising Coordinator, Marketing
Argent Mortgage
3 Park Plaza
Irvine, CA 92614
(800) 561-4072 Ext. 84175
Fax (800) 551-2614


**The information in this email, and any attachments, may contain confidential information and is intended solely for the attention and use of the named addressee (s). It must not be disclosed to any person(s) without authorization. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to, and must not, disclose, copy, distribute, or retain this message or any part of it. If you have received this communication in error, please notify the sender immediately.**


`------` End of Forwarded Message

Exhibit H    Page 114    Page 2 of 3



Exhibit ___H___ Page _115_

Page 3 of 3

**Edward McCain**                                              Mon, Jan 29, 2007  11:39 AM

**Subject: Re: Urgent Danica photo**
**Date:** Thursday, January 20, 2005 10:14 PM
**From:** Mark Borchetta <mark@borchetta.com>
**To:** Edward McCain <edward@mccainphoto.com>
**Conversation:** Urgent Danica photo

Sorry for the delay Ed.

$6,500 for the use of one image for one insertion in SI and Maxim, same image
unlimited B-to-B use for one year.  Payment in full due now.  Either we can invoice them
and forward to you, or, preferably, you can invoice them and pay me.  But either way.

Agreement also allows purchase of future images at $500 each for unlimited B-to-B use
for one year.

Let me know if you have questions.

--
Mark Borchetta
Borchetta Marketing Group
15260 Ventura Blvd
Suite 840
Sherman Oaks, CA 91403
Phone 818/990-3239
Fax  818/990-6079
mark@borchetta.com

_____

**From:** Edward McCain <edward@mccainphoto.com>
**Date:** Thu, 20 Jan 2005 13:47:36 -0700
**To:** Mark Borchetta <mark@borchetta.com>
**Subject:** Re: Urgent Danica photo

Mark,

When you get a chance, could you please send me the deal points so I can draft a
confirmation agreement for the usage of the Danica photo or photos? I want to be sure
I get this right.

Thanks for your work on this.

Exhibit  H  Page  116                    Page 1 of 2

Edward

On 1/19/05 5:54 PM, "Mark Borchetta" <mark@borchetta.com> wrote:

Ed, this is he part of the ad I have seen.


*******************************************
Edward McCain
Assignment & Stock Photography
Voice: (520) 623-1998 Fax: (520) 623-1190
mailto:edward@mccainphoto.com
Assignments:
http://www.mccainphoto.com
Stock:
http:www.photosofarizona.com
"Life is an affirmative action program"
*******************************************

The information included in this e-mail, and it's attachments, may be
privileged, confidential, and protected from disclosure. Any
unauthorized use, printing, copying disclosure, dissemination of or
reliance upon this communication by persons other than the intended
recipient may be subject to legal restriction or sanction. If you have
received this e-mail in error, please reply to the sender and delete
this e-mail promptly.

On 1/20/05 10:14 PM, "Mark Borchetta" <mark@borchetta.com> wrote:

Sorry for the delay Ed.

$6,500 for the use of one image for one insertion in SI and Maxim, same image unlimited B-to-B use for one year. Payment in full due now. Either we can invoice them and forward to you, or, preferably, you can invoice them and pay me. But either way.

Agreement also allows purchase of future images at $500 each for unlimited B-to-B use for one year.

Let me know if you have questions.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Edward McCain
Assignment & Stock Photography
Voice: (520) 623-1998 Fax: (520) 623-1190
mailto:edward@mccainphoto.com
Assignments:
http://www.mccainphoto.com
Stock:
http:www.photosofarizona.com
"Life is an affirmative action program"
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information included in this e-mail, and it's attachments, may be privileged, confidential, and protected from disclosure. Any unauthorized use, printing, copying disclosure, dissemination of or reliance upon this communication by persons other than the intended recipient may be subject to legal restriction or sanction. If you have received this e-mail in error, please reply to the sender and delete this e-mail promptly.

Exhibit H    Page



