# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

GEORGE EDWARD McCAIN, an individual,

Plaintiff,

vs.

RAHAL LETTERMAN RACING, LLC, an Ohio limited liability co.; TIME, INC., a Delaware corporation d/b/a SPORTS ILLUSTRATED & PEOPLE MAGAZINE; GANNET CO., INC., a Delaware corporation d/b/a USA TODAY, PIONEER ELECTRONICS (USA), INC., a Delaware corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation; TABLE MOOSE MEDIA, LLC, an Indiana limited liability company d/b/a INDY MEN'S MAGAZINE; NORWALK FURNITURE CORPORATION, an Ohio corporation; F1 MARKETING GROUP, INC., a New York corporation; MOTORSPORT.COM, INC., a Florida corporation; BRIDGESTONE/ FIRESTONE INC., an Ohio corporation; CONSUMER ELECTRONICS ASSOCIATION; AMERICAN HONDA MOTOR CO., INC., a Delaware corporation; WORLDWIDE PANTS INCORPORATED, a New York corporation; BOBBY RAHAL AUTOMOTIVE GROUP; LOGICALIS, INC., a New York corporation; THE TIMKEN COMPANY, an Ohio corporation; INTERNATIONAL MOTOR SPORTS ASSOC.; CRASH MEDIA GROUP, LTD., a foreign (U.K.) company; AMERICAN LE MANS SERIES LLC, a Georgia limited liability company; BEA SYSTEMS, INC., a Delaware corporation; GAWKER MEDIA LCC, a Delaware corporation; TIMES PUBLISHING COMPANY, a Florida corporation d/b/a ST. PETERSBURG TIMES; RACEFAN, INC., a corporation; HOWDEN MEDIA GROUP, a foreign (Canada)

CASE NO. 07-CV-5729 (JSR)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER**

company; NATIONAL LEDGER, LLC, an
Arizona limited liability company; DANIEL
VIELHABER d/b/a
INDYMOTORSPEEDWAY.COM; SANDRA
KINSLER d/b/a WOMANMOTORIST.COM;
and ELLEN EMERSON d/b/a
HONDABEAT.COM,

                    Defendants.

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ......................................................................................3

II. FACTUAL AND PROCEDURAL BACKGROUND.......................................8

    A.  The Parties .................................................................................8

        1. The Parties In *Argent* .......................................................8

        2. The Parties Herein Relevant To This Motion To Transfer ...............9

    B.  The Alleged Infringements ..........................................................9

    C.  The California Litigation ..........................................................10

    D.  This Litigation........................................................................11

III. ARGUMENT ........................................................................................11

    A.  The Balance Of Convenience And Justice Substantially
        Weighs In Favor Of Transfer To the Central District Of
        California ...............................................................................11

        1. Legal Standard For Motion To Transfer.......................................11

        2. This Action Might Have Been Brought In The
          Transferee Court ..............................................................11

        3. The Balance Of Factors Weighs In Favor Of Transfer...................12

          a. Convenience Of Witnesses ........................................12

          b. Convenience Of Parties............................................13

          c. Location Of Relevant Documents................................14

          d. Locus Of Operative Facts .........................................14

          e. Availability Of Compulsory Process ...........................15

          f. Relative Means Of Parties .........................................15

          g. Familiarity With Governing Law................................15

**Page**

     h. Plaintiff's Choice Of Form ...................................................................15

     i. Interests Of Justice .........................................................................16

IV.    CONCLUSION ...............................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

*Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*
    11 F. Supp. 2nd 729 (S.D.N.Y. 1998) .................................................................16

*APA Excelsior III L.P. v. Premiere Technologies, Inc.*
    49 F. Supp. 2nd 664 (S.D.N.Y. 1999) .................................................................16

*Berman v. Informix Corp.*
    30 F. Supp. 2nd 653 (S.D.N.Y. 1998) ...............................................12, 13, 15, 16

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*
    415 F. Supp. 2nd 370 (S.D.N.Y. 2006) ............................................12, 13, 16, 17

*Herbert Limited Partnership v. Electronic Arts*
    325 F. Supp. 2nd 282 (S.D.N.Y. 2004) .................................................................11

*Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*
    119 F. Supp. 2nd 433 (S.D.N.Y. 2000) .................................................................15

*Societe Commerciale de Transports Transatlantiques (S.C.T.T.)*
*v. S.S. "African Mercury*
    366 F. Supp. 1347 (S.D.N.Y. 1973) .......................................................................16

*Van Dusen v. Barrack*
    376 U.S. 612 (1964) ...............................................................................................11

*ZPC 2000, Inc. v. SCA Group, Inc.*
    86 F. Supp. 2d 274 (S.D.N.Y. 2000) .....................................................................15


**Statutes**

United States Code

    28 U.S.C. § 1404(a) ...........................................................................................3, 11

Federal Rules of Civil Procedure

    Rule 12(b) ............................................................................................................7, 14

    Rule 45(b)(2) ...........................................................................................................15

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER

### I.

### INTRODUCTION

Defendants Rahal Letterman Racing, LLC, and Bobby Rahal Automotive Group move, pursuant to 28 U.S.C. section 1404(a), to transfer this copyright infringement action filed by plaintiff George Edward McCain ("McCain") to the Central District of California where a declaratory relief action litigating McCain's same copyright infringement claims (*Argent Mortgage Company, LLC, et al. v. Edward McCain*, Case No. SACV 06-749 CJC (RNBx) ("*Argent*")) has been pending since August 2006.

This is a rather unique situation. Even though the California action is a declaratory relief action, this is not a case of "defendants" running into court as declaratory relief plaintiffs to drag a "plaintiff"/declaratory relief defendant into an inconvenient forum. This is a case where McCain is the forum shopper. He institutes this New York action after fully engaging himself in the California action and not timely moving to transfer to New York or any other forum that he may have preferred. This is a blatant attempt by McCain to circumvent rules on forum shopping and seeking a change of venue.

Both this case and *Argent* involve the same issues of copyright infringement pertaining to the same copyright and the same alleged acts of infringement. In this case, McCain alleges that defendants herein infringed his copyright by reproducing or allowing to be reproduced without McCain's permission photographs of which he is the copyright owner (the "Photographs") registered under # VAU-564-275 with the U.S. Copyright Office on November 29, 2002.

In *Argent*, plaintiffs Argent Mortgage Company, LLC ("Argent"), and Team Rahal, Inc. seek a declaratory judgment that they have not infringed McCain's copyright, the same copyright for the Photographs registered under # VAU-564-275 with the U.S. Copyright Office, that they did not authorize any third parties to use the Photographs, that they are not responsible for any such use, and that they are not liable for any alleged infringement of McCain's copyright by third parties.

Also in *Argent*, McCain filed counterclaims against Team Rahal, Inc., "Rahal Letterman Racing, Inc.", Rahal Letterman Racing, LLC,[1] and Argent, alleging that he is the copyright owner of the same Photographs registered with the U.S. Copyright Office under # VAU-564-275, and that the counterclaim defendants infringed his copyright for the Photographs by reproducing them or allowing them to be reproduced without McCain's permission. The acts of misuse alleged by McCain in the California action are the same or related acts of misuse as alleged by McCain in this new action. In this regard, based on statements made by John Pelosi ("Pelosi"), McCain's attorney in this action as well as in the California action, at a status conference held on July 24, 2007, the moving parties expect McCain to attempt to distinguish this case from *Argent* by arguing that in this case he has sued different defendants (*e.g.*, the Consumer Electronics Association, an entity that puts on a trade show in Las Vegas, and the Times Publishing Company, a Florida corporation dba St. Petersburg Times) and he has alleged different acts of infringement than in *Argent*. On several levels, this argument is disingenuous and misleading. In the same status conference, Pelosi acknowledged that McCain's theory against these so-called "secondary infringers" is that they misused or wrongfully distributed the Photographs after receiving them from the so-called "primary infringers," Argent and/or the Rahal entities. In other words, the alleged liability of any of these many additional defendants brought into this action by McCain, residing all over the nation and the world, stems from and follows the alleged liability of Argent and the Rahal entities, each of whom McCain is busy suing for copyright infringement involving the same Photographs in the California action. Clearly, this New York action is not a different or unrelated matter.[2]

---

[1] Team Rahal, Inc. is a non-publicly traded corporation. Bobby Rahal and David Letterman are 100% shareholders of Team Rahal, Inc. Rahal Letterman Racing, LLC is a wholly-owned subsidiary of Team Rahal, Inc. There is no entity known as "Rahal Letterman Racing, Inc." It appears that McCain named this party as a defendant in the California action in error. Bobby Rahal Automotive Group is a consortium of 16 automotive dealerships with its headquarters in Mechanicsburg, Pennsylvania.

[2] Indeed, even the Court, at the July 24, 2007 status conference, asked Pelosi why McCain did not bring his claims against the so-called "secondary infringers" as counterclaims in the already- (footnote continued)

Remarkably, McCain has not named Argent, a California limited liability company, as a defendant in this New York action, even though Argent seems central to any complete resolution of this dispute. Indeed, Argent appears to be an indispensable party. McCain even filed counterclaims in the California action against Argent and the other counterclaim defendants (Team Rahal, Inc. and "Rahal Letterman Racing, Inc."), including a separate counterclaim against Argent alone, claiming that they distributed the Photographs in marketing campaigns without McCain's authority and thereby infringed McCain's copyrights. Notably, although McCain has dismissed his counterclaims against Rahal Letterman Racing, LLC in *Argent* (and he later named that entity as a defendant in this New York action), he did not dismiss his counterclaims against Argent in the California action. How is it that McCain has filed this New York action for the same alleged acts of infringement and not named, **or even mentioned**, Argent?

The Central District of California is the most convenient and efficient forum to resolve this dispute, and transfer will further the interests of justice, for each of the reasons listed below.

(1)    There will be substantial overlap of witnesses and documents between this case and *Argent*.

(2)    From a review of the complaint instituting this action, and McCain's recent action in dismissing Rahal Letterman Racing, LLC as a counterclaim defendant in *Argent* and then naming that entity as a defendant in this action, it appears that McCain is forum shopping. Moreover, the claims in the two actions involve the same Photographs and the same or related alleged unauthorized publications or uses of the Photographs. As such, there is a significant risk of inconsistent judgments by the two courts, as well as an unnecessary waste of limited judicial resources if these two actions remain in two different courts.

---

pending California action. Although the Court never received a direct answer to its question, other statements by Pelosi at the hearing offered a clue to the thinking of McCain and his counsel. Pelosi stated and repeated that he expects these "secondary infringers" to bring indemnity claims against Argent and/or the Rahal entities. Clearly, then, McCain does not intend to have all of his infringement claims aired and resolved in orderly fashion at one time and in one venue. He wants his claims, and the parties he is suing, split, perhaps in pursuit of some other strategic objective.

(3)     Judge Cormac J. Carney, in the Central District of California, is now familiar with the matters in dispute, having presided over proceedings in *Argent* since August 2006.

(4)     According to the allegations in McCain's complaint instituting this action, four of the named defendants are based in the Central District of California (Pioneer Electronics (USA), Inc.; Toyota Motor Sales, U.S.A., Inc.; American Honda Motor Co., Inc.; and Sandra Kinsler d/b/a Womanmotorist.com), another named defendant is based in San Jose, California (BEA Systems, Inc.), and two of the named defendants are related to counterclaim defendants named in McCain's California counterclaim (Rahal Letterman Racing, LLC, and Bobby Rahal Automotive Group).  The moving parties have contacted several of the other defendants in this action.  No defendant contacted opposed this motion to transfer.  Several stated that they do not oppose the motion to transfer.  Others have agreed to join in this motion.

(5)     A substantial part of the events or omissions giving rise to the claims occurred in the Central District of California, and McCain entered into an agreement related to the subject matter of his copyright and claimed infringements thereof in the Central District of California.

(6)     Extensive discovery has already occurred in *Argent*, in which McCain has participated.

(7)     On or about December 7, 2006, McCain filed his Answer to Complaint for Declaratory Relief and Counterclaims for Copyright Infringement in *Argent*.[3]  On or about January 22, 2007, McCain, Argent and Team Rahal, Inc. filed a Joint Report Pursuant to Rule 26(f) in *Argent*,[4] in which McCain stated, *inter alia*, that "McCain does not reside in California, nor does he transact business in California.  McCain may seek to transfer venue.  McCain will likely move for summary judgment on the claims for copyright infringement by Plaintiffs in the

[3] A true and correct copy of McCain's Answer to Complaint for Declaratory Relief and Counterclaims for Copyright Infringement filed on or about December 7, 2006 in *Argent* is attached to the Affirmation of John W. Patton, Jr. ("Patton Affirmation") submitted herewith as **Exhibit "B"**.
[4] A true and correct copy of the Joint Report Pursuant to Rule 26(f) filed on or about January 22, 2007 in *Argent* is attached to the Patton Affirmation as **Exhibit "C"**.

proper forum." Of course, having previously appeared and filed his answer and counterclaims instead of then filing a motion to transfer, McCain waived any challenges to venue and cannot now move to transfer *Argent* to the Southern District of New York or anywhere else. Fed. R. Civ. P. 12(b). Clearly, McCain perceived some alleged issue regarding venue, he evidently considered the issue, and he proceeded as he saw fit, namely, by fully participating in the action in the Central District of California, including by engaging in discovery. In any case, instead of proceeding to file a motion to transfer in the Central District of California, as McCain suggested to that Court that he might, in June 2007 McCain voluntarily dismissed his counterclaims against "Rahal Letterman Racing, Inc." and Rahal Letterman Racing, LLC, while simultaneously instituting his copyright infringement action in this venue against Rahal Letterman Racing, LLC and other defendants, in effect an "end-around" against the rules, the Central District of California, and Judge Carney.

(8)    *Argent* is set for trial commencing on July 22, 2008.[5] This affords plenty of time for parties transferred to the Central District of California, if this motion is granted, to conduct necessary discovery and prepare for trial.

(9)    The claims alleged against the moving parties in this action appear to be compulsory counterclaims that properly should be brought in *Argent*. By McCain's counterclaim previously filed in *Argent*, McCain concedes the relationship between the claims in the California litigation and the claims that McCain now seeks to bring in this action, against parties that McCain previously named in his counterclaims. This duplicative litigation defeats the objective of the rule on compulsory counterclaims to resolve all disputes arising out common matters in a

---

[5] The moving parties note that pursuant to this Court's scheduling order, the parties to this New York action are ordered to be ready to commence trial by January 31, 2008, and the Court anticipates that this action will be tried by April 2008. Given that McCain has elected to sue less than all of the key, indeed, necessary parties in New York, and given that the necessary parties (except for Mark Borchetta, Argent's agent, who the moving parties are informed will be added in an amended complaint, if allowed by the California court) already are litigating the main and underlying disputes in California, if this case involving mostly so-called "secondary infringers" is tried before *Argent*, the likelihood of inconsistent results is enhanced.

single lawsuit.

(10)     Transfer of this action will promote an orderly resolution of the disputes pending between the parties and minimize the possibility of inconsistent results in the two actions.

Indeed, McCain can hardly complain that the Central District of California is not the appropriate venue to resolve this dispute. McCain's initial response to the complaint against him in *Argent*, involving the same transactions and one of the same parties (and related parties) as McCain now sues in this subsequently filed New York action, was to file an answer and counterclaims, not a motion to transfer. Then McCain voluntarily dismissed his counterclaims against related entities "Rahal Letterman Racing, Inc." and Rahal Letterman Racing, LLC, and filed his New York complaint purporting to state the same claims against Rahal Letterman Racing, LLC, in this venue. These actions stand McCain in poor stead to now argue either that a motion to transfer this action to the California court where McCain first filed his counterclaims is not well taken, or that the claims made in this action are not counterclaims that properly belong in the California action where McCain first brought them. Moreover, the California court appears to have jurisdiction over all of the defendants named in this action. Finally, the fact that McCain is represented by the same counsel in both lawsuits suggests an improper effort to split his claims into a newly selected forum.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Parties

1.     The Parties In *Argent*

Argent, a plaintiff and counterclaim defendant in *Argent*, is a California limited liability company with its principal place of business in Irvine, California, and is subject to personal jurisdiction in the Central District of California. Argent is a wholesale mortgage company.

Team Rahal, Inc., also a plaintiff and counterclaim defendant in *Argent*, is an Ohio corporation, and is subject to personal jurisdiction in the Central District of California. Team Rahal, Inc. was established by three-time CART champion Bobby Rahal to manage and operate

an Indy Racing Team.

McCain, the defendant and counterclaim plaintiff in *Argent*, is an individual.    On information and belief, plaintiffs allege that McCain, a photographer, has a commercial photography business in Tucson, Arizona.  McCain is subject to personal jurisdiction in the Central District of California.

        2.     The Parties Herein Relevant To This Motion To Transfer

McCain, the plaintiff herein, is the defendant and counterclaim plaintiff in *Argent*.

Rahal Letterman Racing, LLC, a defendant herein, is an Ohio limited liability company.  It is subject to personal jurisdiction in the Central District of California, as McCain has demonstrated by bringing his counterclaims against this party in *Argent*.

Bobby Rahal Automotive Group, a defendant herein, is a consortium of 16 automotive dealerships headquartered in Mechanicsburg, Pennsylvania, and is subject to personal jurisdiction in the Central District of California.  Bobby Rahal Automotive Group sells and services new and used automobiles.

It appears that the other parties that McCain has sued in this action are subject to jurisdiction in California.  They are companies doing business throughout the United States or individuals who allegedly disseminate communications throughout the United States.  Although several of the additional defendants sued in this action by McCain, so-called "secondary infringers," reside in New York, most do not.  McCain could have sued these so-called "secondary infringers" in California as well as in New York.

**B.**      **The Alleged Infringements**

Argent entered into a sponsorship agreement with Team Rahal, Inc. whereby Argent sponsored certain drivers of Team Rahal, Inc.'s Indy Racing Team.  At times relevant to *Argent*, one such driver was Danica Patrick ("Patrick").

In or about November 2002, McCain took the Photographs, which are still photographs of Patrick, pursuant to a contract between McCain and Mark Borchetta ("Borchetta"), a third-party intermediary and agent of Argent, for Argent's use of such photographs for marketing and

publicity.

McCain is the copyright owner of the Photographs, registered with the U.S. Copyright Office under # VAU-564-275.

McCain has informed Argent and Team Rahal, Inc. that their use of certain Photographs purportedly infringes McCain's copyright, and that Argent and Team Rahal, Inc. are liable for alleged infringement of McCain's copyright as a result of uses of certain Photographs by the third parties named in this action. Argent and Team Rahal, Inc. deny that they have infringed, or are infringing, McCain's copyright, or that they are liable for any alleged infringement of McCain's copyright by third parties.

## C.    The California Litigation

In response to McCain's threat to commence legal action against them, on August 15, 2006, Argent and Team Rahal, Inc. filed their complaint instituting *Argent*, a declaratory relief action against McCain, in the Central District of California.[6]

In or about December 2006, McCain filed an answer to the complaint in *Argent* as well as counterclaims for copyright infringement against Team Rahal, Inc., "Rahal Letterman Racing, Inc.," and Argent.

On or about January 3, 2007, counterclaim defendants Argent and Team Rahal, Inc. filed their answers to McCain's counterclaims for copyright infringement.

On or about April 23, 2007, at a Scheduling Conference in *Argent*, the Court set a pretrial conference on July 14, 2008, and a jury trial to commence on July 22, 2008.

On or about June 8, 2007, McCain filed a voluntary dismissal of claims against Rahal Letterman Racing, LLC. On or about June 14, McCain filed a voluntary dismissal of claims against "Rahal Letterman Racing, Inc."

/ / /

---

[6] A true and correct copy of Argent and Team Rahal, Inc.'s complaint instituting *Argent* is attached to the Patton Affirmation as **Exhibit "A"**.

### D.    This Litigation

On or about June 15, 2007, McCain filed the complaint instituting this action for copyright infringement, including as defendants Rahal Letterman Racing, LLC, and Bobby Rahal Automotive Group.  In addition to his claims herein against Rahal entities, alleging the identical copyright infringements against these entities as he alleged in counterclaims against them in *Argent*, McCain has sued many additional defendants, so-called "secondary infringers," claiming that these defendants obtained the Photographs from Argent and/or the Rahal entities, and thereafter improperly used them.

### III.

### ARGUMENT

### A.    The Balance Of Convenience And Justice Substantially Weighs In Favor Of Transfer To The Central District Of California.

> For the convenience of the parties and witnesses, in the interest of justice, a
> district court may transfer any civil action to any other district or division where it
> might have been brought.

28 U.S.C. § 1404(a).  The purpose of section 1404 is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack* (1964) 376 U.S. 612, 615 (quotations omitted).  To achieve this purpose, "[a] district court has broad discretion when deciding a transfer motion, and should base its ruling on 'notions of convenience and fairness on a case-by-case basis.'" *Herbert Limited Partnership v. Electronic Arts* (S.D.N.Y. 2004) 325 F. Supp. 2nd 282, 285.  In this case, as detailed below, the balance of convenience and justice substantially weighs in favor of transfer to the Central District of California.

### 1.    Legal Standard For Motion To Transfer

"A motion to transfer venue requires a two-part inquiry:  first, 'whether the action to be transferred "might have been brought" in the transferee court'; and second, whether 'considering the "convenience of parties and witnesses," and the "interest of justice," a transfer is appropriate.'"

*Fuji Photo Film Co., Ltd., v. Lexar Media, Inc.* (S.D.N.Y. 2006) 415 F. Supp. 2nd 370, 373, citing *Berman v. Informix Corp.* (S.D.N.Y. 1998) 30 F. Supp. 2nd 653, 656 (internal citations omitted).

**2.      This Action Might Have Been Brought In the Transferee Court.**

The initial inquiry is whether this case "might have been brought" in the Central District of California. This requirement easily is satisfied. In the first place, McCain's own actions are convincing and now betray his blatant forum shopping. Not only **could** McCain have brought his copyright infringement claims in the Central District of California, he **did** bring them in that venue as counterclaims against one of the parties that he now sues in this Court, Rahal Letterman Racing, LLC. Then, McCain voluntarily dismissed his counterclaims against Rahal Letterman Racing, LLC, and filed his complaint instituting this New York action. McCain remains a party in *Argent*, the California action, where the court is asked to determine issues regarding allegations that parties, including parties related to Rahal Letterman Racing, LLC, infringed the same McCain copyright as is at issue in this action. The claims against the so-called "secondary infringers" could have been brought in California.

**3.      The Balance Of Factors Weighs In Favor Of Transfer.**

"In determining whether transfer is warranted for the convenience of parties and witnesses and in the interests of justice, courts consider the following factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of the relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Fuji Photo Film Co., Ltd, supra*, 415 F. Supp. 2nd at 373.

Transfer to the Central District of California is appropriate in the interests of justice and for the convenience of the parties and witnesses.

a.      <u>Convenience Of Witnesses</u>

"Convenience of both the party and non-party witnesses is probably the single-most

important factor in the analysis of whether transfer should be granted." *Berman, supra*, 30 F. Supp. 2nd at 656 (internal citations omitted). "When weighing the convenience of the witnesses, '[A] court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide.'" *Fuji Photo Film Co., Ltd, supra*, 415 F. Supp. 2nd at 373 (internal citations omitted).

Argent's witnesses who must be heard from in this case despite McCain's craftiness in not suing Argent here are located in California, including key witness Borchetta, who resides in Valencia, California. Borchetta acted as Argent's agent in entering into the contract with McCain in California whereby McCain took the Photographs of driver Patrick in 2002. Borchetta allegedly agreed to the contractual limitation on the use of those Photographs that has resulted in these two federal lawsuits.

This factor weighs in favor of transfer.

      b.   <u>Convenience Of Parties</u>

The Central District of California is a more convenient forum for Argent, which resides in California. Argent is a party to the California action and presumably an indispensable party in this New York action, even though McCain did not name Argent. Presumably, the Central District of California is a more convenient forum for Pioneer Electronics (USA), Inc., Toyota Motor Sales, U.S.A., Inc., and American Honda Motor Co., Inc., Sandra Kinsler d/b/a Womanmotorist.com, and BEA Systems, Inc., which reside in California. Also, defendant Worldwide Pants, Inc. has agreed to jurisdiction in California. Several of the so-called "secondary infringers" have indicated to counsel for the moving parties that they do not oppose a change of venue to California.

McCain is likely to assert that the Southern District of New York is a more convenient forum for him. He cannot now be heard to complain that any forum is better suited to hear and

PASTERNAK,
PASTERNAK
& PATTON

decide his copyright infringement claims than the Central District of California. McCain, who resides in Arizona,[7] has appeared in *Argent* and answered and participated in extensive discovery[8] without bringing a motion to transfer. It is too late for McCain to seek a change of venue from the Central District of California. Fed. R. Civ. P. 12(b). Of course, New York may be a more convenient forum for Pelosi, McCain's counsel. This is of no moment. Indeed, Pelosi already is representing McCain in *Argent*, having filed a *pro hac vice* motion to do so.

McCain can hardly claim that he will be burdened by litigating this case in the Central District of California, when he originally brought claims in that district against one of the same defendants that he attempts to sue in this venue. Also, McCain is a defendant in *Argent*, where the same matters involving alleged infringements of McCain's copyright will be litigated.

Therefore, this factor weighs in favor of transfer.

   c. <u>Location Of Relevant Documents</u>

The location of documents "is clearly an important consideration in motions to transfer . . ." *Berman, supra,* 30 F. Supp. 2nd at 658.

*Argent's* documents are located in California. Documents pertaining to Borchetta, who was *Argent's* agent who entered into the contract with McCain in California, are located in California. Five of the named defendants herein are based in California (Pioneer Electronics (USA), Inc., Toyota Motor Sales, U.S.A., Inc., American Honda Motor Co., Inc., Sandra Kinsler d/b/a Womanmotorist.com, and BEA Systems, Inc.) Those parties' documents presumably are located in California.

Moreover, McCain's documents already have been produced in the California litigation. This factor weighs in favor of transfer.

   d. <u>Locus Of Operative Facts</u>

The locus of operative facts, which is a "primary factor" in a motion to transfer venue,

---

[7] McCain's Arizona residence is much closer to California than it is to New York.
[8] *See* Patton Affirmation, at p. 4, ¶ 11, and exhibits attached thereto.

weighs in favor of transfer in this case. *E.g.*, *ZPC 2000, Inc. v. SCA Group, Inc.* (S.D.N.Y. 2000) 86 F. Supp. 2nd 274, 279 (internal citation omitted).

The contract pursuant to which McCain took the Photographs in question was entered into in California, between McCain and Borchetta, acting as Argent's agent. Borchetta resides in California. McCain resides in Arizona, much closer to California than to New York.

This factor weighs in favor of transfer.

e.    Availability Of Compulsory Process

The fifth factor requires a consideration of the court's power to compel attendance of unwilling witnesses, as a district court only can subpoena witnesses within the district or within 100 miles of the district. *See* Fed. R. Civ. P. 45(b)(2).

The moving parties are unaware of any unwilling witnesses. Therefore, this factor does not weigh in favor of or against transfer.

f.    Relative Means Of Parties

The parties hereto have not alleged any significant disparity in means which would impact their ability to litigate in another forum. Indeed, McCain, an Arizona resident, already is litigating his copyright infringement claims in California. One would expect McCain to be more disadvantaged to have to litigate the same copyright claims at the same time both in California, at least close to his residence, as well as in New York, much farther away. Accordingly, this factor does not weigh in favor of or against transfer. *See Berman*, *supra*, 30 F. Supp. 2nd at 659.

g.    Familiarity With Governing Law

Copyright law is federal law. Accordingly, any district court may handle a copyright infringement case with equal skill. *Cf.*, *Invivo Research Inc. v. Magnetic Resonance Equip. Corp.* (S.D.N.Y. 2000) 119 F. Supp. 2nd 433, 439 (making the same point in a patent infringement case). Therefore, neither the transferee nor the transferor court is more or less familiar with the governing law. This factor is neutral.

h.    Plaintiff's Choice Of Forum

"A plaintiff's choice of forum generally is entitled considerable weight – particularly when

the plaintiff is a resident of the forum district – and should not be disturbed unless the balance of several factors is strongly in favor of defendant." *Fuji Photo Film Co., Ltd, supra*, 415 F. Supp. 2nd at 376 (internal citation omitted). However, a plaintiff's choice of forum has minimal value, or should be given less consideration, where the plaintiff is not a resident of the judicial district in which he has instituted suit. *E.g., Societe Commerciale de Transports Transatlantiques (S.C.T.T.) v. S.S. "African Mercury"* (S.D.N.Y. 1973) 366 F. Supp. 1347, 1350-1351 (where, like this case, plaintiff had no connection either with its choice of forum or with the proposed transferee district and would have to pursue its claims in a foreign jurisdiction in any event, plaintiff's choice of forum was given little weight).

In this case, McCain first chose to litigate his copyright infringement claims by filing counterclaims in the Central District of California, where he does not reside, then he chose to litigate the same claims at the same time by filing his complaint in the Southern District of New York, where he does not reside. McCain's choice of forum, either of them, does not preclude transfer in this case. More to the point, by granting this Motion, this Court will be requiring McCain to litigate his claims in his first choice of forum, California.

  i.  <u>Interests Of Justice</u>

Finally, the overall interests of justice, including considerations of judicial economy, strongly weigh in favor of transfer.

"It is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer." *APA Excelsior III L.P. v. Premiere Technologies, Inc.* (S.D.N.Y. 1999) 49 F. Supp. 2nd 664, 668; *see also Berman, supra*, 30 F. Supp. 2nd at 660; *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.* (S.D.N.Y. 1998) 11 F. Supp. 2nd 729, 730. "Litigating related claims in the same tribunal allows for more efficient pretrial discovery, avoids duplicitous litigation, prevents inconsistent results, and saves time [sic] and expense for both parties and witnesses." *Fuji Photo Film Co., Ltd, supra*, 415 F. Supp. 2nd at 376 (internal citations omitted).

The copyright contested in this case is the same copyright that is the subject of the

litigation pending before Judge Carney in the Central District of California. Therefore, the existence of *Argent* in California is dispositive of transfer. *See Fuji Photo Film Co., Ltd, supra.*

Additionally, there is significant overlap in witnesses and documents between this action and *Argent*. "Transfer would serve the interests of justice and judicial economy by avoiding the need for parties to litigate and witnesses to testify in more than one forum." *Fuji Photo Film Co., Ltd, supra*, 415 F. Supp. 2nd at 377.

## IV.

## CONCLUSION

This Motion clearly demonstrates that the Central District of California is the preferred venue for this case. This action is just commencing, and it will litigate the same issues of alleged copyright infringement as are already being litigated in *Argent*. The litigation will more conveniently proceed, and the interests of justice will be better served, by transfer to the Central District of California. Even McCain has conceded as much. He first brought the same claims of copyright infringement as he attempts to bring in this action, against the same and related parties, in *Argent*. Then, McCain voluntarily dismissed those claims and filed the complaint instituting this action, seeking to disguise his true motives by naming a bunch of so-called "secondary infringers" as defendants in this action and conveniently omitting to name Argent, a central figure in McCain's allegations of copyright infringement, prominently involved in the California action as a plaintiff and a counterclaim defendant, indeed, as a counterclaim defendant on McCain's counterclaims. Seemingly, Argent is an indispensable party in this dispute.

McCain should not be rewarded for forum shopping and splitting his claims and the parties he is suing by being permitted to maintain this action against the moving parties in this venue. This Motion should be granted.

/ / /

/ / /

/ / /

/ / /

DATED: July 27, 2007

John W. Patton, Jr., California Bar No. 90130
David J. Pasternak, California Bar No. 72201
PASTERNAK, PASTERNAK & PATTON
A Law Corporation
1875 Century Park East, Suite 2200
Los Angeles, California 90067-2523
Telephone:  310.553.1500
Facsimile:  310.553.1540
E-Mail:  djp@paslaw.com
         jwp@paslaw.com

H. Ritchey Hollenbaugh, Ohio Bar No. 0001072
Emily A. Smith
CARLILE, PATCHEN & MURPHY LLP
366 East Broad Street
Columbus, Ohio 43215
Telephone:  614.228.6135
Facsimile:  614.221.0216
E-Mail:  HRH@cpmlaw.com
         EAS@cpmlaw.com

Richard E. Haftel (REH-7394)
Haftel & Silverman, PC
260 Madison Avenue, Floor 18
New York, New York 10016
Telephone:  212.686.3100
Facsimile:  212.686.3151
E-Mail:  haftel@haftel.com

Attorneys for Defendants Rahal Letterman Racing, LLC, and
Bobby Rahal Automotive Group

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1875 Century Park East, Suite 2200, Los Angeles, California 90067-2523.

On **July 27, 2007**, I served the foregoing document described as **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER** on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED LIST

☐ **BY MAIL:** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:** At or before 5:00 p.m., I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (310) 553-1540. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☒ **BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in an envelope or package designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

☐ **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope(s) directly to the person(s) being served.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

**Executed on July 27, 2007, at Los Angeles, California.**

L. K. Snyder

*George Edward McCain v. Rahal Letterman Racing, LLC, etc., et al.*
*United States District Court Southern District of New York*
*Case No. 07-CV-5729 (JSR)*

## SERVICE LIST

John Pelosi, Esq.                                       Counsel for Plaintiff, George Edward McCain
Pelosi, Wolf, Effron & Spates LLP
233 Broadway, 22nd Floor
New York, NY 10279
Telephone:  212.334.3599
Facsimile:  212.571.9149
E-Mail:  jpelosi@pwes.com

Jason M. Gonder, Esq.                                   Counsel for Defendant, BEA Systems, Inc.
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
Telephone:  212.530.5131
Facsimile:  212.822.5131
.E-Mail:  jgonder@milbank.com

Carl E. Person, Esq.                                    Counsel for Defendant, Ellen Emerson dba
Attorney at Law                                         Hondabeat.com
325 West 45th Street, Suite 201
New York, NY 10036-3803
Telephone:  212.307.4444
Facsimile:  212.307.0247
Cell:       917.453.9376
E-Mail:     carlpers@ix.netcom.com

Theresa M. Gillis, Esq.                                 Counsel for Defendant, The Timken Company
Jones Day
222 East 41st Street
New York, NY 10017-6702
Telephone:  212.326.3939
Facsimile:  212.755.7306
Direct:     212.326.3679
E-Mail:     tmgillis@jonesday.com

George Cacoulidis, Esq.                                 Counsel for Defendant, American Le Mans
Attorney at Law                                         Series LLC
590 Madison Avenue, 21st Floor
New York, NY 10022
Telephone:  212.521.4430
Facsimile:  212.521.4431
E-Mail:  george@cacoulidis.com

James Rosenfeld, Esq.
Davis Wright Tremaine LLP
1633 Broadway
New York, NY 10019-6708
Direct:      212.603.6455
Main:       212.489.8230
Facsimile: 212.489.8340
E-Mail:     jamesrosenfeld@dwt.com

Counsel for Defendant, Gawker Media LCC

Richard Soto, Esq.
Hunton & Williams LLP
200 Park Avenue
New York, NY 10166-0136
Direct:      212.309.1054
Main:       212.309.1000
Facsimile: 212.309.1100
E-Mail:     rsoto@hunton.com

Counsel for Defendant, Times Publishing Company

Margaret A. Dale, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
Telephone: 212.969.33150
Facsimile: 212.969.2900
E-Mail:     mdale@proskauer.com

Counsel for Defendant, America Honda Motor Co., Inc.

Mark Fowler, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169
Telephone: 212.818.9200
Facsimile: 212.818.9606, 07 – Fax
E-Mail:     mfowler@ssb.com

Counsel for Defendant, Gannett Co., Inc.

Michael H. Gottschlich, Esq.
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone: 317.236.1313
Facsimile: 317.231.7834
E-Mail:     mgottsch@btlaw.com

Counsel for Defendant, Table Moose Media

Andrew B. Lachow, Esq.
Deputy General Counsel
Time, Inc.
Time & Life Building
1271 Avenue of the Americas
New York, NY 10020-1393
Telephone: 212.522.8307
Facsimile: 212.467.0860
E-Mail:     andrew_lachow@timeinc.com

Counsel for Defendants, Time Inc., Sports Illustrated and People Magazine

*Courtesy Copy Via E-Mail:*

Richard E. Haftel, Esq.
Haftel & Silverman, P.C.
260 Madison Avenue, 17th Floor
New York, NY 10016
Telephone:  212.686.3100
Facsimile:  212.686.3151
E-Mail:  haftel@haftel.com

Co-Counsel for Defendants Rahal Letterman
Racing Bobby Rahal Automotive

H. Ritchey Hollenbaugh, Esq.
Carlile Patchen & Murphy LLP
366 East Broad Street
Columbus, Ohio 43215
Telephone:  614.628.0804
Facsimile:  614.221.0216
E-Mail  hrh@cpmlaw.com

Co-Counsel for Defendants Rahal Letterman
Racing Bobby Rahal Automotive