Theresa M. Gillis (TG-2036)
JONES DAY
222 East 41st Street
New York, NY  10017
212-326-3939

*Attorneys for Defendant*
*The Timken Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| GEORGE EDWARD McCAIN, <br><br> Plaintiff, <br><br> v. <br><br> RAHAL LETTERMAN RACING LLC, et al. <br><br> Defendants. | **Civil Action No. 07-CV-5729** |

**DEFENDANT THE TIMKEN COMPANY'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

## I. INTRODUCTION

On June 15, 2007, Plaintiff George McCain brought this action alleging various acts of copyright infringement against twenty-nine separate defendants, among them, The Timken Company. The Timken Company ("Timken") is an Ohio corporation with its principal place of business in Ohio. Because this Court lacks personal jurisdiction over Timken and venue is improper in this district, Count Twenty-Eight of the Complaint, which contains the only substantive allegations against Timken, should be dismissed.

## II. STATEMENT OF FACTS

According to the Complaint, plaintiff George Edward McCain is a photographer in Tucson, Arizona. Compl. ¶ 4. In 2002, McCain allegedly participated in a two-day photography session with race-car driver Danica Patrick, which yielded hundreds of photographs. *Id.* ¶ 35. McCain subsequently filed a single copyright registration covering all or at least some of those photographs, which was assigned registration number Vau-564-275. *Id.* McCain alleges that in 2005, after Ms. Patrick had attained a degree of fame, one of his photographs of her appeared on a "hero card," attached as Exhibit 29 to the Complaint, without his authorization. *Id.* ¶ 36 & 160. McCain alleges on information and belief that this card was reproduced and distributed by Timken. *Id.* ¶ 160. Significantly, McCain does not allege that any of this activity took place in New York State or in this district.

In his Complaint, McCain acknowledges, as he must, that Timken is an Ohio corporation with its principal place of business in Canton, Ohio. *Id.* ¶ 21. As set forth in the attached Declaration of Scott A. Scherff, Timken has no real property, offices, plants, equipment or employees in the State of New York. Scherff Decl. ¶¶ 6&7. Timken does not have any bank accounts or telephone listings in the State of New York. *Id.* ¶¶ 8&10. Timken is not registered to do business in the State of New York, has no registered agent for service of process in New York and has not been required to pay New York State taxes in any of the past three years. *Id.* ¶¶ 9&11. Although Timken's products reach New York, those products are sold through a wholly-owned subsidiary, which is, itself, an Ohio corporation with a principal place of business

in Ohio, and through independent distributors. *Id.* ¶ 5. In short, Timken does not have sufficient contacts with New York for this Court to exercise personal jurisdiction over Timken or to make this Court a proper venue for McCain's claim against Timken.

### III. ARGUMENT: THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER TIMKEN AND VENUE OVER TIMKEN IS NOT PROPER IN THIS COURT

Because Timken is a corporation, the existence of personal jurisdiction also determines the propriety of venue.[1] The Copyright Act does not provide for nationwide service of process, so a court applies the law of the forum state in which it sits to determine personal jurisdiction. *Fort Knox Music v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000). New York's general jurisdiction statute, C.P.L.R. § 301, provides that "a court may exercise such jurisdiction over persons, property or status as might have been exercised heretofore."[2] N.Y. CP.L.R. § 301. In *Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 77 N.Y.2d 28 (1990), the Court of Appeals of New York explained the operation of § 301:

> A foreign corporation is amenable to suit in New York courts under CPLR 301 if it has engaged in such a continuous and systematic course of "doing business" here that a finding of its "presence" in this jurisdiction is warranted. The test for "doing business" is a "simple [and] pragmatic one," which varies in its application depending on the particular facts of each case. The court must be able to say from the facts that the corporation is "present" in the State "not occasionally or casually, but with a fair measure of permanence and continuity."

77 N.Y.S.2d at 33-34 (alterations in original; internal citations omitted). The nearest that the Complaint approaches to pleading facts to support personal jurisdiction over Timken and proper

---

[1] In copyright cases, venue is proper in "the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). A corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction; if a State includes multiple districts, a corporation is deemed to reside in any district in the State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. 28 U.S.C. § 1391(c). Therefore, because no personal jurisdiction exists over Timken in New York, venue is also improper.

[2] New York's specific personal jurisdiction statute, C.P.L.R. § 302, does not apply to this case because it is limited to causes of action "arising from any of the acts enumerated" therein. N.Y. C.P.L.R. § 302. McCain has not alleged that any of the operative facts of his cause of action took place in New York. *See* Compl. ¶¶ 35-36 & 159-160; Scherff Decl. ¶ 4.

venue in this Court is a single sentence in paragraph 21: "Upon information and belief, Timken engages in systematic and continuous business *with companies located throughout New York*, including New York City." Compl. ¶ 21 (emphasis added).

McCain's recitation that Timken's alleged business contacts with New York are "systematic and continuous" may have been intended to satisfy the *Landoil* test, but it fails to do so. The *Landoil* court makes clear that only the foreign company's own acts of doing business in New York are considered, not the foreign company's acts of doing business with companies located in New York, as McCain has alleged. *See* Compl. ¶ 21. A hypothetical example will clarify the distinction. If a New York company maintains an office in Ohio, and one of its employees in that office actively negotiates a contract in Ohio with an Ohio corporation, the New York company may fairly be said to be doing business in Ohio, but the Ohio company cannot be said to be doing business in New York. The location of Timken's alleged business partners is irrelevant. Thus, McCain has failed even to allege a *prima facie* case for this Court to exercise personal jurisdiction over Timken or that venue is proper in this Court.

As this Court noted in *Semi Conductor Materials, Inc. v. Citibank International PLC*, "[t]he traditional indicia to which courts refer in deciding whether a foreign corporation is doing business in New York under this approach ['doing business' under § 301] include (1) the existence of an office in New York, (2) the solicitation of business in New York, (3) the existence of bank accounts or other property in New York, and (4) the presence of employees of the foreign defendant in New York." 969 F. Supp. 243, 245 (1997) (Rakoff, J.). As described above, Timken does not do business in the State of New York, much less do so continuously and systematically. Timken does not have an office in New York. Scherff Decl. ¶ 6. Timken does not have any bank accounts in New York or own or lease any plant, real property or equipment in New York. *Id*. ¶¶ 7&8. Timken has no employees in New York. *Id*. ¶ 6. Timken is not registered to do business in New York; it does not even have a New York telephone listing. *Id*. ¶¶ 9&10. Timken does not solicit business in New York. The most that can be said is that Timken's products reach New York through the efforts of its independent distributors and its

wholly-owned subsidiary, an Ohio corporation. *Id.* ¶ 5. But in *Landoil*, the Court of Appeals confirmed its earlier holding that "mere sales of a manufacturer's product in New York, however substantial, have never made the foreign corporation manufacturer amenable to suit in this jurisdiction." *Landoil*, 77 N.Y.S.2d at 34 (quoting *Delagi v. Volkswagenwerk* AG, 29 N.Y.S.2d 426, 433 (1972)). Thus, none of the four traditional factors weighs in favor of the existence of personal jurisdiction. Because personal jurisdiction is lacking, venue is also improper. *See* 28 U.S.C. §§ 1400(a) & 1391.

## IV. CONCLUSION

Because Timken is a foreign corporation not continuously and systematically doing business in New York State or this district, this Court has no personal jurisdiction over Timken and venue is improper in this Court. Accordingly, this Court should dismiss County Twenty-Eight of the Complaint, the only cause of action against Timken.

Dated: July 31, 2007

Of Counsel:

Robert P. Ducatman
Sheryl H. Love
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-3939

Respectfully submitted,

/s/Theresa M. Gillis
Theresa M. Gillis (TG-2036)
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212)326-3939

Attorneys for Defendant
The Timken Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *DEFENDANT THE TIMKEN COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS* was served on July 31, 2007, by electronic filing on all parties so registered and via overnight courier as set forth below:

| | |
|---|---|
| John Anthony Pelosi (JAP-9066)<br>PELOSI, WOLF, EFFRON & SPATES, LLP<br>Woolworth Building, 233 Broadway<br>22nd Floor<br>New York, New York 10279<br><br>*Counsel for Plaintiff George Edward McCain* | Richard E. Haftel<br>HAFTEL & SILVERMAN, P.C.<br>260 Madison Avenue, 18th Floor<br>New York, NY 10016<br><br>David J. Pasternak<br>John W. Patton, Jr.<br>PASTERNAK, PASTERNAK & PATTON<br>A Law Corporation<br>1875 Century Park East, Suite 2200<br>Los Angeles, CA 90067<br><br>H. Ritchey Hollenbaugh<br>CARLILE PATCHEN AND MURPHY, LLP<br>366 East Broad Street<br>Columbus, OH 43215<br><br>*Counsel for Defendant<br>Rahal Letterman Racing LLC and<br>Bobby Rahal Automotive Group* |
| Andrew B. Lachow<br>Deputy General Counsel<br>Time, Inc.<br>Time & Life Building<br>1271 Avenue of the Americas<br>New York, New York 10020-1393<br><br>*Counsel for Defendants<br>Time, Inc. d/b/a Sports Illustrated & People Magazine* | Karen Bekker<br>Mark Fowler<br>SATTERLEE STEPHENS BURKE & BURKE LLP<br>230 Park Avenue<br>New York, NY 10169<br><br>*Counsel for Defendant<br>Gannett Co., Inc. d/b/a USA Today* |

| | |
|---|---|
| H. Rowan Gaither, IV<br>Reema S. Abdelhamid<br>RICHARDS KIBBE & ORBE, LLP<br>One World Financial Center<br>New York, New York  10281-2702<br><br>Michael H. Gottschlich<br>BARNES & THORNBURG LLP<br>11 South Meridian Street<br>Indianapolis, Indiana  46204-3535<br><br>*Counsel for Defendant*<br>*Table Moose Media LLC*<br>*d/b/a Indy Men's Magazine* | Margaret A. Dale<br>PROSKAUER ROSE LLP<br>1585 Broadway<br>New York, New York  10036-8299<br><br>*Counsel for Defendant*<br>*American Honda Motor Co., Inc.* |
| George Cacoulidis<br>Attorney at Law<br>590 Madison Avenue<br>21st Floor<br>New York, New York  10022<br><br>*Counsel for Defendant*<br>*American LeMans Series LLC* | Jason M. Gonder<br>MILBANK, TWEED, HADLEY &<br>        MCCLOY LLP<br>One Chase Manhattan Plaza<br>New York, New York<br><br>*Counsel for Defendant BEA Systems, Inc.* |
| James Rosenfeld<br>DAVIS, WRIGHT, TERMAINE LLP<br>1633 Broadway<br>New York, New York  10019-6708<br><br>*Counsel for Defendant*<br>*Gawker Media LLC* | Richard Sotot<br>HUNTON & WILLIAMS LLP<br>20 Park Avenue<br>New York, New York  10166-0136<br><br>*Counsel for Defendant*<br>*Times Publishing Company*<br>*d/b/a St. Petersburg Times* |

|  | Carl E. Person<br>Carl E. Person - An Individual Practitioner<br>325 W. 45th St. - Suite 201<br>New York, NY 10036<br><br>*Counsel for Defendant*<br>*Ellen Emerson d/b/a Hondabeat.com* |
|---|---|

   /s/Theresa M. Gillis
Theresa M. Gillis (TG-2036)

Dated:  New York, New York
       July 31, 2007