John Pelosi (JP-9066)
Pelosi Wolf Effron & Spates LLP
233 Broadway, 22nd Floor
New York, NY 10279
(212) 334-3599

*Attorneys for Plaintiff*
*George Edward McCain*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X
                                                              X
GEORGE EDWARD McCAIN, an individual,          X
                                                              X
                    Plaintiff,                          X    **Civil Action No. 07-CV-5729**
                                                              X
        -against-                                      X
                                                              X
RAHAL LETTERMAN RACING, LLC, et al.     X
--------------------------------------------------------------X


**MEMORANDUM OF LAW OF PLAINTIFF GEORGE EDWARD MCCAIN
IN OPPOSITION OF DEFENDANTS' MOTION TO TRANSFER**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT………………………………………………………...1

STATEMENT OF FACTS…………………………………………………………...4

ARGUMENT……………………………………………………………………………6

    A.     This Case is Properly Venued in New York……………………….....................6

           1.  New York is the Preferred Forum Over Transferee Forum………...................7

           2.  The Balance of Factors Weigh in Favor of NewYork…………………………8

               a.   Convenience of Witnesses…………………………………………..9

               b.   Convenience of Parties……………………………………………...11

               c.   Location of Documents……………………………………………...13

               d.   Location of Operative Facts………………………………………...13

               e.   Availability of Compulsory Process…………………………………15

               f.   Forum's Familiarity with the Governing Law…………………………15

               g.   Relative Means of the Parties………………………………………...15

               h.   Plaintiff's Choice of Forum………………………………………...16

                i.   Trial Efficiency and the Interests of Justice……………………….....17

     CONCLUSION………………...……………………………………………………..19

## TABLE OF AUTHORITIES

**Cases**

*Beatie and Osburn LLP v. Patriot Scientific Corp.*
2006 WL 1233937 at *17, 18 (S.D.N.Y. 2006) ………………………………...……...….9, 16

*Beckerman v. Heiman*
2006 WL 1663034 at * 8, 9 (S.D.N.Y. 2006)………………………………………….....15, 16

*Berman v. Informix Corp.*
30 F.Supp.2d 653 at 657, 659 (S.D.N.Y. 1998)…………………………………………  9, 16

*Colabufo v. Continental Casualty Co.*
2006 WL 1210919 at *3 (E.D.N.Y. 2006)………………………………………………...14

*Cuyahoga Equip. Corp.*
980 F.2d 110, 117 (2d Cir. 1992)…………………………………………………………...6

*Factors Etc., Inc. v. Pro Arts, Inc.*
579 F.2d 215, 218 (2d Cir. 1978), *cert denied* 440 U.S. 908 (1979)…………………….....6

*Frene N.V. v. Kmart Corp.*
1998 WL 427688 at *2 (S.D.N.Y. 1998)…………………………………………………...9

*Funke v. Life Financial Corp*
2003 WL 194204 (S.D.N.Y. 2003)………………………………………………………...14

*Fuji Photo Film Co., Ltd. v. Lexar Media Inc.,*
415 F.Supp.2d 370, 373 (S.D.N.Y. 2006)……………………………….................. 6, 8

*Gulf Oil Corp. v. Gilbert*
330 U.S. 501, 508 (1947)……………………………………………………………………16

*Hubell Inc. v. Pass & Seymour, Inc.*
883 F. Supp. 955, 962 (S.D.N.Y. 1995)………………………………………….......6

*IDT Worldwide, Inc. v. Supreme Int'l Corp.,*
1995 WL 702359, at *3 (S.D.N.Y. 1995)…………………………………………………15

*Iragorri v. United Technologies Corp.*
274 F.3d 65, 70 (2d Cir. 2001)…………………………………….................................16

*Kwik Goal, Ltd. v. Youth Sports Publishing, Inc.*
2006 WL 1517598 at *1 (S.D.N.Y. 2006)………………………………………………………9

*Laborers Local 100 and 397 Pension Fund v. Bausch & Lomb Inc.*
2006 WL 1524590 at *4 (S.D.N.Y. 2006)………………………………………………………6

*Lyons & Company Ltd. and Tetley Inc. v. The Republic of Tea, Inc.*
892 F.Supp. 486, 491 (S.D.N.Y. 1995)………………………………………………………5

*Mitsui Marine & Fire Ins. Co. v. Nankei Travel Int'l*
245 F.Supp.2d 523, 527 (S.D.N.Y. 2003)……………………………………………………...17

*NBA Props. v. Salvino, Inc.,*
2000 WL 323257, at *14 (S.D.N.Y. 2000) (quoting *Pilates, Inc. v. Pilates Inst., Inc.,* 891
F. Supp. 175, 183 (S.D.N.Y. 1995))……………………………………………………………9

*Posen, C.A. v. Liberty Mut. Ins. Co.*
303 F.Supp.2d 391, 404 (S.D.N.Y. 2004)……………………………………………….....9

*Red Bull Association v. Bet Western Intern, Inc.*
862 F.2d 963, 967 (2d Cir. 1988) citing *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S.
22, 105 S.Ct. 2239, 244 (1988) quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S. Ct.
805, 812 (1964)………………………………………………………………………………6

*Zangiacomi v. Saunders*
714 F.Supp. 658, 660 (S.D.N.Y. 1989)……………………………………………….......11

**Statutes**

United States Code

28 U.S.C. § 1404(a)…………………………………………………...…………………1, 19

Federal Rules of Civil Procedure

Rule 41(a)……………………………………………………………………………………5, 7

**MEMORANDUM OF LAW**
**IN OPPOSITION OF DEFENDANTS' MOTION TO TRANSFER**

This response memorandum of law is submitted on behalf of the plaintiff in opposition to

Rahal Letterman Racing, LLC ("Rahal Letterman") and Bobby Rahal Automotive Group's

(collectively the "Defendants") 28 U.S.C. § 1404(a) motion for an Order to transfer venue

("Transfer Motion") to the United States District Court of the Central District of California

("Central District of California").

**PRELIMINARY STATEMENT**

Plaintiff, George Edward McCain ("McCain") is a photographer with a small successful

commercial photography business located in Tucson, Arizona.  To date, McCain has identified

over thirty (30) parties that have separately used without his authorization photographs of Danica

Patrick he produced during a photo shoot in Phoenix, Arizona in November 2002.

This case involves well-financed defendants that are implicated in widespread acts of

copyright infringement involving the photographs of an individual photographer.  These

infringements have occurred in a digital age where the unauthorized circulation of an

individual's photographs can abruptly lead to numerous acts of infringement across national and

international boundaries.  Knowing the disparity in bargaining power, McCain has approached

these parties with the simple goal of being fairly compensated for the unauthorized uses of his

photographs and being properly credited as the author.

Several of these infringers, namely Argent Mortgage Company, LLC ("Argent") and

Team Rahal, Inc. ("Team Rahal"), have taken advantage of this David vs. Goliath dynamic by

instituting an action in the Central District of California against McCain to declare that the acts

of unauthorized reproduction alleged by McCain with respect to his photographs constitutes

"non-infringement"; a clear act of forum shopping considering that McCain produced the

1

photographs in Arizona and has had no contact with the Central District of California.  The

action initiated in the Central District of California was intended to handicap the smaller

McCain's ability to litigate his claims.  The same efforts are now being focused on McCain's

attempts to prosecute claims for acts of infringement by nearly thirty other defendants.

McCain's preliminary investigation, based on information supplied by defendants named

in the present action, reveals that Rahal Letterman, not Argent or Team Rahal, may be directly

responsible for distribution of his photographs to many of the defendants in this action.  (*See*

Declaration of George Edward McCain) sworn to on August 6, 2007 ("McCain Declaration," at ¶

7).  *McCain has therefore decided to litigate his claims in a forum where many infringements*

*occurred and where most or all of the defendants are located or for which jurisdiction can be*

*asserted.*  (*See* "McCain Declaration," at ¶ 13.)  Rahal Letterman is merely one among many

defendants named in New York that have violated McCain's copyrights.  If any of the defendants

over which jurisdiction exists in New York but not in California do not join the Motion to

Transfer, the possibility for an inefficient outcome exists.  Specifically, McCain will be

compelled to file suit in New York or another jurisdiction against several or more of these

defendants and Rahal Letterman will likely be added as a third-party defendant in each action.

Rahal Letterman and Bobby Rahal Automotive Group not only seek to transfer their

claims, but the claims of a varied roster of defendants to the Central District of California.  This

request is erroneously premised upon the notion that the Central District of California is the

proper forum to litigate since all the claims involved are "the same" as those now pending in the

Central District of California.  On the contrary, the acts of infringement committed by each the

defendants are each entirely separate and independent acts for which each individual defendant is

accountable.

Although the photographs involved in California are the same, each act of infringement committed by each defendant is markedly different. The infringements consist of unauthorized reproductions of over 17 different photographs, in different media, including online and offline publications and advertising, magazine covers, editorial uses, upon promotional cards, in media press kits, even on apparel, and the reproductions have occurred in jurisdictions throughout the country by defendants with little or no association. (See Affirmation of John Pelosi, Esq.) sworn to on August 8, 2007 (*See* "Pelosi Affirmation," at ¶ 2). The only other variable that is "the same" in the present action is that many of the twenty-seven other defendants point to Rahal Letterman as the party responsible for the distribution of McCain's photographs to them. The facts relating to each infringement in the present action are unique and not duplicative of the facts in California. Indeed, the entities in the California Action have denied any liability for the acts of the defendants named in this action (*See* "Pelosi Affirmation," at ¶ 3), so this eliminates the need for Rahal Letterman, Bobby Rahal Automotive Group or any other defendant not located in California, to appear in California to assert its defenses.

Defendant Rahal Letterman is based in Ohio and Defendant Bobby Rahal Automotive Group is based in Pennsylvania with neither company having any known contact with California in connection with the infringements alleged. Therefore a demand to transfer this action to California by companies based in Ohio and Pennsylvania is particularly suspect. Defendants' Transfer Motion only serves to inconvenience McCain and the remaining defendants in this action since it would compel them to litigate in California various claims that have no connection with California. California is merely a forum selected as convenient by Argent. Argent is a non-party in New York with which the remaining twenty-seven defendants have no contact in

relation to the Photographs.  Simply put, the tail should not wag the dog with respect to the resolution of *all* of McCain's claims.

For these and other reasons set forth in this Opposition the Motion to Transfer must be denied.

## STATEMENT OF FACTS

On November 14th and 15th, 2002, McCain engaged in a photography session with a then-unknown race car driver named Danica Patrick.  The two-day session yielded McCain hundreds of photos of Ms. Patrick in both street clothes and racing gear.  McCain subsequently registered with the U.S. Copyright Office under # VAU-564-275 (the "Photographs").  (*See* "McCain Declaration," at ¶ 3.)  The date of the Copyright Registration is November 29, 2002.  (*Id*.)

On August 23, 2005, McCain informed Rahal Letterman among others, that it had used the Photographs without McCain's authorization in violation of McCain's copyrights.  (*See* Exhibit A, attached hereto.)  Furthermore, based on responses from third parties, now named as defendants in the present action, Rahal Letterman was directly responsible for the distribution of the Photographs to the other Defendants.  (See "Pelosi Affirmation," at ¶ 3.)  *At no time did these third parties indicate to McCain that they had received the Photographs from either Argent and/or Team Rahal*.  (*Id*.)  For a period of one year from August 2005 to August 2006, McCain's counsel worked with prior counsel for Rahal Letterman to amicably resolve Rahal Letterman's unauthorized use and subsequent distribution of the Photographs to the other parties named in this action.  (*Id*. at 5.)

Argent was made aware by McCain's counsel shortly before the filing of the California Action that McCain intended to file a lawsuit against Argent in the Southern District of New

York.[1]  (See "Pelosi Affirmation," at ¶ 4.)  On August 15, 2006, Argent and Team Rahal sought

a declaratory judgment for non-infringement against McCain relating to the Photographs in the

Central District of California (the "California Action").  The inclusion of Team Rahal as a

Plaintiff in the California Action came as a surprise to McCain considering that McCain never

once communicated with Team Rahal either directly or indirectly regarding its infringements of

the Photographs.  (*See* "McCain Affirmation," at ¶ 9; *See also* "Pelosi Affirmation, at ¶ 4).

*Rahal Letterman could have been, but was not included as a party in the California Action.*

Perhaps Rahal Letterman was not included in the California Actions for strategic reasons to

insulate liability or to thwart discovery.

On December 15, 2006, McCain filed an Answer with Counterclaims against Argent,

Team Rahal and Rahal Letterman in the Central District of California.  Rahal Letterman failed to

answer or otherwise respond during the six-month period between the filing of McCain's

Answer and Counterclaims in the California Action on December 15, 2006 and the filing of this

present action on June 15, 2007.  (*See* "Pelosi Affirmation," at ¶ 6.)  Rahal Letterman also ceased

communications with McCain's counsel during this six-month period.  (*Id.*)  In September 2006,

McCain's counsel contacted Team Rahal's counsel, namely Lisa I. Carteen, Esq. of Baker

Hostetler, to determine if Rahal Letterman was a party to the California action.  Ms. Carteen

specifically indicated that Rahal Letterman was not a party to the California Action. (*Id.* at 5.)

On June 14, 2007, McCain voluntarily dismissed his claims against Rahal Letterman

pursuant to F.R.C.P. Rule 41(a) and initiated the present action in the Southern District of New

---

[1] So in stark contradiction to Mr. Patton's claim that this is "not a case of 'defendants' running into court as declaratory relief plaintiff" (*See* Transfer Motion, p. 3, ¶ 2) it is quite clear that Argent and Team Rahal engaged in forum shopping by filing in the Central District of California immediately after McCain's counsel informed Argent that the filing of a lawsuit in the Southern District of New York was imminent. This maneuvering to gain an advantage over a would-be plaintiff is clearly frowned upon by this court as noted in *J. Lyons & Company Ltd. and Tetley Inc. v. The Republic of Tea, Inc.*, 892 F.Supp. 486, 491 (S.D.N.Y. 1995).

York based on Rahal Letterman's unauthorized use and subsequent distribution of the Photographs to the other defendants named therein.

## ARGUMENT

### A. THIS CASE IS PROPERLY VENUED IN NEW YORK

It is well established that "motions for transfer lie within the broad discretion of the district court." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992). The district courts have "considerable discretion…to adjudicate motions for transfer according to "an individualized, case-by-case consideration of convenience and fairness." *Red Bull Assocs. v. Best Western Intern, Inc.*, 862 F.2d 963, 967 (2d Cir. 1988) citing *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 105 S.Ct. 2239, 2244 (1988) quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812 (1964). Moreover, "[t]he plaintiff's choice of forum is generally respected unless the balance of factors clearly favors transfer." *Laborers Local 100 and 397 Pension Fund v. Bausch & Lomb Inc.*, 2006 WL 15245990 at *4 (S.D.N.Y. June 2006). Therefore, Defendants must "make a clear and convincing showing" that the transfer is in the best interests of this litigation, *Hubell Inc. v. Pass & Seymour, Inc.*, 883 F. Supp. 955, 962 (S.D.N.Y. 1995), and Defendants bear the ultimate burden of "establish[ing] that there should be a change of forum" *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *cert denied* 440 U.S. 908 (1979).

Courts traditionally apply a two-step analysis to determine whether a case should be transferred: First, whether the case could have been filed in the transferee district; and second, whether the convenience of the parties or non-parties and the interests of justice favor transfer. *Fuji Photo Film Co., Ltd. v. Lexar Media Inc.*, 415 F.Supp.2d 370, 373 (S.D.N.Y. 2006).

**1. New York is the Preferred Forum Over the Transferee Forum**.

McCain argues that the present case may have been filed in the Central District of California with respect to several of the Defendants located in California,[2] but most of those parties also transact business in New York, and they do not include Rahal Letterman, Bobby Rahal Automotive Group[3] and approximately twenty other defendants named in the present action.[4] Therefore the Southern District of New York is the preferred forum to litigate these claims considering the proximity and ties that most of the defendants have in relation to New York.

McCain does acknowledge that Rahal Letterman was listed as a counterclaim defendant in the California Action. Whether the Central District of California would have had personal jurisdiction over Rahal Letterman given that it is an Ohio company with no known relationship with California, however, is unknown.[5] Nevertheless, McCain was well within his right under F.R.C.P. Rule 41(a) to voluntarily dismiss his claims against Rahal Letterman and proceed against it and the twenty-eight other parties listed in the present action for the following reasons: 1) Rahal Letterman chose not to join in the California Action with Argent and Team Rahal, after

---

[2]    As Mr. Patton notes, Pioneer Electronics (USA), Inc.; Toyota Motor Sales, U.S.A., Inc. and American Honda Motor Co., Inc. are located in the Central District of California (*See* Transfer Motion on page 6, ¶ 2); however, it is clear that all three of these major corporations conduct business in the New York. Also, a cursory Westlaw search confirms that all three of these companies have previously been involved in litigation in the Southern District of New York. Therefore, these three parties can hardly argue that they will be burdened by litigating an action in the Southern District of New York.

[3]    Mr. Patton can only assert that Rahal Letterman and Bobby Rahal Automotive Group are "*related* to counterclaim defendants named in McCain's California counterclaim" (*Id.*), but omits the critical point that these two companies are located in Ohio and Pennsylvania respectively, not California, and can therefore be no better served by litigating a case 2,200 miles from their home jurisdiction in comparison with a neighboring state such as New York.

[4]    Mr. Patton fails to include the names of those defendants he contacted supporting the Motion to Transfer as well as those that have agreed to join. To date, only American Honda Motor Co., Inc. and Table Moose Media, LLC have formally joined in the Transfer Motion.

[5]    Mr. Patton baldly claims that McCain has "demonstrated" personal jurisdiction over Rahal Letterman by simply bringing counterclaims against it in the California Action. (*See* Transfer Motion on page 9, ¶ 3.) It is well established that filing an action against a party alone does not automatically translate into personal jurisdiction over that party.

being well aware in advance that each party would assert a claim of non-infringement in the

Central District of California;  2)  Rahal Letterman specifically indicated to McCain after the

institution of the California Action that it was not a party to that action; 3) upon being named in

the California Action by McCain, Rahal Letterman failed to address the counterclaims by answer

or any other response over a six-month period from December 15, 2006 through June 14, 2007,

an omission which permitted McCain to seek a voluntary dismissal; and 4) once it was evident

that Rahal Letterman, not Argent, was responsible for the distribution of the Photographs to other

defendants, *a majority of which are not located or have no known connection to California with*

*respect to the Photographs*, it became more practical to litigate this matter in the forum in which

many of the infringements occurred and where all or most of the defendants were either located

or had sufficient contacts, including Rahal Letterman, an Ohio company, and Bobby Rahal

Automotive Group, a Pennsylvania company.[6]

### 2.  The Balance of Factors Weighs in Favor of New York.

Transfer is not appropriate in this case based on the equities of convenience of the parties

or non-parties and on the interests of justice.

When deciding whether transfer is warranted, courts consider the following factors: (1)

convenience witnesses; (2) convenience of parties; (3) location of documents and ease of access

to sources of proof; (4) location of operative facts; (5) availability of compulsory process; (6)

relative means of the parties; (7) forum's familiarity with the governing law; (8) plaintiff's

choice of forum; and (9) trial efficiency and the interests of justice.  *Fuji Photo*, 415 F.Supp.2d at

---

[6] If McCain chose not to include Rahal Letterman in the present action and instead filed against the
twenty-seven other defendants in New York, it is logical to conclude that these twenty-seven parties
would have filed a third-party claim against Rahal Letterman in New York based on a theory of
indemnification since many of these defendants have acknowledged that Rahal Letterman, not Argent or
Team Rahal, is the party responsible for distributing the Photographs to each of them and conveying each
of them rights to reproduce the Photographs.

373 (S.D.N.Y. 2006); *Posen, C.A. v. Liberty Mut. Ins. Co.,* 303 F.Supp.2d 391, 404 (S.D.N.Y. 2004).

As detailed below, Defendants fail to meet its burden "of establishing that…[McCain's] choice of forum is inappropriate." *Kwik Goal, Ltd. v. Youth Sports Publishing, Inc.*, 2006 WL 1517598 at *1 (S.D.N.Y. 2006). Each of the aforementioned factors militates against the requested transfer to the Central District of California or is neutral.

      a.   <u>Convenience of Witnesses</u>

The New York forum is the most convenient forum for witnesses. It is well settled in the South District that the "[c]onvenience of both party and non-party witnesses is probably the single-most important factor in the analysis of whether [the] transfer should be granted." *Berman v. Informix Corp.*, 30 F.Supp.2d. 653, 657 (S.D.N.Y. 1998) citing *Frene N.V. v. Kmart Corp.*, 1998 WL 427688 at *2 (S.D.N.Y. 1998). The burden is on the "party moving to transfer on the grounds that witnesses will be inconvenienced…to name the witnesses who will appear and describe their testimony so that the court may measure the inconvenience caused by locating a lawsuit in a particular forum." *Beatie and Osborn*, 2006 WL 1233937 at *18 (internal citations omitted). Further, a motion to transfer under §1404(a) "must be accompanied by an affidavit containing 'detailed factual statements identifying the potential principal witnesses expected to be called and a general statement of the substance of their testimony…[a]bsent such a showing, the motion should be denied." *NBA Props. v. Salvino, Inc.*, 2000 WL 323257, at *14 (S.D.N.Y. 2000) (quoting *Pilates, Inc. v. Pilates Inst., Inc.,* 891 F. Supp. 175, 183 (S.D.N.Y. 1995)).

Defendants' Transfer Motion claims that transfer is warranted since "Argent witnesses must be heard" (See Transfer Motion, p. 13; ¶ 2.) However, Defendants fail to provide the names of any such Argent witnesses and further fails to provide a description of that witness'

anticipated testimony or relevant knowledge about the disputed facts.  Clearly such details have

not been submitted by affidavit as required by this court.  Defendants only have listed Mark

Borchetta as a relevant witness and it is clear from McCain's preliminary investigation that Mr.

Borchetta has never had any association or even contact with Rahal Letterman, Bobby Rahal

Automotive Group *or any of the other twenty-seven defendants* with respect to the Photographs.

(See "Pelosi Affirmation," at ¶ 4.)  Mr. Borchetta's contact has been limited to Argent, who is

not named in the present action.  (*Id*.)  Since many of the twenty-seven defendants in this action

have specifically indicated that Rahal Letterman is the source of the distribution of Photographs

to them, not Argent, then Argent's witnesses, including Mr. Borchetta are of no concern.

*Furthermore, Rahal Letterman has denied ever receiving the Photographs from Argent, and*

*Argent has similarly denied supplying them to Rahal Letterman* (*Id.*)*, so Argent's participation*

*in this matter as a witness is irrelevant.*

> The critical witnesses with direct knowledge of how the Photographs were distributed to

the other twenty-seven defendants are employed with Rahal Letterman, which is based in Ohio,

not California.  Given the close proximity of Ohio to New York, Rahal Letterman cannot

reasonably argue that is a more suitable and efficient arrangement for them to testify in

California as to how the Photographs were circulated to the twenty-seven other defendants

compared with New York.

> Similarly, Defendants are in no position to argue that it would be more convenient for the

witnesses of the twenty-seven other defendants to testify in California.  Of the twenty-seven

remaining defendants with potential witnesses, only five are based in California (i.e. Pioneer

Electronics (USA), Inc.; Toyota Motor Sales, U.S.A., Inc.; American Honda Motor Co., Inc.;

Sandra Kinsler d/b/a womanmotorist.com; and BEA Systems, Inc.); however, three of those

defendants are registered to conduct business in New York (i.e. Pioneer Electronics (USA), Inc.;

Toyota Motor Sales, U.S.A., Inc.; American Honda Motor Co., Inc.), so it is possible that each of

their witnesses are already present in New York. *Each of the potential witnesses for the*

*remaining defendants is material to this action since it will presumably link Rahal Letterman,*

*not Argent or Team Rahal, to the willful distribution of the Photographs to each of them.*

Accordingly, Defendants have failed to provide proof that the Central District of

California is a more convenient venue for any potential witnesses, except for unidentified

"Argent witnesses" that will offer unknown testimony and an individual photo agent that none of

the twenty-seven defendants in this case have either associated with, contacted, or more

importantly, identified as the source of distribution of the Photographs.  Thus, this factor weighs

in favor of maintaining this action in the Southern District of New York.

        b.  Convenience of Parties

The balance of factors related to the convenience of the parties favors a New York venue.

"Where the inconvenience to the parties and witnesses is evenly balanced, the plaintiff is entitled

to his choice of forum." *Zangiacomi v. Saunders*, 714 F.Supp .658, 660 (S.D.N.Y. 1989)

(citations omitted).

Defendants' state that, "The Central District of California is a more convenient forum for

Argent, which resides in California." (*See* Transfer Motion p. 13, ¶ 3.)  *Argent is not a party in*

*this case, so its convenience as to forum is irrelevant.*  Rahal Letterman has been identified as the

source of distribution of the Photographs by many of the twenty-seven defendants.  Not one of

these defendants has identified Argent as the source of distribution of the Photographs and Rahal

Letterman has denied receiving the Photographs from Argent.  Therefore Argent is not a party to

this matter.  Argent is instead responsible for its independent acts of infringements with respect to the Photographs, which it has chosen to address in the California Action.

Furthermore, Defendants only claim that a transfer of venue would be convenient to Argent, not themselves.  This is most certainly because it impossible to argue that it is more convenient for Defendants to litigate claims in California compared with neighboring New York.

The New York forum is more convenient for those parties *actually involved* in this case compared with the Central District of California.  For instance, Time, Inc. d/b/a "Sports Illustrated" and "People"; Gannet Co., Inc. d/b/a USA Today; Pioneer Electronics (USA), Inc.; Toyota Motor Sales, Inc.; Norwalk Furniture Company; F1 Marketing Group, Inc.; Bridgestone/Firestone Inc.;  ESPN, Inc.; Consumer Electronics Association; American Honda Motor Co., Inc.; Worldwide Pants Incorporated; Logicalis, Inc.; and Gawker Media LLC either have principal places of business or transact business in New York, largely in this district.  And, with the exception of four defendants (i.e. Table Moose Media, BEA Systems, Inc.; National Ledger, LLC and Daniel Vielhaber d/b/a Indymotorspeedway.com) and two foreign defendants, the remaining defendants are located on the East Coast of the United States.

A New York forum is more convenient for McCain since it allows him to properly litigate his claims where many infringements occurred and where most or all of the defendants are located or transact business.  New York is equally convenient for Rahal Letterman and Bobby Rahal Automotive compared to California.  Litigating in New York spares McCain the burden of pursuing each individual defendant in its home jurisdiction to seek relief for his claims, which in turn could have the consequence of further burdening any of the named defendants.  Thus, this factor does not support transfer of venue.

c.   Location of Documents

Although Defendant claims that this factor weighs in favor of transfer (*See* Transfer

Motion, p. 14 ¶ 5), this Court has established that the location of documents "is not a compelling

consideration when records are easily portable." *Astor Holdings, Inc. v. Roski,* 2002 WL 72936,

at *12 (S.D.N.Y. 2002).  Especially "in today's era of photocopying, fax machines and Federal

Express," the location of documents is a neutral factor. *Coker v. Bank of Am.*, 984 F.Supp. 757,

766 (S.D.N.Y 1997).

The documents and other proof in this case are most likely located in files and/or on hard

drives of all of the defendants in the present action.  This presumably includes emails and/or

letters from Rahal Letterman to each of the other defendants confirming distribution of the

Photographs and the conveyance of rights to reproduce therein.  Many of these defendants are

located in New York and all of these documents appear to be easily portable.  McCain can also

easily produce for this court all his documents relating to discovery.  Argent's documents are not

required based on the facts in the present action.[7]

Further, the Complaint in this action clearly references each claim with an attached

exhibit.  Presumably, the related documents consist of either minor correspondence relating to

each reproduction by each defendant.

This factor is neutral.

d.   Location of Operative Facts

The operative facts in this action took place in New York and involve various other

jurisdictions throughout the country.  "Where significant contacts exist with several flora, the

locus of operative events becomes less of a concern in deciding the motion to transfer venue."

---

[7] Also, contrary to Defendants' assertion that Borchetta, as Argent's agent, "*entered into the contract with McCain in California*" (*See* Transfer Motion, p, 14 ¶ 4), it is clear that McCain never entered into any agreement with Borchetta or Argent in California.  (*See* "McCain Declaration," ¶ 5 & 9.)

13

*Colabufo v. Continental Casualty Co.*, 2006 WL 1210919 at *3 (E.D.N.Y.). *See Funke v. Life Financial Corp.*, 2003 WL 194204 at *3 (S.D.N.Y. 2003). Multiple infringements of the Photographs have been committed by numerous parties across state and international boundaries. Therefore Defendants' assertion that all disputed issues occurred in California with respect to each and every instance of infringement is without merit and totally unfounded. Although an agreement exists in California between Argent and Borchetta for matters unrelated to any of the acts of infringement, neither McCain nor any of the defendants in the present action are parties to or even third-party beneficiaries to that agreement, so California cannot be considered the "location of operative facts" based solely on that agreement.

In the present action, many of the twenty-seven defendants obtained the Photographs directly from Rahal Letterman, located in Ohio. Rahal Letterman distributed the Photographs to these defendants, most of which are either based or transact business in New York. A substantial number of the infringements most likely occurred in New York, including reproductions of the Photographs in magazines, brochures, print advertisements and promotions as well as on apparel.

Specifically, acts of infringement were likely committed in New York by: Time, Inc. d/b/a "Sports Illustrated" and "People"; Gannet Co., Inc. d/b/a "USA Today"; Pioneer Electronics (USA), Inc.; Toyota Motor Sales, Inc.; Norwalk Furniture Company; F1 Marketing Group, Inc.; Bridgestone/Firestone Inc.; ESPN, Inc.; Consumer Electronics Association; American Honda Motor Co., Inc.; Worldwide Pants Incorporated; Logicalis, Inc.; and Gawker Media LLC, among others. However, it should be noted that besides New York and California, acts of infringement have also occurred in Florida, Connecticut, Delaware, Michigan, Ohio, Georgia, Vermont, Oregon, Arizona, Canada and the United Kingdom.

14

Therefore, even though "significant contacts exist with several flora," New York is still the jurisdiction where a majority of the defendants can be found and where many of the infringements related to the Photographs have occurred. Thus, this factor does not support transfer of venue.

### e.  Availability of Compulsory Process

McCain is unaware of any unwilling witnesses. Thus, this factor is neutral.

### f.  Forum's Familiarity with the Governing Law

Controversies with respect to copyright law are governed by the federal courts. Since this is a copyright infringement action, the courts of either forum are presumed to be equally familiar with the governing law. *IDT Worldwide, Inc. v. Supreme Int'l Corp.*, 1995 WL 702359, at *3 (S.D.N.Y. 1995). Neither the Central District of California nor the Southern District of New York is more or less familiar with the governing law. Therefore this factor is neutral.

### g.  Relative Means of the Parties

The Defendants do not dispute that they have the means to defend this action in New York. (*See* Transfer Motion, p. 15 ¶ 4.) The relative means of the parties "will be accorded little or no significance absent a showing of disparity of means between plaintiffs and defendants." *Beckerman v. Heiman*, 2006 WL 1663034 at *8 (S.D.N.Y. 2006). Without argument, all or most of the defendants have greater means and resources to litigate this matter in comparison with McCain. McCain is an individual commercial photographer without the benefit of an in-house legal department that has chosen the most efficient forum to dispense with almost all of his claims of infringement. The Defendants, and most of the other defendants involved herein, are large corporations with considerable financial means. The Defendants clearly have capable

counsel, which include large and prominent law firms, and the means to defend this New York action. Thus, this factor does not support transfer of venue.

        h. <u>Plaintiff's Choice of Forum</u>

     The New York forum chosen by McCain should not be disturbed. The Second Circuit has held that "courts should give deference to plaintiff's choice of forum. 'Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 70 (2d Cir. 2001) quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839 (1947). Where the interests of the plaintiff who chose the forum and the defendant who seeks transfer are equally balanced "the plaintiff is entitled to its choice." *Beckerman*, 2006 WL 1663034 at *9 (S.D.N.Y. 2006) citing *Berman v. Informix Corp.*, 30 F.Supp.2d 653, 659 (S.D.N.Y 1998); *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 2006 WL 1233937 (S.D.N.Y. 2006) at *17. ("Plaintiff's choice of forum is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer.")

     McCain is a resident of Arizona. Due to the scope and nature of the infringements, almost all of which have occurred in jurisdictions outside of Arizona, it is impractical for McCain to seek relief against each of the defendants in that jurisdiction. Personal jurisdiction over all or most of the defendants could not properly be asserted in Arizona. Therefore, McCain has filed the present action in this forum where many of the infringements are occurred and where most of the defendants are located in an effort to expeditiously dispense with his claims.

Furthermore, McCain did not choose the Central District of California to litigate and has not engaged in "extensive" discovery as alleged by the Defendants.[8]  California was chosen by Argent and Team Rahal, parties that initiated a declaratory action only after Argent was notified that McCain's lawsuit was imminent.  Thus, the granting of this Motion will not return McCain to his first choice of forum, but to Argent and Team Rahal's first choice of forum.

Also, considering this Motion is brought by Ohio and Pennsylvania based defendants, it is not clear how they are better served by litigating this matter in California, considering the inconvenience it will be to their witnesses compared with a New York forum.  Ironically, the granting of this motion will give the Defendants the opportunity to litigate in a forum in which neither of them reside, the same complaint they now lodge against McCain in favor of transfer.

Since the Plaintiff should be entitled to his choice of forum, this factor does not support transfer.

   i. <u>Trial Efficiency and the Interests of Justice</u>

Judicial efficiency and the interests of justice require a New York venue.  Trial efficiency and the interests of justice are "based on the totality of the circumstances…and relate primarily to issues of judicial economy." *Mitsui Marine & Fire Ins. Co. v. Nankei Travel Int'l*, 245 F.Supp.2d 523, 527 (S.D.N.Y. 2003) (citations omitted).

Defendants argue that this case presents the "same" claims as those being litigated in the California Action.  However, it is clear a competing set of facts has arisen in this forum separate

---

[8] McCain has responded to several discovery requests by Argent.  To date, Team Rahal has made no discovery requests from McCain (See "Pelosi Affirmation," ¶ 8).  Further, McCain has not made a single request to Argent or Team Rahal relating to interrogatories, admissions or document production. (*Id*.)  McCain has also not deposed any party or non-party in relation to the California action. (*Id*.)  It is also believed that Argent and Team Rahal have not conducted a deposition. (*Id*.)  Therefore, McCain would more accurately characterize pre-trial discovery in its initial phases and not "extensive."  And, even though the California action has been assigned to Judge Carney for nearly a year, there has only been one conference with Judge Carney during that time (i.e. April 23, 2007) and none of the parties in the California Action have submitted any letters to Judge Carney further describing the facts and issues of that case. (*Id*.)

from the California Action. The operative facts in this case involve the distribution of Photographs by Rahal Letterman to twenty-seven defendants, most of whom have identified Rahal Letterman as the source. Not one of these defendants has identified Argent as the source of distribution and Rahal Letterman has denied receiving the Photographs from Argent. Therefore Argent is not indispensable to his case, but irrelevant, and the potential for a substantial overlapping of witnesses and documents with the California Action is very unlikely. As well, the claims generally are not the "same" in that they involve different misuses of the Photographs in various media by defendants with little or no association across numerous jurisdictions, both national and international. Given the scope of the infringements, the argument that all issues concerning the infringements reside in California is without merit.

Furthermore, a transfer of this action to the Central District of California does not create a more efficient forum for all the defendants involved. In fact, several of the defendants are New York-based and could assert jurisdictional defenses in California, including Time, Inc. d/b/a "Sports Illustrated" and "People", Logicalis, Inc.; ESPN, Inc., Gawker Media, LLC and F1 Marketing Group, Inc. (*See*, "Pelosi Affirmation," ¶ 9.) Other defendants appear to have no connection with California in relation to the Photographs and could also raise jurisdictional defenses in California. [9] If such defenses are raised in California, McCain will be compelled to proceed against each of these defendants in its home jurisdiction, which will likely result in a third-party claim against Rahal Letterman in each jurisdiction. This potential filing of lawsuits throughout the country by McCain to address each individual defendant will waste limited

---

[9] These defendants include: Norwalk Furniture Company; Gannet Co., Inc.; Motorsport.com, Inc.; Consumers Electronics Association; National Ledger, LLC; International Motor Sports Association; Crash Media Group, Ltd.; American Le Mans Series, LLC; Times Publishing Company d/b/a "St. Petersburg Times"; Racefan, Inc.; Howden Media Group; National Ledger; Daniel Vielhaber d/b/a Indymotorsports.com; and Ellen Emerson d/b/a Hondabeat.com. (*See*, "Pelosi Affirmation," ¶ 9.)

judicial resources and undermine the efficiency required to resolve McCain's claims in a prompt and orderly manner.

Finally, as the Honorable Judge Rakoff has suggested at the status conference held on July 24, 2007, all claims relating to all defendants in this action can be tried within five months. McCain wishes for nothing more than to resolve his claims with respect to each defendant in a prompt and orderly fashion. McCain assumes that each of the other defendants in this action prefer the same. Transfer of this case will delay resolution of this case for an additional year or more since the Case Management Dates in the California Action will likely be amended to accommodate a new, larger roster of defendants. Denying the Transfer Motion will therefore save time and money for all parties involved.

## CONCLUSION

The foregoing analysis demonstrates that this case should remain in this Court. Accordingly, McCain respectfully requests that this Court deny Defendants motion seeking transfer to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a) and retain this case in this Court.

Respectfully submitted,

Date: August 8, 2007

PELOSI WOLF EFFRON & SPATES LLP
*Attorneys for Plaintiff George Edward McCain*
The Woolworth Building
233 Broadway, 22nd Floor
New York, NY 10279
(212) 334-3599

By: _____/s/ John Pelosi___ _____

John Pelosi, Esq. (JAP-9066)

# EXHIBIT A

# PELOSI WOLF EFFRON & SPATES LLP

Woolworth Building
233 Broadway
22nd Floor
New York NY 10279

JOHN PELOSI

August 23, 2005

VIA CERTIFIED MAIL

Rahal Letterman Racing, LLC
4501 Lyman Drive
Hilliard, Ohio 43026

*Att: General Counsel – Legal Department*

Re:    Rahal Letterman Racing LLC's unauthorized reproduction of photographs by Edward McCain

Ladies & Gentlemen:

Our law firm represents photographer Edward McCain.  It has come to our attention that Rahal Letterman Racing, LLC ("Rahal Letterman") has been reproducing two of Mr. McCain's photographs of Danica Patrick taken in the year 2002 (the "Photographs") without Mr. McCain's authorization.  Enclosed please find the following documents highlighting Rahal Letterman's unauthorized reproduction of the Photographs:

1)    Photograph **#2995-7-11** (top left corner), which was reproduced on the back cover of the Team Rahal 2004 Media Guide (third image from top on right side of page);

2)    Photograph **#2995-7-11** (top left corner), which was reproduced on page 9 of the Team Rahal 2004 Media Guide (bottom image);

3)    Photograph **#2995-7-11** (top left corner), which was reproduced on promotional cards for Team Rahal (image on bottom right, which is digitally altered and toned orange);

4)    Photograph **#2995-2-6** (top left corner), which was reproduced on promotional cards for Rahal Letterman Racing and includes various sponsors (image on bottom right); and

5)    Photograph **#2995-2-6** (top left corner), which was reproduced on www.rahal.com (image on top right corner).

Mr. McCain is the owner of the copyrights and all related rights with respect to the Photographs, which are registered with the U.S. Copyright Office. At no time did Rahal Latterman secure Mr. McCain's permission to reproduce the Photographs in any form, nor was any third party authorized to grant rights to reproduce the Photographs.

Further, upon information and belief, you have included the Photographs in electronic press kits which were distributed by you to numerous media outlets. These press kits also violate Mr. McCain's rights. It should be noted that as a direct result of these kits, many other media outlets, including People Magazine, Sports Illustrated, USA Today and Indy Men's Magazine have also violated Mr. McCain's copyrights.

Rahal Letterman's conduct constitutes, among other things, willful and wanton copyright infringement for which Ms. McCain is prepared to seek all legal remedies including institution of legal proceedings seeking, *inter alia*, compensatory, statutory, and punitive damages, as well as attorney's fees.

Please contact this office immediately to discuss this matter to avoid institution of legal action on behalf of Mr. McCain.

For your information, please be advised that this firm represents many prominent artists and takes matters of this nature very seriously in the pursuit of the protection of copyrights and other rights of our clients.

Very truly yours,

PELOSI WOLF EFFRON & SPATES LLP

John Pelosi

JOHN PELOSI, ESQ.

cc. Edward McCain
    Angelo DiStefano