John Pelosi (JP-9066)
Pelosi Wolf Effron & Spates LLP
233 Broadway, 22nd Floor
New York, NY 10279
(212) 334-3599

*Attorneys for Plaintiff*
*George Edward McCain*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 X
GEORGE EDWARD McCAIN, an individual,       X
                                                                 X
                Plaintiff,               X   Civil Action No. 07-CV-5729
                                                                 X
   -against-                                             X
                                                                 X
RAHAL LETTERMAN RACING, LLC, et al.        X
-----------------------------------------------------------------X

### AFFIRMATION OF JOHN PELOSI, ESQ. IN OPPOSITION OF DEFENDANTS' MOTION TO TRANSFER

I, John Pelosi, Esq. of the law firm Pelosi Wolf Effron & Spates LLP, attorneys for Plaintiff, George Edward McCain, hereby affirm under penalty of perjury the following:

1. This firm was retained in connection with claims for copyright infringement arising from the unauthorized reproduction of photographs of Indy race-car driver Danica Patrick taken by Plaintiff George Edward McCain ("McCain") that were registered with the U.S. Copyright Office under #VAU-564-275 (the "Photographs"). The Photographs were taken in Phoenix, Arizona on November 14th and 15th, 2002 by Plaintiff, an Arizona resident. They were later reproduced throughout the United States in various media by various media outlets and company's reporting on and promoting Danica Patrick.

2. Approximately forty-five (45) potential defendants were identified as having reproduced the Photographs in the period between May and August of 2005. The infringements consist of unauthorized reproductions of over seventeen (17) different photographs, in different media, including online and offline publications and advertising, magazine covers, editorial uses, upon promotional cards, in media press kits, and on apparel. The reproductions have occurred in jurisdictions throughout the country by defendants with little or no association. It is presumed that many other uses occurred after August 2005; however these uses became too prevalent for McCain to track.

3. In August 2005, this firm sent letters to various infringers informing each of them of their unauthorized uses of the Photographs. Responses by many infringers almost uniformly identified the source of the Photographs as defendant Rahal Letterman Racing, LLC ("Rahal Letterman"). Accordingly, efforts were made to engage Rahal Letterman to reach an amicable resolution of this matter. Attached hereto is a copy of the first letter sent to Rahal Letterman Racing, LLC dated August 23, 2005. (*See* Exhibit A.).

4. From August 2005 to August 2006, letter exchanges occurred with respect to many of the defendants. These letters included the specific identification of the Photographs reproduced by each infringer. The information available to Plaintiff indicated that Argent Mortgage Company, LLC ("Argent") was in possession of the Photographs in connection with two limited licenses that were issued in November 2002 and January 2005. These licenses were procured by Argent through the assistance of a photo agent named Mark Borchetta. Argent denies any wrongdoing, including any distribution of the Photographs to Rahal Letterman or any other defendant. Rahal Letterman likewise denies receiving the Photographs from Argent. Borchetta

has stated that his contact was limited to Argent and he never had any association with Rahal Letterman or any other defendant relating to the Photographs.

    5. Despite this firm's efforts to demonstrate the legitimacy and the volume of the infringements from August 2005 to August 2006, Rahal Letterman did not offer any reasonable or satisfactory resolution. An action was eventually instituted by Argent and Team Rahal, Inc. ("Team Rahal") on August 15, 2006 in the Central District of California (the "California Action"). McCain was surprised that Team Rahal joined in initiating the California Action, given that McCain never had contacted Team Rahal at any point. This maneuver was clearly "a race to the court house" in a forum inconvenient to McCain and was filed, without coincidence, immediately after McCain had indicated his intention of filing of a lawsuit in the Southern District of New York. *Rahal Letterman was not named as a plaintiff in the California Action.*

    6. McCain filed an Answer and Counterclaims in the California Action on December 15, 2006. In his Answer and Counterclaims, McCain identified and named Rahal Letterman as a party responsible for certain acts of infringements with respect to the Photographs. Significantly, Rahal Letterman never filed an answer or response to the Answer and Counterclaim between December 15, 2006 and June 14, 2007 and further ceased to communicate with this firm during that time. In or about February 15, 2007, prior to the only scheduling conference in the California Action, I contacted Lisa Carteen, Esq., of Baker Hostetler, counsel for Team Rahal, Inc., to inquire why Rahal Letterman did not file and Answer to the Counterclaims in the California Action. I was told in no uncertain terms that her firm would not accept service for Rahal Letterman because it was not a party to the California Action. Thereafter, McCain filed a voluntary dismissal pursuant to F.R.C.P. Rule 41(a) with respect to Rahal Letterman in the

3

California Action and proceeded to initiate the present action against Rahal Letterman and twenty-eight other defendants.

7. Since Rahal Letterman was never served and never filed an answer in the California Action, its current insistence on transferring the action regarding its liability for acts of infringement to California is without merit. Many of the named defendants in this action have identified Rahal Letterman as the source of the Photographs, which they reproduced without McCain's permission. Accordingly, McCain has the right to proceed against Rahal Letterman and those other parties in a forum where many infringements have occurred and where all or most of the defendants are located or transact business.

8. With respect to the California Action, McCain's participation in discovery is not "extensive." McCain has responded to several short discovery requests made by Argent. McCain has produced approximately 300 pages of responsive documents to Argent representing all known relevant evidence in the case in his possession. Most of these documents were provided to Argent prior to litigation in connection with efforts to resolve the matter. Team Rahal has made no discovery requests in the California Action up to this point. McCain has made no discovery requests of Argent or Team Rahal and has conducted no depositions. It is believed that neither Argent nor Team Rahal has conducted any depositions. There has been only one scheduling conference with Judge Carney since the initiation of the California Action, which was held on April 23, 2007 and, furthermore, Judge Carney has at no point required the parties to submit letters further describing the facts and issues involved with that case.

9. Transferring the action to California will cause significant hardship for McCain. McCain should not be compelled to bring all claims of infringement against all infringers with respect to the Photographs in California. All claims for infringement by various defendants

should not be transferred since several of the defendants are located in New York, including Time, Inc. d/b/a "Sports Illustrated" and "People", Logicalis, Inc.; ESPN, Inc., Gawker Media, LLC and F1 Marketing Group, Inc. Other defendants appear to have no connection with California in relation to the Photographs and could also raise jurisdictional defenses in California. These defendants include: Norwalk Furniture Company; Gannet Co., Inc.; Motorsport.com, Inc.; Consumers Electronics Association; National Ledger, LLC; International Motor Sports Association; Crash Media Group, Ltd.; American Le Mans Series, LLC; Times Publishing Company d/b/a "St. Petersburg Times"; Racefan, Inc.; Howden Media Group; National Ledger; Daniel Vielhaber d/b/a Indymotorsports.com; and Ellen Emerson d/b/a Hondabeat.com. To transfer the case to California inconveniences McCain, the above-mentioned defendants, and only invites jurisdictional defenses in California that only serve to undermine efforts to preserve judicial efficiency.

      10. In the event a claim against a New York defendant is barred in California for jurisdictional reasons, such claim would either be lost or brought again in New York or another jurisdiction with a likely third party claim against Rahal Letterman in those courts. This may bring McCain back to New York where he initiated his claims, or alternatively, to other jurisdictions throughout the country to seek relief for his claims, which clearly is a waste of judicial resources. To grant the Motion to Transfer merely complies with a request made by two defendants, one from Ohio, the other from Pennsylvania—perhaps joined by several others defendants in this action with promises of indemnification—and overlooks the realities of multi-act and multi-defendant copyright infringement cases and the complications which may result from a transfer of venue.

11.  The real beneficiary of transferring the matter to California is Argent.  It is respectfully submitted that Argent's preference is not before the Court and should not be a factor. Plaintiff is seeking fair and swift compensation for the unauthorized use of his work, and the expedited and efficient scheduling offered in the New York venue seems most appropriate to achieve this goal.


Date:  _____8/8/07_____          _____/ s/ John Pelosi_____
                                        JOHN PELOSI, ESQ. (JAP-9066)

# EXHIBIT A

Case 1:07-cv-05729-JSR   Document 35   Filed 08/08/2007   Page 7 of 9

# PELOSI WOLF EFFRON & SPATES LLP

Woolworth Building
233 Broadway
22nd Floor
New York NY 10279

JOHN PELOSI

August 23, 2005

VIA CERTIFIED MAIL

Rahal Letterman Racing, LLC
4501 Lyman Drive
Hilliard, Ohio 43026

*Att: General Counsel – Legal Department*

Re:   Rahal Letterman Racing LLC's unauthorized reproduction of photographs by Edward McCain

Ladies & Gentlemen:

    Our law firm represents photographer Edward McCain. It has come to our attention that Rahal Letterman Racing, LLC ("Rahal Letterman") has been reproducing two of Mr. McCain's photographs of Danica Patrick taken in the year 2002 (the "Photographs") without Mr. McCain's authorization. Enclosed please find the following documents highlighting Rahal Letterman's unauthorized reproduction of the Photographs:

1) Photograph **#2995-7-11** (top left corner), which was reproduced on the back cover of the Team Rahal 2004 Media Guide (third image from top on right side of page);

2) Photograph **#2995-7-11** (top left corner), which was reproduced on page 9 of the Team Rahal 2004 Media Guide (bottom image);

3) Photograph **#2995-7-11** (top left corner), which was reproduced on promotional cards for Team Rahal (image on bottom right, which is digitally altered and toned orange);

4) Photograph **#2995-2-6** (top left corner), which was reproduced on promotional cards for Rahal Letterman Racing and includes various sponsors (image on bottom right); and

5) Photograph **#2995-2-6** (top left corner), which was reproduced on www.rahal.com (image on top right corner).

Mr. McCain is the owner of the copyrights and all related rights with respect to the Photographs, which are registered with the U.S. Copyright Office. At no time did Rahal Latterman secure Mr. McCain's permission to reproduce the Photographs in any form, nor was any third party authorized to grant rights to reproduce the Photographs.

Further, upon information and belief, you have included the Photographs in electronic press kits which were distributed by you to numerous media outlets. These press kits also violate Mr. McCain's rights. It should be noted that as a direct result of these kits, many other media outlets, including People Magazine, Sports Illustrated, USA Today and Indy Men's Magazine have also violated Mr. McCain's copyrights.

Rahal Letterman's conduct constitutes, among other things, willful and wanton copyright infringement for which Ms. McCain is prepared to seek all legal remedies including institution of legal proceedings seeking, *inter alia*, compensatory, statutory, and punitive damages, as well as attorney's fees.

Please contact this office immediately to discuss this matter to avoid institution of legal action on behalf of Mr. McCain.

For your information, please be advised that this firm represents many prominent artists and takes matters of this nature very seriously in the pursuit of the protection of copyrights and other rights of our clients.

Very truly yours,
PELOSI WOLF EFFRON & SPATES LLP

JOHN PELOSI, ESQ.

cc. Edward McCain
    Angelo DiStefano