UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

GEORGE EDWARD McCAIN,

                Plaintiff,                        07-CV-5729 (JSR)

    -against-

RAHAL LETTERMAN RACING, LLC, et al.

                Defendants.
---------------------------------------------------------------

DECLARATION OF GEORGE EDWARD MCCAIN IN OPPOSITION TO DEFENDANTS'
MOTION TO TRANSFER

I, George Edward McCain, under penalty of perjury, do hereby declare:

1. I am the Plaintiff in the above-referenced action. I am a professional photographer and a resident of Tucson, Arizona. While I have worked from time to time in California, I do not work there on a regular and continuous basis.

2. Aside from this case, I have never instituted a lawsuit seeking copyright infringement.

3. I am the owner of the photographs at issue in this matter, namely, hundreds of photos of the Indy race-car driver Ms. Danica Patrick in both street clothes and racing gear, which has been registered with the U.S. Copyright Office under #VAU-564-275 (the "Photographs"). The date of registration for the Photographs is November 29, 2002.

4. The Photographs were taken at the request of Argent Mortgage Company, LLC ("Argent") in Arizona for consideration by Argent for use in connection with a sponsorship arrangement. At that time, Danica Patrick was a relatively unknown racer, who would later become a media sensation. Following the photo session, as is my custom, I registered the photographs with the US Copyright Office.

5.  In 2002, Argent selected several of the Photographs and a limited license was issued for the use of those particular Photographs.  In 2005, a second license was issued to Argent with respect to several other Photographs, again with limited uses and time period.  At no time was any license granted to any other person or entity for use of the Photographs. Both of the limited licenses granted to Argent originated and were signed by me in Arizona.  I had no contact with the State of California in connection with the Photographs.

6.  In June of 2005, following a significant spike in the interest in Danica Patrick as a result of her success at the 2005 Indianapolis 500, I noticed that the Photographs were being reproduced, seemingly everywhere, without my consent.  I immediately tried to determine who was reproducing the Photographs and why my permission was not being obtained for such uses.  The task of protecting copyrights in light of digital distribution and technology and the Internet is very difficult and, as I found, involves many parties. The local attorneys in Tucson that I knew were not familiar with the protection of copyrights.  I therefore retained Pelosi Wolf Effron & Spates LLP, a New York firm, as my counsel.  This firm was referred to me as having expertise in laws relating to photography and the protection of photographer's rights.

7.  Starting in June 2005, I began to notify parties who had reproduced the Photographs regarding the infringements.  Most of these parties indicated that Rahal Letterman Racing, LLC ("Rahal Letterman") was the source of distribution of the Photographs and that the Photographs were used by these parties with the belief that Rahal Letterman had given them permission.  I never had any agreement or even contact with Rahal Letterman

2

regarding the Photographs. I also noticed that Argent had been using the Photographs in a manner that exceeded the scope of the licenses granted in 2002 and 2005.

8. From July of 2005 through September 2006, my New York attorney invested significant time and effort researching and organizing my claims. My attorneys also worked diligently to present relevant documentation of the multiple infringements attributed to Argent and those separate infringements attributed to Rahal Letterman and others. Our efforts in articulating, presenting and organizing the multiple infringements did not result in an amicable resolution.

9. To my surprise, Argent and another entity Team Rahal, Inc. ("Team Rahal"), an Ohio Corporation that I had previously had no contact with, instituted a lawsuit in California seeking declaratory action for non-infringement (the "California Action"). They raced to file a lawsuit instead of negotiating a fair settlement. The only connection the California Action has with California is that Argent has its main offices there. I never executed an Agreement with Argent in California.

10. The California Action seeks a declaration that Argent and Team Rahal, Inc. did *not* violate my copyrights in connection with multiple uses of the Photographs without my permission and, further, that neither party was responsible for causing infringements by third parties. I believe the pre-emptive California Action was intended to inconvenience me and render the pursuit of my claims against all other defendants difficult and impractical. Rahal Letterman was *not* a party to the California Action. The California Action only concerns unauthorized uses of the Photographs by Argent and Team Rahal, not Rahal Letterman or any other party.

3

11. Rahal Letterman is making the pursuit of my lawful rights and bona fide claims extremely arduous. I am an individual of modest income and wealth. Obviously, I am at an economic disadvantage against a large mortgage company and a successful Indy Car company in terms of my ability to meet the demands of litigation in Federal Courts.

12. The Court should note that all my claims for infringement in this action are not merely against Rahal Letterman and Bobby Rahal Automotive Group. It may be the case that Photographs reproduced by the other named-defendants this action were obtained from *other* sources who may be later identified, that are unrelated to Argent and/or Team Rahal and any facts relevant to the California Action. Accordingly, the claims at issue, while they may relate to the same Photographs, do not relate to the same acts of infringement.

13. To date in the California action, I have produced all relevant documents requested of me (approximately 300 pages) and have responded to Argent's requests for admissions and interrogatories. Team Rahal has made no discovery requests in the California Action. No depositions have taken place and I have yet to submit any discovery requests in the California Action. Litigating in New York against Rahal Letterman and the other named defendants in New York is critical since this is the forum where I believe that most of the infringements likely occurred and where all or most of the defendants are located or transact business. A New York forum is therefore my best and most efficient option to obtain justice.

14. I believe my claims for copyright infringement against all defendants can be *easily* established, that the uses by the defendants cannot be denied, nor can the fact that the Photographs were used without my permission in violation of registered copyrights be

4

disputed.   I would like the court to consider that special circumstances exist in a case such as this, where multiple larger corporate defendants, most of whom are unrelated to California, especially Rahal Letterman and Bobby Rahal Automotive Group, have exploited an individual photographer's copyrights.

15. I respectfully request this Court to deny Rahal Letterman and Bobby Rahal Automotive Group's Motion to Transfer.


Date: _Aug. 6, 2007_          _George E. McCain_

                              GEORGE EDWARD MCCAIN