John W. Patton. Jr., California Bar No. 90130
David J. Pasternak, California Bar No. 72201
PASTERNAK, PASTERNAK & PATTON
A Law Corporation
1875 Century Park East. Suite 2200
Los Angeles, California 90067-2523
Telephone:  310.553.1500
Facsimile:  310.553.1540
E-Mail:  djp@paslaw.com
          jwp@paslaw.com

H. Ritchey Hollenbaugh, Ohio Bar No. 0001072
Emily A. Smith
CARLILE, PATCHEN & MURPHY LLP
366 East Broad Street
Columbus, Ohio 43215
Telephone:  614.228.6135
Facsimile:  614.221.0216
E-Mail:  HRH@cpmlaw.com
          EAS@cpmlaw.com

Richard E. Haftel (REH-7394)
Haftel & Silverman, PC
260 Madison Avenue, Floor 18
New York, New York 10016
Telephone:  212.686.3100
Facsimile:  212.686.3151
E-Mail:  haftel@haftel.com

Attorneys for Defendants Rahal Letterman
Racing, LLC, and Bobby Rahal Automotive Group

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GEORGE EDWARD McCAIN, an individual, <br><br> Plaintiff. <br><br> vs. <br><br> RAHAL LETTERMAN RACING. LLC. an Ohio limited liability co.: et al., <br><br> Defendants. | CASE NO. 07-CV-5729 (JSR) <br><br> **REPLY MEMORANDUM OF LAW RE MOTION TO TRANSFER** |

PASTERNAK
PASTERNAK
& PATTON

W:\01950\0001\McCain w Rahal\Pleading\Reply Memorandum of
Law re Motion to Transfer 08-09-07.doc

1

07-CV-5729 (JSR)

REPLY MEMORANDUM OF LAW RE MOTION TO TRANSFER

## REPLY MEMORANDUM OF LAW
## RE MOTION TO TRANSFER

This reply memorandum of law is submitted by defendants/moving parties Rahal Letterman Racing, LLC and Bobby Rahal Automotive Group in support of their motion to transfer this action to the Central District of California where the related action of *Argent Mortgage Company, LLC, et al. v. Edward McCain*, Case No. SACV 06-749 CJC (RNBx) ("*Argent*") has been pending since August 2006. The moving parties hereby respond to selected points made by plaintiff George Edward McCain ("McCain") in his memorandum of law in opposition to the motion to transfer, where it appears that further argument may assist the Court.

First, McCain argues that each of the so-called "secondary infringers" (not Argent Mortgage Company, LLC ("Argent")[1] or the Rahal entities) has committed separate and distinct acts of infringement that stand alone from the acts allegedly committed by Argent and the Rahal entities as set forth in McCain's counterclaims in the California action. This ignores McCain's own contention that each of these "secondary infringers" allegedly obtained the photographs from Argent and/or Rahal entities, and so the matters alleged in each case are, at the least, related. Moreover, all of the "secondary infringers" formally heard from so far regarding this motion to transfer have joined in the motion, thereby submitting to jurisdiction in California. (One co-defendant filed a motion to dismiss for alleged jurisdictional defects in its particular case.)

---

[1] McCain's opposition papers do not adequately address the glaring omission from this New York action of Argent, who, through its agent Mark Borchetta, entered into the contract with McCain to take the photographs in question in the first place. If McCain now claims that Argent has no liability to McCain on his copyright infringement claims, as his opposition papers intimate, why has McCain not dismissed his counterclaims against Argent? Argent, which entity already is before the Central District of California, appears to be a necessary party to litigation in whatever venue for the disposition of McCain's claims of copyright infringement or, on the flip side, of the denials by Argent or the Rahal entities of liability for such alleged infringements. If this action is not transferred to the Central District of California, it will become necessary for Argent to be joined in this action and therefore, like the Rahal entities, to face litigation of the same infringement claims in New York and California at the same time.

Second, McCain argues that some of the "secondary infringers" reside in New York, and would be forced by the move of the action to litigate in a foreign (to them) venue. This is not McCain's ax to grind. These co-defendants are not complaining about the prospect of litigating in California. To the contrary, they welcome going to a single jurisdiction (California) to litigate these matters once, rather than being involved in both venues if the two cases go forward as currently scheduled. At any rate, McCain can only argue his own objections to venue in California, not the supposed inconvenience other parties would experience by a move, which objections all but one of the co-defendants heard from so far have waived by joining in this motion to transfer.

Third, McCain still complains about plaintiffs' supposed motives and bad behavior in dragging him to California, and he repeats that he did express his unhappiness with litigating his infringement claims in California, which the moving parties disclosed to this Court in their moving papers. This dodges the main point of the motion to transfer. **McCain has consented to litigate his infringement claims in California.** He answered Argent and Team Rahal, Inc.'s declaratory relief claims that they did not infringe McCain's copyright. He brought counterclaims against those parties for copyright infringement, and he participated in extensive discovery in California. McCain took no action to move the pending District Court action in California to New York or any other venue. To the contrary, McCain had his New York lawyer admitted in California specifically so that he could be represented in California by counsel of his choosing. Also, McCain retained local California counsel. Having now waived his opportunity to make a motion to transfer in the Central District of California, McCain's belated grumblings about being inconvenienced by traveling from Arizona to California (as opposed to New York) are pointless. McCain should be compelled to remain in California, where he has agreed to litigate his infringement claims in *Argent*.

Notably, in his opposition papers, McCain now asserts that the alleged distribution by any Rahal entities of McCain's photographs in violation of his copyright may have been committed by

PASTERNAK
PASTERNAK
& PATTON

Rahal Letterman Racing, LLC.[2] If this is McCain's contention, how does he explain splitting his claims against Rahal entities? McCain has dismissed his counterclaims against Rahal Letterman Racing, LLC in California and sued that entity in New York, but McCain did not dismiss his counterclaims in California against Team Rahal, Inc., the 100% owner of Rahal Letterman Racing, LLC. If the acts of infringement allegedly committed by these Rahal entities are the same (and they must be if Team Rahal, Inc. is liable here only for the wrongdoing of its wholly owned subsidiary) how does McCain justify suing each of these Rahal entities in a separate venue at the same time?

This is not a case where a party is being dragged into an inconvenient venue that has little or no connection with the parties and facts of the case. Argent brought its declaratory relief action, along with co-plaintiff Team Rahal, Inc., in California, where it resides, where co-plaintiff has agreed to bring the action, where the contract was entered into, and where many of the witnesses and key documents are located. There is nothing wrong (that is, underhanded or improper) with such action by Argent and its co-plaintiff Team Rahal, Inc. McCain could have filed a motion to transfer the action to another venue, which the California court may or may not have granted. He did not do so. Now, it is too late for him to seek a change of venue, directly (by a motion made in California) or indirectly (by bringing a "new" action in New York).

It is McCain and his attorney who are playing games and engaging in sharp tactics. McCain, represented by the same attorney who instituted this New York action, first answered the complaint by Argent and Rahal entities in the Central District of California, and he brought his counterclaims against those entities in that venue. In open court (the July 24, 2007 status hearing), McCain's attorney candidly disclosed what happened next. McCain's attorney entered into negotiations to settle McCain's infringement claims, but the plaintiffs/counterclaim defendants did not respond to settlement overtures as McCain and his attorney had hoped. They did not even admit to having infringed McCain's copyright, forcing McCain to prepare to prove his case or to assert more pressure

---

[2] Memorandum of Law of Plaintiff George Edward McCain In Opposition of Defendants' Motion to Transfer, at p. 2, ¶ 1.

to drive Argent and the Rahal entities to settle. So as a tactic, McCain dismissed his counterclaims in California against one of the Rahal entities (Rahal Letterman Racing, LLC) as well as another purported Rahal entity that does not exist ("Rahal Letterman Racing, Inc."), and then sued Rahal Letterman Racing, LLC and a new Rahal entity (Bobby Rahal Automotive Group, a Pennsylvania entity) in a "new" New York action, along with a host of "secondary infringers", many of which could have been sued almost anywhere, in particular, California. In open court, McCain's attorney freely admitted that he filed this "new" New York action expecting these "secondary infringers" to file counterclaims for indemnity against the Rahal entities and Argent and thereby bring added pressure on these primary defendants to resolve McCain's claims. Who is playing games?

Finally, McCain's attorney has not been forthcoming with Judge Carney in California. He did not advise Judge Carney of his intention to file a clearly related action in New York after litigating for so long against the key and necessary parties in California. Now, McCain purports to prepare to try his infringement claims in California against some of the key and necessary parties, but not others. Also, McCain's attorney has not been forthcoming with Judge Rakoff in this Court. He did not disclose *Argent*, the clearly related action already pending in California, stating at the July 24, 2007 status hearing that he did not think the California action was relevant to this New York action. How could that action not be relevant when McCain's attorney basically has admitted that he filed this action to drive parties with whom McCain is litigating alleged infringements of the same copyright at issue in the California action to come to the settlement negotiating table with hat in hand?

For all the reasons presented in their moving papers and in this reply, Rahal Letterman Racing, LLC and Bobby Rahal Automotive Group, as well as the co-defendants that have joined in this motion, respectfully request that their motion to transfer this action to the United States District Court for the Central District of California be granted.

DATED: August 11, 2007

John W. Patton, Jr., California Bar No. 90130
David J. Pasternak, California Bar No. 72201
PASTERNAK, PASTERNAK & PATTON
A Law Corporation
1875 Century Park East, Suite 2200
Los Angeles, California 90067-2523
Telephone: 310.553.1500
Facsimile: 310.553.1540
E-Mail: djp@paslaw.com
        jwp@paslaw.com

H. Ritchey Hollenbaugh, Ohio Bar No. 0001072
Emily A. Smith
CARLILE, PATCHEN & MURPHY LLP
366 East Broad Street
Columbus, Ohio 43215
Telephone: 614.228.6135
Facsimile: 614.221.0216
E-Mail: HRH@cpmlaw.com
        EAS@cpmlaw.com

Richard E. Haftel (REH-7394)
Haftel & Silverman, PC
260 Madison Avenue, Floor 18
New York, New York 10016
Telephone: 212.686.3100
Facsimile: 212.686.3151
E-Mail: haftel@haftel.com

Attorneys for Defendants Rahal Letterman
Racing, LLC, and Bobby Rahal Automotive Group

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1875 Century Park East, Suite 2200, Los Angeles, California 90067-2523.

On **August 13, 2007**, I served the foregoing document described as **REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER** on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED LIST

☒    **BY MAIL:** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE:** At or before 5:00 p.m., I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (310) 553-1540. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐    **BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in an envelope or package designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

☐    **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

☐    **BY PERSONAL SERVICE:** I personally delivered such envelope(s) directly to the person(s) being served.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

**Executed on August 13, 2007, at Los Angeles, California.**

L. K. Snyder

*George Edward McCain v. Rahal Letterman Racing, LLC, etc., et al.*
*United States District Court Southern District of New York*
*Case No. 07-CV-5729 (JSR)*

## SERVICE LIST

John Pelosi, Esq.
Pelosi, Wolf, Effron & Spates LLP
233 Broadway, 22nd Floor
New York, NY 10279
Telephone:  212.334.3599
Facsimile:  212.571.9149
E-Mail:  jpelosi@pwes.com

Counsel for Plaintiff, George Edward McCain

Jason M. Gonder, Esq.
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
Telephone:  212.530.5131
Facsimile:  212.822.5131
.E-Mail:  jgonder@milbank.com

Counsel for Defendant, BEA Systems, Inc.

Carl E. Person, Esq.
Attorney at Law
325 West 45th Street, Suite 201
New York, NY 10036-3803
Telephone:  212.307.4444
Facsimile:  212.307.0247
Cell:        917.453.9376
E-Mail:    carlpers@ix.netcom.com

Counsel for Defendant, Ellen Emerson dba Hondabeat.com

Theresa M. Gillis. Esq.
Jones Day
222 East 41st Street
New York, NY 10017-6702
Telephone:  212.326.3939
Facsimile:  212.755.7306
Direct:      212.326.3679
E-Mail:    tmgillis@jonesday.com

Counsel for Defendant, The Timken Company

George Cacoulidis, Esq.
Attorney at Law
590 Madison Avenue, 21st Floor
New York, NY 10022
Telephone:  212.521.4430
Facsimile:  212.521.4431
E-Mail:  george@cacoulidis.com

Counsel for Defendant, American Le Mans Series LLC

James Rosenfeld, Esq.
Davis Wright Tremaine LLP
1633 Broadway
New York, NY 10019-6708
Direct:    212.603.6455
Main:    212.489.8230
Facsimile: 212.489.8340
E-Mail:    jamesrosenfeld@dwt.com

Counsel for Defendant, Gawker Media LCC

Richard Soto, Esq.
Hunton & Williams LLP
200 Park Avenue
New York, NY 10166-0136
Direct:    212.309.1054
Main:    212.309.1000
Facsimile: 212.309.1100
E-Mail:    rsoto@hunton.com

Counsel for Defendant, Times Publishing Company

Margaret A. Dale, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
Telephone: 212.969.33150
Facsimile: 212.969.2900
E-Mail:    mdale@proskauer.com

Counsel for Defendant, America Honda Motor Co., Inc.

Mark Fowler, Esq.
Karen Bekker, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169
Telephone: 212.818.9200
Facsimile:  212.818.9606, 07 – Fax
E-Mail:    mfowler@ssb.com
           kbekker@ssbb.com

Counsel for Defendant, Gannett Co., Inc.

H. Rowan Gaither, IV, Esq.
Richards Kibbe & Orbe, LLP
701 8th Street NW
Washington, DC 20001
Telephone: 212.530.1807
Facsimile: 717.344.8807
E-Mail:    mschneider@rkollp.com

Counsel for Defendant, Table Moose Media, LLC *an Indiana limited liability company doing business as* **Indy Men's Magazine**

Michael H. Gottschlich, Esq.
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Telephone: 317.236.1313
Facsimile: 317.231.7834
E-Mail:    mgottsch@btlaw.com

Counsel for Defendant, Table Moose Media

Andrew B. Lachow, Esq.
Deputy General Counsel
Time, Inc.
Time & Life Building
1271 Avenue of the Americas
New York, NY 10020-1393
Telephone:  212.522.8307
Facsimile:  212.467.0860
E-Mail:     andrew_lachow@timeinc.com

Counsel for Defendants, Time Inc., Sports
Illustrated and People Magazine

Richard E. Haftel, Esq.
Haftel & Silverman, P.C.
260 Madison Avenue, 17th Floor
New York, NY 10016
Telephone:  212.686.3100
Facsimile:  212.686.3151
E-Mail:     haftel@haftel.com

Co-Counsel for Defendants Rahal Letterman
Racing Bobby Rahal Automotive

H. Ritchey Hollenbaugh, Esq.
Carlile Patchen & Murphy LLP
366 East Broad Street
Columbus, Ohio 43215
Telephone:  614.628.0804
Facsimile:  614.221.0216
E-Mail      hrh@cpmlaw.com

Co-Counsel for Defendants Rahal Letterman
Racing Bobby Rahal Automotive