UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
GEORGE EDWARD McCAIN, an individual,

                                 Plaintiff,

            -against-

RAHAL LETTERMAN RACING, LLC, et al.,

                               Defendants.

Index No.: 07-CV-5729

**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM**

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------

        Defendant Gannett Co., Inc. ("Gannett"), which is incorrectly identified in the caption as "Gannet Co.," by way of its Answer to the Complaint, dated June 15, 2007, by George Edward McCain, by and through its undersigned attorneys, states as follows:

### Jurisdiction and Venue

        1.    Paragraphs 1 through 3 of the Complaint state legal conclusions as to which no responsive pleading is required. To the extent that responsive pleadings are required, the allegations are denied.

### The Parties

        2.    Defendant Gannett Co., Inc. ("Gannett") denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4 though 6 of the Complaint.

        3.    Gannett admits that it is a Delaware corporation with an office located at 7950 Jones Branch Dr., McLean, VA. Gannett denies that it is the direct owner of USA Today and denies that it distributes USA Today and denies the remaining allegations of paragraph 7 of the Complaint. Gannett affirmatively asserts that USA Today is a business unit of Gannett Satellite Information Network, Inc.

2

4. Defendant Gannett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 8 through 33 of the Complaint.

**Factual Allegations**

5. With respect to paragraph 34 of the Complaint, Gannett repeats its responses to paragraphs 1 to 33 as if fully set forth herein.

6. Defendant Gannett denies that it is undisputed that Plaintiff owns all rights in and to the Photographs, including copyrights, as alleged in paragraph 35 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35.

7. Defendant Gannett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 36-40 of the Complaint.

8. Defendant Gannett denies that it or any of its subsidiaries took any action contrary to or in disregard of Plaintiff's rights in the Photographs and denies that it or any of its subsidiaries took any action without the necessary and appropriate permissions and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Complaint.

9. Defendant Gannett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 42 through 44 of the Complaint.

10. Defendant Gannett denies that any of its acts or conduct damaged plaintiff, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint.

702637_4

### Counts One through Nine

11.     Defendant Gannett denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraphs 46 through 83 of the Complaint, and, where applicable, repeats its responses to the previous allegations.

### Count Ten

12.     With respect to paragraph 84 of the Complaint, Gannett repeats its responses to paragraphs 1 to 83 as if fully set forth herein.

13.     Paragraph 85 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendant Gannett denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

14.     Gannett denies that it or any of its subsidiaries reproduced any photographs without appropriate and necessary permissions. Gannett further denies direct ownership of USA Today, denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 86 of the Complaint, and affirmatively avers that USA Today is a business unit of Gannett Satellite Information Gannett Satellite Information Network, Inc., which is a subsidiary of Gannett Co., Inc..

15.     Gannett denies that any infringement has taken place and further denies that any such acts were done willfully, intentionally, or in disregard of or with indifference to any rights of Plaintiff and denies the remaining allegations of paragraph 87 of the Complaint.

### Counts Eleven through Forty-Two

16.     Defendant Gannett denies knowledge and information sufficient to form a belief as to the truth of all of the allegations of paragraphs 88 through 218 of the Complaint, and, where applicable, repeats its responses to the previous allegations.

702637_4

## Conclusion

17. Gannett denies all allegations that it committed any act of infringement or that any act of Gannett or any of its subsidiaries is the cause of any damage or injury to Plaintiff. Defendant Gannett denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 219 of the Complaint.

18. Paragraphs 220 and 221 of the Complaint state legal conclusions as to which no responsive pleading is required. To the extent that responsive pleadings are required, the allegations of paragraph 220 and 221 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

19. Plaintiff has failed to join an indispensible party.

### Second Affirmative Defense

20. Plaintiff has failed to mitigate his alleged damages.

### Third Affirmative Defense

21. Plaintiff is estopped from asserting the cause of action herein against Gannett.

### Fourth Affirmative Defense

22. Gannett had the necessary and appropriate licenses or permissions to use the photographs in question.

### Fifth Affirmative Defense

23. The cause of action against Gannett is barred, in whole or in part, by the Statute of Limitations.

### Sixth Affirmative Defense

24. Plaintiff has waived the cause of action herein against Gannett.

**Seventh Affirmative Defense**

25. As to defendant Gannett, the complaint fails to state a cause of action for which relief may be granted.

**Eighth Affirmative Defense**

26. Gannett's alleged conduct constitutes fair use.

**Ninth Affirmative Defense**

27. The Complaint is barred, in whole or in part, by laches.

**Tenth Affirmative Defense**

28. The Complaint is barred, in whole or in part, by the plaintiff's unclean hands.

**Eleventh Affirmative Defense**

29. Gannett Satellite Information Network, Inc. – not Gannett Co., Inc. -- is the owner of USA Today and Gannett Co., Inc., cannot have any liability based on any act of USA Today.

## AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT RAHAL-LETTERMAN

1. If plaintiff sustained the damages alleged in its Complaint, which are denied insofar as they pertain to defendant Gannett or any of its subsidiaries, through any fault other than the fault of plaintiff, then such damages were proximately caused solely and wholly by the actions of Defendant Rahal-Letterman without any similar acts of defendant Gannett or its subsidiaries contributing thereto.

2. Defendant Rahal-Letterman provided the photograph, the use of which plaintiff complains of, to USA Today, which is a business unit of Gannett Satellite Information

Networks, Inc. ("Gansat"), which, in turn is a subsidiary of Gannett Co., Inc., and purported to grant Gansat permission to use it.

3. That by reason of the foregoing, defendant Gannett and/or its subsidiaries is, and will be entitled to, judgment by way of contribution and/or indemnification over and against co-defendant Rahal-Letterman, in whole or in part, as to any sum that may be awarded to the plaintiff as and against defendant Gannett and/or its subsidiaries.

WHEREFORE, Gannett prays for judgment:

(i) dismissing the causes of action against it,

(ii) for actual indemnification or damages from defendant Rahal-Letterman, in an amount to be determined, including costs, attorney's fees and expenses incurred relating to this action, and

(iii) for such other further and different relief as this Court deems just and proper.

Dated:  New York, New York
        August 22, 2007

                                        SATTERLEE STEPHENS BURKE & BURKE LLP

                                        By:  /s/ Abigail Snow (AS-2960)
                                             Mark A. Fowler (MF-4605)
                                             Karen Bekker (KB-9077)
                                             Abigail Snow (AS-2960)
                                        *Attorneys for Defendant Gannett Co., Inc.*
                                        230 Park Avenue, Suite 1130
                                        New York, New York 10160-0079
                                        (212) 818-9200

To: John Pelosi, Esq. (JAP-9066)
    PELOSI WOLF EFFRON & SPATES LLP
    The Woolworth Building
    233 Broadway, 22nd Floor
    New York, NY  10279

702637_4