


H. Rowan Gaither IV
Reema S. Abdelhamid
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, New York  10281
Telephone:  (212) 530-1800
Facsimile:  (212) 530-1801

Michael H. Gottschlich
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
(admitted *pro hac vice*)

Counsel for Defendant Table Moose Media, LLC
d/b/a Indy Men's Magazine

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
GEORGE EDWARD McCAIN, an individual,    :

              Plaintiff,    :     Index No.:  07-CV-5729 (JSR)

   vs.    :

RAHAL LETTERMAN RACING, LLC, an Ohio    :
limited liability co., et al.
                  :
              Defendants
                  :
-------------------------------------------------------------- x

**ANSWER AND CROSS-CLAIM OF DEFENDANT TABLE MOOSE MEDIA**

Defendant Table Moose Media, LLC ("TMM") for its answer to the complaint ("Complaint') of plaintiff George Edward McCain ("Plaintiff") and its cross-claim against Rahal Letterman Racing, LLC ("Rahal Letterman") states as follows:

1. TMM admits that Plaintiff purports to state a claim for damages and injunctive relief for copyright infringement under the Copyright Act (17 U.S.C. § 101 *et seq.*), but denies that the Complaint states a claim against TMM.

2. The allegations in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required.

3. TMM denies that venue is proper in this District under 28 U.S.C. § 1391 and denies that TMM does business in New York or in this District. TMM lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 3 of the Complaint, and therefore denies the same.

4. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 4 of the Complaint, and therefore denies the same.

5. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 5 of the Complaint, and therefore denies the same.

6. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 6 of the Complaint, and therefore denies the same.

7. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 7 of the Complaint, and therefore denies the same.

8. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 8 of the Complaint, and therefore denies the same.

9. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 9 of the Complaint, and therefore denies the same.

10. TMM admits that it is an Indiana limited liability company that it is based in Indianapolis, Indiana. TMM further admits that it owned and published Indy Men's Magazine ("Indy Men's"), a magazine that covered a wide variety of topics. TMM lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 10 of the Complaint, and therefore denies the same.

11. The allegations contained in Paragraphs 11 through 33 of the Complaint are not directed at TMM, and therefore no response is required from TMM. To the extent a response is required, TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraphs 11 through 33 of the Complaint, and therefore denies the same.

**Factual Allegations**

34. TMM incorporates its responses to Paragraphs 1 through 33 as if set forth fully herein.

35. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 35 of the Complaint, and therefore denies the same.

36. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 36 of the Complaint, and therefore denies the same.

37. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 37 of the Complaint, and therefore denies the same.

38. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 38 of the Complaint, and therefore denies the same.

39. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 39 of the Complaint, and therefore denies the same.

40. TMM admits that between some time prior to May 1, 2005, it received certain photographs of Danica Patrick from Rahal Letterman. TMM lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 40 of the Complaint, and therefore denies the same.

41. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 41 of the Complaint, and therefore denies the same.

42. TMM admits that it received correspondence from Plaintiff's counsel sometime in August 2005 claiming that TMM violated Plaintiff's copyrights and that TMM responded that it received the allegedly infringing pictures from Rahal Letterman and permission to publish the same. TMM lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 42 of the Complaint, and therefore denies the same.

43. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 43 of the Complaint, and therefore denies the same.

44. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 44 of the Complaint, and therefore denies the same.

45. TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 45 of the Complaint, and therefore denies the same.

### Counts One – Twelve

46. The allegations included Paragraphs 46 through 95 of the Complaint are not directed at TMM, and therefore no response is required from TMM. To the extent a response is

required, TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraphs 46 through 95 of the Complaint, and therefore denies the same.

### Count Thirteen

**Copyright Infringement**
**(As to Table Moose Media d/b/a Indy Men's Magazine)**

96.     TMM incorporates its responses to Paragraphs 1 through 95 as if set forth fully herein.

97.     TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 97 of the Complaint, and therefore denies the same.

98.     TMM admits that a reproduction of the photograph attached as Exhibit 14 of Plaintiff's Complaint was used as part of the cover page of Indy Men's May 2005 issue.  TMM lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 98 of the Complaint, and therefore denies the same.

99.     TMM denies the allegations of Paragraph 99.

100.    TMM denies the allegations of Paragraph 100.

### Count Fourteen

**Copyright Infringement**
**(As to Table Moose Media d/b/a Indy Men's Magazine)**

101.    TMM incorporates its responses to Paragraphs 1 through 100 as if set forth fully herein.

102.    TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 102 of the Complaint, and therefore denies the same.

103.    TMM admits that a reproduction of the photograph attached as Exhibit 15 of Plaintiff's Complaint was used as part of Indy Men's May 2005 issue.  TMM lacks knowledge or

information sufficient to admit or deny the remaining allegations of Paragraph 103 of the Complaint, and therefore denies the same.

104.  TMM denies the allegations of Paragraph 104.

105.  TMM denies the allegations of Paragraph 105.

## Count Fifteen

### Copyright Infringement
### (As to Table Moose Media d/b/a Indy Men's Magazine)

106.  TMM incorporates its responses to Paragraphs 1 through 105 as if set forth fully herein.

107.  TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 107 of the Complaint, and therefore denies the same.

108.  TMM admits that a reproduction of the photograph attached as Exhibit 16 of Plaintiff's Complaint was posted on indymensmagazine.com.  TMM lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 108 of the Complaint, and therefore denies the same.

109.  TMM denies the allegations of Paragraph 109.

## Counts Sixteen – Forty-Two

110.  The allegations included Paragraphs 110 through 218 of the Complaint are not directed at TMM, and therefore no response is required from TMM.  To the extent a response is required, TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraphs 110 through 218 of the Complaint, and therefore denies the same.

## Conclusion

219.  TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 219 of the Complaint, and therefore denies the same.

220.   TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 220 of the Complaint, and therefore denies the same.

221.   TMM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 221 of the Complaint, and therefore denies the same.

## SEPARATE AND/OR AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claim against TMM fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any injuries allegedly suffered by plaintiff were proximately caused, in whole or in part, by parties or non-parties other than TMM.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the alleged conduct of TMM is protected by the First Amendment to the United States Constitution.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the alleged conduct of TMM is protected by the fair use doctrine embodied in the copyright laws of the United States.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands and laches.

### SIXTH DEFENSE

To the extent TMM has infringed any copyright of Plaintiff, such infringement has been innocent.

### SEVENTH DEFENSE

TMM had the necessary and appropriate licenses or permissions to use the photographs in question.

**EIGTH DEFENSE**

Plaintiff has failed to join an indispensable party.

TMM hereby incorporates any defense raised by any other defendant as if set forth fully herein.

WHEREFORE, Table Moose Media, LLC prays that Plaintiff take nothing by its Complaint, for judgment to be entered against Plaintiff and in favor of Table Moose Media, LLC on Plaintiff's Complaint, for Table Moose Media LLC's costs in this action, attorneys' fees and expenses, and all other just and proper relief.

**TABLE MOOSE MEDIA'S CROSS-CLAIM AGAINST RAHAL LETTERMAN**

Defendant/Cross-Claimant Table Moose Media, LLC for its cross-claim against Rahal Letterman Racing, LLC states as follows:

1. TMM published a monthly magazine named Indy Men's Magazine.

2. TMM also maintained a website located at indymensmagazine.com.

3. Sometime before May 1, 2005, TMM received certain photographs of Danica Patrick from Rahal Letterman Racing, LLC ("Rahal Letterman").

4. TMM was given permission by Rahal Letterman to publish the provided photographs of Danica Patrick in Indy Men's Magazine and on its website indymensmagazine.com.

5. TMM published certain of the photographs of Danica Patrick that were received from Rahal Letterman with permission in Indy Men's Magazine and on indymensmagazine.com.

6. To the extent TMM is liable to plaintiff George Edward McCain ("Plaintiff") for copyright infringement on Counts 13 through 15 of Plaintiff's Complaint, Rahal Letterman owes TMM a duty to indemnify TMM for any such liability and/or for contribution.

WHEREFORE, Table Moose Media, LLC prays for judgment in its favor on its Cross-Claim and against Rahal Letterman Racing, LLC for indemnification and/or contribution in an amount to be determined, its costs in this action, attorneys' fees and expenses, and all other just and proper relief.

Dated: August 24, 2007

                                              RICHARDS KIBBE & ORBE LLP

                                              By: /s/ H. Rowan Gaither IV
                                                     H. Rowan Gaither IV
                                                     Reema S. Abdelhamid
                                              One World Financial Center
                                              New York, New York  10281-2702
                                              (212) 530-1800

                                              Michael H. Gottschlich (pro hac vice)
                                              BARNES & THORNBURG LLP
                                              11 South Meridian Street
                                              Indianapolis, Indiana 46204
                                              (317) 236-1313

                                              Counsel for Defendant Table Moose
                                              Media, LLC d/b/a Indy Men's Magazine