UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- x
GEORGE EDWARD McCAIN, an individual,    :
                                        :
                Plaintiff,              :        07 Civ. 5729 (JSR)
                                        :
                -v-                     :        MEMORANDUM ORDER
                                        :
RAHAL LETTERMAN RACING, LLC, et al.,    :
                                        :
                Defendants.             :
--------------------------------------- x

JED S. RAKOFF, U.S.D.J.

        By motion dated July 25, 2007, certain of defendants moved to

transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United

States District Court for the Central District of California where a

case involving related parties, facts, and claims has been proceeding

before the Honorable Cormac J. Carney, U.S.D.J.[1]  Only plaintiff

opposed transfer.

        Roughly a year earlier, in a Complaint dated August 14, 2006,

Argent Mortgage Company, LLC ("Argent") and Team Rahal, Inc. ("Team

Rahal"), which are not parties here, had filed an action in the

Central District of California before Judge Carney against Edward

McCain, a photographer from Arizona who is the plaintiff here,

seeking a declaratory judgment that Argent and Team Rahal had not

infringed McCain's copyrights.  See Complaint dated August 14, 2006

---

[1] By motion dated July 31, 2007, defendant The Timken
Company, pursuant to Fed. R. Civ. P. 12(b)(2) & (3), moved to
dismiss Count 28 of plaintiff's Complaint.  Because plaintiff did
not oppose that motion, that motion was granted from the bench
and The Timken Company dismissed from the case.  See Transcript,
8/17/07.  In addition, plaintiff has entered into, and the Court
has signed, stipulations of dismissal with prejudice dated
8/24/07 with defendants Toyota Motor Sales, U.S.A., Inc., and
Consumer Electronics Association.

("California Complaint").  Argent is a California limited liability

company, with its principal place of business in California, which

sells wholesale mortgages.  Id. ¶¶ 4, 7.  Team Rahal is an Ohio

corporation with its principal place of business in Ohio, which an

individual named Bobby Rahal established to manage an Indianapolis

car racing team.  Id. ¶¶ 5, 8.  Argent and Team Rahal had entered

into a sponsorship agreement whereby Argent would sponsor certain of

Team Rahal's drivers.  Id. ¶ 9.  The subject of the California action

was a set of still photographs that McCain took on November 13 and

14, 2002, of Danica Patrick, one of Team Rahal's drivers who

subsequently developed considerable celebrity, pursuant to a contract

with a third-party intermediary -- an individual named Mark Borchetta

-- for Argent's use of the photographs in marketing and publicity.

Id. ¶ 10.

On December 7, 2006, McCain filed an Answer in the California

action, and also asserted counterclaims against Argent, Team Rahal,

and an additional party that McCain identified in the caption as

"RAHAL LETTERMAN RACING, INC., a California limited liability

company."[2]  Answer and Counterclaims dated December 7, 2006

("California Counterclaims").  McCain alleges that these parties

"reproduced at least 19 of the Photographs of Danica Patrick by

_____

[2]  McCain most likely meant to name the main defendant here,
Rahal Letterman Racing, LLC ("Rahal Letterman"), which is an Ohio
limited liability company that is a wholly-owned subsidiary of
Team Rahal.  See California Counterclaims at 7 & ¶ 12; Rahal
Letterman Mem. at 4 n.1.

Edward McCain in various and numerous media," and also that these parties distributed the photographs to "various media outlets such as People Magazine, . . . Indy Men's Magazine, USA Today and other third parties." Id. ¶ 4.  On this basis, McCain alleged multiple counterclaims for copyright infringement. Id. ¶¶ 16-36.

On June 14, 2007, McCain voluntarily dismissed his claims against Rahal Letterman pursuant to Fed. R. Civ. P. 41(a). See Pl. Opp'n Mem. at 5.  The next day, on June 15, 2007, McCain filed the instant action in the United States District Court for the Southern District of New York against Rahal Letterman, another Rahal entity called Bobby Rahal Automotive Group, and 27 other defendants.  These additional defendants include many of the parties referenced in paragraphs 4 and 33 (and others) of McCain's California Counterclaims as third parties to which the Rahal entities allegedly distributed McCain's photographs, such as People Magazine, Indy Men's Magazine, USA Today, Norwalk Furniture Corp., Pioneer Electronics, and Toyota Motors. Compare Complaint dated June 15, 2007 ("New York Complaint") with California Counterclaims ¶¶ 4, 33.  Echoing the California Counterclaims, the New York Complaint alleges that "Rahal Letterman was directly responsible for the distribution of the Photographs to various third party media outlets," including most of the 27 other defendants.  New York Complaint ¶¶ 39-40.  Principally on this basis, the New York Complaint alleges multiple counts of copyright infringement of the same photographs that are at issue in the California action. Id. ¶¶ 46-218; Pl. Opp'n Mem. at 3.

3

While, ordinarily, there is a presumption against transfer that must be overcome to warrant transfer under § 1404(a), this is not true when the action that is sought to be transferred largely mirrors an action previously filed in the district to which transfer is sought.  Specifically, under the so-called "first-filed rule," when two district courts concurrently have before them actions involving substantially or effectively the same parties and issues, there is a strong presumption in favor of transfer to the forum of the first-filed suit unless either the balance of convenience or any other "special circumstances" clearly favor the latter-filed action. City of New York v. Exxon Corp., 932 F.2d 1020, 1025 (2d Cir. 1991); 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 131-32 (S.D.N.Y. 1994).  "To overcome the preference for the forum of the first-filed suit, a sound reason must exist that would make it unjust or inefficient to continue the first-filed action." Findwhat.com v. Overture Servs., Inc., 2003 WL 402649, at *4 (S.D.N.Y. 2003).  Otherwise, the second suit must either be transferred or stayed.  Id.

McCain offers two primary reasons to depart from the first-filed rule in this case:

First, McCain argues that the key defendant here -- Rahal Letterman -- is distinct from the plaintiffs (and counterclaim defendants) in California -- Argent and Team Rahal -- because "Rahal Letterman, not Argent or Team Rahal, may be directly responsible for distribution of [McCain's] photographs to many of the defendants in this action."  Pl. Opp'n Mem. at 2.  However, the mere fact that the

4

parties in the two lawsuits are not identical is not dispositive; the instant action and the California action may be considered substantially duplicative as long as the parties involved in the two suits "represent the same interests."  The Haytian Republic, 154 U.S. 118, 124 (1894); see, e.g., Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 664 (S.D.N.Y. 1997) ("if the parties 'represent the same interests' the court may determine the second action to be duplicative") (quoting The Haytian Republic, 154 U.S. at 124).  Rahal Letterman here and Team Rahal in California plainly represent the same interests where Rahal Letterman is the wholly owned subsidiary of Team Rahal, see Rahal Letterman Mem. at 4 n.1, and where Team Rahal's liability in the California action, if any, may flow from its ownership of Rahal Letterman, see Transcript, 8/17/07.

Second, McCain argues that there are 27 other defendants in this action, besides the two Rahal entities, and "[t]he facts relating to each infringement in the present action are unique and not duplicative of the facts in California," in spite of the fact that "the photographs involved in California are the same."  Pl. Opp'n Mem. at 3.  However, the liability of many of these additional parties will likely depend not on the facts relating to individual acts of infringement, but on whether McCain can prove his allegation that Rahal Letterman's distribution of the allegedly infringing photographs was impermissible under whatever agreement McCain entered with Argent's agent, Borchetta.  See New York Complaint § 40; transcript, 8/17/07.  The precise nature of that agreement between

McCain and Borchetta is the question at the heart of the California

action.  See Rahal Letterman Mem. at 13; Table Moose Media, LLC,

Reply Mem. at 2.

Accordingly, because the California and New York actions

effectively involve the same key parties and the same key issues,

transfer is warranted under the first-filed rule.

Even if this were not so, moreover, transfer is also

warranted under 28 U.S.C. § 1404(a).  Under § 1404(a), a district

court may transfer any civil action to any other federal district

court where it might have been brought "[f]or the convenience of

parties and witnesses, in the interest of justice."  28 U.S.C. §

1404(a).  See, e.g., In re Cuyahoga Equip. Corp., 980 F.2d 110, 117

(2d Cir. 1992).  Since there is no question that this action could

have been brought in the Central District of California, the Court

turns to the standard list of factors that bear on a § 1404 transfer:

> (1) the convenience of witnesses; (2) the
> location of relevant documents and relative
> ease of access to sources of proof; (3) the
> convenience of the parties; (4) the locus of
> the operative facts; (5) the availability of
> process to compel the attendance of unwilling
> witnesses; (6) the relative means of the
> parties; (7) the forum's familiarity with the
> governing law; (8) the weight accorded the
> plaintiff's choice of forum; and (9) trial
> efficiency and the interests of justice, based
> on the totality of circumstances.

Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 11 F. Supp.

2d 729, 730 (S.D.N.Y. 1998).

While the factors need not be accorded equal weight, and

other factors may be considered, id., normally there is a presumption

6

in favor of a plaintiff's choice of forum (the eighth factor) that
weighs heavily against transfer.  See, e.g., Ford Motor Co. v. Ryan,
182 F.2d 329, 330 (2d Cir. 1950).  However, where, as here, the
plaintiff does not reside in the district where he brought the case
and the case has little to do with that district, plaintiff's choice
of forum is entitled to less deference and is not sufficient in
itself to prevent transfer, see, e.g., Herbert v. Elec. Arts, Inc.,
325 F. Supp. 2d 282, 291 (S.D.N.Y. 2004).  Here, moreover, McCain has
previously chosen to litigate his copyright infringement claims in
California, and, for the past year, has not moved to dismiss or to
transfer that action.

        The other factors either favor transfer or are neutral.  As
to the first factor, i.e., the "convenience of witnesses," although
McCain argues that New York is convenient for witnesses who "will
presumably link Rahal Letterman . . . to the willful distribution of
the Photographs," Pl. Opp'n Mem. at 11, the key witness is likely to
be Borchetta, and not those witnesses who will link Rahal Letterman
to the distribution of the photos, see Rahal Letterman Mem. at 13.
Borchetta resides in Valencia, California, see id., so this factor
weighs in favor of transfer.

        As to the second factor, i.e., the "location of relevant
documents and relative ease of access to sources of proof," McCain
himself argues only that this factor is "neutral."  Pl. Opp'n Mem. at
13.

        As to the third factor, i.e., the convenience of the parties,
although McCain argues that the New York forum is more convenient for

the parties involved in this case, including McCain himself, because

"it allows him to properly litigate his claims where many

infringements occurred," Pl. Opp'n Mem. at 12, McCain and at least

one Rahal entity have been litigating in California for almost a

year, and will likely continue the suit there, and it would plainly

be more convenient for both McCain and the Rahal entities to litigate

the New York and California actions in a single forum.  Since the

California suit has already been proceeding for a year, this factor,

too, weighs in favor of transfer.

As to the fourth factor, i.e., the "locus of the operative

facts," although McCain argues that "many of the infringements

related to the Photographs have occurred" in New York, Pl. Opp'n Mem.

at 15, it is the nature of the agreement between McCain and Borchetta

that is likely to be the key issue in both cases, and that agreement

was entered in California.  See Rahal Letterman Mem. at 15.  Further,

Borchetta resides in California and McCain resides in Arizona.  Id.

Thus, the fourth factor weighs in favor of transfer.

As to the fifth factor, i.e., the availability of process to

compel the availability of unwilling witnesses, plaintiff admits that

this factor is neutral.  Pl. Opp'n Mem. at 15.

As to the sixth factor, i.e., the parties' relative means,

although McCain argues that defendants have greater means than he

does, see Pl. Opp'n Mem. at 15-16, this is not a reason weighing

against transfer where McCain is already litigating in California,

and it would presumably be less costly for him to litigate all his

claims there.    Accordingly, this factor, if anything, weighs in favor
of transfer.

The seventh factor, i.e., the forums' respective familiarity
with the governing law, is of no significance in the context of this
case because, as McCain concedes, see Pl. Opp'n Mem. at 15, both
courts are equally capable of hearing this copyright action grounded
in federal law.

The eighth factor has already been dealt with above.

Finally, the ninth factor, involving "trial efficiency," also
points toward transfer, because, as noted, the first filed action in
California involves substantially overlapping parties, facts, and
claims.

In sum, the balance of factors clearly tips toward transfer.

Accordingly, both pursuant to the first-filed rule and
pursuant to the standard factors implicated by § 1404(a), the Court
hereby grants defendants' motion to transfer.    The Clerk is directed
to take the necessary steps to effectuate the transfer to the Central
District of California and to close documents 22 and 26.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        August 24, 2007